D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Proposed Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-14419 (SCC) |
| In re:<br><br>EBG Holdings LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-14417 (SCC) |
| In re:<br><br>Fore River Development, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-14220 (SCC) |
| In re:<br><br>Mystic I, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-14421 (SCC) |
| In re:<br><br>Mystic Development, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-14422 (SCC) |

| | |
|---|---|
| In re:<br><br>BG New England Power Services, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-14423 (SCC) |
| In re:<br><br>BG Boston Services, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-14424 (SCC) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for entry of an order (the "**Order**"), in substantially the form attached hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the joint administration of the Debtors' Chapter 11 Cases (as defined below). The facts and circumstances supporting this Motion are set forth in the Declaration of Jeff Hunter, Manager, Executive Vice President and Chief Financial Officer of EBG Holdings LLC, in Support of the Chapter 11 Petitions and First Day Pleadings (the "**First Day Declaration**"), filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases,

and no official statutory committees have been appointed or designated by the Office of the United States Trustee.

2. The statutory bases for the relief requested herein are Section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. A description of the Debtors' business, the reasons for commencing these Chapter 11 Cases, and the relief sought from this Court to allow for a smooth transition into chapter 11 (including the facts and circumstances supporting this Motion) are set forth in the First Day Declaration filed contemporaneously with this Motion.

## Relief Requested

5. By this Motion, the Debtors respectfully request entry of an order directing joint administration of these Chapter 11 Cases. Specifically, the Debtors request that a docket entry reflecting the joint administration of these Chapter 11 Cases, substantially in the form of the following, be entered on the docket of each of the Debtors other than Boston Generating, LLC:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 Cases of Boston Generating, LLC; EBG Holdings LLC; Fore River Development, LLC; Mystic I, LLC; Mystic Development, LLC; BG New England Power Services, Inc.; and BG Boston Services, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the case commenced by Boston Generating, LLC, Case No. 10-14419.

3

6. The Debtors also request that this Court maintain one file and one docket for all of the jointly administered cases under the case of Boston Generating, LLC and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br><u>et</u> <u>al</u>.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered |

7. Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis; provided, however, that disbursements will be listed on a debtor-by-debtor basis. The Debtors submit that filing consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

### **Basis for Relief**

8. As set forth in the First Day Declaration, the seven Debtors in these Chapter 11 Cases include EBG Holdings LLC and six of its direct and indirect subsidiaries, each of which is an "affiliate" as that term is defined in Section 101(2) of the Bankruptcy Code. The Debtors operate as an integrated business with common ownership and control, and they share key financial and operational systems.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As described above and in the First Day Declaration, the Debtors are "affiliates" within the meaning of Section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

10. Given the complexity and interlinked commercial relationships among the Debtors, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. Many of the motions, hearings and orders that will arise in these Chapter 11 Cases will affect each and every Debtor. Thus, entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Joint administration also will allow parties-in-interest to monitor these cases with greater ease. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the office of the United States Trustee (the "**U.S. Trustee**") in supervising these bankruptcy cases, and will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

11. The joint administration of these Chapter 11 Cases will not give rise to any conflict among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective creditors, because the Debtors seek only administrative, not substantive, consolidation of their estates. Thus, the relief requested will not harm individual creditors' rights; to the contrary, non-debtor parties-in-interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

12.     Courts in this jurisdiction and others have approved relief similar to that requested herein; indeed, the entry of joint administration is common and generally uncontroversial in this and other districts.  See e.g., In re Extended Stay, Inc., Case No. 09-13764 (Bankr. S.D.N.Y. 2009); In re Charter Communications, Case No. 09-11435 (Bankr. S.D.N.Y. Mar. 30, 2009); In re Chemtura Corporation, Case No. 09-11233 (Bankr. S.D.N.Y. Mar. 19, 2009); In re Buffets Holdings, Inc., Case No. 08-10141 (Bankr. D. Del. Jan. 23, 2008); In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 3, 2007).

## Motion Practice

13.     This Motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

14.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee, (b) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions, (c) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, (d) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, (e) counsel to the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility, (f) the Internal Revenue Service, (g) the Federal Energy Regulatory Commission and (h) the Environmental Protection Agency.  In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

6
NY\1650808.12

15. A copy of the Motion is available on the Court's website: http://www.nysb.uscourts.gov/. Additional copies of the Motion are available on the website of the Debtors' proposed claims and noticing agent, The Garden City Group, Inc., at www.bgrestructuring.com or can be requested by calling 1-866-454-3498.

**No Prior Request**

16. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the order, substantially in the form attached hereto as <u>Exhibit A</u> (a) directing joint administration of these Chapter 11 Cases and (b) granting such other and further relief as this Court deems appropriate.

Dated: August 18, 2010  
      New York, New York

Respectfully Submitted,

/s/ D. J. Baker  
D. J. Baker  
Robert J. Rosenberg  
Caroline A. Reckler (appearing *pro hac vice*)  
Kimberly A. Posin (appearing *pro hac vice*)  
LATHAM & WATKINS LLP  
885 Third Avenue  
New York, New York 10022-4834  
Telephone: (212) 906-1200  
Facsimile: (212) 751-4864  

Proposed Counsel to the Debtors and Debtors-in-Possession