UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br>et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered<br><br>**Related Docket No. 8** |

## ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1015(C) AND 9007 IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order authorizing the Debtors to implement certain notice, case management and administrative procedures (the "**Procedures**"); and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby ORDERED that

1. The Motion is granted as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. The Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise set forth herein or ordered by the Court.

3. All documents filed in the Debtors' Chapter 11 Cases, including but not limited to, all notices, motions, applications, other requests for relief, and documents filed in support thereof shall be filed electronically with the Court on the docket of Boston Generating, LLC., Case No. 10-14419 (SCC), in accordance with General Order M-399 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties-in-interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format.

4. Any individual or entity filing a notice of appearance who (a) does not maintain and cannot practicably obtain an electronic mail ("**e-mail**") address or (b) is not represented in these cases by an attorney must include in its notice of appearance a certification stating the same, and notice will be provided to these individuals or entities by U.S. mail or facsimile, in the Debtors' sole discretion.

5. The Debtors shall establish a master service list (the "**Master Service List**"), which will include: (a) the Office of the United States Trustee (the "**U.S. Trustee**"), (b) the Debtors, (c) counsel for the Debtors, (d) counsel for any official committee appointed in the Chapter 11 Cases, (e) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, (f) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, (g) counsel to the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility, (h) the Internal Revenue Service, (i) the Federal Energy Regulatory Commission, (j) the Environmental Protection Agency, (k) the Federal Communications Commission, (l) the United States

Attorney's Office for the Southern District of New York, (m) the United States Attorney's Office for the District of Massachusetts, (n) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002, and (o) those creditors holding the five largest unsecured claims against the Debtors' estates (on a consolidated basis). Once the U.S. Trustee appoints an official committee of unsecured creditors (the "**Committee**") and the Committee retains counsel, the Debtors shall replace the Debtors' five largest unsecured creditors (on a consolidated basis) with counsel to the Committee.

6. Any creditor or party in interest that wishes to receive notice other than as required by Bankruptcy Rule 2002 and Local Rule 2002 must file a notice of appearance and request for service of papers (a "**Request**") with the Clerk of the Court and serve a copy of such Request upon each of the parties set forth on the Master Service List. Each Request must include such party's: (a) name, (b) address, (c) client's name, if applicable, (d) telephone number, (e) facsimile number, and (f) e-mail address, unless such party files a request to be exempted from providing an e-mail address.

7. To the extent that a Request fails to contain an e-mail address, such party shall not be entitled to additional service of papers, as described below, until such party (a) files a request to be exempted from providing an e-mail address and (b) serves a copy of such request upon each of the parties set forth on the Master Service List. Unless a request to be exempted from providing an e-mail address is filed, each party that files a Request shall be deemed to have consented to electronic service (i.e., service by e-mail) of Pleadings.

8. The Debtors shall update the Master Service List on a monthly basis to include the names, addresses, and e-mail addresses of any party-in-interest who has made a written

Request since the prior month and, in the event any changes are made, file the updated Master Service List with the Court.

9. Except as otherwise provided herein, notice of any relief sought or other pleadings in these Chapter 11 Cases shall only be served upon: (a) the parties then-listed on the Master Service List, (b) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court, and (c) any party against whom direct relief is sought in such matter.

10. The matters for which notice shall be limited to the persons on the Master Service List, parties who have formally appeared, and any party against whom direct relief is sought in such proceeding, shall include all matters covered by Bankruptcy Rule 2002 and the Local Rules, with the express exception of the following: (a) notice of the first meeting of creditors pursuant to Section 341 of the Bankruptcy Code, (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), (c) notice of the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement and a plan of reorganization or plan of liquidation, (d) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization or plan of liquidation, and (e) notice of a motion seeking approval of the sale of all or substantially all of the Debtors' assets.

11. Service by e-mail may be made on a person who has requested, or is deemed to have requested, electronic notice in accordance with Bankruptcy Rule 9036 or the Electronic Filing Order;[3] provided, however, that hard copies of documents or notices shall be served in the following circumstances: (a) service made in accordance with Bankruptcy Rules 7004, 9014(b),

---

[3] The Electronic Filing Order provides that "[w]henever service is required to be made on a person who has requested, or is deemed to have requested, electronic notice in accordance with Federal Rule of Bankruptcy Procedure 9036 or the annexed order, the service may be made by serving the "Notice of Electronic Filing" generated by the System by e-mail . . ."

and 9016, (b) service made upon an agency of the United States, including the United States Attorney, the U.S. Trustee, or chambers, in accordance with the Bankruptcy Rules, the Local Rules, or an order of the Court, and (c) notice served pursuant to Bankruptcy Rule 2002(a)(1).

12. If notice is served by e-mail, service of a paper copy of documents on interested parties by any other method is not necessary and e-mail service shall satisfy the Court's rules for service. Service by e-mail shall be effective as of the date the document is sent to the e-mail address provided by a party.

13. All documents served by the Debtors by e-mail shall include access to an attached file containing the entire document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a document cannot be annexed to an e-mail (because of its size, technical difficulties, or other concerns), the Debtors may, in their sole discretion (i) serve the entire document by U.S. Mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, or (ii) e-mail the party being served and include a notation that the document has not been annexed and will be (a) mailed if requested or (b) posted on an website maintained in connection with the Chapter 11 Cases.

14. Upon the completion of noticing any particular matter, the Debtors shall electronically file with the Court either an affidavit of service or certificate of service, annexing thereto the list of those parties receiving notice.

15. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings at which motions, pleadings, applications, and other requests for relief shall be heard. To the extent that omnibus hearings are scheduled, the Debtors shall serve notice

5

NY\1677832.2

of the scheduled omnibus hearing dates on the Master Service List and the following guidelines shall apply to the omnibus hearings:

1. The Court shall set separate hearings for claim objections and for pre-trial conferences and trials in connection with adversary proceedings. Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least forty-five (45) days after the filing of the complaint.

2. If a document is filed by a non-Debtor party that purports to set a hearing date inconsistent with the omnibus hearing dates and the Procedures herein, the hearing shall be scheduled, without the necessity of Court order, for the first omnibus hearing after the applicable notice period has expired. If this occurs, the Debtors shall provide the movant with notice of these Procedures within five (5) business days of the Debtors' receipt of the documents that are erroneously filed.

3. If a movant or applicant other than the Debtors determines that a motion, pleading, application, or other request requires emergency or expedited relief, the movant or applicant shall telephonically contact the Debtors' attorneys requesting that the motion or application be considered on an expedited basis. If the Debtors disagree with the movant's or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall: (i) inform the Court of the disagreement via telephone and (ii) arrange thereafter for a chambers conference, telephonic or in-person, to be held among the Court, the Debtors' attorneys, and the movant or applicant to discuss the

disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

16. Motions, pleadings, applications, and other requests for relief (other than those as set forth below) shall not be considered by the Court unless filed and served in accordance with these Procedures at least seventeen (17) calendar days before the scheduled omnibus hearing date.

17. Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002 and 9006(c).

18. If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify the attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing. If chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York. Those parties participating by phone may not use speakerphones, unless first authorized by the Court. Parties participating by phone must put their phones on "mute" except when they need to be heard. Parties so participating are not to put their phones on "hold" under any circumstances.

19. Except as otherwise provided herein, the deadline to file an objection to any motion, pleading, application, or other request for relief shall be (a) at least five (5) calendar days before the applicable hearing date or (b) any date ordered by the Court. The objection deadline may be extended with the consent of the movant or applicant. The objection will not be

7

NY\1677832.2

disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

16. Motions, pleadings, applications, and other requests for relief (other than those as set forth below) shall not be considered by the Court unless filed and served in accordance with these Procedures at least seventeen (17) calendar days before the scheduled omnibus hearing date.

17. Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 2002 and 9006(c).

18. If a party desires to participate in a hearing by telephone, such party must request permission from Chambers and notify the attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing. If chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Call, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York. Those parties participating by phone may not use speakerphones, unless first authorized by the Court. Parties participating by phone must put their phones on "mute" except when they need to be heard. Parties so participating are not to put their phones on "hold" under any circumstances.

19. Except as otherwise provided herein, the deadline to file an objection to any motion, pleading, application, or other request for relief shall be (a) at least five (5) calendar days before the applicable hearing date or (b) any date ordered by the Court. The objection deadline may be extended with the consent of the movant or applicant. The objection will not be

considered timely filed unless filed with the Court on or before the applicable objection deadline. All parties filing an objection shall include their telephone and facsimile numbers in the signature block on the last page of the objection.

20. If a party chooses to file a reply to an objection, and unless otherwise ordered by the Court, such reply shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon, prevailing Eastern Time, on the day that is at least two (2) calendar days before the date of the hearing.

21. A motion, pleading, application, or other request for relief may be granted without a hearing provided that, after the passage of the objection deadline, the attorney for the entity who filed the motion, pleading, application, or other request for relief: (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no objection has been filed or served in accordance with these Procedures, (b) serves the declaration by facsimile or e-mail upon the attorneys for the Debtors one (1) business day before submission thereof to the Court, and (c) delivers by U.S. mail, e-mail or hand or overnight delivery, a package to the Court including (i) the declaration described in subsection (a) above, and (ii) an electronic copy of the order granting the relief requested in the applicable motion, pleading, application, or other request for relief (collectively, the "**Presentment Package**"). Upon receipt of the Presentment Package, the Court may grant the relief requested in the motion, pleading, application, or other request for relief without further submission, hearing, or request. If the Court does not grant the relief, (a) the motion, pleading, application, or other request for relief will be considered by the Court at the hearing date set in accordance with the provisions of this Order and (b) the decision shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

NY\1677832.2

22. A notice of hearing shall be affixed to all motions, pleadings, applications, and other requests for relief and shall include the following: (a) the title of the motion, pleading, application, or other request for relief, (b) the parties upon whom any objection to the motion, pleading, application, or other request for relief is required to be served, (c) the date and time of the applicable objection deadline, (d) the date of the hearing at which the motion, pleading, application, or other request for relief shall be considered by the Court, and (e) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with these Procedures ("**Notice of Hearing**").  The applicable objection deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing.

23. By 12:00 noon, prevailing Eastern Time, on the day prior to each hearing day, the Debtors' counsel shall file with the Court a proposed agenda with regard to the matters which are or were to be heard on such hearing day

24. Prior to filing a motion seeking (a) relief from the automatic stay, (b) adequate protection, (c) to compel assumption or rejection, or (d) to compel the Debtors to take other action, the movant shall attempt to confer with Debtors' counsel to explore consensual resolution of the dispute.  Each motion must include a certificate of conference ("**Certificate of Conference**") certifying that: (a) the parties conferred and were unable to resolve the matter, (b) the parties conferred and were able to resolve some, but not all, of the issues in dispute, or (c) if the movant attempted to contact Debtors' counsel, but was unable to confer, a description of movant's efforts to reach Debtors' counsel.  To the extent the parties partially resolve the issues, the Certificate of Conference should describe the substance of any remaining disputes.

25. Unless otherwise shortened by an order of the Court, motions and applications to compromise and settle claims, disputes and causes of action pursuant to Bankruptcy Rule 9019

shall be noticed for hearing on the next hearing day that is at least twenty-one (21) days after such motion or application is filed with the Clerk of the Court. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be seven (7) calendar days prior to the hearing day with respect thereto. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing on the hearing day. To the extent that the parties reach an agreement prior to the hearing thus obviating the need for a contested hearing, the parties shall notify chambers that the matter has been settled as soon as practicable. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties-in-interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be held on the next hearing day deemed appropriate by the Court

26. Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to Section 362 of the Bankruptcy Code shall be noticed for consideration on the omnibus hearing date that is at least twenty-eight (28) days after the motion is filed and notice is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be seven (7) calendar days before the scheduled hearing.

27. Notwithstanding the provisions of Section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief under Section 362(d) of the Bankruptcy Code is adjourned upon the Debtors' consent and the moving party to a date that is on or after

NY\1677832.2

the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under Section 362(e) of the Bankruptcy Code.

28. Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures) and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in Contested Matters, but are applicable in adversary proceedings commenced under this case, unless otherwise agreed by the parties or ordered by the Court.

29. The Debtors may amend the Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court in accordance with the terms and provisions of this Order.

30. The Debtors are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order.

31. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: August 20, 2010
      New York, New York

                                      /s/Shelley C. Chapman
                                      Honorable Shelley C. Chapman
                                      United States Bankruptcy Judge