UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Boston Generating, LLC,
et al.,[1]

　　　　　　　Debtors.

Chapter 11

Case No. 10-14419 (SCC)

Jointly Administered

**Related Docket No. 17**

## INTERIM ORDER PROVIDING CERTAIN PROTECTIONS IN CONNECTION WITH EXECUTORY CONTRACTS WITH DISTRIGAS OF MASSACHUSETTS LLC AND GDF SUEZ ENERGY NORTH AMERICA, INC.

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order authorizing the Debtors to provide certain protections to Distrigas of Massachusetts LLC ("**Distrigas**") and GDF SUEZ Energy North America, Inc. ("**SUEZ**") in connection with the Distrigas Contracts (listed on Schedule I attached hereto); and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby ORDERED that:

　　　　1.　　　The Motion is granted as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

NY\1677945.3

2. The Debtors shall make all prepetition and postpetition payments (other than termination payments) required by the Distrigas Contracts, including without limitation payments due for prepetition deliveries, postpetition deliveries on prepetition contracts, monthly settlement payments, or contract damages for failure to perform under the Distrigas Contracts from unencumbered or encumbered assets.

3. The Debtors shall pay any postpetition obligations due and owing under any of the Distrigas Contracts at the prices and pursuant to the terms specified therein and all such payments shall be free and clear of any prior liens, claims or encumbrances.

4. The Debtors shall continue to maintain collateral, including the Distrigas Collateral, for the benefit of Distrigas in accordance with the Distrigas Contracts, and such collateral shall not be subject to any prior liens, claims or encumbrances.

5. The Debtors are authorized to recognize, enforce, and allow any offset, netting or cross-netting provisions in any of the Distrigas Contracts.

6. Notwithstanding Section 362(a) of the Bankruptcy Code, and except as provided in the Distrigas Assurance Agreement, Distrigas and SUEZ shall have the right to exercise any and all contractual remedies upon prospective defaults or terminations under the Distrigas Contracts.

7. In the event of the rejection of any Distrigas Contract pursuant to Section 365 of the Bankruptcy Code, the determination of any settlement payments or termination payments owing under such Distrigas Contract shall be made pursuant to the terms of the Distrigas Contract as of the date such contract is actually terminated.

2

8. The benefits and protections of this Order shall apply to all new transactions executed following entry of this Order, regardless of whether the transaction matures after the expiration of this Order.

9. For the period of time that this Order is in full force and effect (but not to exceed 55 days from the entry of this Order), Distrigas and SUEZ shall defer and delay (but do not waive) the utilization or enforcement of any contractual right either of them may have to liquidate, terminate or accelerate any Distrigas Contract because of a condition of the kind specified in Section 365(e)(1) of the Bankruptcy Code.

10. The requirements of Bankruptcy Rule 6003(b) are satisfied.

11. The requirements of Bankruptcy Rule 6004(a) are waived.

12. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on September 13, 2010 at 11:00 a.m. (Prevailing Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-399 and served upon: (i) Boston Generating, LLC, Attn: David Sheffey, 505 Fifth Avenue, 21st Floor, New York, NY 10017, (ii) counsel to the Debtors, Latham & Watkins LLP, Attn: D. J. Baker, 885 Third Avenue, New York, NY 10022, (iii) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, Wachtell, Lipton, Rosen & Katz, Attn: Michael S. Benn and Scott K. Charles, 51 West 52nd Street, New York, NY 10019; (iv) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, Dechert LLP, Attn: Allan S. Brilliant, 1095 Avenue of the Americas, New York, NY 10036; (v) the administrative agent for the lenders

under the Debtors' prepetition unsecured mezzanine credit facility, Credit Suisse AG, Cayman Islands Branch 11 Madison Avenue New York, NY 10010 Attn: Candace Sorina ; (vi) The Office of the United States Trustee for the Southern District of New York, Attn: Paul K. Schwartzberg, 33 Whitehall Street, 21st Floor, New York, NY 10004; (vii) counsel to Distrigas and SUEZ, Stroock & Stroock & Lavan LLP, Attn: Mark A. Speiser and Harold A. Olsen, 180 Maiden Lane, New York, NY 10038; (viii) counsel for any official statutory committee appointed in these Chapter 11 Cases; and (ix) those parties that have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002, in each case so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on September 8, 2010.

14. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or any order regarding the use of cash collateral.

15. This Order shall remain in effect for a minimum of fifty-five (55) days or until entry of the Final Order.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 20, 2010
      New York, New York

                                           /s/Shelley C. Chapman
                                           Honorable Shelley C. Chapman
                                           United States Bankruptcy Judge

## **Schedule 1**

Distrigas Contracts

| **Name of Contract** | **Date of Contract** |
|---|---|
| Amended and Restated Firm Gas Sales and Purchase Agreement between Distrigas of Massachusetts, LLC, and Mystic Development, LLC | December 3, 2007 |
| Non-Firm Gas Sales and Purchase Agreement between Distrigas of Massachusetts, LLC, and Mystic I, LLC | April 11, 2008 |
| Irrevocable Guaranty by SUEZ Energy North America, Inc. in favor of Mystic Development, LLC | April 23, 2008 |
| Settlement Agreement and General Release between Distrigas of Massachusetts, LLC, SUEZ LNG NA, LLC, Mystic I, LLC, Mystic Development, LLC, and Exelon New England Holdings, LLC | April 18, 2008 |
| Gas Facilities Easement Agreement from Mystic Development, LLC in favor of Distrigas of Massachusetts LLC | July 1, 2001 |
| Letter Agreement between Hugo Neu Steel Products, Inc., Proleride Transport Systems, Inc., Distrigas of Massachusetts LLC, Sithe Mystic LLC and Sithe Mystic Development LLC | February 9, 2001 |
| Consent Agreement between Hugo Neu Steel Products, Inc., Proleride Transport Systems, Inc., Distrigas of Massachusetts, LLC, Sithe Mystic LLC and Sithe Mystic Development LLC | February 9, 2001 |
| Assignment of Wharfing Rights Agreement between Sithe Mystic Development LLC and Distrigas of Massachusetts LLC | February 9, 2001 |
| Agreement relating to wharfing rights between Distrigas of Massachusetts, LLC and Sithe Mystic Development LLC | September 18, 2000 |