D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Proposed Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br><u>et</u> <u>al</u>.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on August 27, 2010, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *First Omnibus Motion of Debtors for Entry of Order Authorizing the Debtors to Reject Certain Executory Contracts Nunc Pro Tunc to Their Respective Notice Dates* (the "**Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

PLEASE TAKE FURTHER NOTICE that the Motion has been electronically filed with the Bankruptcy Court and may be examined and inspected by interested parties by (i) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov/ or (ii) accessing the website

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

maintained by the Debtors in connection with their chapter 11 cases at www.bgrestructuring.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

PLEASE TAKE FURTHER NOTICE that all parties receiving this Notice should locate their names and contracts listed on Schedule 1 attached to the Motion.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion has been scheduled for **September 13, 2010 at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, One Bowling Green, Room 610, New York, New York, 10004 (the "**Hearing**"), which Hearing may be adjourned from time to time without further notice other than an announcement at the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing and shall conform to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 46], the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court and served on (i) the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Debtors, (iv) counsel for any official committee appointed in the chapter 11 cases, (v) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, (vi) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, (vii) the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility, (viii) the Internal Revenue Service, (ix) the Federal Energy Regulatory Commission, (x) the Environmental Protection Agency, (xi) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy

Rule 2002 and (xii) those creditors holding the five largest unsecured claims against the Debtors' estates (on a consolidated basis),[2] in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on September 8, 2010** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the relief requested in the Motion shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without further notice or opportunity to be heard. In furtherance thereof, if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order, substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further opportunity to be heard. Objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: August 27, 2010  
New York, New York

Respectfully Submitted,

/s/ D.J. Baker
D. J. Baker (No. 3940129)
Robert J. Rosenberg (No. 1025626)
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Proposed Counsel to the Debtors and Debtors-in-Possession

---

[2] Once the Office of the United States Trustee appoints an official committee of unsecured creditors (the "**Committee**") and the Committee retains counsel, counsel to the Committee shall replace the Debtors' five largest unsecured creditors (on a consolidated basis).

D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Proposed Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br><u>et</u> <u>al</u>.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered |

**FIRST OMNIBUS MOTION OF DEBTORS FOR ENTRY OF ORDER
AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY
CONTRACTS *NUNC PRO TUNC* TO THEIR RESPECTIVE NOTICE DATES**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for entry of an order (the "**Order**"), in substantially the form attached hereto as Exhibit A, authorizing the Debtors to reject executory contracts (as identified on Schedule 1 attached hereto, the "**Executory Contracts**") with each of Algonquin Gas Transmission Company, LLC ("**Algonquin**") and Sprague Energy Corp. ("**Sprague**" and together with Algonquin, the "**Counterparties**") *nunc pro tunc* to their respective Notice Dates (as defined below). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases (as defined below), and no official statutory committees have been appointed or designated by the Office of the United States Trustee.

2. The statutory bases for the relief requested herein are Section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

3. On August 18, 2010 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been procedurally consolidated and are being jointly administered.

4. A description of the Debtors' business and the reasons for commencing these Chapter 11 Cases are set forth in the *Declaration of Jeff Hunter, Manager, Executive Vice President and Chief Financial Officer of EBG Holdings LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] filed on August 18, 2010 (the "**First Day Declaration**").

5. Also on the Petition Date, the Debtors filed a motion pursuant to which they seek to sell substantially all of their assets. [Docket No. 24]. A hearing on the Debtors' proposed

bidding procedures with respect to the sale of substantially all of their assets has been set for September 27, 2010 at 10:00 a.m. (Prevailing Eastern Time).

## The Algonquin Service Agreement

6. In 1999, Algonquin, Sithe Fore River Development, LLC (now Debtor Fore River Development, LLC) and Sithe Power Marketing, L.P. entered into a precedent agreement dated September 28, 1999 pursuant to which Algonquin committed to building a lateral pipeline facility to serve the Debtors' Fore River plant (which had not yet been developed). On January 31, 2001, Algonquin, Sithe Fore River Development, LLC and Sithe Power Marketing, L.P. entered into the Algonquin Service Agreement (the "**Service Agreement**").[2] Pursuant to the Service Agreement, Algonquin transports natural gas (the "**Transportation Services**") to the Debtors' Fore River power generating plant.

7. The Debtors pay Algonquin a fixed monthly charge of approximately $718,000 and a variable charge, based on Algonquin's AFT-1 filed with the Federal Energy Regulatory Commission, which fluctuates depending on usage (the "**Charges**"). As of the Petition Date, the Debtors owed Algonquin $1,149,729 on account of outstanding prepetition Charges.

8. Very little of the natural gas used by the Fore River plant is transported under the Service Agreement. The Debtors have natural gas suppliers that use alternate transportation arrangements to deliver natural gas to the Fore River plant. Considering the significant monthly costs associated with maintaining the Service Agreement, the Debtors have determined, in the exercise of their sound business judgment, that continuation of the Service Agreement is not in the best interests of the Debtors' estates or their creditors and that the Service Agreement should

---

[2] The 2001 Service Agreement supersedes the Service Agreement, Contract No 99025, dated August 2, 2000 between Sithe Power Marketing. L.P. and Algonquin.

3

therefore be rejected. Simply put, the Service Agreement provides no continuing benefit to the Debtors' estates. In addition, the Debtors would not expect that any potential purchaser of the Debtors' assets would request that the Service Agreement be assigned to it. On August 24, 2010 (the "**Algonquin Notice Date**"), the Debtors sent a notice to Algonquin expressing the Debtors' intent to reject the Service Agreement.

## The Sprague Terminalling Agreement

9. On July 27, 2000, Sithe Edgar LLC and Sprague entered into a terminalling agreement (the "**Terminalling Agreement**"). Thereafter, on January 31, 2001, Sithe Edgar LLC assigned all of its rights, title and interest in the Terminalling Agreement to Sithe Fore River Development, LLC (now Debtor Fore River Development LLC) pursuant to an Assignment and Assumption Agreement. Sprague operates a petroleum products terminal, including associated docks and piping facilities, in Quincy, Massachusetts. Under the Terminalling Agreement, Sprague agreed to construct a pipeline to transport low sulfur diesel fuel to the Fore River plant. Sprague also agreed to receive and store low sulfur diesel fuel at its terminal, and redeliver the low sulfur diesel fuel to the Fore River plant on an as needed basis.

10. The Debtors pay Sprague an annual fee of approximately $337,745 (the "**Terminalling Fee**") which is paid in monthly installments. Additionally, the Debtors pay Sprague a fee (the "**Redelivery Fee**") for any low sulfur diesel fuel that is redelivered to the Fore River plant. As of the Petition Date, the Debtors owed Sprague approximately $44,487 on account of outstanding Terminalling Fees. There are no Redelivery Fees due and owing to Sprague.

11. When initially conceived, it was intended that the Fore River plant would use gas as its primary source of fuel and have the option to use oil as a backup fuel source. The Debtors

4

believed that having the flexibility to operate using either of two different fuel sources would enhance earnings by permitting the plant to use the least expensive fuel at the time. However, the Debtors have never successfully implemented the ability to efficiently run the Fore River plant using low sulfur diesel fuel. Although testing was performed, the Fore River plant performed significantly below design conditions using low sulfur diesel fuel. Given this experience, the Fore River plant has been solely operated using natural gas, and the Debtors have not stored any low sulfur diesel fuel at the Sprague facilities for several years. The Debtors believe that it would cost several million additional dollars for testing costs, fuel and equipment modifications to enhance the efficiency of the Fore River plant when operating using low sulfur diesel fuel and there is no guarantee that design conditions could ever be achieved.

12. As a result, the Terminalling Agreement does not currently provide any benefit to the Debtors or their estates. In addition, the Debtors would not expect that any potential purchaser of the Debtors' assets would request that the Terminalling Agreement be assigned to it because there is no possibility that the Fore River plant could utilize low sulfur diesel fuel without a significant capital expenditure. Thus, the monthly Terminalling Fee that the Debtors pay to Sprague provides no value to the Debtors' estates. Accordingly, the Debtors believe that it is in their best interest to reject the Terminalling Agreement. On August 26, 2010 (the "**Sprague Notice Date**" and together with the Algonquin Notice Date, the "**Notice Dates**"), the Debtors sent a notice to Sprague expressing the Debtors' intent to reject the Terminalling Agreement.

**Relief Requested**

13. By this Motion, the Debtors seek entry of an order pursuant to Section 365 of the Bankruptcy Code authorizing the Debtors to reject the Executory Contracts *nunc pro tunc* to

their respective Notice Dates.[3] The Debtors provided notice of their intent to reject the Executory Contracts on August 24, 2010 to Algonquin and on August 26, 2010 to Sprague and therefore request that the rejections be effective as of those dates. The rejection of the Executory Contracts is an appropriate exercise of the Debtors' business judgment.

## Basis for Relief

### I. Rejection of the Executory Contracts Reflects the Debtors' Sound Business Judgment

14. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, [may] . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). See also In re: The Penn. Traffic Co., 524 F.3d 373, 378 (2d Cir. 2008) ("a trustee or chapter 11 debtor-in-possession may, with court approval, assume or reject any executory contract or unexpired lease of the debtor"). Under Section 365 of the Bankruptcy Code, a debtor may relieve itself of burdensome agreements where performance still remains. See Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996) (citing Phoenix Exploration, Inc. v. Yaquinto (In re Murexco Petroleum, Inc.), 15 F.3d 60, 62 (5th Cir. 1994)).

15. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under Section 365(a) of the Bankruptcy Code. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.), 78 F.3d 18, 25 (2d Cir. 1996) (same).

---

[3] The Debtors reserve the right to seek to reject other executory contracts at a later date.

16.     Rejection of an executory contract is appropriate where rejection would benefit the estate.  See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 39-40 (3d Cir. 1989); see also, Commercial Fin. Ltd. v. Haw. Dimensions, Inc. (In re Haw. Dimensions, Inc.), 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."); In re Lavigne, 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993), cert. denied, 511 U.S. 1026 (1994).  If a debtor's business judgment has been reasonably exercised, a court should approve the rejection of an executory contract.  See, e.g., In re Fed. Mogul Global, Inc., 293 B.R. 124, 126 (D. Del. 2003) ("the business judgment test dictates that a court should approve a debtor's decision to reject a contract").

17.     The Service Agreement is burdensome to the Debtors' estates because the Debtors are paying a large sum of money for very little value.  In addition, the Debtors have adequate access to natural gas supply without the Service Agreement.  The Debtors derive no benefits at all under the Terminalling Agreement in return for mandatory monthly payments.  Based on a simple cost benefit analysis, the Debtors have determined, in the reasonable exercise of their business judgment, that the Executory Contracts should be rejected because they provide no value to the Debtors' estates.

## II.    The Court Should Authorize the Rejection of the Executory Contracts *Nunc Pro Tunc* to their Respective Notice Dates

18.     The Debtors respectfully submit that it is appropriate for the Court to order that the Algonquin Notice Date and the Sprague Notice Date are the effective date of rejection for the

Service Contract and the Terminalling Agreement, respectively. While Section 365 of the Bankruptcy Code does not address whether the Court may order rejection to be effective retroactively, many bankruptcy courts have held that they are empowered to authorize retroactive rejection of a contract or lease under Section 365(a) of the Bankruptcy Code. See, e.g., Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.), 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that when principles of equity dictate, a bankruptcy court may approve rejection of a nonresidential lease pursuant to Section 365(a) of the Bankruptcy Code retroactive to the motion filing date). Many courts in this district and elsewhere have authorized rejection retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favored such relief. See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602 (2d Cir. 2007) (approving the bankruptcy court's decision to allow the debtor to retroactively reject the lease and saying that "we must give [the bankruptcy courts] generous latitude to shape equitable relief under Section 365"); In re Neff Corp., Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 8, 2010) (authorizing the retroactive rejection of contracts to the petition date); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005) (authorizing rejection of nonresidential real property leases effective as of petition date).

19. The Debtors respectfully submit that it is fair and equitable for the Court to find that the Executory Contracts should be rejected *nunc pro tunc* to the Notice Dates because at those points Algonquin and Sprague were made aware of the Debtors' intent to reject the Executory Contracts.

## Motion Practice

20. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this

Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankuptcy Rules for the Southern District of New York.

## Notice

21. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee, (b) the creditors listed on the Debtors' consolidated list of 30 largest unsecured creditors, as filed with the Debtors' chapter 11 petitions, (c) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, (d) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, (e) counsel to the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility, (f) the Internal Revenue Service, (g) the Federal Energy Regulatory Commission, (h) the Environmental Protection Agency, (i) Sprague, and (j) Algonquin. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

22. A copy of the Motion is available on the Court's website: http://www.nysb.uscourts.gov/. Additional copies of the Motion are available on the website of the Debtors' proposed claims and noticing agent, The Garden City Group, Inc. at www.bgrestructuring.com or can be requested by calling 1-866-454-3498.

## No Prior Application

23. No prior application for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtors to reject the Executory Contracts *nunc pro tunc* to their respective Notice Dates and grant such other and further relief as this Court believes is just and proper.

Dated: August 27, 2010  Respectfully Submitted,
New York, New York

/s/ D. J. Baker
D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Proposed Counsel to the Debtors and Debtors-in-Possession