**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Boston Generating, LLC, | Case No. 10-14419 (SCC) |
| et al.,[1] | |
| Debtors. | Jointly Administered |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY, AND DISCLAIMER
## REGARDING THE DEBTORS' SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Boston Generating, LLC and its direct parent and subsidiaries, as debtors and debtors in possession (collectively, the "***Debtors***"), have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***SOFAs***", and collectively with the "***Schedules***," the "***Schedules and Statements***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

Richard V. Brunson, Vice President of EBG Holdings LLC, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Brunson has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Brunson has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

Statements.[2] In the event that the Schedules and Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the Debtors' financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, but further research or discovery may identify subsequent information that may necessitate material amendments to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies and may be amended in the future.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1.     **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

   a) Accruals/Unvouchered Payables. The Debtors have made every reasonable attempt to list all accruals and unvouchered payables on their liabilities schedules, except as otherwise noted. As operators of power plants in Massachusetts, the Debtors are subject to the Regional Greenhouse Gas Initiative ("**RGGI**") (a cooperative effort among 10 Northeast and Mid-Atlantic states to cap and reduce power section carbon dioxide ("**CO$_2$**") emissions), pursuant to which the Debtors will have to surrender one RGGI allowance for every US ton of $CO_2$ emitted during the 2009 – 2011 period. Under the current regulations, the RGGI allowances for this 3-year period will have to be remitted in the first quarter of 2012. While the Debtors have accrued for their obligation under this program, the amount has not been reflected in the Schedules.  As of the Petition Date, the Debtors' total liability recognized related to $CO_2$ emissions was $20.4 million for which the Debtors hold $11.8 million of RGGI allowances that can be used to offset these obligations.

_____

[2]     These Global Notes are in addition to the specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "Specific Note" with respect only to specific Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Specific Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

b) <u>Amendments and Supplements</u>. While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

c) <u>Bankruptcy Court Orders</u>. Pursuant to various orders entered or to be entered by the Bankruptcy Court (collectively, the "***Pre-petition Payment Orders***"), the Debtors were or will be authorized to pay certain outstanding pre-petition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of critical vendors, shippers, warehousemen, and contractors. However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the Pre-petition Payment Orders, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various Orders as such claims were unpaid as of August 18, 2010 (the "***Petition Date***"). To the extent possible, the Debtors have indicated that these claims are contingent in light of the fact that they may be satisfied postpetition. Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including that such claims have already been satisfied through payments with respect to the Pre-petition Payment Orders.

d) <u>Claims Description</u>. Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any claim, whether reflected on their respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

e) <u>Classifications</u>. Listing a claim or contract (1) on Schedule D as "secured," (2) on Schedule F as "unsecured," or (3) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

f) <u>Causes of Action</u>. Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action. Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the

Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

g) <u>Confidential, Private, and Commercially Sensitive Information</u>. In certain instances, the Debtors may have intentionally altered, revised, redacted or consolidated certain information in the Schedules and Statements due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. In addition, in certain instances, the sensitivity of such information may require its omission from the Schedules and Statements. To the extent possible, the alterations, redactions, consolidations and omissions have been limited to the extent determined by the Debtors to be necessary or appropriate to protect the Debtors or third parties while also providing interested parties with sufficient information in response to the Schedules and Statements. The Debtors have not included addresses of current and former employees or directors in the Schedules and Statements.

h) <u>Estimates and Assumptions</u>. In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of contingent assets and liabilities on the date the Schedules and Statements were filed and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates, perhaps materially.

i) <u>Executory Contracts and Unexpired Leases</u>. The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any rejection damages claims. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

j) <u>Insiders</u>. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) shareholders holding in excess of 20% of the voting shares of the Debtors; (d) relatives of directors, officers, or shareholders holding in excess of 20% of the voting shares of the Debtors; and (e) debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability, or for any other

purpose. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider, nor should it be construed as an admission that such party is an insider, all such rights, claims and defenses are expressly reserved.

k) <u>Intellectual Property Rights</u>. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the Debtor that is the rightful owner of such intellectual property, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

l) <u>Intercompany Claims</u>. Receivables and payables among the Debtors in these cases (each an "***Intercompany Receivable***" or "***Intercompany Payable***" and, collectively, the "***Intercompany Claims***") are reported on Schedule B(16) or Schedule F as a net receivable or payable due to or from the applicable Debtor to or from the other Debtors. Where no balance is listed, the Debtors do not believe, based on information currently available, that the applicable Debtor has any Intercompany Receivables or Intercompany Payables.

m) <u>Liabilities</u>. The Debtors allocated liabilities between the prepetition and postpetition periods based on research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate. Additionally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only are not included in the Debtors' Schedules.

n) <u>Net Book Value</u>. In certain instances, market valuations are neither maintained by, nor readily available to, the Debtors. In other instances, market valuations are available but they are out-of-date. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the Debtors' assets at net book values. Market values of these assets may vary, at some times materially, from the net book value of such assets. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

o) <u>Litigation</u>. The Debtors have listed on Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed, and unliquidated with unknown amounts. Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial.

p) <u>Recharacterization</u>. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available.

q) <u>Setoffs</u>. The Debtors routinely are subject to certain setoffs and other similar rights exercised by or with respect to their customer or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, and other disputes between the Debtors and their customer and/or suppliers. With the exception of the specific ordinary course of business setoffs reported in SOFA 13, the aforementioned setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' businesses and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such transactions. Therefore, although the exercise of such setoffs and other similar rights may have been taken into consideration when scheduling certain amounts, setoffs and these other rights are not independently accounted for, and as such, are excluded from the Schedules and Statements. Notwithstanding the foregoing, the Debtors have not reviewed the validity of the aforementioned setoff rights and hereby reserve all rights to challenge such setoff rights.

r) <u>Petition Date</u>. Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date of August 18, 2010**.**

s) <u>Third-Party Property</u>. In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their business and otherwise use and hold property owned by third-parties pursuant to contracts and leases with such parties. Such leases or contracts are set forth in Schedule G. The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors. Nothing contained in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in

fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

t)  <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

u)  <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

v)  <u>Entity Classification Issues</u>. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including but not limited to (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (c) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

2.  **Specific Schedules and Statements Disclosures**

a)  <u>Schedule A - Real property</u>. The Debtors have listed the value of their real estate at the net book value assigned to such real estate in the Debtors' books. This amount may be materially different from the fair market value of such real estate. The Debtors have not included on Schedule A easements and similar property interests which they maintain in the ordinary course of business and have no book value. Such interests are listed in Schedule G. The Debtors reserve all rights to amend Schedule G to add additional property interests as is necessary and appropriate.

b)  <u>Schedule B(2) – Checking, savings accounts.</u> As part of Debtors' business operations, in the ordinary course of business, the Debtors use a cash management system ("Cash Management System") to transfer funds between and among the Debtors in order to manage their respective operations and cash needs. Funds are collected in a collection account and disbursed or transferred (including inter-company transfers) on a daily basis to disbursement accounts that are designated for certain purposes, such as payroll, operational expenses and other disbursement needs. All cash accounts are reported as a book balance as of the Petition Date.

c)  <u>Schedule B(9) - Insurance policies.</u> The Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors. The Debtors' insurance policies

generally are structured to provide coverage for all or several of the Debtors. The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, environmental, motor vehicle, workers' compensation, and general liability insurance. Premium payments related to insurance policies are listed on the Schedules of the Debtor that paid such premiums even if the policy is maintained by another Debtor. In addition, US Power Generating Company maintains, and is the primary insured on, certain insurance policies that provide liability coverage to the Debtors, including an employer's practices liabilities policy and director and officer liability policies. These policies are not reflected in the Schedules and Statements.

d) <u>Schedule B(13) – Stocks and interests in businesses.</u> The equity interests listed on Schedule B(13) for each of the Debtors arise from common stock ownership interests and limited liability corporation memberships. Each Debtor's "Schedule B-Personal Property" lists such Debtor's ownership interests, if any, in its subsidiaries. For purposes of the Statements and Schedules, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such ownership interests is dependent on numerous variables and factors and may differ significantly from the net book value.

e) <u>Schedule B(16) - Accounts receivable</u>. Third-party accounts receivable have been listed as assets of the Debtor to which funds are due. In some instances, the Debtors may have lien rights against the property of these account debtors or other various entities to secure the Debtors' claims.

f) <u>Schedule B(23) – Other general intangible assets.</u> Certain contracts that have recognized book values under GAAP but which are not readily convertible to cash are not reflected on Schedule B(23). These contracts are included in Schedule G.

g) <u>Schedule B(28) and B(29) – Machinery, equipment, furniture, fixtures and other fixed assets</u>. As a result of the use of purchase accounting at the time US Power Generating Company acquired the Debtors, the value of machinery, equipment, furniture, fixtures and other fixed assets are aggregated in the book value of the real property owned by each Debtor and is therefore reflected in the value associated with the real property listed in Schedule A of such Debtor. Computer equipment and software that is used by all of the Debtors is included only in Schedule B(28) of Boston Generating, LLC, which is the owner of such property. In addition, certain parts and equipment owned by the Debtors may be in the possession of third parties for repair or refurbishment. Each of these items are included in Schedule A or Schedule B(30).

h) <u>Schedule B(30) - Inventory</u>. Unless otherwise disclosed, inventories are carried at cost and expensed or capitalized, as appropriate, when installed or used and are reflected in the Schedules at their book value. The Debtors have an established cycle count inventory program, which applies to all facilities that maintain inventory. Certain parts and equipment owned by the Debtors that may be in the

possession of third parties for repair or refurbishment and oil owned by the Debtors that is stored by third parties are included in Schedule B(30).

i) <u>Schedule D - Creditors Holding Secured Claims.</u> Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to or by a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended to be a summary only. In certain instances a Debtor may be a co-obligor, co-mortgagor or a guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

Further, reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such agreements and related documents and to the extent there is a discrepancy between the Schedules and the agreements and related documents, the agreements and related documents shall control. Although there are multiple lenders under the revolving, term and letter of credit facilities that comprise the Debtors' prepetition secured credit facilities, only Credit Suisse, Cayman Islands Branch ("***Credit Suisse***"), as administrative agent for the first lien lenders, and Wilmington Trust FSB, as administrative agent for the second lien lenders, have been listed on Schedule D. Because the security interest EBG Holdings LLC granted to the collateral agents for the first lien and second lien credit facilities is limited to EBG Holdings LLC's membership interests in Boston Generating, LLC and related rights and benefits, these claims are not reflected on EBG Holdings LLC's Schedule D.

j) <u>Schedule E - Creditors Holding Unsecured Priority Claims</u>. Pursuant to an order entered by the Bankruptcy Court on August 20, 2010, the Debtors have the authority to pay certain prepetition obligations, including employee wages and other employee benefits in the ordinary course of business (the "***Employee Wage and Benefit Order***"). As a result of the Employee Wage and Benefit Order, the Debtors believe that any employee or Manager claims for prepetition amounts related to ongoing payroll, benefits, and expense reimbursements whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Pursuant to a separate order entered by the Bankruptcy Court on August 20, 2010, the Debtors have the authority to pay certain prepetition taxes, including but not limited to franchise, excise and property taxes (the "***Tax Order***"). Pursuant to the

Tax Order, the Debtors believe that any claims on account of such taxes have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Out of abundance of caution and in an effort to provide notice to holders of potential priority tax claims, the Debtors have listed holders of potential priority tax claims on Schedule E except to the extent such claims have been or will be satisfied pursuant to the Tax Order. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise. The Debtors reserve the right to take the position that any claim listed on Schedule E is a secured claim, an unsecured or a subordinated claim.

Further, certain potential or actual priority claims may be subject to audit and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of these claims. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

k) Schedule F - Creditors Holding Unsecured Claims. Pursuant to additional orders issued by the Bankruptcy Court on August 20, 2010, the Bankruptcy Court has authorized the Debtors to pay certain additional outstanding prepetition claims, such as critical vendor claims, claims related to insurance policies and premiums and certain claims of suppliers and warehousemen. Unless otherwise stated, Schedule F reflects prepetition obligations that were due and owing as of the Petition Date and do not reflect these payments.

Schedule F also contains information regarding threatened or pending litigation involving the Debtors, including, but not limited to, workers' compensation claims that have been asserted against the Debtors. The amounts of these potential claims are listed as "unknown" and marked as contingent, unliquidated, and disputed in the Schedules. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation, if any, listed in each Debtor's SOFA 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F also reflects prepetition amounts owed to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any agreement entered into by and between the Debtors and their creditors.

The claims of creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. In addition, the amounts of claims listed on Schedule F may be exclusive of contingent and unliquidated amounts.

l) <u>Schedule G - Executory contracts and unexpired leases.</u> While every reasonable and good faith effort has been made to ensure the accuracy and completeness of Schedule G, inadvertent errors or omissions may have occurred. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. The Debtors may have also entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements. Because of the number of such agreements and the difficulty in assembling a complete list of them given the size, magnitude and diversity of the Debtors' business, all of such agreements may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.

In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The omission of a contract or agreement on Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease, nor that such omitted contract or agreement was not in effect on the Petition Date or is invalid or unenforceable.

The Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, nondisturbance agreements, supplemental agreements, amendments, title documents, consents, site plans, maps and other miscellaneous agreements. Such documents may not be included on Schedule G.

The Debtors reserve all rights to amend Schedule G to add executory contracts or unexpired leases or to challenge the legal status of any contract or lease, including the characterization of any lease as an unexpired non-residential real property lease, or whether any listed contract, lease, or other agreement constitutes an executory contract or unexpired lease. Any and all of the Debtors' rights, claims,

and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

The Debtors have attempted to include on Schedule G those executory contracts to which they were not one of the original contracting parties, but to which they have become a party through an assignment, merger, or otherwise. Where the Debtors have been unable to ascertain which of the Debtors is the successor party in interest to a given executory contract, the Debtors have listed Boston Generating, LLC as the counterparty on Schedule G. The Debtors reserve all rights to amend Schedule G as necessary and appropriate to add or remove executory contracts or change the identity of the counterparty to a particular executory contract if the Debtors determine that the Debtors' status as a party to such executory contracts was not accurately described therein.

m) <u>Schedule H - Co-Debtors.</u> For purposes of Schedule H, only Credit Suisse and Wilmington Trust, as the administrative agents under the prepetition first and second lien credit facilities, respectively, are listed for claims arising under such secured credit facility.

Because the security interest EBG Holdings LLC granted to the collateral agents for the first lien and second lien credit facilities is limited to EBG Holdings LLC's membership interests in Boston Generating, LLC and related rights and benefits, these claims are not reflected on the Debtors' Schedule H.

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or to be unenforceable.

n) <u>SOFA Question 1 – Income.</u> Total revenues listed for each Debtor are based on the amounts recorded in the Debtors' books in accordance with GAAP. Accordingly, such amounts include the effects of unrealized gains/losses related to certain hedging transactions.

o) <u>SOFA Question 2 – Other Income</u>. The amounts reported under this item are based on the net gain recorded in the Debtors' books and, therefore, do not necessarily reflect gross proceeds that may have been received in connection with the listed items.

p)  SOFA Question 3(b) - Payments to Creditors within 90 days.  Payments are listed by the Debtor making such payment or credited through intercompany accounts pursuant to the Cash Management System in place, notwithstanding that certain payments may have been made on behalf of another entity. Included in this response are expense reimbursement payments made directly to employees.

q)  SOFA Question 3(c) – Payment to insiders within one year. Payments to insiders have been reported on SOFA 23 for each Debtor.  Certain payments made by the Debtors for the benefit of insiders, including medical insurance payments, dental insurance payments and other benefit plan payments, are not included in the list of payments.  The Debtors reserve all rights to amend SOFA 3(c) as is necessary or appropriate to add any such payments.

r)  SOFA Question 4(a) - Suits and Administrative Proceedings.  The Debtors have made reasonable and good faith efforts to include in their responses to SOFA 4(a) a complete list of all lawsuits and litigation proceedings to which the Debtors were a party within the one (1) year period immediately preceding the Petition Date. To the extent the Debtors become aware that they have omitted any such lawsuits or proceedings, they will amend the SOFAs accordingly.

s)  SOFA Question 5 - Repossessions, foreclosures, and returns. In the ordinary course of business, equipment or other purchases may be returned to sellers due to, among other things, defects or receipt of incorrect product. Other than those ordinary course items, the Debtors are not aware of any property that has been returned to any seller.

t)  SOFA Question 9 - Payment Related to Debt Counseling or Bankruptcy.  Boston Generating LLC and EBG Holdings LLC made payments to various professionals for restructuring services on behalf of all of the Debtors.  In addition, the Debtors have not listed payments to professionals if such payments were made by non-debtor affiliates of the Debtors.

u)  SOFA Question 13 – Setoffs. Boston Generating LLC, as the parent of the Debtors that operate the power generating facilities, is the only Debtor party to the ISO-New England Tariff that governs the sale of electricity in the region. Similarly, Boston Generating LLC is party to a contract with Sequent Energy, pursuant to which the Debtors purchase gas for certain operating facilities. However, in response to SOFA 13, setoffs are reported on the SOFA of the Debtors that operate the power generating facilities.

v)  SOFA Question 14 – Property held for another person.  In the ordinary course, the Debtors may retain on their premises tools, parts or equipment belonging to third parties for their use in providing services to the Debtors.  These items are likely of a *de minimis* value and are not reflected in the Schedules and Statements.

w)  SOFA Question 17 - Environmental Information. The Debtors have listed environmental information in SOFA 17 and potential environmental liabilities in

Schedule F, based on the best information available to the Debtors at the time the Schedules and Statements were prepared. The Debtors have made every effort to list all environmental information and potential environmental liabilities incurred since they assumed ownership of the power generating facilities on June 1, 2007 as well as the environmental information and potential environmental liabilities that they were aware existed prior to June 1, 2007. To the extent further investigation reveals additional environmental information or potential or contingent environmental liabilities, the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate. In the ordinary course of business, the Debtors' power generating facilities will emit certain pollutants, such as carbon dioxide, nitrogen oxide and sulfur dioxide. The Debtors have permits which allow for the release of such substances. The Debtors report the number of tons emitted to the applicable regulatory agency on a regular basis and such notices are not reflected in SOFA 17. The Debtors have also not included in SOFA 17 regular notices received from governmental agencies relating to environmental laws and other notices regarding actual or potential environmental matters that have already been resolved.

x) <u>SOFA Question 21 – Current Partners, Officers, Directors and Shareholders</u>. In an effort to accurately depict their equity ownership, the Debtors have listed all stockholders who directly or indirectly own 5 percent or more of the Debtors ultimate parent, US Power Generating Company (a non-debtor).

y) <u>SOFA Question 23 - Withdrawals from a partnership or distributions by a corporation within one year</u>. During the year preceding the Petition Date, payments were made to insiders of each of the Debtors by Boston Generating LLC and EBG Holdings LLC. Some of these payments may have been for the benefit of another Debtor. These payments are listed on the SOFA for the Debtor making the payment, even if the payment was made to or for the benefit of an insider of another Debtor. To ascertain information relating to all payments that were made to insiders, all of the Debtors' SOFAs should be consulted.

Both SOFA 3c and 23 request information regarding payments to insiders. The Debtors have listed in response to SOFA 23, expense reimbursements, gross wages and bonuses, and director fees paid to insiders. Certain of these payments are also included in the response to SOFA 3b listed as payments made by ADP. Amounts included in SOFA 23 include both direct payments to and payments made on behalf of insiders, as well as any withholding tax which would have been remitted to the appropriate taxing authority. However, certain payments made by the Debtors for the benefit of insiders, including medical insurance payments, dental insurance payments and other benefit plan payments, are not included on SOFA 3c and 23. The Debtors reserve all rights to amend SOFA 3(c) and 23 as is necessary or appropriate to add any such payments. The Debtors have included only payments made to the directors and officers listed in each legal entity's corporate minute books. In addition, the Debtors have not listed payments to officers and directors of the Debtors if such payments were made by non-debtor affiliates of the Debtors.

# United States Bankruptcy Court

## Southern District of New York

In re    **BG Boston Services, LLC** _____ ,

                                          Debtor

Case No.    **10-14424 (SCC)**

Chapter             **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 56,640,309.41 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 1,465,558,775.54 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 56,401,611.50 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 13 | | | |
| Total Assets | | | 56,640,309.41 | | |
| Total Liabilities | | | | 1,521,960,387.04 | |

In re    **BG Boston Services, LLC**                           ,      Case No.   **10-14424 (SCC)**

                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | |
|---|---|---|---|
| | Sub-Total > | **0.00** | (Total of this page) |
| | Total > | **0.00** | |
| | (Report also on Summary of Schedules) | | |

  **0**   continuation sheets attached to the Schedule of Real Property

In re   **BG Boston Services, LLC**                               Case No.   **10-14424 (SCC)**
                                                        ,
                            Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Citi Private Bank 666 Fifth Avenue, 6th Floor New York, NY 10103 Payroll Account Account No. XX-XXXX-6224** | - | 54,947.99 |
| | | **Citi Private Bank 666 Fifth Avenue, 6th Floor New York, NY 10103 Money Market Account Account No. XX-XXXX-6259** | - | 0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          **54,947.99**
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

In re   **BG Boston Services, LLC**                     ,     Case No.   **10-14424 (SCC)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Intercompany Receivable - Fore River Development, LLC | - | 21,758,169.97 |
| | | Intercompany Receivable - Mystic Development, LLC | - | 34,673,968.37 |
| | | Intercompany Receivable - Mystic I, LLC | - | 1,953.84 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >     **56,434,092.18**<br>(Total of this page)

Sheet  **1**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

In re   **BG Boston Services, LLC**       ,    Case No.   __10-14424 (SCC)__

                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Prepaid Expenses - Other** | - | 151,269.24 |

|  |  |
|---|---:|
| Sub-Total > (Total of this page) | 151,269.24 |
| Total > | 56,640,309.41 |

Sheet  __2__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re **BG Boston Services, LLC**                                          Case No. **10-14424 (SCC)**
_____
Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns).

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above*) | C O D E B T O R | Husband, Wife, Joint or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| ACCOUNT NO. | | | | 12/21/06 | | | | | |
| **Credit Suisse-Cayman Islands Branch, as Collateral Agent Attn: President or General Counsel 11 Madison Avenue New York, NY 10010** | X | | | **First Lien Debt** **Principal $1,107,950,000.00; Accrued Interest / Fees $5,283,492.21** **Collateral: First Lien on All Assets** | | | | | |
| | | | | VALUE            **Unknown** | | | | $1,113,233,492.21 | **Unknown** |

Sheet 1 of 2 total sheets in Schedule of Creditors Holding Secured Claims

In re __**BG Boston Services, LLC**__        Case No.   __**10-14424 (SCC)**__

                   Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | Husband, Wife, Joint or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| ACCOUNT NO. | | | | 12/21/06 | | | | | |
| **Wilmington Trust FSB as Collateral Agent Attn: President or General Counsel 50 South Sixth St., Suite 1290 Minneapolis, MN 55402** | X | | | **Second Lien Debt** **Principal $350,000.000.00; Accrued Interest / Fees $2,325,283.33** **Collateral: Second Lien on All Assets** | | | | | |
| | | | | VALUE      **Unknown** | | | | $352,325,283.33 | **Unknown** |
| | | | | Total(s) (Use only on last page) | | | | $1,465,558,775.54 | **Unknown** |

(Report also on Summary of Schedules)

If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

Sheet 2 of 2 total sheets in Schedule of Creditors Holding Secured Claims

In re    **BG Boston Services, LLC**                               ,    Case No.   **10-14424 (SCC)**

                                             Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____ continuation sheets attached

In re **BG Boston Services, LLC** _____,  Case No. __10-14424 (SCC)__
_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Taxes** | | | | | |
| **INTERNAL REVENUE SERVICE ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 21126 PHILADELPHIA, PA 19114** | - | | | X | X | X | | **Unknown** |
| | | | | | | | **Unknown** | **Unknown** |
| Account No. | | | **Taxes - Franchise** | | | | | |
| **STATE OF DELAWARE DIVISION OF CORPORATIONS ATTN: FRANCHISE TAX/ LEGAL DEPARTMENT, PO BOX 898 DOVER, DE 19903** | - | | | X | X | X | | **Unknown** |
| | | | | | | | **Unknown** | **Unknown** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet __1__ of __1__  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 | |
|---|---|---|---|
| | | 0.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 0.00 | |
| | | 0.00 | 0.00 |

In re **BG Boston Services, LLC** , Case No. __10-14424 (SCC)__
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | Intercompany Payable | | | | |
| **BG NEW ENGLAND POWER SERVICES, INC.** **ATTN PRESIDENT OR GENERAL COUNSEL** **505 FIFTH AVENUE, 21ST FLOOR** **NEW YORK, NY 10017** | - | | | | | | | | **49,965.01** |
| Account No. | | | | | Intercompany Payable | | | | |
| **BOSTON GENERATING, LLC** **ATTN PRESIDENT OR GENERAL COUNSEL** **505 FIFTH AVENUE, 21ST FLOOR** **NEW YORK, NY 10017** | | | | | | | | | **56,351,645.49** |
| Account No. | | | | | Intercompany Payable | | | | |
| **EBG HOLDINGS LLC** **ATTN PRESIDENT OR GENERAL COUNSEL** **505 FIFTH AVENUE, 21ST FLOOR** **NEW YORK, NY 10017** | - | | | | | | | | **1.00** |
| Account No. | | | | | | | | | |

__0__ continuation sheets attached

| | | |
|---|---|---|
| | Subtotal (Total of this page) | **56,401,611.50** |
| | Total (Report on Summary of Schedules) | **56,401,611.50** |

In re  __BG Boston Services, LLC__                                    Case No.  __10-14424 (SCC)__
                                   Debtor(s)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

       Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS,<br>INCLUDING ZIP CODE,<br>OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND<br>NATURE OF DEBTOR'S INTEREST. STATE<br>WHETHER LEASE IS FOR NONRESIDENTIAL<br>REAL PROPERTY. STATE CONTRACT<br>NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Fidelity Management Trust<br>Company as Trustee<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | Volume Submitter, Defined Contribution Plan (Profit Sharing/<br>401(K) Plan)  "BG Boston Services LLC Union Retirement<br>401(k) Plan" |
| Fidelity Management Trust Company<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | Fidelity Investments Retirement Plan Service Agreement<br>(Union Retirement 401(K) Plan) |
| Life Insurance Company of<br>North America (ABL 960923)<br>Attn: President or General Counsel<br>1601 Chestnut Street<br>Philadelphia, PA 19192 | Amendment (attaching Blanket Accident Policy)- Accidental<br>Death and Dismemberment |
| Local 369, Utility Workers of<br>America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | Memorandum of Agreement |
| Local No. 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | BG New England Comprehensive Welfare Benefit Plan |
| Local No. 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | BG New England Post-Employment Medical Savings<br>Account Plan for Union Employees- Medical Plan for retired<br>employees of BG-NEPS |

Sheet 1 of 2 total sheets in Schedule of
Executory Contracts and Unexpired Leases

In re **BG Boston Services, LLC**                Case No.     **10-14424 (SCC)**
Debtor(s)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| NAME AND MAILING ADDRESS,<br>INCLUDING ZIP CODE,<br>OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND<br>NATURE OF DEBTOR'S INTEREST. STATE<br>WHETHER LEASE IS FOR NONRESIDENTIAL<br>REAL PROPERTY. STATE CONTRACT<br>NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| **PruValue Insurance Benefits Trust**<br>**The Prudential Insurance Company of America**<br>**Attn: President or General Counsel**<br>**751 Broad Street**<br>**Newark, NJ 07102** | **BG Boston Services, LLC The Union Groups Mystic 8, Mystic**<br>**9 and ForeRiver Long term Disability Coverage** |
| **The Prudential Insurance Company of America**<br>**Attn: President or General Counsel**<br>**751 Broad Street**<br>**Newark, NJ 07102** | **BG Boston Services, LLC The Union Groups Mystic 8, Mystic**<br>**9 and ForeRiver Long term Disability Coverage** |
| **U.S. Bank National Association**<br>**Attn: Claire Young**<br>**One Federal Street, 3rd Floor**<br>**Boston, MA 02110** | **BG New England Union Employees Pension Plan A and Plan**<br>**B- Pension plan for certain eligible union employees of**<br>**BG-NEPS and BG Boston Services LLC. Certificate of**<br>**Amendment Amending the BG New England Union**<br>**Employees Pension Plan- Action by BG New England Power**<br>**Services, Inc.** |
| **Utility Workers Union of**<br>**America, A.F.L.-C.I.O.**<br>**and Local No. 369, U.W.U.A., A.F.L.-C.I.**<br>**120 Bay State Drive**<br>**Braintree, MA 02184** | **Agreement between BG Boston Services, LLC and Utility**<br>**Workers Union of America A.F.L.-C.I.O. and Local No. 369,**<br>**U.W.U.A., A.F.L.- C.I.O. Mystic Station 8 & 9 and Fore River**<br>**Station (CBA)** |

Sheet 2 of 2 total sheets in Schedule of
Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037               Best Case Bankruptcy

.

In re   **BG Boston Services, LLC**              Case No.   __10-14424 (SCC)__

                                  Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **BG New England Power Services, Inc**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Wilmington Trust FSB**<br>**as Collateral Agent**<br>**50 South Sixth St., Suite 1290**<br>**Minneapolis, MN 55402**<br>   **Second Lien Debt** |
| **BG New England Power Services, Inc**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Credit Suisse-Cayman Islands**<br>**Branch, as Collateral Agent**<br>**11 Madison Avenue**<br>**New York, NY 10010**<br>   **First Lien Debt** |
| **Boston Generating, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Wilmington Trust FSB**<br>**as Collateral Agent**<br>**50 South Sixth St., Suite 1290**<br>**Minneapolis, MN 55402**<br>   **Second Lien Debt** |
| **Boston Generating, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Credit Suisse-Cayman Islands**<br>**Branch, as Collateral Agent**<br>**11 Madison Avenue**<br>**New York, NY 10010**<br>   **First Lien Debt** |
| **Fore River Development, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Wilmington Trust FSB**<br>**as Collateral Agent**<br>**50 South Sixth St., Suite 1290**<br>**Minneapolis, MN 55402**<br>   **Second Lien Debt** |
| **Fore River Development, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Credit Suisse-Cayman Islands**<br>**Branch, as Collateral Agent**<br>**11 Madison Avenue**<br>**New York, NY 10010**<br>   **First Lien Debt** |
| **Mystic Development, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Wilmington Trust FSB**<br>**as Collateral Agent**<br>**50 South Sixth St., Suite 1290**<br>**Minneapolis, MN 55402**<br>   **Second Lien Debt** |
| **Mystic Development, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Credit Suisse-Cayman Islands**<br>**Branch, as Collateral Agent**<br>**11 Madison Avenue**<br>**New York, NY 10010**<br>   **First Lien Debt** |

**1**

____ continuation sheets attached to Schedule of Codebtors

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| **Mystic I, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Wilmington Trust FSB**<br>**as Collateral Agent**<br>**50 South Sixth St., Suite 1290**<br>**Minneapolis, MN 55402**<br>  **Second Lien Debt** |
| **Mystic I, LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **Credit Suisse-Cayman Islands**<br>**Branch, as Collateral Agent**<br>**11 Madison Avenue**<br>**New York, NY 10010**<br>  **First Lien Debt** |

Sheet  **1**  of  **1**  continuation sheets attached to the Schedule of Codebtors

# United States Bankruptcy Court
## Southern District of New York

In re  **BG Boston Services, LLC**

Debtor(s)

Case No.  **10-14424 (SCC)**

Chapter  **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, a Vice President of EBG Holdings LLC, parent of  the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  __14__  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **October 1, 2010**

Signature  /s/ Richard V. Brunson

**Richard V. Brunson**
**Vice President of EBG Holdings LLC**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.