**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Boston Generating, LLC, | Case No. 10-14419 (SCC) |
| <u>et al</u>.,[1] | |
| Debtors. | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY, AND DISCLAIMER**
**REGARDING THE DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Boston Generating, LLC and its direct parent and subsidiaries, as debtors and debtors in possession (collectively, the "***Debtors***"), have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***SOFAs***", and collectively with the "***Schedules***," the "***Schedules and Statements***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

Richard V. Brunson, Vice President of EBG Holdings LLC, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Brunson has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Brunson has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

Statements.[2] In the event that the Schedules and Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the Debtors' financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, but further research or discovery may identify subsequent information that may necessitate material amendments to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies and may be amended in the future.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1.    **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a) <u>Accruals/Unvouchered Payables</u>. The Debtors have made every reasonable attempt to list all accruals and unvouchered payables on their liabilities schedules, except as otherwise noted. As operators of power plants in Massachusetts, the Debtors are subject to the Regional Greenhouse Gas Initiative ("**RGGI**") (a cooperative effort among 10 Northeast and Mid-Atlantic states to cap and reduce power section carbon dioxide ("**$CO_2$**") emissions), pursuant to which the Debtors will have to surrender one RGGI allowance for every US ton of $CO_2$ emitted during the 2009 – 2011 period. Under the current regulations, the RGGI allowances for this 3-year period will have to be remitted in the first quarter of 2012. While the Debtors have accrued for their obligation under this program, the amount has not been reflected in the Schedules.  As of the Petition Date, the Debtors' total liability recognized related to $CO_2$ emissions was $20.4 million for which the Debtors hold $11.8 million of RGGI allowances that can be used to offset these obligations.

---

[2]    These Global Notes are in addition to the specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "Specific Note" with respect only to specific Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Specific Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

b) <u>Amendments and Supplements</u>. While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

c) <u>Bankruptcy Court Orders</u>. Pursuant to various orders entered or to be entered by the Bankruptcy Court (collectively, the "***Pre-petition Payment Orders***"), the Debtors were or will be authorized to pay certain outstanding pre-petition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of critical vendors, shippers, warehousemen, and contractors. However, despite the Debtors' good faith efforts to account for the satisfaction of such claims pursuant to the Pre-petition Payment Orders, the claims listed in the Schedules and Statements may not reflect amounts paid pursuant to these various Orders as such claims were unpaid as of August 18, 2010 (the "***Petition Date***"). To the extent possible, the Debtors have indicated that these claims are contingent in light of the fact that they may be satisfied postpetition. Moreover, to the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including that such claims have already been satisfied through payments with respect to the Pre-petition Payment Orders.

d) <u>Claims Description</u>. Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any claim, whether reflected on their respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

e) <u>Classifications</u>. Listing a claim or contract (1) on Schedule D as "secured," (2) on Schedule F as "unsecured," or (3) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

f) <u>Causes of Action</u>. Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action. Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the

3

Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

g) <u>Confidential, Private, and Commercially Sensitive Information</u>. In certain instances, the Debtors may have intentionally altered, revised, redacted or consolidated certain information in the Schedules and Statements due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. In addition, in certain instances, the sensitivity of such information may require its omission from the Schedules and Statements. To the extent possible, the alterations, redactions, consolidations and omissions have been limited to the extent determined by the Debtors to be necessary or appropriate to protect the Debtors or third parties while also providing interested parties with sufficient information in response to the Schedules and Statements. The Debtors have not included addresses of current and former employees or directors in the Schedules and Statements.

h) <u>Estimates and Assumptions</u>. In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of contingent assets and liabilities on the date the Schedules and Statements were filed and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates, perhaps materially.

i) <u>Executory Contracts and Unexpired Leases</u>. The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any rejection damages claims. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

j) <u>Insiders</u>. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) shareholders holding in excess of 20% of the voting shares of the Debtors; (d) relatives of directors, officers, or shareholders holding in excess of 20% of the voting shares of the Debtors; and (e) debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability, or for any other

purpose. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider, nor should it be construed as an admission that such party is an insider, all such rights, claims and defenses are expressly reserved.

k) <u>Intellectual Property Rights</u>. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the Debtor that is the rightful owner of such intellectual property, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

l) <u>Intercompany Claims</u>. Receivables and payables among the Debtors in these cases (each an "***Intercompany Receivable***" or "***Intercompany Payable***" and, collectively, the "***Intercompany Claims***") are reported on Schedule B(16) or Schedule F as a net receivable or payable due to or from the applicable Debtor to or from the other Debtors. Where no balance is listed, the Debtors do not believe, based on information currently available, that the applicable Debtor has any Intercompany Receivables or Intercompany Payables.

m) <u>Liabilities</u>. The Debtors allocated liabilities between the prepetition and postpetition periods based on research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate. Additionally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only are not included in the Debtors' Schedules.

n) <u>Net Book Value</u>. In certain instances, market valuations are neither maintained by, nor readily available to, the Debtors. In other instances, market valuations are available but they are out-of-date. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the Debtors' assets at net book values. Market values of these assets may vary, at some times materially, from the net book value of such assets. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

o) <u>Litigation</u>. The Debtors have listed on Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed, and unliquidated with unknown amounts. Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial.

p) <u>Recharacterization</u>. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available.

q) <u>Setoffs</u>. The Debtors routinely are subject to certain setoffs and other similar rights exercised by or with respect to their customer or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, and other disputes between the Debtors and their customer and/or suppliers. With the exception of the specific ordinary course of business setoffs reported in SOFA 13, the aforementioned setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' businesses and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such transactions. Therefore, although the exercise of such setoffs and other similar rights may have been taken into consideration when scheduling certain amounts, setoffs and these other rights are not independently accounted for, and as such, are excluded from the Schedules and Statements. Notwithstanding the foregoing, the Debtors have not reviewed the validity of the aforementioned setoff rights and hereby reserve all rights to challenge such setoff rights.

r) <u>Petition Date</u>. Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date of August 18, 2010**.**

s) <u>Third-Party Property</u>. In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their business and otherwise use and hold property owned by third-parties pursuant to contracts and leases with such parties. Such leases or contracts are set forth in Schedule G. The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors. Nothing contained in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in

6

fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

t) <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

u) <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

v) <u>Entity Classification Issues</u>. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including but not limited to (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (c) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

2. **Specific Schedules and Statements Disclosures**

a) <u>Schedule A - Real property</u>. The Debtors have listed the value of their real estate at the net book value assigned to such real estate in the Debtors' books. This amount may be materially different from the fair market value of such real estate. The Debtors have not included on Schedule A easements and similar property interests which they maintain in the ordinary course of business and have no book value. Such interests are listed in Schedule G. The Debtors reserve all rights to amend Schedule G to add additional property interests as is necessary and appropriate.

b) <u>Schedule B(2) – Checking, savings accounts.</u> As part of Debtors' business operations, in the ordinary course of business, the Debtors use a cash management system ("Cash Management System") to transfer funds between and among the Debtors in order to manage their respective operations and cash needs. Funds are collected in a collection account and disbursed or transferred (including inter-company transfers) on a daily basis to disbursement accounts that are designated for certain purposes, such as payroll, operational expenses and other disbursement needs. All cash accounts are reported as a book balance as of the Petition Date.

c) <u>Schedule B(9) - Insurance policies.</u> The Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors. The Debtors' insurance policies

generally are structured to provide coverage for all or several of the Debtors. The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, environmental, motor vehicle, workers' compensation, and general liability insurance.  Premium payments related to insurance policies are listed on the Schedules of the Debtor that paid such premiums even if the policy is maintained by another Debtor.   In addition, US Power Generating Company maintains, and is the primary insured on, certain insurance policies that provide liability coverage to the Debtors, including an employer's practices liabilities policy and director and officer liability policies.  These policies are not reflected in the Schedules and Statements.

d) <u>Schedule B(13) – Stocks and interests in businesses.</u> The equity interests listed on Schedule B(13) for each of the Debtors arise from common stock ownership interests and limited liability corporation memberships. Each Debtor's "Schedule B-Personal Property" lists such Debtor's ownership interests, if any, in its subsidiaries. For purposes of the Statements and Schedules, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such ownership interests is dependent on numerous variables and factors and may differ significantly from the net book value.

e) <u>Schedule B(16) - Accounts receivable</u>. Third-party accounts receivable have been listed as assets of the Debtor to which funds are due. In some instances, the Debtors may have lien rights against the property of these account debtors or other various entities to secure the Debtors' claims.

f) <u>Schedule B(23) – Other general intangible assets.</u>  Certain contracts that have recognized book values under GAAP but which are not readily convertible to cash are not reflected on Schedule B(23).  These contracts are included in Schedule G.

g) <u>Schedule B(28) and B(29) – Machinery, equipment, furniture, fixtures and other fixed assets</u>. As a result of the use of purchase accounting at the time US Power Generating Company acquired the Debtors, the value of machinery, equipment, furniture, fixtures and other fixed assets are aggregated in the book value of the real property owned by each Debtor and is therefore reflected in the value associated with the real property listed in Schedule A of such Debtor.  Computer equipment and software that is used by all of the Debtors is included only in Schedule B(28) of Boston Generating, LLC, which is the owner of such property. In addition, certain parts and equipment owned by the Debtors may be in the possession of third parties for repair or refurbishment.  Each of these items are included in Schedule A or Schedule B(30).

h) <u>Schedule B(30) - Inventory</u>. Unless otherwise disclosed, inventories are carried at cost and expensed or capitalized, as appropriate, when installed or used and are reflected in the Schedules at their book value. The Debtors have an established cycle count inventory program, which applies to all facilities that maintain inventory.  Certain parts and equipment owned by the Debtors that may be in the

possession of third parties for repair or refurbishment and oil owned by the Debtors that is stored by third parties are included in Schedule B(30).

i) <u>Schedule D - Creditors Holding Secured Claims.</u> Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to or by a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended to be a summary only. In certain instances a Debtor may be a co-obligor, co-mortgagor or a guarantor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

Further, reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such agreements and related documents and to the extent there is a discrepancy between the Schedules and the agreements and related documents, the agreements and related documents shall control. Although there are multiple lenders under the revolving, term and letter of credit facilities that comprise the Debtors' prepetition secured credit facilities, only Credit Suisse, Cayman Islands Branch ("***Credit Suisse***"), as administrative agent for the first lien lenders, and Wilmington Trust FSB, as administrative agent for the second lien lenders, have been listed on Schedule D. Because the security interest EBG Holdings LLC granted to the collateral agents for the first lien and second lien credit facilities is limited to EBG Holdings LLC's membership interests in Boston Generating, LLC and related rights and benefits, these claims are not reflected on EBG Holdings LLC's Schedule D.

j) <u>Schedule E - Creditors Holding Unsecured Priority Claims</u>. Pursuant to an order entered by the Bankruptcy Court on August 20, 2010, the Debtors have the authority to pay certain prepetition obligations, including employee wages and other employee benefits in the ordinary course of business (the "***Employee Wage and Benefit Order***"). As a result of the Employee Wage and Benefit Order, the Debtors believe that any employee or Manager claims for prepetition amounts related to ongoing payroll, benefits, and expense reimbursements whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Pursuant to a separate order entered by the Bankruptcy Court on August 20, 2010, the Debtors have the authority to pay certain prepetition taxes, including but not limited to franchise, excise and property taxes (the "***Tax Order***"). Pursuant to the

Tax Order, the Debtors believe that any claims on account of such taxes have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Out of abundance of caution and in an effort to provide notice to holders of potential priority tax claims, the Debtors have listed holders of potential priority tax claims on Schedule E except to the extent such claims have been or will be satisfied pursuant to the Tax Order. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise.  The Debtors reserve the right to take the position that any claim listed on Schedule E is a secured claim, an unsecured or a subordinated claim.

Further, certain potential or actual priority claims may be subject to audit and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of these claims. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

k) <u>Schedule F - Creditors Holding Unsecured Claims</u>. Pursuant to additional orders issued by the Bankruptcy Court on August 20, 2010, the Bankruptcy Court has authorized the Debtors to pay certain additional outstanding prepetition claims, such as critical vendor claims, claims related to insurance policies and premiums and certain claims of suppliers and warehousemen. Unless otherwise stated, Schedule F reflects prepetition obligations that were due and owing as of the Petition Date and do not reflect these payments.

Schedule F also contains information regarding threatened or pending litigation involving the Debtors, including, but not limited to, workers' compensation claims that have been asserted against the Debtors. The amounts of these potential claims are listed as "unknown" and marked as contingent, unliquidated, and disputed in the Schedules. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation, if any, listed in each Debtor's SOFA 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F also reflects prepetition amounts owed to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any agreement entered into by and between the Debtors and their creditors.

The claims of creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. In addition, the amounts of claims listed on Schedule F may be exclusive of contingent and unliquidated amounts.

l)   <u>Schedule G - Executory contracts and unexpired leases.</u> While every reasonable and good faith effort has been made to ensure the accuracy and completeness of Schedule G, inadvertent errors or omissions may have occurred. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. The Debtors may have also entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements. Because of the number of such agreements and the difficulty in assembling a complete list of them given the size, magnitude and diversity of the Debtors' business, all of such agreements may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.

In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The omission of a contract or agreement on Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease, nor that such omitted contract or agreement was not in effect on the Petition Date or is invalid or unenforceable.

The Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, nondisturbance agreements, supplemental agreements, amendments, title documents, consents, site plans, maps and other miscellaneous agreements. Such documents may not be included on Schedule G.

The Debtors reserve all rights to amend Schedule G to add executory contracts or unexpired leases or to challenge the legal status of any contract or lease, including the characterization of any lease as an unexpired non-residential real property lease, or whether any listed contract, lease, or other agreement constitutes an executory contract or unexpired lease. Any and all of the Debtors' rights, claims,

and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

The Debtors have attempted to include on Schedule G those executory contracts to which they were not one of the original contracting parties, but to which they have become a party through an assignment, merger, or otherwise. Where the Debtors have been unable to ascertain which of the Debtors is the successor party in interest to a given executory contract, the Debtors have listed Boston Generating, LLC as the counterparty on Schedule G. The Debtors reserve all rights to amend Schedule G as necessary and appropriate to add or remove executory contracts or change the identity of the counterparty to a particular executory contract if the Debtors determine that the Debtors' status as a party to such executory contracts was not accurately described therein.

m) <u>Schedule H - Co-Debtors.</u>  For purposes of Schedule H, only Credit Suisse and Wilmington Trust, as the administrative agents under the prepetition first and second lien credit facilities, respectively, are listed for claims arising under such secured credit facility.

Because the security interest EBG Holdings LLC granted to the collateral agents for the first lien and second lien credit facilities is limited to EBG Holdings LLC's membership interests in Boston Generating, LLC and related rights and benefits, these claims are not reflected on the Debtors' Schedule H.

In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or to be unenforceable.

n) <u>SOFA Question 1 – Income.</u>  Total revenues listed for each Debtor are based on the amounts recorded in the Debtors' books in accordance with GAAP. Accordingly, such amounts include the effects of unrealized gains/losses related to certain hedging transactions.

o) <u>SOFA Question 2 – Other Income</u>. The amounts reported under this item are based on the net gain recorded in the Debtors' books and, therefore, do not necessarily reflect gross proceeds that may have been received in connection with the listed items.

p)  SOFA Question 3(b) - Payments to Creditors within 90 days.  Payments are listed by the Debtor making such payment or credited through intercompany accounts pursuant to the Cash Management System in place, notwithstanding that certain payments may have been made on behalf of another entity. Included in this response are expense reimbursement payments made directly to employees.

q)  SOFA Question 3(c) – Payment to insiders within one year. Payments to insiders have been reported on SOFA 23 for each Debtor.  Certain payments made by the Debtors for the benefit of insiders, including medical insurance payments, dental insurance payments and other benefit plan payments, are not included in the list of payments.  The Debtors reserve all rights to amend SOFA 3(c) as is necessary or appropriate to add any such payments.

r)  SOFA Question 4(a) - Suits and Administrative Proceedings.  The Debtors have made reasonable and good faith efforts to include in their responses to SOFA 4(a) a complete list of all lawsuits and litigation proceedings to which the Debtors were a party within the one (1) year period immediately preceding the Petition Date. To the extent the Debtors become aware that they have omitted any such lawsuits or proceedings, they will amend the SOFAs accordingly.

s)  SOFA Question 5 - Repossessions, foreclosures, and returns. In the ordinary course of business, equipment or other purchases may be returned to sellers due to, among other things, defects or receipt of incorrect product. Other than those ordinary course items, the Debtors are not aware of any property that has been returned to any seller.

t)  SOFA Question 9 - Payment Related to Debt Counseling or Bankruptcy.  Boston Generating LLC and EBG Holdings LLC made payments to various professionals for restructuring services on behalf of all of the Debtors.  In addition, the Debtors have not listed payments to professionals if such payments were made by non-debtor affiliates of the Debtors.

u)  SOFA Question 13 – Setoffs. Boston Generating LLC, as the parent of the Debtors that operate the power generating facilities, is the only Debtor party to the ISO-New England Tariff that governs the sale of electricity in the region. Similarly, Boston Generating LLC is party to a contract with Sequent Energy, pursuant to which the Debtors purchase gas for certain operating facilities. However, in response to SOFA 13, setoffs are reported on the SOFA of the Debtors that operate the power generating facilities.

v)  SOFA Question 14 – Property held for another person.  In the ordinary course, the Debtors may retain on their premises tools, parts or equipment belonging to third parties for their use in providing services to the Debtors.  These items are likely of a *de minimis* value and are not reflected in the Schedules and Statements.

w)  SOFA Question 17 - Environmental Information. The Debtors have listed environmental information in SOFA 17 and potential environmental liabilities in

Schedule F, based on the best information available to the Debtors at the time the Schedules and Statements were prepared. The Debtors have made every effort to list all environmental information and potential environmental liabilities incurred since they assumed ownership of the power generating facilities on June 1, 2007 as well as the environmental information and potential environmental liabilities that they were aware existed prior to June 1, 2007.  To the extent further investigation reveals additional environmental information or potential or contingent environmental liabilities, the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate.  In the ordinary course of business, the Debtors' power generating facilities will emit certain pollutants, such as carbon dioxide, nitrogen oxide and sulfur dioxide.  The Debtors have permits which allow for the release of such substances.  The Debtors report the number of tons emitted to the applicable regulatory agency on a regular basis and such notices are not reflected in SOFA 17.  The Debtors have also not included in SOFA 17 regular notices received from governmental agencies relating to environmental laws and other notices regarding actual or potential environmental matters that have already been resolved.

x) <u>SOFA Question 21 – Current Partners, Officers, Directors and Shareholders</u>.  In an effort to accurately depict their equity ownership, the Debtors have listed all stockholders who directly or indirectly own 5 percent or more of the Debtors ultimate parent, US Power Generating Company (a non-debtor).

y) <u>SOFA Question 23 - Withdrawals from a partnership or distributions by a corporation within one year</u>. During the year preceding the Petition Date, payments were made to insiders of each of the Debtors by Boston Generating LLC and EBG Holdings LLC. Some of these payments may have been for the benefit of another Debtor. These payments are listed on the SOFA for the Debtor making the payment, even if the payment was made to or for the benefit of an insider of another Debtor. To ascertain information relating to all payments that were made to insiders, all of the Debtors' SOFAs should be consulted.

Both SOFA 3c and 23 request information regarding payments to insiders. The Debtors have listed in response to SOFA 23, expense reimbursements, gross wages and bonuses, and director fees paid to insiders. Certain of these payments are also included in the response to SOFA 3b listed as payments made by ADP. Amounts included in SOFA 23 include both direct payments to and payments made on behalf of insiders, as well as any withholding tax which would have been remitted to the appropriate taxing authority. However, certain payments made by the Debtors for the benefit of insiders, including medical insurance payments, dental insurance payments and other benefit plan payments, are not included on SOFA 3c and 23.  The Debtors reserve all rights to amend SOFA 3(c) and 23 as is necessary or appropriate to add any such payments.  The Debtors have included only payments made to  the directors and officers listed in each legal entity's corporate minute books. In addition, the Debtors have not listed payments to officers and directors of the Debtors if such payments were made by non-debtor affiliates of the Debtors.

14

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Southern District of New York

In re  **Boston Generating, LLC**                                                    Case No.  __10-14419 (SCC)__

                                                    Debtor(s)          Chapter  __11__

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$90,871.28** | **YTD 08/18/10 - Total Revenue** |
| **$50,168,811.65** | **FYE 12/31/09 - Total Revenue** |
| **$113,377,745.61** | **FYE 12/31/08 - Total Revenue** |

2

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$87,000.00** | **FYE 12/31/09 - Gain on Sale of Assets** |

### 3. Payments to creditors

None ☒

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 3b** | | | |

None ☐

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 23** | | | |

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **See Attachment 4a** | | | |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

 b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

 List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

 a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

 b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **American Cancer Society**<br>**18 Tremont St, Ste 700**<br>**Boston, MA 02108** | **None** | **01/12/10** | **$200.00** |
| **PLGA Foundation**<br>**c/o Team Jake**<br>**98 Random Farms Dr**<br>**Chappaqua, NY 10514** | **None** | **04/30/10** | **$500.00** |
| **Utility Workers Union of America**<br>**Local 369**<br>**120 Bay State Drive**<br>**Braintree, MA 02184** | **None** | **09/15/09** | **$500.00** |

4

---

**8.  Losses**

None 

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

---

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**See Attachment 9**

---

**10.  Other transfers**

None 

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ☒

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11.  Closed financial accounts**

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

**12.  Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13. Setoffs**

None ☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |
| **See Attachment 13** | | |

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None ☒

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

6

None  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **BG Boston Services, LLC** | 04-3536921 | **505 Fifth Avenue, 21st Floor New York, NY 10017** | **Payroll Processing** | **08/18/04 to Present** |
| **BG New England Power Services, Inc.** | 13-3990476 | **505 Fifth Avenue, 21st Floor New York, NY 10017** | **Payroll Processing** | **08/18/04 to Present** |
| **Fore River Development, LLC** | 13-4007933 | **505 Fifth Avenue, 21st Floor New York, NY 10017** | **Power Generation** | **08/18/04 to Present** |
| **Mystic Development, LLC** | 13-4007940 | **505 Fifth Avenue, 21st Floor New York, NY 10017** | **Power Generation** | **08/18/04 to Present** |
| **Mystic I, LLC** | 13-3990640 | **505 Fifth Avenue, 21st Floor New York, NY 10017** | **Power Generation** | **08/18/04 to Present** |

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

7

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **David A. White**<br>**EBG Holdings LLC**<br>**Vice President and Controller**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **08/18/08 to 04/13/09** |
| **Gregory W. Buckis, Sr.**<br>**EBG Holdings LLC**<br>**Vice President & Chief Accounting Officer** | **04/13/09 to 10/26/09** |
| **Jeff D. Hunter**<br>**EBG Holdings LLC**<br>**EVP and Chief Financial Officer**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **04/13/09 to Present** |
| **Raymond M. Ivers**<br>**Boston Generating, LLC**<br>**Controller**<br>**The Schrafft Center**<br>**529 Main Street**<br>**Charlestown, MA 02129** | **08/18/08 to Present** |
| **Richard V. Brunson**<br>**EBG Holdings LLC**<br>**Vice President**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** | **10/26/09 to Present** |

None ☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **KPMG, LLP** | **1000 Walnut St., Suite 1000**<br>**Kansas City, MO 64106** | **FYE 2008 and 2009 (Audits)** |

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Jeff D. Hunter** | **EBG Holdings LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** |
| **Raymond M. Ivers** | **Boston Generating, LLC**<br>**The Schrafft Center**<br>**529 Main Street**<br>**Charlestown, MA 02129** |
| **Richard V. Brunson** | **EBG Holdings LLC**<br>**505 Fifth Avenue, 21st Floor**<br>**New York, NY 10017** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **See Attachment 19d** | |

8

## 20. Inventories

☒ None   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

☒ None   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21 . Current Partners, Officers, Directors and Shareholders

☒ None   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

☐ None   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Anchorage Capital Master Offshore, Ltd.** **610 Broadway, 6th Fl** **New York, NY 10012** | **Indirect Member** | **Approximately 6% Ownership of US Power Generating Company** |
| **Angelo Gordon & Co.*** **245 Park Avenue, 26th Fl** **New York, NY 10167** | **Indirect Member** | **Approximately 5% Ownership of US Power Generating Company** |
| **Avenue Investments, L.P.** **535 Madison Ave 15th Fl** **New York, NY 10022** | **Indirect Member** | **Approximately 15% Ownership of US Power Generating Company** |
| **Craig Augustus Hart** **505 Fifth Avenue, 21st Floor** **New York, NY 10017** | **Senior Vice President** | |
| **CS Candlewood Spec Sit Mstr Fnd Ltd** **CS Candlewood Priv Fin Mstr Fnd Ltd** **11 Madison Avenue, 13th Fl** **New York, NY 10010** | **Indirect Member** | **Approximately 6% Ownership of US Power Generating Company** |
| **EBG Holdings LLC** **505 Fifth Avenue, 21st Floor** **New York, NY 10017** | **Member** | **100% Direct Ownership of the Debtor** |
| **Gary L. Schultz** **505 Fifth Avenue, 21st Floor** **New York, NY 10017** | **Vice President** | |
| **Jeff D. Hunter** **505 Fifth Avenue, 21st Floor** **New York, NY 10017** | **Executive Vice President and Chief Financial Officer** | |
| **John Paul Reese** **505 Fifth Avenue, 21st Floor** **New York, NY 10017** | **Senior Vice President** | |
| **Kathleen Ann Logan** **505 Fifth Avenue, 21st Floor** **New York, NY 10017** | **Vice President** | |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Madison Dearborn Capital Partners IV, L.P. Three First National Plaza Ste 3800 Chicago, IL 60602** | **Indirect Member** | **Approximately 90% Ownership of New Astoria Generating Company Holdings, LLC** |
| **Mark R. Sudbey 505 Fifth Avenue, 21st Floor New York, NY 10017** | **President and Chief Executive Officer** | |
| **New Astoria Generating Company Holdings, LLC c/o US Power Generating Company 505 Fifth Avenue, 21st Floor New York, NY 10017** | **Indirect Member** | **Approximately 46% Ownership of US Power Generating Company** |
| **Paul J. Hamilton The Schrafft Center 529 Main Street Charlestown, MA 02129** | **Executive Vice President** | |
| **Theodore A. Babcock 505 Fifth Avenue, 21st Floor New York, NY 10017** | **Vice President, Finance** | |
| **US Power Generating Company 505 Fifth Avenue, 21st Floor New York, NY 10017** | **Indirect Member** | **100% Ownership of EBG Holdings LLC** |
| **Wesley E. Kern 505 Fifth Avenue, 21st Floor New York, NY 10017** | **Senior Vice President** | |

**\* Investments in US Power Generating Company are held by various funds and individuals controlled by or affiliated with Angelo Gordon & Co.**

---

**22 . Former partners, officers, directors and shareholders**

None ☒   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Gregory W. Buckis, Sr.** | **Vice President & Chief Accounting Officer** | **10/26/09** |
| **Michael R. Wojdyla** | **Vice President** | **Currently employed by an affiliate of the Debtor, but ceased to serve as an officer of the Debtor on 04/22/10** |
| **Thomas M. Asher** | **Vice President** | **Currently employed by an affiliate of the Debtor, but ceased to serve as an officer of the Debtor on 04/22/10** |

10

**23 . Withdrawals from a partnership or distributions by a corporation**

None


If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Attachment 23** | | |

**24. Tax Consolidation Group.**

None


If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None


If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **October 1, 2010**                    Signature    /s/ Richard V. Brunson

**Richard V. Brunson**
**Vice President of EBG Holdings LLC**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| 2000 THOMAS J FLATLEY TRUST DBA SCHRAFFT CENTER LLC ATTN PRESIDENT OR GENERAL COUNSEL 529 MAIN ST CHARLESTOWN MA 02129 | | | |
| | 05/25/10 | $21,741.95 | |
| | 07/28/10 | $19,724.40 | |
| | | $41,466.35 | |
| ADP INC. ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 7247-0372 PHILADELPHIA PA 19170-0372 | | | |
| | 06/03/10 | $327.75 | |
| | 06/29/10 | $143.75 | |
| | 07/28/10 | $327.75 | |
| | 08/10/10 | $184.00 | |
| | | $983.25 | |
| ADP INC. ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 9001006 LOUISVILLE KY 40290-1006 | | | |
| | 05/19/10 | $1,627.99 | |
| | 06/03/10 | $2,628.38 | |
| | 06/15/10 | $2,117.58 | |
| | 06/29/10 | $2,616.12 | |
| | 07/15/10 | $1,724.32 | |
| | 07/28/10 | $798.41 | |
| | 08/10/10 | $3,589.94 | |
| | | $15,102.74 | |
| ADVANTAGE TECHNICAL RESOURCING ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 4785 BOSTON MA 02212 | | | |
| | 06/15/10 | $522.00 | |
| | 06/29/10 | $2,620.88 | |
| | 07/15/10 | $4,768.69 | |
| | 07/28/10 | $3,958.52 | |
| | 08/10/10 | $4,263.01 | |
| | | $16,133.10 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| AECOM INC.<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 31863<br>HARTFORD CT 06150-1863 | | | |
| | 08/10/10 | $13,063.26 | |
| ANDERSON KILL & OLICK PC<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>OPERATING ACCOUNT<br>1251 AVE OF THE AMERICAS<br>NEW YORK NY 10020 | | | |
| | 06/15/10 | $101.70 | |
| | 07/28/10 | $152.55 | |
| | 08/18/10 | $250,000.00 | |
| | | $250,254.25 | |
| AON RISK SERVICES OF NEW YORK<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 7247-7376<br>PHILADELPHIA PA 19170-7376 | | | |
| | 06/29/10 | $9,838.00 | |
| BEALS AND THOMAS INC.<br>RESERVIOR CORP CENTER<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>144 TURNPIKE RD<br>SOUTHBOROUGH MA 01772-2104 | | | |
| | 06/03/10 | $11,256.70 | |
| | 06/29/10 | $1,122.50 | |
| | 07/28/10 | $721.25 | |
| | | $13,100.45 | |
| BG NEW ENGLAND UNION EMPLOYEES<br>PENSION PLAN<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>505 FIFTH AVENUE, 21ST FL<br>NEW YORK NY 10017 | | | |
| | 06/23/10 | $165,000.00 | |
| | 07/12/10 | $115,000.00 | |
| | | $280,000.00 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| BIDWELL ASSOCIATES INC. C/O JOHN DRIENSSEN, CPA ATTN PRESIDENT OR GENERAL COUNSEL 10 JOSEPH TERRACE ALBANY NY 12203 | | | |
| | 06/03/10 | $770.00 | |
| | 07/28/10 | $13,265.00 | |
| | | $14,035.00 | |
| BLACK & VEATCH CORPORATION ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 803823 KANSAS CITY MO 64180-3823 | | | |
| | 05/19/10 | $25,425.00 | |
| | 06/15/10 | $26,908.74 | |
| | | $52,333.74 | |
| BLUE CROSS BLUE SHIELD OF MASSACHUSETTS INC. ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 4701 WOBURN MA 01888-4701 | | | |
| | 05/25/10 | $270,079.24 | |
| | 06/23/10 | $269,564.42 | |
| | 07/28/10 | $269,367.93 | |
| | | $809,011.59 | |
| BROWN RUDNICK ATTN PRESIDENT OR GENERAL COUNSEL ONE FINANCIAL CENTER BOSTON MA 02111 | | | |
| | 05/19/10 | $10,000.00 | |
| | 06/15/10 | $10,000.00 | |
| | 07/15/10 | $10,000.00 | |
| | 08/11/10 | $71,386.20 | |
| | 08/17/10 | $13,139.85 | |
| | 08/18/10 | $75,000.00 | |
| | | $189,526.05 | |
| CAPSTONE CORPORATE RECOVERY ATTN PRESIDENT OR GENERAL COUNSEL PARK 80 W PLAZA 1 PLAZA LEVEL SADDLE BROOK NJ 07663 | | | |
| | 05/19/10 | $83,458.73 | |

## Boston Generating, LLC
## STATEMENT OF FINANCIAL AFFAIRS
## ATTACHMENT 3b
### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| CAPSTONE CORPORATE RECOVERY ATTN PRESIDENT OR GENERAL COUNSEL PARK 80 W PLAZA 1 PLAZA LEVEL SADDLE BROOK NJ 07663 | | | |
| | 06/15/10 | $116,088.28 | |
| | 07/15/10 | $78,889.41 | |
| | 08/10/10 | $466,083.79 | |
| | | $744,520.21 | |
| CIPHERTECHS INC. ATTN PRESIDENT OR GENERAL COUNSEL 55 BROADWAY 11TH FLOOR NEW YORK NY 10006 | | | |
| | 06/15/10 | $50,324.40 | |
| | 08/11/10 | $2,095.00 | |
| | | $52,419.40 | |
| CONSTRUCTION PRODUCTS & SVC INC. ATTN PRESIDENT OR GENERAL COUNSEL 250 INDUSTRIAL DR HALIFAX MA 02338 | | | |
| | 05/19/10 | $3,662.00 | |
| | 06/29/10 | $4,942.00 | |
| | | $8,604.00 | |
| CONSULTING ENGINEERS GROUP INC. CEG FIELD SERVICES INC ATTN PRESIDENT OR GENERAL COUNSEL ONE CHARLESVIEW RD HOPEDALE MA 01747 | | | |
| | 06/29/10 | $10,000.00 | |
| CRA INTERNATIONAL ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 845960 BOSTON MA 02284-5960 | | | |
| | 06/03/10 | $42,671.71 | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| DECHERT LLP ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 7247-6643 PHILADELPHIA PA 19170-6643 | | | |
| | 05/19/10 | $136,778.09 | |
| | 06/15/10 | $29,501.59 | |
| | 07/15/10 | $34,597.90 | |
| | 07/28/10 | $83,187.65 | |
| | | $284,065.23 | |
| DELTA DENTAL OF MASSACHUSETTS ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 5-0198 WOBURN MA 01815-0198 | | | |
| | 05/25/10 | $22,206.17 | |
| | 06/29/10 | $22,206.17 | |
| | 07/28/10 | $22,206.17 | |
| | | $66,618.51 | |
| DSG SOLUTIONS ATTN PRESIDENT OR GENERAL COUNSEL 20 MONADNOCK ST GARDNER MA 01440 | | | |
| | 05/19/10 | $9,960.10 | |
| | 06/15/10 | $8,363.60 | |
| | 07/15/10 | $3,002.45 | |
| | 08/10/10 | $9,192.75 | |
| | | $30,518.90 | |
| EASY LOBBY INC. ATTN PRESIDENT OR GENERAL COUNSEL 35 HIGHLAND CIRCL NEEDHAM HEIGHTS MA 02494 | | | |
| | 08/18/10 | $18,933.75 | |
| ENVIRON INTERNATIONAL CORP ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 8500-1980 PHILADELPHIA PA 19178-1980 | | | |
| | 06/15/10 | $33,523.06 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| FEELEY & DRISCOLL PC<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>200 PORTLAND ST<br>BOSTON MA 02114 | | | |
| | 06/09/10 | $10,000.00 | |
| | 07/28/10 | $10,000.00 | |
| | | $20,000.00 | |
| FOLEY LARDNER<br>US BANK CENTER<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>777 E WISCONSIN AVE<br>MILWAUKEE WI 53202-5306 | | | |
| | 06/15/10 | $10,032.99 | |
| | 07/15/10 | $3,497.90 | |
| | 07/28/10 | $3,485.50 | |
| | | $17,016.39 | |
| FTI CONSULTING  INC.<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 630391<br>BALTIMORE MD 21263-0391 | | | |
| | 08/16/10 | $200,000.00 | |
| GZA GEOENVIRONMENTAL INC.<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 711810<br>CINCINNATI OH 45271-1810 | | | |
| | 05/19/10 | $3,187.21 | |
| | 06/15/10 | $5,153.61 | |
| | 07/15/10 | $890.75 | |
| | 08/10/10 | $1,777.75 | |
| | | $11,009.32 | |
| ICF INCORPORATED LLC<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 7777<br>W510501<br>PHILADELPHIA PA 19175-0501 | | | |
| | 06/29/10 | $140,000.00 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| INFOR GLOBAL SOLUTIONS WACHOVIA ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 933751 ATLANTA GA 31193-3751 | | | |
| | 06/03/10 | $28,250.94 | |
| INNOVATION CLEANING CO LLC ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 164 HAVERHILL MA 01830 | | | |
| | 05/19/10 | $2,125.00 | |
| | 06/29/10 | $2,125.00 | |
| | 07/28/10 | $2,125.00 | |
| | | $6,375.00 | |
| INTEGRATED IT SOLUTIONS ATTN PRESIDENT OR GENERAL COUNSEL 290 VANDERBILT AVE NORWOOD MA 02062 | | | |
| | 05/19/10 | $5,221.13 | |
| | 06/03/10 | $59,660.10 | |
| | 06/29/10 | $25,901.00 | |
| | 07/15/10 | $709.75 | |
| | 07/28/10 | $39,016.57 | |
| | 08/10/10 | $371.88 | |
| | 08/11/10 | $32,486.69 | |
| | | $163,367.12 | |
| JAMES KOCH PO BOX 214 HILLTOWN PA 18927 | | | |
| | 06/03/10 | $1,500.00 | |
| | 06/29/10 | $1,000.00 | |
| | 07/15/10 | $12,574.22 | |
| | | $15,074.22 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| JP MORGAN SECURITIES INC. ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 13658 NEWARK NJ 07188-0658 | | | |
| | 05/28/10 | $2,020,392.94 | |
| | 07/15/10 | $13,246.04 | |
| | 08/18/10 | $131,803.50 | |
| | | $2,165,442.48 | |
| KING & SPALDING LLP ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 116133 ATLANTA GA 30368-6133 | | | |
| | 05/19/10 | $49,290.09 | |
| | 06/03/10 | $14,875.96 | |
| | 07/15/10 | $11,069.50 | |
| | 08/10/10 | $52,179.28 | |
| | 08/13/10 | $12,713.41 | |
| | 08/16/10 | $7,375.01 | |
| | | $147,503.25 | |
| KIRKLAND & ELLIS LLP ATTN PRESIDENT OR GENERAL COUNSEL 655 15TH ST NW WASHINGTON DC 20005 | | | |
| | 06/11/10 | $35,508.10 | |
| LATHAM & WATKINS LLP ATTN: D.J. BAKER 53RD AT THIRD 885 THIRD AVE NEW YORK NY 10022-4834 | | | |
| | 05/25/10 | $262,859.91 | |
| | 05/27/10 | $223,550.25 | |
| | 06/09/10 | $246,145.02 | |
| | 06/16/10 | $108,929.92 | |
| | 06/25/10 | $194,482.45 | |
| | 07/07/10 | $164,273.03 | |
| | 07/09/10 | $220,539.22 | |
| | 07/16/10 | $173,107.10 | |
| | 07/26/10 | $271,137.13 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| LATHAM & WATKINS LLP<br>ATTN: D.J. BAKER<br>53RD AT THIRD<br>885 THIRD AVE<br>NEW YORK  NY 10022-4834 | | | |
| | 08/03/10 | $309,848.60 | |
| | 08/09/10 | $335,571.11 | |
| | 08/11/10 | $1,450,000.00 | |
| | 08/13/10 | $761,746.38 | |
| | | $4,722,190.12 | |
| LOCAL 369 UTILITY WORKERS<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>120 BAY STATE DR<br>BRAINTREE MA 02184 | | | |
| | 05/19/10 | $3,122.96 | |
| | 05/25/10 | $775.74 | |
| | 06/03/10 | $3,104.49 | |
| | 06/09/10 | $775.74 | |
| | 06/15/10 | $3,086.02 | |
| | 06/23/10 | $775.74 | |
| | 06/29/10 | $3,066.02 | |
| | 07/07/10 | $775.74 | |
| | 07/15/10 | $3,066.02 | |
| | 07/21/10 | $775.74 | |
| | 07/28/10 | $3,066.02 | |
| | 08/04/10 | $775.74 | |
| | 08/10/10 | $3,066.02 | |
| | | $26,231.99 | |
| MASSACHUSETTS VSP<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 45223<br>SAN FRANCISCO CA 94145-0223 | | | |
| | 05/25/10 | $3,170.00 | |
| | 06/29/10 | $3,170.00 | |
| | 07/28/10 | $3,170.00 | |
| | | $9,510.00 | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| MERRILL COMMUNICATIONS LLC ATTN PRESIDENT OR GENERAL COUNSEL 1 MERRILL CIRCLE SAINT PAUL MN 55108-5267 | | | |
| | 06/15/10 | $6,165.88 | |
| | 06/29/10 | $9,003.40 | |
| | 08/10/10 | $12,345.86 | |
| | | $27,515.14 | |
| MITSUBISHI POWER SYSTEMS INC. ATTN PRESIDENT OR GENERAL COUNSEL 2287 PREMIER ROW ORLANDO FL 32809 | | | |
| | 06/03/10 | $14,500.00 | |
| NEW ENGLAND POWER GENERATORS ATTN PRESIDENT OR GENERAL COUNSEL ASSOCIATION INC 141 TREMONT ST FLR 5 BOSTON MA 02111 | | | |
| | 06/22/10 | $74,800.00 | |
| | 07/01/10 | $56,100.00 | |
| | 08/02/10 | $56,100.00 | |
| | | $187,000.00 | |
| NSTAR ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 4508 WOBURN MA 01888-4508 | | | |
| | 06/15/10 | $610.14 | |
| | 06/15/10 | $843.71 | |
| | 07/07/10 | $1,094.10 | |
| | 07/07/10 | $1,218.93 | |
| | 08/10/10 | $1,169.94 | |
| | 08/10/10 | $1,346.16 | |
| | | $6,282.98 | |
| NUTTER MCCLENNEN & FISH LLP SEAPORT WEST ATTN PRESIDENT OR GENERAL COUNSEL 155 SEAPORT BLVD BOSTON MA 02210-2604 | | | |
| | 06/03/10 | $10,873.90 | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| NUTTER MCCLENNEN & FISH LLP<br>SEAPORT WEST<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>155 SEAPORT BLVD<br>BOSTON MA 02210-2604 | | | |
| | 06/29/10 | $3,122.20 | |
| | 07/28/10 | $18,851.80 | |
| | 08/10/10 | $25,204.99 | |
| | 08/13/10 | $8,667.42 | |
| | | $66,720.31 | |
| PAETEC<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 1283<br>BUFFALO NY 14240-1283 | | | |
| | 05/19/10 | $10,822.40 | |
| | 06/29/10 | $10,822.40 | |
| | 07/15/10 | $10,822.40 | |
| | 08/10/10 | $10,823.22 | |
| | | $43,290.42 | |
| PERELLA WEINBERG PARTNERS<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>767 FIFTH AVE<br>NEW YORK NY 10153 | | | |
| | 06/03/10 | $180,345.00 | |
| | 08/10/10 | $361,362.00 | |
| | 08/13/10 | $180,081.00 | |
| | | $721,788.00 | |
| PREMIUM FINANCING SPECIALISTS<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>22432 NETWORK PLACE<br>CHICAGO IL 60673-1224 | | | |
| | 05/19/10 | $321,866.65 | |
| | 06/15/10 | $321,866.65 | |
| | 07/15/10 | $321,866.65 | |
| | 08/10/10 | $321,866.65 | |
| | | $1,287,466.60 | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| PRETI FLAHERTY MINAHAN ATTN PRESIDENT OR GENERAL COUNSEL 53 STATE ST 30TH FLOOR BOSTON MA 02109 | | | |
| | 05/19/10 | $6,000.00 | |
| | 06/15/10 | $6,000.00 | |
| | 07/15/10 | $6,000.00 | |
| | 08/10/10 | $6,000.00 | |
| | | $24,000.00 | |
| PRUDENTIAL FINANCIAL ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 101241 ATLANTA GA 30392-1241 | | | |
| | 06/15/10 | $6,771.36 | |
| | 07/15/10 | $6,771.36 | |
| | 08/10/10 | $6,771.36 | |
| | | $20,314.08 | |
| RAYMOND IVERS 529 MAIN ST STE 605 CHARLESTOWN MA 02129 | | | |
| | 06/03/10 | $4,683.76 | |
| | 06/29/10 | $786.63 | |
| | 07/15/10 | $429.04 | |
| | 07/21/10 | $399.92 | |
| | 07/28/10 | $231.91 | |
| | 08/11/10 | $66.19 | |
| | | $6,597.45 | |
| ROBERT MCCUNNEY, MD 685 JERUSALEM RD COHASSET MA 02025 | | | |
| | 05/19/10 | $10,125.00 | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SAGE SOFTWARE INC. ATTN: CUSTOMER CARE DEPT PO BOX 849887 DALLAS TX 75284-9887 | | | |
| | 07/15/10 | $5,907.50 | |
| SHERIN AND LODGEN LLP ATTN PRESIDENT OR GENERAL COUNSEL 101 FEDERAL ST BOSTON MA 02110 | | | |
| | 08/13/10 | $7,712.00 | |
| SIGMA CONSULTANTS ATTN PRESIDENT OR GENERAL COUNSEL 20 MAIN ST ACTON MA 01720 | | | |
| | 05/04/10 | $11,461.49 | |
| | 06/15/10 | $13,694.61 | |
| | 06/29/10 | $13,824.11 | |
| | 07/28/10 | $12,153.69 | |
| | 08/10/10 | $5,507.60 | |
| | | $56,641.50 | |
| TETRA TECH EC INC. ATTN PRESIDENT OR GENERAL COUNSEL 143 UNION BLVD., SUITE 1010 LAKEWOOD CO 80228-1875 | | | |
| | 05/19/10 | $13,849.54 | |
| | 07/15/10 | $14,780.75 | |
| | 08/10/10 | $17,236.00 | |
| | | $45,866.29 | |
| THE GARDEN CITY GROUP INC. ATTN PRESIDENT OR GENERAL COUNSEL 105 MAXESS ROAD MELVILLE NY 11747 | | | |
| | 06/22/10 | $25,000.00 | |

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| THE GARDEN CITY GROUP INC.<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>105 MAXESS ROAD<br>MELVILLE NY 11747 | | | |
| | 08/13/10 | $116,216.05 | |
| | 08/17/10 | $59,891.50 | |
| | | $201,107.55 | |
| THE HARTFORD INSURANCE CO<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 101007<br>ATLANTA GA 30392-1007 | | | |
| | 06/03/10 | $559.86 | |
| | 06/03/10 | $341.25 | |
| | 07/15/10 | $559.86 | |
| | 07/15/10 | $341.25 | |
| | 08/10/10 | $559.86 | |
| | 08/10/10 | $341.25 | |
| | | $2,703.33 | |
| THE HARTFORD LIFE INSURANCE CO<br>GROUP BENEFITS DIVISION<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>PO BOX 8500-3690<br>PHILADELPHIA PA 19178-3690 | | | |
| | 06/03/10 | $5,870.35 | |
| | 06/03/10 | $9,118.00 | |
| | 07/15/10 | $5,835.59 | |
| | 07/15/10 | $9,118.00 | |
| | 07/28/10 | $5,852.97 | |
| | 07/28/10 | $9,223.48 | |
| | | $45,018.39 | |
| THORNDIKE LANDING LLC<br>ATTN PRESIDENT OR GENERAL COUNSEL<br>3250 NE 28 ST<br>STE 607<br>FORT LAUDERDALE FL 33308 | | | |
| | 06/29/10 | $36,000.00 | |

**Boston Generating, LLC**

**STATEMENT OF FINANCIAL AFFAIRS**

**ATTACHMENT 3b**

**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| TOWERS WATSON PENNSYLVANIA INC. ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 8500 S-6110 PHILADELPHIA PA 19178-6110 | | | |
| | 05/19/10 | $22,039.49 | |
| | 06/03/10 | $17,329.35 | |
| | 07/15/10 | $17,211.80 | |
| | | $56,580.64 | |
| TOWERSTREAM CORPORATION ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 414061 BOSTON MA 02241-4061 | | | |
| | 06/09/10 | $1,998.00 | |
| | 07/15/10 | $1,998.00 | |
| | 08/04/10 | $1,998.00 | |
| | | $5,994.00 | |
| USBANK ATTN: ELAINE TATE PO BOX 1118 CINCINNATI OH 45201 | | | |
| | 05/19/10 | $3,692.68 | |
| | 05/25/10 | $496.18 | |
| | 06/03/10 | $3,692.68 | |
| | 06/09/10 | $496.18 | |
| | 06/15/10 | $3,646.52 | |
| | 06/23/10 | $496.18 | |
| | 06/29/10 | $3,646.52 | |
| | 07/07/10 | $496.18 | |
| | 07/15/10 | $3,646.52 | |
| | 07/21/10 | $496.18 | |
| | 07/28/10 | $3,646.52 | |
| | 08/04/10 | $496.18 | |
| | 08/10/10 | $3,646.52 | |
| | | $28,595.04 | |

Case No.: 10-14419 (SCC)

## Boston Generating, LLC
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
#### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| VERIZON ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 1100 ALBANY NY 12250-0001 | | | |
| | 06/03/10 | $3,545.68 | |
| | 06/23/10 | $3,485.83 | |
| | 07/21/10 | $3,040.43 | |
| | | $10,071.94 | |
| VERIZON ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 4820 TRENTON NJ 08650-4820 | | | |
| | 06/03/10 | $479.58 | |
| | 07/07/10 | $479.58 | |
| | 08/04/10 | $472.87 | |
| | | $1,432.03 | |
| VERIZON WIRELESS ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 15062 ALBANY NY 12212-5062 | | | |
| | 06/03/10 | $3,372.49 | |
| | 06/23/10 | $3,435.70 | |
| | 07/28/10 | $3,240.48 | |
| | | $10,048.67 | |
| W.B. MASON COMPANY INC. ATTN PRESIDENT OR GENERAL COUNSEL PO BOX 55840 BOSTON MA 02205-5840 | | | |
| | 05/19/10 | $1,356.47 | |
| | 06/03/10 | $181.43 | |
| | 06/29/10 | $1,989.95 | |
| | 07/15/10 | $517.85 | |
| | 07/28/10 | $1,148.42 | |
| | 08/10/10 | $186.64 | |
| | 08/11/10 | $969.77 | |
| | | $6,350.53 | |

**Boston Generating, LLC**

**STATEMENT OF FINANCIAL AFFAIRS**

**ATTACHMENT 3b**

**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| WACHTELL LIPTON ROSEN & KATZ ATTN PRESIDENT OR GENERAL COUNSEL 51 W 52ND ST NEW YORK NY 10019 | | | |
| | 06/15/10 | $49,673.63 | |
| | 07/15/10 | $19,401.58 | |
| | 08/10/10 | $200,000.00 | |
| | 08/11/10 | $554,702.50 | |
| | | $823,777.71 | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 4a**

**(4a) Suits and Administrative Proceedings Within One Year**

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| Massachusetts Laborers' Benefit Funds  v. Cutter Atlantic Refractories | 1:10-CV-11006-RGS | Fringe Benefit Contribution Reclamation | United States District Court for the District of Massachusetts | Pending |
| Cynthia Johnson v. Boston Generating, LLC | 06BEM00957 | Discrimination | Commonwealth of Massachusetts Commission Against Discrimination | Pending |
| Donald Flaherty, Jr. v Boston Generating, LLC | 10-1348G | Personal Injury Action | Commonwealth of Massachusetts Suffolk Superior Court | Pending |
| Garvin Jean-Bon v. Boston Generating, LLC | n/a | Personal Injury Action | n/a | Pending |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE:  The following payments were made by Boston Generating, LLC  and EBG Holdings LLC on behalf of themselves and related debtors:
BG Boston Services, LLC, BG New England Power Services, Inc, Fore River Development, LLC, Mystic Development, LLC, and Mystic I,
LLC

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Anderson Kill & Olick PC | Boston Generating, LLC | 12/09 | $498.94 |
| One Gateway Center | Boston Generating, LLC | 02/10 | $6,602.50 |
| Suite 1510 | Boston Generating, LLC | 03/10 | $1,805.66 |
| Newark, NJ 07102 | Boston Generating, LLC | 06/10 | $101.70 |
|  | Boston Generating, LLC | 07/10 | $152.55 |
|  | Boston Generating, LLC | 08/10 | $250,000.00 |
|  |  |  | $259,161.35 |
|  |  |  |  |
| Ernst & Young | Boston Generating, LLC | 11/09 | $17,627.00 |
| P.O. Box 96550 |  |  | $17,627.00 |
| Chicago, IL 60693 |  |  |  |
|  |  |  |  |
| FTI Consulting Inc. | Boston Generating, LLC | 08/10 | $200,000.00 |
| 3 Times Square |  |  | $200,000.00 |
| New York, NY 10036 |  |  |  |
|  |  |  |  |
| JP Morgan Securities Inc. | Boston Generating, LLC | 05/10 | $2,020,392.94 |
| 383 Madison Avenue | Boston Generating, LLC | 07/10 | $13,246.04 |
| New York, NY 10179 | Boston Generating, LLC | 08/10 | $131,803.50 |
|  |  |  | $2,165,442.48 |
|  |  |  |  |
| Kirkland & Ellis LLP | EBG Holdings LLC | 08/09 | $235,402.32 |
| 153 East 53rd Street | Boston Generating, LLC | 09/09 | $215,766.67 |
| New York, NY 10022 | Boston Generating, LLC | 10/09 | $135,587.75 |
|  | Boston Generating, LLC | 11/09 | $249,100.06 |
|  | Boston Generating, LLC | 12/09 | $241,881.35 |
|  | EBG Holdings LLC | 02/10 | $300,000.00 |
|  | EBG Holdings LLC | 03/10 | $201,266.78 |
|  | EBG Holdings LLC | 04/10 | $220,634.74 |
|  | Boston Generating, LLC | 06/10 | $35,508.10 |
|  |  |  | $1,835,147.77 |
|  |  |  |  |
| Latham & Watkins LLP | Boston Generating, LLC | 05/10 | $786,410.16 |
| 53rd At Third | Boston Generating, LLC | 06/10 | $549,557.39 |
| 885 Third Ave | Boston Generating, LLC | 07/10 | $829,056.48 |
| New York, NY 10022-4834 | Boston Generating, LLC | 08/10 | $2,857,166.09 |
|  |  |  | $5,022,190.12 |
|  |  |  |  |
| Perella Weinberg Partners | Boston Generating, LLC | 08/09 | $183,556.00 |
| 767 Fifth Ave | Boston Generating, LLC | 09/09 | $180,281.00 |
| New York, NY 10153 | Boston Generating, LLC | 10/09 | $182,079.00 |
|  | Boston Generating, LLC | 01/10 | $362,444.00 |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE:  The following payments were made by Boston Generating, LLC  and EBG Holdings LLC on behalf of themselves and related debtors:
BG Boston Services, LLC, BG New England Power Services, Inc, Fore River Development, LLC, Mystic Development, LLC, and Mystic I,
LLC

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Perella Weinberg Partners | EBG Holdings LLC | 03/10 | $720,634.00 |
| 767 Fifth Ave | EBG Holdings LLC | 05/10 | $180,749.00 |
| New York, NY 10153 | Boston Generating, LLC | 06/10 | $180,345.00 |
| | Boston Generating, LLC | 08/10 | $541,443.00 |
| | | | $2,531,531.00 |
| | | | |
| The Garden City Group Inc. | Boston Generating, LLC | 06/10 | $25,000.00 |
| 105 Maxess Road | Boston Generating, LLC | 08/10 | $176,107.55 |
| Melville, NY 11747 | | | $201,107.55 |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 13**

**(13) Setoffs by Creditors Within 90 Days**

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

The Debtor had setoffs related to energy hedges outstanding with Sempra Energy Trading LLC ("Sempra").  Under the terms of the hedging transaction the Debtor receives a fixed amount and pays a variable amount. However, each month the net due to/from amount under the hedge is calculated and settled on a net basis.  Within 90 days preceding the commencement of this case, the Debtor offset approximately $10,567,742 of fixed payments due from Sempra against approximately $20,038,386 gross variable payments due to Sempra under the hedge. These amounts are based on book value and do not necessarily reflect cash payments for the aforementioned period.

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

The Debtor and its affiliates provided or may have provided, either individually or as part of a consolidated group, financial statements and/or related financial information to the Board of Managers/Directors, including the Board of Directors of the Debtors' ultimate parent US Power Generating Company, ratings agencies or other parties in the ordinary course of business.

Additionally, the Debtor and its affiliates provided financial statements and related information to lenders, potential investors [1], contract counterparties and/or their representatives, either directly or through postings to an on-line dataroom organized for the purpose of responding to due-diligence requests. Such parties receiving financial information or having dataroom access include:

**CURRENT LENDERS UNDER BOSTON GENERATING, LLC'S FIRST LIEN CREDIT FACILITY AND SECOND LIEN CREDIT FACILITY AND EBG HOLDINGS LLC'S MEZZANINE CREDIT FACILITY[2]**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Aladdin Capital** | |
| Landmark IX CDO Ltd | Various |
| | |
| **American Money Management** | Various |
| AMMC CLO VI Ltd | |
| AMMC VII Limited | |
| | |
| **Anchorage Capital** | Various |
| Anchorage Capital Master Offshore Ltd | |
| | |
| **Angelo Gordon & Co. Lp** | Various |
| Silver Oak Capital LLC | |
| | |
| **Avenue Advisors** | Various |
| Avenue Investments LP | |
| | |
| **Babson Capital Management LLC** | Various |
| Artus Loan Fund 2007-1 Ltd | |
| | |
| **Bank Of America** | Various |
| Bank Of America, N.A. | |
| | |
| **Bank Of America (fka Lasalle)** | Various |
| Macquarie Bank Limited | |
| | |
| **Barclays Bank PLC** | Various |
| | |
| **Black Diamond Capital Mgmt LLC** | Various |
| Black Diamond International Funding, Ltd | |
| | |
| **Blackrock Financial Management** | Various |
| Magnetite V CLO Ltd | |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **BLT Entity** | Various |
| BLT 27 LLC | |
| **Candlewood Capital Partners LLC** | Various |
| Credit Suisse Candlewood Special Situations Master Fund Ltd | |
| **Canyon Partners** | Various |
| Ice Global Value Loans Master Fund Ltd | |
| **Carlson Capital** | Various |
| Black Diamond Offshore Ltd | |
| Double Black Diamond Offshore Ltd | |
| **Carlyle** | Various |
| Carlyle High Yield Partners 2008-1, Ltd | |
| Carlyle High Yield Partners IV, Ltd | |
| **Carval** | Various |
| CVI GVF (LUX) MASTER SARL | |
| **Casterigg** | Various |
| Sandell Asset Management ac Castlerigg Master Investments Ltd | |
| **Centerbridge** | Various |
| CCP Credit Acquisition Holdings LLC | |
| Centerbridge Special Credit Partners LP | |
| **Cerberus Partners  (Madeleine)** | Various |
| Cerberus Series Four Holdings LLC | |
| **Citibank International** | Various |
| Citigroup Financial Products Inc. | |
| **Credit Suisse** | Various |
| Credit Suisse Loan Funding LLC | |
| **DDJ Capital** | Various |
| Stichting Pensioenfonds Hoogovens | |
| **Delaware Investment** | Various |
| Lincoln National Life Insurance Company | |
| **Drawbridge Real Estate Asset Fund (B-IP) LP** | Various |
| **Drawbridge Real Estate Asset Fund LP** | Various |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Durham Asset Management** | Various |
| Durham Acquisition CO LLC | |
| **Farallon Capital Partners** | Various |
| FBR Capital Markets LT Inc | |
| | |
| **Foothill Capital Corporation** | Various |
| Foothill CLO I Ltd | |
| The Foothill Group Inc. | |
| | |
| **Fortress Investment** | Various |
| Drawbridge Special Opportunities Fund LP | |
| FCOF UST LLC | |
| Fortress Credit Funding I LP | |
| Fortress Credit Funding II LP | |
| Fortress Credit Funding III LP | |
| Fortress Credit Investments I Ltd | |
| Fortress Credit Investments II Ltd | |
| Fortress Credit opportunities I LP | |
| Fortress Investment Group LLC AC FCOF UB Securities LLC | |
| FTS SIP Corp | |
| FTS SIP L.P. | |
| | |
| **Franklin Mutual Advisers** | Various |
| Franklin Mutual Advisers LLC | |
| | |
| **Fraser Sullivan** | Various |
| Fraser Sullivan CLO I Ltd | |
| Fraser Sullivan CLO II Ltd | |
| | |
| **Global Levergaed Capital** | Various |
| Global Leveraged Capital Credit Opportunity Fund I | |
| | |
| **Goldman Sachs Asset Management** | Various |
| Goldman Sachs Asset Management CLO PLC | |
| Goldman Sachs Lending Partners LLC | |
| Special Situations Investing Group | |
| | |
| **Grand Central Asset Trust** | Various |
| D.E. Shaw Direct Capital Portfolios, LLC | |
| | |
| **Gruss** | Various |
| Gruss Global Investors (Enhanced) Ltd | |
| Gruss Global Investors Master Fund Ltd | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **GSO Capital** | Various |
| Callidus Debt Partners CLO Fund III, Ltd | |
| Callidus Debt Partners CLO Fund V, Ltd | |
| GSO Capital Partners LP AC GSO Special Situations Fund LP | |
| | |
| **GSO Capital (Fka Blackstone Dist. Debt Adv.)** | Various |
| GSO Special Situations Overseas Master Fund Ltd | |
| | |
| **Halcyon** | Various |
| Halcyon Master Fund LP | |
| | |
| **Highland Capital Management** | Various |
| Armstrong Loan Funding Ltd | |
| Eastland CLO Ltd | |
| Grayson CLO Ltd | |
| Highland Capital Management LP AC Jasper CLO Ltd | |
| Highland Credit Opportunities CDO Ltd | |
| Highland Floating Rate Advantage Fund | |
| Highland Loan Funding V Ltd | |
| Highland Offshore Partners LP | |
| Liberty CLO Ltd | |
| Loan Funding IV LLC | |
| Loan Funding VII LLC | |
| Longhorn Credit Funding LLC | |
| Red River CLO Ltd | |
| Rockwall CDO II Ltd | |
| Rockwall CDO Ltd | |
| Stratford CLO Ltd | |
| Westchester CLO Ltd | |
| | |
| **ING Investment Management** | Various |
| ING International II Senior Loans | |
| ING Investment Management CLO III, Ltd | |
| | |
| **Invesco (fka Morgan Stanley Broker/Dealer)** | Various |
| Morgan Stanley Senior Funding Inc. | |
| | |
| **Invesco Management & Research** | Various |
| Atlantis Funding Ltd | |
| | |
| **Katonah Capital** | Various |
| Katonah 2007 I CLO Ltd | |
| Katonah VII Ltd | |
| Katonah VIII CLO Ltd | |
| | |
| **Lehman Brothers Inc.** | Various |
| Lehman Commercial Paper Inc. | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a
Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Levine Leichtman Capital** | Various |
| Genesis CLO 2007-2 Ltd | |
| | |
| **Lord Abbett** | Various |
| Golden Knight II CLO, Limited | |
| Lord Abbett Invest Trust-Lord  Abbett Floating Rate Fund | |
| | |
| **Marathon Asset Management** | Various |
| Marathon CLO II Limited | |
| Marathon Financing I, B.V. | |
| Metropolitan West High Yield Bond Fund | |
| Metropolitan West Strategic Income Fund | |
| Pictet Funds (LUX) | |
| SEI Global Master Fund PLC-The SEI Yield Fixed Income Fund | |
| | |
| **MFS - Massachusetts Financial Services** | Various |
| Jersey Street CLO Ltd | |
| Marlborough Street CLO Ltd | |
| | |
| **MJX Asset Management** | Various |
| Veer Cash Flow CLO Ltd | |
| Venture II CDO 2002 Limited | |
| Vista Leveraged Income Fund | |
| | |
| **NCM SO Ltd 2010-1 LLC** | Various |
| | |
| **NCM SPLP 2010-1 LLC** | Various |
| | |
| **Nomura Holdings America** | Various |
| Battery Park High Yield Long Short Fund Ltd | |
| Battery Park High Yield Opportunity Master Fund Ltd | |
| Clydesdale CLO 2003 Ltd | |
| Clydesdale CLO 2004 Ltd | |
| Clydesdale CLO 2005 Ltd | |
| Clydesdale Strategic CLO I Ltd | |
| GMAM Investments Funds Trust-7MS7 | |
| Nomura US Attractive Yield Corporate Bond Fund Mother Fund | |
| SEI Institutional Investments Trust - High Yield Bond Fund (Nomura) | |
| SEI Institutional Managed Trust - High Yield Bond Fund (Nomura) | |
| The Regents of the University of California | |
| | |
| **One East Capital Advisors** | Various |
| One East Partners Master, LP | |
| | |
| **Orehill Partners LLC** | Various |
| BDL - Ore Hill Credit Hub Fund | |
| Genesis CLO 2007-1 Ltd | |

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Princeton Advisory Group** | Various |
| Cole Brook CBNA Loan Funding LLC | |
| | |
| **Riversource Investments** | Various |
| Ameriprise Certificate Company | |
| Cent CDO 10 Limited | |
| Cent CDO 12 Limited | |
| Cent CDO 14 Limited | |
| Cent CDO 15 Limited | |
| Cent CDO XI Limited | |
| Centurion CDO 9 Limited | |
| Centurion CDO VI | |
| Centurion CDO VII Ltd | |
| RiverSource Life Insurance Company | |
| RiverSource Strategic Income Allocation Fund | |
| | |
| **Royal Bank Of Scotland** | Various |
| Royal Bank of Scotland | |
| The Royal Bank of Scotland PLC | |
| | |
| **Satellite Asset Management LP** | Various |
| Satellite Senior Income Fund LLC | |
| | |
| **Serengeti Asset Management** | Various |
| Serengeti Loxodon Onshore I Ltd | |
| Serengeti Loxodon Overseas I Ltd | |
| | |
| **Serengeti Overseas MM L.P.** | Various |
| | |
| **Strategic Value Partners LLC** | Various |
| Strategic Value Partners LLC AC Strategic Value Master Fund Ltd | |
| | |
| **Strategic Value Special Situations Master Fund LP** | Various |
| | |
| **Trilogy Capital** | Various |
| Trilogy Portfolio Company LLC | |
| | |
| **Trust Company Of The West** | Various |
| FIRST 2004-II CLO Ltd | |
| MAC Capital Ltd | |
| Momentum Capital Fund, Ltd | |
| Palmetto Investors Master Fund, LLC | |
| TCW Asset Management CO A/C TCW Global Project Fund III Ltd | |
| TCW Asset Management CO AC First 2004 I CLO Ltd | |
| TCW Global Project Fund II Ltd | |
| TCW Senior Secured Floating Rate Loan Fund LP | |
| TCW Senior Secured Loan Fund LP | |
| Velocity CLO Ltd | |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Vitesse CLO Ltd | |
| West Bend Mutual Insurance Company | |
| | |
| **UBS AG** | Various |
| | |
| **Varde Partners** | Various |
| Varde Investment Partners LP | |
| | |
| **Virtus Partners LLC** | Various |
| Primus CLO Ltd I | |
| | |
| **Watershed Holdings FM, LLC** | Various |
| | |
| **Wells Fargo Bank** | Various |
| NCM FSIM 2008-1 LLC | |
| | |
| **Westgate Horizons** | Various |
| Endurance CLO I Ltd | |
| Ocean Trails CLO I | |
| Ocean Trails CLO II | |
| WG Horizons CLO I | |
| | |
| **White Horse Capital** | Various |
| Whitehorse V Ltd | |
| | |
| **Worden Fund Corp** | Various |
| | |
| **Worden Master Fund LP** | Various |
| | |
| **COUNTERPARTIES** | |
| Sempra Energy Trading LLC | Various |
| | |
| Goldman Sachs Capital Markets, L.P. | Various |
| | |
| Credit Suisse Energy LLC | Various |
| | |
| **US POWER GENERATING COMPANY'S EQUITY HOLDERS - DATAROOM ACCESS** | |
| Altai Capital | Various |
| | |
| Anchorage Advisors, LLC | Various |
| Anchorage Capital Master Offshore, Ltd. | |
| | |
| Angelo, Gordon & Co. | Various |
| | |
| Angelo, Gordon & Co. | Various |
| Thomas C. Boyce, Jr. | |

Case No. 10-14419 (SCC)

**Boston Generating, LLC
STATEMENT OF FINANCIAL AFFAIRS
ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a
Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Arrowgrass Capital Partners LLP** | Various |
| **Avenue Capital** | Various |
| **Banc of America Securities LLC** | Various |
| **Candlewood Capital** | Various |
| **Citigroup Global Markets Inc.** | Various |
| **Credit Suisse Alternative Capital, Inc.**<br>Arizona State Retirement System<br>BA/CSCredit 1 LLC | Various |
| **David Tohir** | Various |
| **Deutsche Bank Securities, Inc.** | Various |
| **Durham Asset Management L.L.C.** | Various |
| **EXOP Capital** | Various |
| **Goldman, Sachs & Co.** | Various |
| **Harbinger Capital** | Various |
| **Jefferies High Yield Trading, LLC** | Various |
| **JP Morgan Securities** | Various |
| **Longacre Fund Management, LLC** | Various |
| **Madison Dearborn Capital Partners IV, L.P.** | Various |
| **Marathon Asset Management, LLC** | Various |
| **Mark Friedland** | Various |
| **MFP Partners, L.P.** | Various |
| **Michael Greenberg** | Various |
| **Morgan Stanley** | Various |
| **MSD Capital, L.P.** | Various |
| **Nicholas Donahue** | Various |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Nomura Corporate Research & Asset Management** | Various |
| **Sandell Asset Management** | Various |
| **Sigma Capital Management** | Various |
| **Stonehill Capital Management LLC** | Various |
| **UBS Securities LLC** | Various |

**US POWER GENERATING COMPANY'S EQUITY HOLDERS ENTITLED TO RECEIVE**
**FINANCIAL STATEMENTS (NO DATAROOM ACCESS)**

| | |
|---|---|
| **Alexandra Investment Management, LLC** | Various |
| **Amy Gordon** | Various |
| **Angelo, Gordon & Co.** | Various |
| Dale Stohr | |
| David W. Kamin | |
| Edward William Kressler | |
| Matthew J. Sheerin | |
| Thomas M. Fuller | |
| Todd W. Arden | |
| **Anthony Corso** | Various |
| **Babson Capital Management, LLC** | Various |
| **Barry F. Sullivan** | Various |
| **Basso Capital Management** | Various |
| **Camulos Capital LP** | Various |
| **CarVal Investors, LLC** | Various |
| **Cedarview Capital Management, LP** | Various |
| **Chilton Investment Company** | Various |
| **Citigroup Alternative Investments** | Various |
| Epic Distressed Debt Opportunity Master Fund, Ltd | |
| **Clinton Multistrategy Master Fund, Ltd** | Various |
| **D.E. Shaw Laminar Portfolios, LLC** | Various |
| **Daniel J. O'Shea** | Various |

Case No. 10-14419 (SCC)

**Boston Generating, LLC
STATEMENT OF FINANCIAL AFFAIRS
ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a
Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **David Gordon** | Various |
| **DiMaio Ahmad Capital, LLC** | Various |
| **Farallon Capital Management, LLC** | Various |
| **Gary Wolf** | Various |
| **Harbinger Capital** | Various |
| **Hunt Generation Investments, LP** | Various |
| **Jacob Worenklein** | Various |
| **JANA Partners, LLC** | Various |
| **K Road Power Management, LLC**<br>William Kriegel | Various |
| **Kamunting Street Master Fund, Ltd** | Various |
| **Kenmont Investments** | Various |
| **LaSalle Global Trust Services / LaSalle Bank N.A., as Collateral Administrator**<br>Grand Central Asset Trust, STK Series | Various |
| **Lehman Brothers / Barclays Capital** | Various |
| **Marc Kutzin** | Various |
| **Mason Capital Management, LLC** | Various |
| **Michael Gordon** | Various |
| **Michael L. Gordon 2003 Irrevocable Retained Annuity Trust** | Various |
| **Michael L. Gordon 2004 Irrevocable Retained Annuity Trust** | Various |
| **Owl Creek Asset Management, LP** | Various |
| **Paul Ehrenzeller** | Various |
| **Raptor Capital Management** | Various |
| **Restoration Holdings, Ltd** | Various |
| **S.A.C. Capital Advisors, LLC** | Various |
| **Sally Gordon** | Various |

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Satellite Asset Management, LP** | Various |
| **Scoggin Capital** | Various |
| **Scott G. Silverstein** | Various |
| **Scottwood Capital Management LLC** | Various |
| **Sea Port Group Securities, LLC** | Various |
| **Seneca Capital Investments, LLC** | Various |
| **Taconic Capital Advisors LP** | Various |
| **The Royal Bank of Scotland PLC** | Various |
| **TQA Special Opportunities Master Fund Ltd** | Various |
| **Tudor Investment Corp.** | Various |
| **Tudor Investment Corp.**<br>The Raptor Global Portfolio Ltd | Various |
| **Venor Capital Management** | Various |
| **West Face Capital Inc.** | Various |

[1] Financial statements were issued to certain entities as potential investors in the Debtors. The list of these entities has been excluded due to confidentiality concerns and non-disclosure

[2] A complete list of lenders, including prior lenders, will be provided upon request

Case No. 10-14419 (SCC)

**Boston Generating, LLC**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 23**

**(23)  Withdrawals/Distributions to Insiders**

| NAME AND ADDRESS OF RECIPIENT | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF PAYMENTS | PURPOSE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|---|
| Astoria Generating CO. L.P.[1] | Affiliate | 08/09 | Intercompany Payment | $1,415,923.00 |
| 505 Fifth Avenue, 21st Floor | | 09/09 | Intercompany Payment | $1,413,333.00 |
| New York, NY 10017 | | 10/09 | Intercompany Payment | $1,413,333.00 |
| | | 11/09 | Intercompany Payment | $1,413,333.00 |
| | | 12/09 | Intercompany Payment | $1,413,333.00 |
| | | 01/10 | Intercompany Payment | $2,147,759.92 |
| | | 02/10 | Intercompany Payment | $1,498,133.33 |
| | | 03/10 | Intercompany Payment | $1,498,133.33 |
| | | 04/10 | Intercompany Payment | $1,498,133.33 |
| | | 05/10 | Intercompany Payment | $1,498,133.33 |
| | | 06/10 | Intercompany Payment | $1,498,133.33 |
| | | 07/10 | Intercompany Payment | $1,498,133.33 |
| | | | | $18,205,814.90 |
| BG Boston Services, LLC | Affiliate/Co-Debtor | 08/09 | Intercompany Payment | $289,475.54 |
| 505 Fifth Avenue, 21st Floor | | 09/09 | Intercompany Payment | $564,418.91 |
| New York, NY 10017 | | 10/09 | Intercompany Payment | $706,964.87 |
| | | 11/09 | Intercompany Payment | $757,161.24 |
| | | 12/09 | Intercompany Payment | $1,045,489.59 |
| | | 01/10 | Intercompany Payment | $572,597.45 |
| | | 02/10 | Intercompany Payment | $573,235.19 |
| | | 03/10 | Intercompany Payment | $913,620.74 |
| | | 04/10 | Intercompany Payment | $646,803.82 |
| | | 05/10 | Intercompany Payment | $749,856.13 |
| | | 06/10 | Intercompany Payment | $943,627.14 |
| | | 07/10 | Intercompany Payment | $641,347.40 |
| | | 08/10 | Intercompany Payment | $295,162.37 |
| | | | | $8,699,760.39 |
| BG New England Power Services, Inc. | Affiliate/Co-Debtor | 08/09 | Intercompany Payment | $622,016.08 |
| 505 Fifth Avenue, 21st Floor | | 09/09 | Intercompany Payment | $669,207.19 |
| New York, NY 10017 | | 10/09 | Intercompany Payment | $840,052.53 |
| | | 11/09 | Intercompany Payment | $729,075.10 |
| | | 12/09 | Intercompany Payment | $814,683.18 |
| | | 01/10 | Intercompany Payment | $1,133,119.78 |
| | | 02/10 | Intercompany Payment | $741,998.68 |
| | | 03/10 | Intercompany Payment | $1,434,661.22 |
| | | 04/10 | Intercompany Payment | $816,128.01 |
| | | 05/10 | Intercompany Payment | $803,978.34 |
| | | 06/10 | Intercompany Payment | $1,128,836.80 |
| | | 07/10 | Intercompany Payment | $659,602.79 |
| | | 08/10 | Intercompany Payment | $662,917.40 |
| | | | | $11,056,277.10 |

| | | | | |
|---|---|---|---|---|
| EBG Holdings LLC | Affiliate/Co-Debtor | 12/09 | Dividends | $500,000.00 |
| 505 Fifth Avenue, 21st Floor | | 01/10 | Dividends | $500,000.00 |
| New York, NY 10017 | | 02/10 | Dividends | $500,000.00 |
| | | 03/10 | Dividends | $500,000.00 |
| | | 04/10 | Dividends | $500,000.00 |
| | | | | $2,500,000.00 |
| | | | | |
| Fore River Development, LLC | Affiliate/Co-Debtor | 08/09 | Intercompany Payment | $454,572.13 |
| 505 Fifth Avenue, 21st Floor | | 09/09 | Intercompany Payment | $565,343.09 |
| New York, NY 10017 | | 10/09 | Intercompany Payment | $1,482,557.97 |
| | | 11/09 | Intercompany Payment | $1,223,834.82 |
| | | 12/09 | Intercompany Payment | $1,365,218.72 |
| | | 01/10 | Intercompany Payment | $3,493,080.02 |
| | | 02/10 | Intercompany Payment | $868,219.34 |
| | | 03/10 | Intercompany Payment | $567,745.74 |
| | | 04/10 | Intercompany Payment | $1,762,377.71 |
| | | 05/10 | Intercompany Payment | $622,656.24 |
| | | 06/10 | Intercompany Payment | $2,081,149.93 |
| | | 07/10 | Intercompany Payment | $2,142,584.70 |
| | | 08/10 | Intercompany Payment | $336,809.89 |
| | | | | $16,966,150.30 |
| | | | | |
| Mystic Development, LLC | Affiliate/Co-Debtor | 08/09 | Intercompany Payment | $1,554,686.62 |
| 505 Fifth Avenue, 21st Floor | | 09/09 | Intercompany Payment | $956,737.05 |
| New York, NY 10017 | | 10/09 | Intercompany Payment | $3,977,604.16 |
| | | 11/09 | Intercompany Payment | $5,033,693.49 |
| | | 12/09 | Intercompany Payment | $3,387,540.39 |
| | | 01/10 | Intercompany Payment | $4,929,894.18 |
| | | 02/10 | Intercompany Payment | $876,338.65 |
| | | 03/10 | Intercompany Payment | $1,479,614.24 |
| | | 04/10 | Intercompany Payment | $3,873,299.93 |
| | | 05/10 | Intercompany Payment | $2,423,328.40 |
| | | 06/10 | Intercompany Payment | $2,202,654.30 |
| | | 07/10 | Intercompany Payment | $3,254,223.12 |
| | | 08/10 | Intercompany Payment | $965,128.64 |
| | | | | $34,914,743.17 |
| | | | | |
| Mystic I, LLC | Affiliate/Co-Debtor | 08/09 | Intercompany Payment | $332,643.11 |
| 505 Fifth Avenue, 21st Floor | | 09/09 | Intercompany Payment | $317,307.75 |
| New York, NY 10017 | | 10/09 | Intercompany Payment | $1,867,895.64 |
| | | 11/09 | Intercompany Payment | $853,736.36 |
| | | 12/09 | Intercompany Payment | $267,840.47 |
| | | 01/10 | Intercompany Payment | $2,666,019.82 |
| | | 02/10 | Intercompany Payment | $328,140.82 |
| | | 03/10 | Intercompany Payment | $695,933.11 |
| | | 04/10 | Intercompany Payment | $1,939,296.61 |
| Mystic I, LLC | Affiliate/Co-Debtor | 05/10 | Intercompany Payment | $808,577.47 |
| 505 Fifth Avenue, 21st Floor | | 06/10 | Intercompany Payment | $553,618.48 |
| New York, NY 10017 | | 07/10 | Intercompany Payment | $2,450,834.88 |
| | | 08/10 | Intercompany Payment | $570,730.96 |
| | | | | $13,652,575.48 |

| | | | | |
|---|---|---|---|---|
| Paul J. Hamilton[2] | Executive | 09/09 | Miscellaneous | $828.20 |
| The Schrafft Center | Vice President | 11/09 | Miscellaneous | $238.00 |
| 529 Main Street | | 12/09 | Miscellaneous | $1,403.96 |
| Charlestown, MA 02129 | | 05/10 | Miscellaneous | $245.50 |
| | | 06/10 | Miscellaneous | $3,444.47 |
| | | | | $6,160.13 |
| | | | | |
| USPG Power Services Inc. | Affiliate | 08/10 | Intercompany Payment | $1,498,133.33 |
| 505 Fifth Avenue, 21st Floor | | | | $1,498,133.33 |
| New York, NY 10017 | | | | |

[1] Astoria Generating CO.  L.P returned an excess management fee in the amount of $649,627.00 to Boston Generating, LLC in the month of February, 2010

[2] In addition to the miscellaneous expense reimbursements paid to Paul J. Hamilton by this Debtor, payments for his salary and 401(k) were made by BG New England Power Services, Inc. and are therefore reported under SoFA 23 of that Debtor