UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Boston Generating LLC,<br><u>et</u> <u>al</u>.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered |

**JOINT MOTION FOR ENTRY OF AN ORDER AUTHORIZING
PARTIES TO FILE UNDER SEAL PORTIONS OF PLEADINGS WITH RESPECT
TO THE DEBTORS' MOTION FOR THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS AND RELATED BID PROCEDURES**

Each of the undersigned parties (the "Parties"), by and through their undersigned counsel, file this joint motion (the "Sealing Motion") for the entry of an order authorizing them to file under seal certain portions of their pleadings with respect to the motion (the "Motion")[2] of the Debtors for (I) an Order Approving and Authorizing (A) Bidding Procedures in Connection With the Sale of Substantially All of the Assets of the Debtors, (B) Stalking Horse Bid Protections, (C) Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Assets of the Debtors, (D) the Form and Manner of Notice of the Sale Hearing and (E) Related Relief; and (II) an Order Approving and Authorizing (A) the Sale of Substantially All of the Assets of the Debtors Free and Clear of Claims, Liens, Liabilities, Rights, Interests and Encumbrances, (B) The Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (C) the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases, (D) the Transition Services

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2] Capitalized terms not otherwise defined have the meanings ascribed to them in the Motion.

Agreement and (E) Related Relief [Docket No. 24].  In support thereof, the Parties respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested are sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9077-1(b).

### Background

2. The Parties have entered into various confidentiality agreements governing the production and disclosure of certain materials in connection with discovery relating to the Motion.  Pursuant to the agreements, each of the Parties can designate documents, depositions, deposition exhibits, interrogatory responses, requests for admissions and any other written, recorded or graphic material (collectively, the "Discovery Material") produced, given, or exchanged by and among the Parties as "confidential" or "highly confidential" (i.e., professionals' eyes only), subject to the receiving Party's right to challenge the confidentiality designation.

3. To implement the confidentiality agreements, and still allow the Parties to file pleadings referring to or containing Discovery Material, the Parties have filed this Sealing Motion in connection with the Motion.

4. The Parties, in their capacity as the recipients of Discovery Materials, do not concede and reserve all rights as to whether such Discovery Materials constitute confidential, commercial information or trade secrets within the meaning of section 107 of the Bankruptcy Code.  At the producing Parties' requests, and pursuant to applicable confidentially agreements, the Parties have filed this Sealing Motion to accommodate requests that the Discovery Materials

be filed under seal and to avoid any potential claims by the producing Parties for violating any confidentiality restrictions.

### Relief Requested

5. By this Sealing Motion, the Parties seek the entry of an Order substantially in the form attached hereto as Exhibit "A" authorizing all recipients of Discovery Materials to file certain portions of their pleadings containing Discovery Materials under seal, directing that such information and materials shall remain confidential, and precluding persons not permitted by the producing Parties to review such documents from having access thereto, subject to further Order of the Court, and reserving the Parties' rights to contest any confidentiality designation under the applicable confidentiality agreement(s).

### Basis for Relief

<u>The Producing Parties Assert that the Discovery Materials Contain Confidential Information</u>

6. Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . ."

11 U.S.C. § 107(b).

7. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." <u>Video Software Dealers Ass'n v. Orion Pictures Corp.</u>, 21 F.3d 24, 27 (2d Cir. 1994).

Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  Id.at 28.

8. As indicated above, the non-producing Parties do not concede and reserve all rights as to whether the discovery surrounding the Bid Procedures Motion constitutes confidential, commercial information under section 107 of the Bankruptcy Code.  That notwithstanding, the non-producing Parties have been informed by the Debtors (and any other producing Parties) that they assert that such information is confidential, and accordingly, request that such information be filed under seal.

The Court May Approve the Motion on an Ex Parte Basis

9. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> "On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ."

10. Pursuant to Bankruptcy Rule 9018 and Local Bankruptcy Rule 9077-1(b), a Court may grant a motion to file confidential information "with or without notice" to interested parties. Accordingly, in the interest of time and because the each of the undersigned Parties have agreed on the form of order and the relief requested herein, the Parties are proceeding on an *ex parte* basis, as opposed to notice and a hearing.

## Notice

11. Notice of this Motion and a copy thereof have been provided to the Parties.  In light of the nature of the relief requested herein, the Parties submit that no other or further notice is required.

**No Prior Request**

12. No prior application for the relief requested herein has been made to this or any other court.

**Conclusion**

WHEREFORE, the Parties respectfully request the entry of the Order, substantially in the form attached hereto as Exhibit "A" authorizing the Parties to file certain portions of their pleadings containing Discovery Materials under seal and granting such other and further relief to the Parties as the Court deems just and appropriate.

Dated: October 1, 2010
New York, New York

           DECHERT LLP

           /s/ Craig P. Druehl
           Allan S. Brilliant
           Kevin J. O'Brien
           Craig P. Druehl
           Davin J. Hall
           DECHERT LLP
           1095 Avenue of the Americas
           New York, New York 10036-6797
           Telephone: (212) 698-3500
           Email: Allan.Brilliant@dechert.com
                  Kevin.Obrien@dechert.com
                  Craig.Druehl@dechert.com
                  Davin.Hall@dechert.com

*Counsel to Wilmington Trust FSB,
as Second Lien Administrative Agent
and Second Lien Collateral Agent*

-and-

LATHAM & WATKINS LLP

/s/ Caroline A. Reckler
D J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)

5

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Email: DJ.Baker@lw.com
Robert.Rosenberg@lw.com
Caroline.Reckler@lw.com

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

-and-

MILBANK, TWEED, HADLEY &
McCLOY LLP

/s/ Peter K. Newman
Dennis F. Dunne
Peter K. Newman
MILBANK, TWEED, HADLEY &
McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Email: DDunne@milbank.com
PNewman@milbank.com

-and-

Andrew M. Leblanc (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY &
McCLOY LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Email: ALeblanc@milbank.com

*Counsel to CarVal Investors, LLC and
Fortress Investment Group, LLC*

-and-

WACHTELL, LIPTON, ROSEN & KATZ

/s/ David C. Bryan
Scott K. Charles
David C. Bryan
Alexander B. Lees
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Email: DCBryan@wlrk.com
　　　　SKCharles@wlrk.com
　　　　ABLees@wlrk.com

*Counsel to Credit Suisse AG, Cayman Islands Branch, as First Lien Agent*

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Boston Generating LLC,<br><u>et al</u>.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered |

**ORDER GRANTING JOINT MOTION FOR ENTRY OF AN ORDER AUTHORIZING PARTIES TO FILE UNDER SEAL PORTIONS OF PLEADINGS WITH RESPECT TO THE DEBTORS' MOTION FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND RELATED BID PROCEDURES**

Upon the motion (the "<u>Sealing Motion</u>")[2] of the Parties to file portions of pleadings containing Discovery Materials under seal; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon and sufficient cause appearing therefor; and the Court having found that good and sufficient cause exists for granting the Motion; and notice of this was appropriate under the particular circumstances, it is hereby Ordered that:

1.  The Sealing Motion is granted.

2.  The Parties are authorized to file pleadings containing the Discovery Materials under seal. The Discovery Materials shall remain under seal and confidential, and unsealed versions thereof shall not be made available to any person not permitted to review such documents other than as authorized by the Party which produced them, subject to further Order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sealing Motion.

of the Court, and the Parties' rights to contest any confidentiality designation under the applicable confidentiality agreement(s).

3. Except as otherwise agreed to by the Parties, any pleadings (including with respect to the Motion or otherwise) filed by a Party or third party in these cases that reference or disclose any of the Discovery Materials shall be filed under seal and served only on those parties authorized to receive the Discovery Materials as provided for in paragraph 2 of this Order.

4. This Order is immediately enforceable upon its entry.

5. The Court retains jurisdiction with respect to all matters arising from and related to the implementation of this Order.

Dated: October __, 2010  
       New York, New York                          _____  
                                                HONORABLE SHELLEY C. CHAPMAN  
                                                UNITED STATES BANKRUPTCY JUDGE