UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br>et al.,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered<br><br>**Related Docket No.  24** |

## ORDER SETTING DISCOVERY PROCEDURES TO GOVERN THE SALE OF SUBSTANTIALLY ALL THE ASSETS OF THE DEBTORS, AND RELATED MATTERS

On October 12, 2010, the Court entered the *Order Approving And Authorizing (A) Bidding Procedures In Connection With The Sale Of Substantially All The Assets Of The Debtors, (B) Stalking Horse Bid Protections, (C) Procedures For The Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With The Sale Of Substantially All Of The Assets Of The Debtors (D) The Form And Manner Of Notice Of The Sale Hearing And (E) Related Relief* (the "**Bidding Procedures Order**").[2]  Given the nature of the relief requested and the complexity of these chapter 11 cases, and after due deliberation, and sufficient cause appearing therefor, the Court has determined to establish discovery procedures to govern the sale hearing (the "**Sale Discovery Order**").  Accordingly, it is hereby ORDERED AS FOLLOWS:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2] Unless otherwise stated, all capitalized terms not defined herein shall have the same meanings as set forth in the Bidding Procedures Order.

A. <u>Objection Deadlines and Hearing Dates</u>

1. The Court has established the following objection deadlines and hearing dates related to the sale:

a. November 9, 2010 at 4:00 p.m. (prevailing Eastern Time), is the deadline to object to entry of the proposed Sale Order (the "**Sale Objection Deadline**"). Objections, if any, must conform to the requirements set forth in the Bidding Procedures Order.

b. November 17, 2010, at 8:30 a.m. (prevailing Eastern Time), is the date and time the sale hearing (the "**Sale Hearing**") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Bankruptcy Court for the Southern District of New York, at: One Bowling Green, Courtroom 610, New York, NY 10004. Please take notice that the Sale Hearing may be adjourned by this Court or the Debtors from time to time without further notice other than by announcement in open court or on this Court's calendar.

B. <u>Participation in Sale Discovery</u>

1. The Debtors, the Official Committee of Unsecured Creditors (the "**Committee**"), the United States Trustee, US Power Generating Company (the "**Parent**"), the Stalking Horse Bidder, the Agent for the First Lien Lenders (the "**First Lien Agent**"), the Agent for the Second Lien Lenders (the "**Second Lien Agent**"), CarVal Investors, LLC, Fortress Investment Group, LLC, MatlinPatterson Global Advisers LLC, and any other party in interest that files an objection to the sale shall be entitled to participate in discovery in connection with the Sale Hearing ("**Sale Discovery**"), and shall be deemed to be a "**Sale Hearing Participant**" hereunder. Notwithstanding the foregoing, consistent with decretal paragraph 2 of the Bidding

Procedures Order, nothing herein shall be deemed as determining (a) whether the Second Lien Agent, CarVal Investors, LLC, Fortress Investment Group, LLC, MatlinPatterson Global Advisers LLC, or any other Second Lien Lender has standing under the Intercreditor Agreement to (i) participate in Sale Discovery, or (ii) file or prosecute any objection to the sale of the Debtors' assets under section 363 of the Bankruptcy Code, or (b) whether any of the foregoing actions would violate the Intercreditor Agreement.

### C.   Sale Hearing Discovery and Pre-Hearing Filings

1.   Any Sale Hearing Participant may serve initial requests for production of documents ("**Initial Sale Hearing Document Requests**") in connection with contemplated objections to the sale by no later than 4:00 p.m. (prevailing Eastern time) on **October 25, 2010** (the "**Initial Sale Hearing Discovery Request Cutoff**").[3]  Each Sale Hearing Participant shall exercise best efforts to make the Initial Sale Hearing Document Requests non-duplicative of such Sale Hearing Participant's previously served document requests and/or of requests served on other Sale Hearing Participants.  Any Sale Hearing Participant may serve non-duplicative supplement requests for production (the "**Supplemental Sale Hearing Document Requests**"), but only upon a good faith showing that such requests were not reasonably anticipated at the time of the Initial Sale Hearing Discovery Request Cutoff.  Any Discovery Request served after the Sale Hearing Discovery Request Cutoff without prior authorization by the Court; agreement among the Debtors, the applicable receiving party, and the applicable requesting party; or the requisite good faith showing by the propounding party, shall be a nullity and the party on whom such request is served shall have no obligation to respond to such request.

---

[3]   For avoidance of doubt, courtesy copies of all Permitted Sale Hearing Discovery (as defined below) shall be served on all Sale Hearing Participants.

2. The Debtors and any Sale Hearing Participant, as applicable, shall serve their respective responses and objections to each timely Initial Sale Hearing Discovery Request by no later than **October 29, 2010**. The Debtors and any Sale Hearing Participant, as applicable, shall serve their respective responses and objections to each Supplemental Sale Hearing Discovery Request as soon as reasonably practicable.

3. All non-privileged documents responsive the Initial Sale Hearing Discovery Requests shall be produced on a rolling basis and as soon as reasonably practicable, but no later than **November 5, 2010**. All non-privileged documents responsive to any Supplemental Sale Hearing Discovery Request shall be produced on a rolling basis and as soon as reasonably practicable. The Debtors anticipate that their Sale Hearing Document Requests shall contain a request for any documents or communications related to (i.e., supporting or undermining) any objection made by an objecting party. To the extent additional documents become responsive when the basis for an objection is finally determined, all Sale Hearing Participants will promptly produce such additional documents on a rolling basis as soon as reasonably practicable, but no later than **November 10, 2010**. All documents must be produced in compliance with Federal Rules of Bankruptcy Procedure 7026 and 7034 and Federal Rules of Civil Procedure 26 and 34. Nothing contained herein shall inhibit the rights of the Debtors or any Sale Hearing Participant to object or respond to any Sale Hearing Discovery Request as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Federal Rules of Bankruptcy Procedure, provided that the time for all such objections and responses is consistent with the deadlines contained herein.

4. Starting on November 1, 2010, the Debtors and Sale Hearing Participants may exchange names of individuals and entities whom they wish to depose, which shall be in

lieu of and shall be deemed to constitute Notice(s) for Depositions upon Oral Examination or subpoenas ("**Sale Hearing Deposition Notices**").  Depositions of such witnesses shall be scheduled between November 3, 2010 and November 15, 2010, subject to the availability of the parties and the witnesses.  However, if the Debtors or a Sale Hearing Participant notifies the party seeking a particular deposition that the witness(es) in question may be included in their Sale Hearing Witness List (as defined in Paragraph 5 hereof), then the terms of Paragraph 5 shall govern the timing of the deposition(s) of such witness(es).  No individual in respect of whom any Sale Hearing Deposition Notice has been served (either as covered by this Paragraph 4 or Paragraph 5 below) shall be required to appear for more than one seven (7) hour deposition absent agreement of the parties or Order of the Court.

        5.        On or before 4:00 p.m. (prevailing Eastern Time) on **November 8, 2010**, the Debtors and the Sale Hearing Participants shall exchange among themselves their respective lists of all witnesses whose testimony such party anticipates presenting at the Sale Hearing (each such list, a "**Sale Hearing Witness List**" and collectively, "**Sale Hearing Witness Lists**"), together with each such witness's availability for deposition during the time period November 9 – November 15, 2010.  In no event will the Debtors nor any other Sale Hearing Participant be required to present the testimony of any person listed on their respective Sale Hearing Witness List at the Sale Hearing.  For witnesses on the Sale Hearing Witness Lists, the exchange of the Sale Hearing Witness Lists shall be in lieu of and shall be deemed to constitute Notice(s) for Depositions upon Oral Examination or subpoenas ("**Sale Hearing Deposition Notices**" and, together with Initial Sale Hearing Discovery Requests and the Supplemental Sale Hearing Discovery Requests, "**Permitted Sale Hearing Discovery**") pursuant to Federal Rules of Bankruptcy Procedure 7030 and 9014 and Federal Rule of Civil Procedure 30.  Nothing in this

Order will restrict the rights of the Sale Hearing Participants to object to a Sale Hearing Deposition Notice pursuant to grounds permissible under the Federal Rules of Civil Procedures, the Bankruptcy Code, or the Bankruptcy Rules, as applicable. Nothing in this order will restrict the rights of any Sale Hearing Participant to subpoena any third-party witness not otherwise scheduled for deposition or appearing on any party's Sale Hearing Witness List. A courtesy copy of any such subpoena shall be forwarded to all Sale Hearing Participants.

6. Promptly after the exchange of Sale Hearing Witness Lists, the Debtors shall distribute a tentative schedule with proposed dates and times of the deposition for each person identified in the Sale Hearing Witness Lists, which schedule shall include any witness identified in Paragraph 4 hereof that has not already been scheduled for deposition (the "**Sale Hearing Depositions**"). On or before November 9, 2010, the Debtors and the Sale Hearing Participants shall meet and confer in good faith in an effort to schedule all depositions at a time and place convenient to the parties and the witnesses. The depositions of the Debtors' employees or any individual or entity affiliated with the Debtors shall be conducted at the offices of Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022. Such location shall be available for all depositions, subject to the agreement of all Sale Hearing Participants. Court reporters shall be arranged by the Debtors; however, regardless of which party orders the court reporting service, any party may order any court reporting services it deems appropriate. The questioning parties shall coordinate in a good faith effort to complete depositions as expeditiously as possible, and if reasonably possible, within four (4) hours. Rule 30(d)(1) of the Federal Rules of Civil Procedure will govern the duration of all depositions. As stated in Paragraph 4, absent agreement of the parties or Order of the Court, no individual in

respect of whom a Sale Hearing Deposition Notice has been served shall be required to appear for more than one seven (7) hour deposition.

7.    Unless extended by the agreement of all parties or by the Court on good cause shown, all Sale Hearing Depositions shall be completed by **November 15, 2010** (the "**Sale Hearing Deposition Cutoff Date**").  The direct testimony of all Sale Hearing Witnesses shall be presented through written declaration, which declarations shall be served on all other Sale Hearing Participants no less than **24-hours** prior the scheduled deposition for the witness.

8.    Exhibit lists for the Sale Hearing shall be exchanged no later than 5:00 p.m. (prevailing Eastern Time) on **November 15, 2010**.

9.    Absent agreement of the parties or Order of the Court, no party in interest shall serve any discovery request in connection with the Sale Hearing that is outside the scope of Permitted Sale Hearing Discovery as defined herein.  In the event that a Sale Hearing Participant desires to serve a discovery request that does not qualify as Permitted Sale Hearing Discovery as defined herein, the prospective propounding and receiving parties shall promptly meet and confer regarding the propriety and timing of any such additional discovery.  If the parties cannot reach agreement regarding such additional discovery, the matter may be submitted to the Court for resolution in accordance with Section D(1) hereof.

**D.**    <u>Discovery Disputes</u>

1.    In the event that a discovery dispute arises, the disputing parties shall promptly meet and confer in good faith and attempt to resolve the dispute.  If that is unsuccessful, the disputing parties shall inform the Court of the existence of any such dispute via

telephone and the Court shall schedule a chambers conference, telephonic or in-person, as soon as reasonably practicable to resolve or rule upon any such issues involved in such dispute. Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery that is not the subject of any such dispute.

Dated: October 20, 2010
      New York, New York

                                                /s/Shelley C. Chapman
                                          HONORABLE SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE