**[EXHIBIT F]**

## BILL OF SALE

THIS BILL OF SALE, dated as of this ___ day of _____ 2010, by EBG Holdings LLC, a Delaware limited liability company ("Holdings"), Boston Generating, LLC, a Delaware limited liability company ("BGen"), Mystic I, LLC, a Delaware limited liability company ("Mystic I"), Fore River Development, LLC, a Delaware limited liability company ("FRD"), Mystic Development, LLC, a Delaware limited liability company ("Mystic Development"), BG Boston Services, LLC, a Delaware limited liability company ("BGBS"), and BG New England Power Services, Inc., a Delaware corporation (together with Holdings, BGen, Mystic I, FRD, Mystic Development and BGBS, "Sellers" and each a "Seller"), to _____, a _____ ("Buyer").

W I T N E S S E T H:

WHEREAS, pursuant to that certain Asset Purchase Agreement, dated as of August 7, 2010 (as amended, supplemented or otherwise modified from time to time, the "Purchase Agreement"), by and among Sellers, Buyer, and Guarantor (as defined therein), Sellers have agreed to sell, convey, assign, transfer and deliver all of its right, title and interest in the Acquired Assets (as defined in the Purchase Agreement) to Buyer, and Buyer has agreed to purchase and acquire such Assets from Sellers, all as more fully described in the Purchase Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the parties hereto hereby agree as follows:

1.    Defined Terms.  Capitalized terms that are used but not defined in this Bill of Sale shall have the meaning ascribed to such terms in the Purchase Agreement.

2.    Conveyance.  Each Seller does hereby sell, convey, assign, transfer and deliver to Buyer all of its right, title and interest in and to all of the Acquired Assets, free and clear of all Liens (other than Liens included in the Assumed Liabilities and Permitted Liens), to have and to hold such Acquired Assets to and for Buyer's use forever.

3.    Appointment.  Each Seller hereby constitutes and appoints Buyer, and its successors and assigns, as such Seller's true and lawful attorney, with full power of substitution, in such Seller's name and stead, by, on behalf of and for the benefit of Buyer, and its successors and assigns, to demand and receive any and all of the Acquired Assets transferred hereunder and to give receipts and releases for and in respect of the same, and any part thereof, and from time to time to institute and prosecute, at the expense and for the benefit of Buyer, and its successors and assigns, any and all proceedings at law, in equity or otherwise, which Buyer, and its successors or assigns, may deem proper for the collection or reduction to possession of any of the Acquired Assets transferred hereunder or for the collection and enforcement of any claim or right of any kind hereby sold, assigned, conveyed, transferred and delivered, and to do all acts and things in relation to the Acquired Assets transferred hereunder that Buyer, and its successors or assigns, shall deem desirable.

4.      <u>No Third Party Beneficiaries</u>.  Nothing in this Bill of Sale, express or implied, is intended to or shall confer upon any other Person or Persons any rights, benefits or remedies of any nature whatsoever under or by reason of this Bill of Sale.

5.      <u>Binding Effect; Assignment</u>.  This Bill of Sale shall be binding upon and inure solely to the benefit of Buyer and Sellers and their respective successors (whether by operation of Law or otherwise) and permitted assigns.

6.      <u>Governing Law</u>.  This Bill of Sale shall be construed and interpreted, and the rights of the parties shall be determined, in accordance with the substantive laws of the State of New York, without giving effect to any provision thereof that would require the application of the substantive laws of any other jurisdiction, except to the extent that such laws are superseded by the Bankruptcy Code.

7.      <u>Construction</u>.  This Bill of Sale is delivered pursuant to and is subject to the Purchase Agreement.  In the event of any conflict between the terms of the Purchase Agreement and the terms of this Bill of Sale, the terms of the Purchase Agreement shall prevail.

[Signature pages follow]

IN WITNESS WHEREOF, this Bill of Sale has been duly executed and delivered by the duly authorized officers of the parties hereto as of the date first above written.

SELLERS:

EBG HOLDINGS LLC

By:_____
Name:
Title:

BOSTON GENERATING, LLC

By:_____
Name:
Title:

MYSTIC I, LLC

By:_____
Name:
Title:

FORE RIVER DEVELOPMENT, LLC

By:_____
Name:
Title:

MYSTIC DEVELOPMENT, LLC

By:_____
Name:
Title:

BG BOSTON SERVICES, LLC

By:_____
Name:
Title:

*[Bill of Sale]*

BG NEW ENGLAND POWER SERVICES, INC.


By: _____
Name:
Title:

*[Bill of Sale]*

**[SCHEDULES]**

EXECUTION COPY

**DISCLOSURE SCHEDULE**

**TO THE**

**ASSET PURCHASE AGREEMENT**

**BY AND AMONG**

**CONSTELLATION HOLDINGS, INC.,**

**CONSTELLATION ENERGY GROUP, INC.,**

**AND**

**EBG HOLDINGS LLC,**

**BOSTON GENERATING, LLC,**

**MYSTIC I, LLC,**

**FORE RIVER DEVELOPMENT, LLC,**

**MYSTIC DEVELOPMENT, LLC,**

**BG BOSTON SERVICES, LLC**

**AND**

**BG NEW ENGLAND POWER SERVICES, INC.**

**DATED AS OF**

**August 7, 2010**

**EXECUTION COPY**

This Disclosure Schedule has been prepared and delivered in accordance with the Asset Purchase Agreement, dated as of August 7, 2010 (the "Agreement"), by and among EBG Holdings LLC, a Delaware limited liability company ("Holdings"), Boston Generating, LLC, a Delaware limited liability company ("BGen"), Mystic I, LLC, a Delaware limited liability company ("Mystic I"), Fore River Development, LLC, a Delaware limited liability company ("FRD"), Mystic Development, LLC, a Delaware limited liability company ("Mystic Development"), BG Boston Services, LLC, a Delaware limited liability company ("BGBS"), and BG New England Power Services, Inc., a Delaware corporation (together with Holdings, BGen, Mystic I, FRD, Mystic Development and BGBS, "Sellers" and each a "Seller"), Constellation Holdings, Inc, a Maryland corporation ("Buyer"), and Constellation Energy Group, Inc., a Maryland corporation ("Guarantor"). Unless the context otherwise requires, capitalized terms used but not defined in this Disclosure Schedule shall have the respective meanings assigned to such terms in the Agreement.

Buyer, Sellers and Guarantor acknowledge and agree that (i) neither this Disclosure Schedule nor any disclosure made in or by virtue of this Disclosure Schedule shall constitute or imply any representation, warranty, covenant, assurance or undertaking by the Company, except as expressly provided in the Agreement; (ii) information disclosed in any numbered part of this Disclosure Schedule shall be deemed to relate to and to qualify only the particular representation or warranty set forth in the corresponding numbered Section in the Agreement and shall not be deemed to relate to or qualify any other representation or warranty unless such relation or qualification is reasonably apparent; (iii) no reference to or disclosure of any item in this Disclosure Schedule shall be construed as an admission or indication that such item or other matter is material or that such item or other matter is required to be referred to or disclosed in this Disclosure Schedule; (iv) the section headings and subheadings in this Disclosure Schedule are for convenience of reference only and shall not be deemed to alter or affect the express description of the Disclosure Schedule and its sections as set forth in the Agreement and (v) unless otherwise indicated, the date of all sections of the Disclosure Schedule is the date of the Agreement.

Nothing in this Disclosure Schedule constitutes an admission of any liability or obligation of any Seller or any of its Affiliates to any third party, nor an admission against any Seller's or any of its Affiliates' interests.

EXHIBIT A TO SALE ORDER, PAGE 143

## Table of Contents

| | |
|---|---|
| **Schedule 1.2** | Specified Contracts |
| **Schedule 2.1(a)-1** | Owned Real Property |
| **Schedule 2.1(a)-2** | Leased Real Property |
| **Schedule 2.1(a)-3** | Entitled Real Property |
| **Schedule 2.1(c)** | Assumed Contracts |
| **Schedule 2.1(d)** | Permits |
| **Schedule 2.1(e)** | Inventory |
| **Schedule 2.1(m)** | Air Emissions Credits and Allowances |
| **Schedule 3.4** | Adjusted Net Working Capital Principles and Methodologies |
| **Schedule 4.3** | Governmental Approvals; Necessary Consents |
| **Schedule 4.8** | Litigation |
| **Schedule 4.9(a)** | Labor and ERISA Matters |
| **Schedule 4.9(b)** | Benefit Plans |
| **Schedule 4.9(e)** | Title IV Plans |
| **Schedule 4.12** | Validity of Permits |
| **Schedule 5.3** | Buyer Governmental Approvals |
| **Schedule 5.8** | ISO New England Ownership |
| **Schedule 6.18** | Credit Support Requirements |

EXHIBIT A TO SALE ORDER, PAGE 144

### Schedule 1.2

### Specified Contracts

**Credit Suisse Energy LLC**

| Name of Contract | Date of Contract |
|---|---|
| Schedule to ISDA Master Agreement | November 20, 2006 |
| Amended and Restated Schedule to ISDA Master Agreement | December 20, 2006 |
| ISDA Master Agreement by and between Credit Suisse Energy LLC and Boston Generating, LLC | December 20, 2006 |
| Confirmation: Financial Swap – Cash Settled (NEMA Hedge A) | December 20, 2006 |
| Confirmation: Financial Swap – Cash Settled Confirmation (NEMA Hedge B) | December 20, 2006 |
| Confirmation: Financial Put Swaption – Cash Settled Confirmation (NEMA Hedge A) | January 29, 2007 |
| Confirmation: Financial Put Swaption – Cash Settled Confirmation (NEMA Hedge B) | January 29, 2007 |
| Confirmation Amendment to Transactions Executed on December 20, 2006 and January 29, 2007 (NEMA Hedge A) | August 19, 2007 |
| Confirmation Amendment to Transactions Executed on December 20, 2006 and January 29, 2007 (NEMA Hedge A) | October 1, 2007 |
| Letter Agreement Consenting to Reduction of Party B LC Amount and Amending ISDA Master Agreement | March 27, 2008 |
| Confirmation Amendment to Transactions Executed on November 20, 2006 and restated on December 20, 2006 and January 29, 2007 and subsequently amended on October 1, 2007 | November 14, 2008 |
| Confirmation Amendment to Transactions Executed on November 20, 2006 and restated on December 20, 2006 and January 29, 2007 and subsequently amended on October 1, 2007 and on November 14, 3008 (NEMA Hedge A) | November 19, 2008 |

**Sequent Energy Management, L.P.**

| Name of Contract | Date of Contract |
|---|---|
| Fuel Management Agreement by and between Boston Generating, LLC and Sequent Energy Management, L.P. | April 1, 2008 |
| NAESB Base Contract between Sequent Energy Management, L.P. and Boston Generating, LLC | March 1, 2008 |
| Transaction Confirmation For Natural Gas (Mystic 7 Facility) | n/a |
| Transaction Confirmation For Natural Gas (Fore River | n/a |

4

| | |
|---|---|
| Facility) | |

**Sempra Energy Trading LLC**

| Name of Contract | Date of Contract |
|---|---|
| ISDA Master Agreement between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 |
| Schedule to the December 11, 2007 ISDA Master Agreement between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 |
| Credit Support Annex to the Schedule to the December 11, 2007 ISDA Master Agreement between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 |
| Paragraph 13 to the Credit Support Annex to the Schedule to the December 11, 2007 ISDA Master Agreement between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 |
| Confirmation of Financially-Settled Heat Rate Option between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 |
| ISDA Master Agreement between Sempra Energy Trading LLC and Boston Generating, LLC | December 18, 2008 |
| Amendment Agreement # 1 to December 18, 2008 ISDA Master Agreement between Sempra Energy Trading LLC and Boston Generating, LLC | January 15, 2009 |

**Schedule 2.1(a)-1**

**Owned Real Property**

| Owner | Metes and Bounds Description |
|---|---|
| Mystic I, LLC<br><br>Street Address:<br>173 Alford Street,<br>Charlestown, MA 02129 | Those certain parcels of land, consisting of both unregistered and registered land, together with the buildings and other improvements thereof, if any (collectively, such land, buildings and improvements shall be referred to herein as the "Premises") situated in the Town of Everett, Middlesex County and the City of Boston, Suffolk County in the Commonwealth of Massachusetts, shown as (i) unregistered parcels now or formerly owned by Sithe Mystic LLC; (ii) Lot 4 on Suffolk LCC 30557 and Lot 1 on Suffolk LCC 26243; (iii) Lot B on Middlesex LCC 34681; and (iv) Land Court Lot 15 on a plan entitled "Plan of Land Being a Subdivision of Lot D and Lot E Shown on LCC 2455B and Lot 10 and Lot 11 Shown on LCC 2455D in Everett, MA (Middlesex County)," dated December 18,2000, prepared by Beals and Thomas, Inc. filed with the Land Court Engineers in Boston on January 30,2001 as Plan No. 2455F (the "plan ), bounded and described as follows:<br><br>NORTHERLY by the southwestern sideline of Dexter Street, 466.02 feet;<br><br>EASTERLY by the unregistered portion of the Mystic Redevelopment Parcel, as shown on the Plan, 447.70 feet;<br><br>NORTHEASTERLY by the same, 137.57 feet;<br><br>EASTERLY by the same, in two courses measuring 57.27 feet and 126.37 feet, respectively;<br><br>NORTHERLY by the same, 80.01 feet;<br><br>NORTHEASTERLY by the same, 71.64 feet;<br><br>EASTERLY by the same, 207.31 feet;<br><br>EASTERLY, NORTHEASTERLY, AND EASTERLY by Lot 14, as shown on the plan, in three courses measuring 33.09 feet; 106.53 feet; and 1,029.46 feet respectively;<br><br>SOUTHERLY by the Extreme Low Water Line of the Mystic River, as shown on the Plan, in two courses measuring 676 feet +/- and 700 feet +/-, respectively;<br><br>NORTHERLY by the land of, or formerly of, the Commonwealth of Massachusetts, 40 feet;<br><br>WESTERLY by the same, 180 feet;<br><br>SOUTHERLY by the same, 106.10 feet;<br><br>WESTERLY by the same, 95.21 feet;<br><br>SOUTHERLY by the same, 63.49 feet;<br><br>WESTERLY by the Eastern sideline of Alford Street, as shown on the Plan, in |

EXHIBIT A TO SALE ORDER, PAGE 147

| Owner | Metes and Bounds Description |
|---|---|
| | four courses measuring 307.33 feet, 448.94 feet, 583.02 feet and 199.81 feet, respectively;<br><br>WESTERLY,                  by the intersection of Alford and Dexter Streets, as shown<br><br>NORTHWESTERLY       on the Plan, in three courses forming a curved line<br><br>AND NORTHERLY         measuring 32.66 feet, 27.73 feet and 79.97 feet respectively<br><br>The registered portion of the Premises consists of Lot B on Middlesex LCC 34681, Lot 4 on Suffolk LCC 30557 and Lot I on Suffolk LCC 26243 and Lot 15, as bounded and described as follows:<br><br>A certain parcel of registered land situated in Everett, Middlesex County, Massachusetts, shown as Lot 15 on the Land Court Plan No. 2455F.<br><br>According to the Plan, the approximate square footage of the parcels comprising the above described Premises are as follows:  (a) Lot 15 consists of 493,800 square feet +/-; (b) Lot B registered as Land Court Certificate No. 15041A consists of 21,004 square feet +/-; (c) the unregistered land comprising the remainder of the Premises located in the Town of Everett consists of 1,235,196 square feet +/-; and (d) the unregistered land in addition to land registered as Land Court Certificate No. 11006B located in the City of Boston consists of 128,054 square feet +/-.<br><br>Together with all the rights, title and interests of Sithe Mystic LLC created by that certain, Cross Easement Agreement by and between Sithe Mystic LLC and Sithe Mystic Development LLC recorded February 22, 2001 with Middlesex County Registry of Deeds in Book 32395, Page 429 and filed February 22,2001 with Middlesex County Registry District of the Land Court as Document No. 1163270.<br><br>Together with all easements and rights appurtenant to the Premises, but subject to all easements, covenants, conditions, reservations, restrictions and other matters, including without limitation all zoning, building and environmental land use laws, ordinances and regulations.<br><br>Together with Agreement to Establish Easements by and between Boston Gas Company and Sithe Mystic LLC dated January 31,2001 recorded on February 22,2001 with Middlesex County Registry of Deeds in Book 32341, Page 533.<br><br>Together with Cross Easement Agreement dated May 14, 1998 recorded on May 27, 1998 with Suffolk County Registry of Deeds in Book 22495, Page 12, and filed as Document No. 566883 and recorded with Middlesex County Registry of Deeds on May 27, 1998 in Book 28619, Page 446 and filed with Middlesex County Registry District of the Land Court on May 26, 1996 as Document No. 1066547, as affected by a Partial Release of Easement dated March 23,2000 recorded with Middlesex Registry of Deeds in Book 31476, Page 520.<br><br>Together with wharfing rights contained in Consent Agreement dated February 9,2001 by and between Hugo Neu Steel Products, Inc.; Proleride Transport Systems, Inc.; Sithe Mystic Development LLC and Sithe Mystic LLC recorded February 22,2001 with Middlesex County in Book 32395, Page 348; as affected by Assignment of Wharfing Rights Agreement by and |

| Owner | Metes and Bounds Description |
|---|---|
| | between Sithe Mystic Development LLC and Distrigas of Massachusetts LLC recorded with Middlesex County February 22,2001 in Book 32395, Page 379. |
| Mystic Development, LLC<br><br>Street Address:<br>39 Rover Street, Everett, MA 02149 | A certain parcel of land situated in the Commonwealth of Massachusetts, County of Middlesex, City of Everett and County of Suffolk, City of Boston, and shown as "MYSTIC STATION REDEVELOPMENT PARCEL" on a plan entitled "Plan of Land, Everett, MA (Middlesex County) and Boston, MA (Suffolk County)...", dated December 8, 1999, and last revised December 18, 2000 and prepared by Beals and Thomas, Inc.  More particularly bounded and described as follows:<br><br>Beginning at the most northwesterly corner of the premises and at the southerly sideline of Dexter Street and the most northeasterly corner of the Existing Mystic Station Parcel, thence running:<br><br>S 53 19 57 E        120.60 feet to a point, said last course being bounded by the southerly sideline of Dexter Street, thence turning and running;<br><br>N 3 6 3 4 4 0 E      49.33 feet to a point of curvature, thence running;<br><br>Northeasterly        by a curve to the right having a radius of 180.00 feet and a length of 47.85 feet to a point of compound curvature, said last two courses being bounded by the easterly sideline of Robin Street, thence running;<br><br>Southeasterly        by a curve to the right having a radius of 38.00 feet and a length of 38.58 feet to a point of compound curvature, thence running;<br><br>Southeasterly        by a curve to the right having a radius of 180.00 feet and a length of 52.27 feet to a point of tangency, thence running;<br><br>S 53 22 35 E        466.62 feet to a point, said last three courses being bounded by the southerly sideline of Rover Street, thence running;<br><br>S34 1208W          19.67 feet to a point, thence turning and running;<br><br>S 08 26 38 W        428.50 feet to a point, thence turning and running;<br><br>N8 12711 W          82.96 feet to a point, thence turning and running;<br><br>S 28 37 34 W        82.25 feet to a point, thence turning and running;<br><br>S 08 32 49 W        1,430 feet more or less, to the extreme low water line, said last five courses being bounded by land now or formerly of Hugo Neu Steel Products, Inc. and Proleride Transport Systems, Inc., thence running;<br><br>Westerly            by the extreme low water line as shown on Land Court Plan #2455-D, 434 feet more or less to a point, thence running;<br><br>N 08 32 49 E        1029 feet more or less to a point, thence turning and running; |

| Owner | Metes and Bounds Description |
|---|---|
| | N 5 0 0 2 2 9 W      106.53 feet to a point, thence turning and running; |
| | N 04 04 52 E      240.40 feet to a point, thence turning and running; |
| | N31 2501 W      71.64 feet to a point, thence turning and running; |
| | N 66 20 46 W      80.01 feet to a point, thence turning and running; |
| | N 23 53 39 E      126.37 feet to a point, thence turning and running; |
| | N 03 52 18 E      57.27 feet to a point, thence turning and running; |
| | N 24 05 48 W      137.58 feet to a point, thence turning and running; |
| | N 31 33 15 E      447.70 feet to the point of beginning, said last nine courses being bounded by the Existing Mystic Station Parcel as shown on said plan. |
| | Said Parcel includes the following parcel of Registered Land: |
| | - Middlesex - <br> Lot 10, L.C.C. 2455 D |
| | Together with terms and provisions of easements contained in Cross Easement Agreement by and between Sithe Mystic LLC and Sithe Mystic Development LLC dated January 31,2001 recorded on February 22,2001 in Book 32395, Page 429 and filed February 22,2001 as Document No. 1163270 |
| | Together with terms and provisions of and easements contained in Cross Easement Agreement dated May 14, 1998 recorded on May 27, 1998 with Suffolk County Registry of Deeds in Book 22495, Page 12, and filed with Suffolk County as Document No. 566883 and recorded with Middlesex County Registry of Deeds on May 27, 1998 in Book 28619, Page 445 and filed with Middlesex County Registry District of the Land Court on May 26, 1996 as Document No. 1066547; as affected by a Partial Release of Easement dated March 23,2000 and recorded with the Middlesex County Registry of Deeds in Book 31476, Page 520. |
| | Together with wharfing rights contained in Consent Agreement dated February 9, 2001 by and between Hugo Neu Steel Products, Inc.; Proleride Transport Systems, Inc.; Sithe Mystic Development LLC and Sithe Mystic LLC recorded February 22,2001 with Middlesex County in Book 32395, Page 348; as affected by Assignment of Wharfing Rights Agreement by and between Sithe Mystic Development LLC and Distrigas of Massachusetts LLC recorded with Middlesex County February 22,2001 in Book 32395, Page 379. |
| Fore River Development, LLC <br><br> Street Address: <br> 9 Bridge Street, | The property consisting of Lot C which is 2,525,500 sq. ft. or 58.0 acres and Parcel B which is 823,400 sq. ft. or 18.9 acres, some of which property is registered (described below) and those areas between the extreme low Water mark as shown in Land Court Plan 7785C and the Bulkhead Line and labeled "Limit of Work Authorized by License No. 931, (Deed Book 1811, Page 39), License No. 276 and License No. 177", as shown on that certain plan consisting of four sheets and entitled "Conveyancing Plan of Land, Bridge Street, Weymouth, MA (Norfolk County)" prepared by Beals and Thomas, Inc., dated May 11, 1998 recorded as Plan No. 335 of 1998 in Plan Book |

| Owner | Metes and Bounds Description |
|---|---|
| Weymouth, MA 02191 | 456.<br><br>The registered land within the Granted Premises consists of Lot C and Lot B as shown on Land Court Plan #7785C and as filed with the Norfolk Registry District of the Land Court.<br><br>There is excluded from Parcel B so much of the land as was included in the following:<br><br>• Taking by Massachusetts Water Resources Authority of rights and easements for sewer purposes dated August 11, 1999 recorded in Book 13666, Page 74 and filed as Document No. 836975.<br><br>There is excluded from Lot C so much of the land as was included in the following:<br><br>• So much of the insured premises as is included within the limits of Monatiquot Street as lies opposite Lot A shown on Land Court Plan #7785C, referenced in Land Court Certificate No. 152021.<br><br>The Reserved Easement Area is that property identified on the Conveyancing Plan of Land as Easement F, subsequently revised by Land Court Document No. 868852 identified as Easement F-1.<br><br>Together with all the rights, title and interests of Fore River Development LLC created by the following document(s):<br><br>Cross Easement Agreement dated May 14,1998 recorded in Book 12521, Page 165 and filed as Document No. 793427; as affected by Partial Release of Easement and Amendment to Cross Easement Agreement filed as Document No. 868852 and recorded in Book 14511, Page 56; as further affected by Second Amendment of Cross-Easement Agreement recorded on February 20,2001 in Book 14744, Page 434 and filed February 20,2001 as Document No. 877120. |

**Schedule 2.1(a)-2**

**Leased Real Property**

| Street Address of Leased Real Property | Lessor | Lessee |
| --- | --- | --- |
| The Schrafft Center<br>529 Main Street, Suite 605, Charlestown, Massachusetts 02129 | John J. Flatley and Gregory D. Stoyle, Trustees of The Schrafft's Nominee Trust | Boston Generating LLC |

11

**Schedule 2.1(a)-3**

**Entitled Real Property**

| | Title/Subject /Number | Parties | Effective Date | Term / Expiration Date | Comments and Notes |
|---|---|---|---|---|---|
| 6 MYSTIC STATION PARCEL, MYSTIC DEVELOPMENT PARCEL & MYSTIC STATION REDEVELOPMENT PARCEL | | | | | |
| 1 | Land Use Agreement | Boston Edison Company, Sithe Mystic LLC, Sithe Edgar LLC, Sithe Framingham LLC, Sithe New Boston LLC and Sithe West Medway LLC | 5/14/1998 | | |
| 2 | Cross Easement Agreement, as amended | Boston Edison Company and Sithe Mystic LLC | 5/14/1998 | Perpetual[1] | Amendment to Cross Easement, dated 1/31/01 alters the easement rights over Easements H, G, and F |
| 3 | Cross Easement Agreement | Sithe Mystic, LLC and Sithe Mystic Development LLC | 1/31/2001 | Perpetual[2] | |
| 4 | ALTA/ACS M LAND TITLE SURVEY | Prepared by Beals and Thomas, Inc. | 5/11/98, updated as of 11/22/04 and 12/15/06 | | The Survey lists approximately twelve (12) encroachments, which are affirmatively insured pursuant to the Loan Policies of Title Insurance. |
| 5 | Gas Facilities Easement | Mystic Development LLC and Distrigas of Massachusetts LLC | 7/1/2001 | Indefinite, may be terminated by either party upon recording of a termination notice with the Middlesex South Registry of Deeds | Easement was recorded in 2008. |

---

[1] Unless the facility with respect to which the easement is established is totally removed, destroyed or demolished, unless such facility is restored with notice and the parties execute a continuance or extension of the Easement. If the facility is removed, destroyed or demolished and not restored, the Easement terminates thirty (30) days thereafter.

[2] Unless the facility with respect to which the easement is established is totally removed, destroyed or demolished, unless such facility is restored with notice and the parties execute a continuance or extension of the Easement. If the facility is removed, destroyed or demolished and not restored, the Easement terminates thirty (30) days thereafter.

EXHIBIT A TO SALE ORDER, PAGE 153

| | FORE RIVER PARCELS | | | | |
|---|---|---|---|---|---|
| | **Title/Subject /Number** | **Parties** | **Effective Date** | **Term / Expiration Date** | **Comments and Notes** |
| 1 | Easement Agreement | Fore River Development, LLC and Boston Gas Company d/b/a KeySpan Energy Delivery New England | 8/16/2005 | Permanent and perpetual | Easement-in-gross allows installation of underground gas mains and access to same. Easement runs with the land and is binding on the parties' successors and assigns. |
| 2 | Easement reserved in deed, as further described in Cross Easement Agreement, as amended | Boston Edison Company and Sithe Edgar LLC | 5/14/1998 | Perpetual[3] but easement may be release by written instrument | Easement-in-gross allows BECo to maintain transmission and distribution facilities in easement area, along with access to same, as if BECo owned the easement area land in fee simple. Partial Release and Amendment, dated 5/11/00, alters the areas subject to the easements. Second Amendment, dated 1/29/01, grants additional easements to Sithe Edgar for interconnection, drainage, and access. |
| 3 | Related Facilities Agreement | New England Power Company and Sithe Fore River Development LLC | 5/25/2001 | Indefinite, may be terminated by either party upon completion of work | Agreement details NEP's obligation to replace or relocate interconnection facilities and Sithe's obligations to pay for same. |
| 4 | Irrevocable License Agreement | Boston Edison Company and Sithe Edgar, LLC | 5/11/2000 | Perpetual and irrevocable by BECo, may be unilaterally terminated by Sithe | Agreement grants Sithe a license to construct and maintain a utility conduit inside a tunnel owned by BECo. This license does not constitute an interest in real estate. Agreement includes a right of first refusal for Sithe to purchase the tunnel, if BECo receives some other offer to purchase it. |
| 5 | License Agreement, | MWRA and Sithe Edgar, LLC | 11/24/1999 | Was to expire 6/30/03, | Agreement grants MWRA a license to enter certain Sithe land for |

---

[3] Unless the facility with respect to which the easement is established is totally removed, destroyed or demolished, unless such facility is restored with notice and the parties execute a continuance or extension of the Easement. If the facility is removed, destroyed or demolished and not restored, the Easement terminates thirty (30) days thereafter.

EXHIBIT A TO SALE ORDER, PAGE 154

| | | | | | |
|---|---|---|---|---|---|
| | as amended | | | extended through 3/24/04 | construction storage and access purposes, and for Sithe to enter certain MWRA land for any purpose. |
| 6 | Land Use Agreement | Boston Edison Company, Sithe Mystic LLC, Sithe Edgar LLC, Sithe Framingham LLC, Sithe New Boston LLC, and Sithe West Medway LLC | 5/14/1998 | None specified | Sithe agrees to grant BECo an easement for nominal consideration over Sithe's land to reach BECo's easement area, if Sithe determines such an easement is desirable. BECo shall allow Sithe to run a pipe through BECo's Fore River Tunnel, which rights shall be formalized in a separate license agreement. Other provisions do not affect locus property. |
| 8 | Closing Agreement, as amended | Boston Edison Company, Sithe Energies, Inc., Sithe New England Holdings LLC, and Sithe Edgar LLC | 5/15/1998 | None specified | Agreement describes adjustments to be made to purchase price and property to be conveyed in case MWRA acts upon proposal to take land within locus under eminent domain, along with BECo's obligation to remove certain facilities and conduct a Phase II environmental study.<br><br>Supplement dated 10/29/99 refines the party's obligations to complete the outstanding work.<br><br>Second Supplement dated 4/14/06 describes allocation of and ongoing rights to contest MWRA eminent domain award. |
| 9 | ALTA/ACSM LAND TITLE SURVEY | Prepared by Beals and Thomas, Inc. | 7/21/1998, most recently updated 12/15/2006 | | The Survey lists approximately twenty-one (21) encroachments, which shall be affirmatively insured pursuant to the Commitment for Title Insurance described below. |
| 10 | Conservation Restriction | Fore River Development, LLC and Town of Weymouth | 8/13/2007 | Perpetual | Conservation Restriction was recorded in 2009. |

EXHIBIT A TO SALE ORDER, PAGE 155

**Schedule 2.1(c)**

**Assumed Contracts**[4]

[Provided under separate cover]

---

[4] The inclusion of a contract, lease or other agreement on this Schedule does not constitute an admission that such contract, lease or other agreement is an executory contract or unexpired lease or that such contract or lease will be assumed by the Sellers and assigned to the Buyer pursuant to Section 365 of the Bankruptcy Code.  The Sellers reserve all of its rights, claims and causes of action with respect to the contracts, leases and other agreements listed herein.

EXHIBIT A TO SALE ORDER, PAGE 156

## Schedule 2.1(c)[1]

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 1. | Boston Edison Company<br><br>Sithe Energies, Inc. | Interconnection and Operation Agreement between Boston Edison Company and Sithe Energies, Inc. | December 10, 1997 | Boston Edison Company, 800 Boylston Street Boston, MA 02199<br><br>Sithe Energies, Inc., 450 Lexington Avenue New York, NY 10017 | | Interconnection and Operation Agreement- 1.5.1.13 | |
| 2. | Boston Edison Company<br><br>Sithe Energies, Inc.<br><br>Sithe Mystic, LLC<br><br>Sithe New Boston, LLC<br><br>Sithe Edgar, LLC<br><br>Sithe West Medway, LLC<br><br>Sithe Framington, LLC<br><br>Sithe Wyman, LLC | Agreement Regarding Obligations under Interconnection and Operation Agreement | May 15, 1998 | | | | |
| 3. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | December 20, 2006 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Confirmation Letter Agreement (Financial Swap- Cash Settled- NEMA Hedge A | |

[1] The inclusion of a contract, lease or other agreement on this Schedule does not constitute an admission that such contract, lease or other agreement is an executory contract or unexpired lease or that such contract or lease will be assumed by the Seller and assigned to the Buyer pursuant to Section 365 of the Bankruptcy Code.  The Seller reserves all of its rights, claims and causes of action with respect to the contracts, leases and other agreements listed herein.

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | | | | | | Swap) -2.6.2.1 (see also 2.6.2.8) | |
| 4. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | January 29, 2007 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Confirmation Letter Agreement (Financial Put Swaption- Cash Settled- NEMA A Put Swaption)-2.6.2.2 (see also 2.6.2.9 and 2.6.4.46) | |
| 5. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | December 20, 2006 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Confirmation Letter Agreement (Financial Swap- Cash Settled- NEMA Hedge B Swap) -2.6.2.3 | |
| 6. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | January 29, 2007 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Confirmation Letter Agreement (Financial Put Swaption- Cash Settled- NEMA B Put)-2.6.2.4 | |
| 7. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | ISDA Master Agreement | December 20, 2006 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010, Attn: Head of Credit Risk Management; Head of OTC Operations- Operations Department; Head of Documentation Group- Securities Division; Legal and | | ISDA Master Agreement attaching the Schedule to the 1992 ISDA Master Agreement-2.6.2.5 | |

2

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | | | | Compliance Department | | | |
| 8. | Credit Suisse Energy LLC

Boston Generating, LLC | Schedule to the 1992 ISDA Master Agreement dated as of November 20, 2006 | November 20, 2006 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010, Attn: Head of Credit Risk Management; Head of OTC Operations- Operations Department; Head of Documentation Group- Securities Division; Legal and Compliance Department | | Schedule to the 1992 ISDA Master Agreement-2.6.2.6 | |
| 9. | Credit Suisse Energy LLC

Boston Generating, LLC | Confirmation Amendment | November 14, 2008 | | | Confirmation Amendment attaching Confirmations-2.6.2.11 | |
| 10. | Credit Suisse Energy LLC

Boston Generating, LLC | Confirmation Amendment | November 19, 2008 | | | Confirmation Amendment attaching confirmations-2.6.2.12 | |
| 11. | Sempra Energy Trading LLC

Boston Generating, LLC | ISDA Master Agreement dated as of December 11, 2007 | December 11, 2007 | Sempra Energy Trading LLC, 58 Commerce Road, Stamford, CT 06902 | | ISDA Master Agreement- ClientNet subfolder 7/6

(removed from the datasite per the 2007 ISDA Master Agreement Schedule confidentiality provision) | |

3

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 12. | [Guarantee from Credit Suisse USA] | | April 4, 2005 | | | | |
| 13. | City of Everett<br><br>Sithe Mystic LLC | Tax Increment Financing Agreement by and between City of Everett and Sithe Mystic LLC | December 10, 1999 | City of Everett, City Hall, 484 Broadway, Everett, MA 02149, Attn: Assessor | | Tax Increment Financing Agreement-3.3.1 (see also 4.3.2)<br><br>-Site Amendment-3.3.2<br><br>-Tax Increment Financing Plan- 3.3.3 | |
| 14. | City of Everett<br><br>Sithe Mystic LLC | Agreement for Payment in Lieu of Taxes | December 10, 1999 | | | Sets forth annual payments to be made to the city-3.3.4 (see also 4.3.1)<br><br>-Letter confirming agreement (3.3.5)<br><br>-Tax Agreement Memo (3.3.7) | |
| 15. | Boston Gas Company<br><br>Mystic I, LLC | KeySpan 365 Day Firm Transportation Service Agreement | November 30, 2007 | KeySpan Energy Delivery New England, 52 Second Avenue, Waltham, MA 02451, Manager- Key Accounts | | Firm Transportation Services Agreement Extension-3.6.1.3<br><br>-Letter Extending Agreement through 2010- 3.6.1.4 | |
| 16. | Distrigas of Massachusetts | Amended and Restated  Firm Gas Sales and Purchase | December 3, | Distrigas of Massachusetts LLC, One Liberty Square, | Distrigas of Massachusetts | Governs the purchase and sale of gas- | |

4

EXHIBIT A TO SALE ORDER, PAGE 160

|  | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |  |
|---|---|---|---|---|---|---|---|
|  | LLC<br><br>Mystic Development, LLC | Agreement between Distrigas of Massachusetts LLC and Mystic Development, LLC dated as of December 3, 2007 | 2007 | 10th Floor, Boston, MA 02109, Attn: VP Sales & Transportation | LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: Contract Administrator (Invoices) | 4.6.1.1.1 and 4.6.1.1.2 |  |
| 17. | Distrigas of Massachusetts LLC<br><br>Mystic Development, LLC | Gas Facilities Easement Agreement | July 1, 2001 |  |  | Grant of easements to facilitate the transfer of gas- 4.6.1.1.6 |  |
| 18. | Distrigas of Massachusetts LLC<br><br>Mystic I, LLC | Non-Firm Gas Sales and Purchase Agreement between Distrigas of Massachusetts LLC and Mystic I, LLC | April 11, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: VP Sales and Transportation | For Invoices:<br><br>Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: Contract Administrator | Governs the purchase and sale of gas- 4.6.1.1.8 |  |
| 19. | SUEZ Energy North America<br><br>Mystic Development, LLC | Guaranty by SUEZ Energy North America in favor of Mystic Development, LLC | April 23, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: VP Sales and Transportation |  | Parent Guaranty of obligations of Distrigas under the Firm Gas Sales and Purchase agreement between Distrigas and Mystic Development, LLC 4.6.1.1.9 |  |

5

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 20. | Hugo Neu Steel Products, Inc., Proleride Transport Systems, Inc. Distrigas of Massachusetts LLC Sithe Mystic LLC Sithe Mystic Development | Letter Agreement | February 9, 2001 | | | Agreement clarifying certain payment provisions- 4.6.1.2; 1.5.2.36 | |
| 21. | Hugo Neu Steel Products, Inc., Proleride Transport Systems, Inc. Boston Edison Company | Agreement | June 30, 1983 | | | Agreement regarding use of Wharf (not provided in data room) | |
| 22. | Hugo Neu Steel Products, Inc. Proleride Transport Systems, Inc. Distrigas of Massachusetts LLC | Easement Agreement | February 9, 2001 | For Hugo Neu Steel Products, Inc. and Proleride Transport Systems, Inc.: Rover Street, P.O. Box 0048, Everett, Massachusetts 02149, Attn: General Manger Distrigas of Massachusetts LLC: 18 Rover Street, Everett, Massachusetts 02149, Attn: Terminal Manager | | 4.6.1.3; 1.5.2.39 | |

6

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 23. | Hugo Neu Steel Products, Inc.<br><br>Proleride Transport Systems, Inc.<br><br>Distrigas of Massachusetts LLC<br><br>Sithe Mystic LLC<br><br>Sithe Mystic Development LLC | Consent Agreement | February 9, 2001 | For Hugo Neu Steel Products, Inc. and Proleride Transport Systems, Inc.:<br><br>Rover Street, P.O. Box 0048, Everett, MA 02149, Attn: General Manger<br><br>And<br><br>Hugo Neu Corporation, 79 Fifth Avenue, NY, NY 10003, Attn: Donald W. Harnaker, President<br><br>Distrigas of Massachusetts LLC:<br><br>One Liberty Square, Boston, MA 02109, Attn: President<br><br>And<br><br>Distrigas of Massachusetts LLC: 18 Rover Street, Everett, MA 02149 | | Consent to the assignment by Sithe Mystic LLC to Sithe Mystic Development LLC and clarifying certain rights and payments to be made- 4.6.1.4 | |
| 24. | Distrigas of Massachusetts LLC (the successor by conversion of Distrigas of Massachusetts Corporation)<br><br>Sithe Mystic Development | Agreement | September 18, 2000 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: VP Sales & Transportation | | Partial waiver of gas supply contract condition.–1.5.2.38 | |

7

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | LLC | | | | | | |
| 25. | Prolerized New England Distrigas of Massachusetts LLC (the continuation of Distrigas of Massachusetts Corporation under Section 266 of the Delaware Corporation Law) | Terms of Agreement (summary) | September 12, 2000 | Prolerized New England, Rover Street, P.O. Box 0048, Everett, MA 02149 (PNE is referenced as an affiliate of Hugo Neu- see 1.5.2.36)<br><br>Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: VP Sales & Transportation | | Summary of agreement terms with respect to use of shared wharf facility– 1.5.2.37 | |
| 26. | Distrigas of Massachusetts LLC Sithe Mystic Development LLC | Assignment of Wharfing Rights Agreement | February 9, 2001 | For Hugo Neu Steel Products, Inc. and Proleride Transport Systems, Inc.:<br><br>Rover Street, P.O. Box 0048, Everett, MA 02149, Attn: General Manger<br><br>And<br><br>Hugo Neu Corporation, 79 Fifth Avenue, New York, NY 10003, Attn: Donald W. Harnaker, President<br><br>Distrigas of Massachusetts LLC:<br><br>One Liberty Square, Boston, MA 02109, Attn: | | Sithe Mystic Development LLC fulfilling its obligations under a certain gas contract by assign certain parcel to Distrigas of Massachusetts LLC - 4.6.1.5 | |

NY\1673968.5

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | | | | President<br><br>And<br><br>Distrigas of Massachusetts LLC: 18 Rover Street, Everett, MA 02149 | | | |
| 27. | Boston Edison Company<br><br>Mystic Development LLC | Interconnection Agreement between Mystic Development LLC and Boston Edison Company | Effective March 6, 2001 | NSTAR Electric & Gas Company, One NSTAR Way, NE240, Westwood, MA 02090-9003, Attn: Lead Transmission Asset Management Liaison | | Letter attaching non-executed Interconnection Agreement-4.6.2.1; 1.5.2.85 | |
| 28. | Mitsubishi Heavy Industries America, Inc.<br><br>Sithe Mystic Development LLC | Long term service agreement dated as of November 6, 2000 between Sithe Mystic Development LLC and Mitsubishi Heavy Industries America, Inc. | November 6, 2000 | Mitsubishi Heavy Industries America, Inc., 610 Crescent Executive Court, Suite 220, Lake Mary, FL 32746, Attn: Yoshihiro Shiraiwa | | Long Term Service Agreement -4.6.3.1 (same document filed under 1.5.2.45, 1.5.2.44, 4.10.1.10 and 4.10.1.25) | |
| 29. | Mitsubishi Heavy Industries America, Inc.<br><br>Sithe Mystic Development LLC | Amendment Agreement | January 31, 2001 | Mitsubishi Heavy Industries America, Inc., 610 Crescent Executive Court, Suite 220, Lake Mary, FL 32746, Attn: Yoshihiro Shiraiwa | | Amendment to Long Term Service Agreement-4.6.3.2 | |
| 30. | Mitsubishi Power Systems Americas, Inc.<br><br>Mitsubishi Heavy Industries America, Inc. | Second Amendment Agreement | May 27, 2009 | | | Second Amendment to Long Term Service Agreement-4.6.3.3 | |

9

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | Sithe Mystic Development LLC | | | | | | |
| 31. | Mitsubishi Heavy Industries, Ltd.<br><br>Sithe Mystic Development LLC | Guarantee Agreement between Sithe Mystic Development LLC, as Buyer and Mitsubishi Heavy Industries, Ltd. as Guarantor | November 6, 2000 | Mitsubishi Heavy Industries, Ltd., 3-1, Minatomirai 3-Chome, Nishi-Ku, Yokohama 220-8401 Japan, Attn: General Counsel | | Guarantor guarantees to Buyer the punctual and full performance and payment of each and every obligation of Mitsubishi Heavy Industries, Inc.-4.6.3.4, 1.5.2.45; 1.5.2.44 | |
| 32. | Mystic Development, LLC and Mitsubishi Power Systems, Inc. | Not provided | June 8, 2010 [Issue Date] | Mitsubishi Power Systems, Inc., 2287 Premier Row, Orlando, FL 32809, Attn: Jeff Phelan [this is the address that is provided on the form, but it is not listed as "notice" address] | | Purchase Order MYN-2010-00553 (this document is part of the LTSA- effective November 28, 2009) | |
| 33. | Mystic Development, LLC and Mitsubishi Power Systems, Inc. | None | June 8, 2010 [Issue Date] | Mitsubishi Power Systems, Inc., 2287 Premier Row, Orlando, FL 32809, Attn: Jeff Phelan [this is the address that is provided on the form, but it is not listed as "notice" address] | | Purchase Order MYN-2010-00554 (issued in accordance with the Long Term Service Agreement dated May 25, 2010 between Mystic Development, LLC and Mitsubishi Power Systems, Inc.) | |
| 34. | Mystic Development, LLC and Mitsubishi Power | Long Term Service Agreement dated May 25, | May 25, 2010 | Mitsubishi Power Systems Americas, Inc., 2287 | | Long Term Service | |

10

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | Systems Americas, Inc. | 2010 between Mystic Development, LLC and Mitsubishi Power Systems Americas, Inc. | | Premier Row, Orlando, FL 32809, Attn: Mystic LTSA Program Manager, w/ a copy to General Counsel. | | Agreement | |
| 35. | Distrigas of Massachusetts LLC<br><br>Suez LNG NA LLC<br><br>Mystic I, LLC<br><br>Mystic Development, LLC<br><br>Exelon New England Holdings, LLC | Settlement Agreement and General Release | 2008 | | | Settlement Agreement relating to the Firm Gas Sales Purchase Agreement (fully executed- all parties signed and dated April 18, 2008)-4.7.1 | |
| 36. | Town of Weymouth<br><br>Sithe Edgar, LLC (assigned to Sithe Fore River Development, LLC in January 2001) | Tax Increment Financing Agreement by and between Town of Weymouth and Sithe Edgar, LLC | November 22, 1999 | Town of Weymouth, 75 Middle Street, Weymouth, MA 02189, Attn: James F. Clarke, Director of Planning and Community Development | | Tax Increment Financing Agreement - 5.3.1<br><br>(assignment to Sithe Fore River Development – 1.5.2.89) | |
| 37. | Sequent Energy Management, L.P.<br><br>Boston Generating, LLC | Fuel Management Agreement dated as of April 1, 2008 by and between Boston Generating, LLC as Owner, and Sequent Energy Management, L.P. as Fuel Manager | April 1, 2008 | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Contract Administrator | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Contract Administrator | Fuel Management Agreement-5.6.1.6.1 | |

11

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 38. | Sequent Energy Management, L.P. Boston Generating, LLC | Base Contract for Sale and Purchase of Natural Gas | March 1, 2008 | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Contract Administrator | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Gas Accounting | Contract for the sale and purchase of gas - 5.6.1.6.4 | |
| 39. | Sequent Energy Management, L.P. Boston Generating, LLC | Transaction Confirmation for Natural Gas (Mystic 7) | April 1, 2008 | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Contract Administrator | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Gas Accounting | Transaction confirmation for natural gas 5.6.1.6.2 | |
| 40. | Sequent Energy Management, L.P. Boston Generating, LLC | Transaction Confirmation for Natural Gas (Fore River) | April 1, 2008 | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Contract Administrator | Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Gas Accounting | Transaction confirmation for natural gas 5.6.1.6.3 | |
| 41. | AGL Resources Inc. Boston Generating, LLC | Guaranty Agreement | March 28, 2008 | AGL Resources Inc., Ten Peachtree Place, Atlanta, GA 30309, Attn: Chief Financial Officer, send copy to same address, but Attn: VP and Treasurer | | Guaranty | |
| 42. | Boston Edison Company Sithe Fore River Development LLC | Interconnection Agreement between Sithe Fore River Development LLC and Boston Edison Company | October 23, 2000 | NSTAR Services Company, 800 Boylston Street, P-1603, Boston, MA 02199, Attn: Lead | | Interconnection Agreement-5.6.2.1; 1.5.2.48 | |

NY\1673968.5

|  | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  | Transmission Asset Management Liaison |  |  |  |
| 43. | Mitsubishi Heavy Industries America, Inc. Sithe Fore River Development LLC | Long Term Service Agreement dated as of December 8, 2000 between Sithe Fore River Development LLC and Mitsubishi Heavy Industries America, Inc. | December 8, 2000 | Mitsubishi Heavy Industries America, Inc., 610 Crescent Executive Court, Suite 220, Lake Mary, FL 32756, Attn: Yoshihiro Shiraiwa |  | Long Term Service Agreement-5.6.3.4; 1.5.2.67 |  |
| 44. | Mitsubishi Heavy Industries America, Inc. Sithe Fore River Development LLC | Guarantee Agreement between Sithe Fore River Development LLC, as Buyer and Mitsubishi Heavy Industries Ltd., as Guarantor dated as of December 8, 2000 | December 8, 2000 | Mitsubishi Heavy Industries, Ltd., 31, Minatomirai 3 Chome, Nishu Ku, Yokohama, 220 8401 Japan, Attn: General Counsel |  | Relating to the supply of parts and services - 5.6.3.5; 1.5.2.68 |  |
| 45. | Alonquin Gas Transmission, LLC Fore River Development, LLC | Operational Balancing Agreement | September 1, 2004 | Alonquin Gas Transmission, LLC P.O. Box 1642 Houston, TX 77251-1642 Attn: Capacity Scheduling |  | Balancing Agreement (5.6.1.7) |  |
| 46. | Integrated IT Solutions, Inc. | Service Provider Agreement | January 1, 2010 through December 31, 2010 | 159 Overland Road, 3rd Floor, Waltham, MA 02451 |  | IT service agreement-7.4.4.9 |  |
| 47. | Boston Generating LLC and Clean Harbors Environmental Services | Master Service Agreement No. 2009-MSA-0002 by and between Boston | August 25, 2009 | Clean Harbors Environmental Services, Inc., 609 Pleasant Street, |  | Master Service Agreement -2.6.4.11 |  |

13

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | Inc. | Generating LLC and Clean Harbors Environmental Services Inc. as Contractor dated as of August 25, 2009 | | Weymouth, MA 02189 | | | |
| 48. | O' Connor Corporation and Boston Generating, LLC | Master Services Agreement No.2010-MSA-0005 by and among Boston Generating, LLC and O'Connor Corporation as Contractor dated as of February 12, 2010 | February 12, 2010 | O'Connor Corporation, 45 Industrial Drive, Canton, MA 02021 | | Letter attaching the Master Service Agreement – 2.6.4.13 | |
| 49. | Fore River Development, LLC and Dekomte, LLC | Master Services Agreement No. 2009-FR-LTSA-0001 by and between Fore River Development, LLC and Dekomte de Temple, LLC as Contractor dated as of July 1, 2009 | July 1, 2009 | Dekomte, LLC, 1556 Golf Course Road, Newport, TN 37821 | | Master Services Agreement – 2.6.4.7 | |
| 50. | Boston Generating, LLC and New England Controls, Inc. | Services Agreement No. 2009-MSA-0004 by and between Boston Generating, LLC and New England Controls, Inc. as Contractor dated as of September 10, 2009 | September 10, 2009 | New England Controls, Inc., 9 Oxford Road, Mansfield, MA 02048 | | Services Agreement – 2.6.4.12 | |
| 51. | Boston Generating, LLC and American Electrical Testing Co., Inc. | Master Services Agreement No. 2009-MSA-0005 by and between Boston Generating, LLC and | September 21, 2009 | American Electrical Testing Co., Inc., 480 Neponset Street, Building 3, P.O. Box 267, Canton, | | Master Services Agreement – 2.6.4.2 | |

14

EXHIBIT A TO SALE ORDER, PAGE 170

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | | American Electrical Testing Co., Inc. as Contractor dated as of September 21, 2009 | | MA 02021 | | | |
| 52. | Boston Generating, LLC and Bearing Distributors, Incorporated (BDI) | Boston Generating, LLC Master Purchase Agreement No. 2009-MSA-0006 Lead Sheet | October 1, 2009 | Bearing Distributors, Incorporated (BDI), 8000 Hub Parkway, Cleveland, Ohio 44125 | | Master Purchase Agreement Lead Sheet attaching Letter re: description of goods and volume and the MPA and Purchase Order terms and conditions – 2.6.4.1 | |
| 53. | Siemens Water Technologies Corp. and Fore River Development, LLC | Siemens Mobile Di Service Agreement Proposal No. 291646 | March 23, 2010 | | | Mobile Di Service Agreement - 2.6.4.17 | |
| 54. | Boston Generating, LLC and Carrier Corporation | Master Services Agreement No. 2010-MSA-0003 by and between Boston Generating, LLC and Carrier Corporation as Contractor dated as of February 10, 2010 | February 10, 2010 | Carrier Corporation, 780 Dedham Street- Suite 100, Canton, MA 02021 | | Master Services Agreement – 2.6.4.3 | |
| 55. | Boston Generating, LLC and Keystone Construction & Maintenance Services, Inc. | | | Keystone Construction & Management Services, Inc., 62 Forest Ridge Drive, Rowley, MA 01969 | | Signature page to Agreement No. 2010-MSA-0006 – 2.6.4.10 | |

15

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 56. | Fore River Development, LLC and Rockwell Automation, Inc. | Fore River Development, LLC Master Purchase Agreement, No. 2010-0001-GC Lead Sheet | January 1, 2010 | Rockwell Automation, Inc., 100 Nickerson Road, Marlborough, MA 01752 | | Master Purchase Agreement - 2.6.4.8 | |
| 57. | Boston Generating, LLC and Sempra Energy Trading LLC | Confirmation | December 11, 2007 | | | Confirmation re: Financially-Settled Heat Rate Option -– 2.6.4.80 | |
| 58. | Boston Generating, LLC and Sempra Energy Trading LLC | ISDA Master Agreement | December 11, 2007 | | | ISDA Master Agreement -– 2.6.4.83 | |
| 59. | Boston Generating, LLC and Sempra Energy Trading LLC | Schedule to ISDA Master Agreement dated as of December 11, 2007 between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 | Sempra Energy Trading LLC 58 Commerce Road, Stamford, CT 06902 Attn: Jean –Paul St. Germain | | Schedule to ISDA Master Agreement | |
| 60. | Boston Generating, LLC and Sempra Energy Trading LLC | ISDA Credit Support Annex to the Schedule to the ISDA Master Agreement dated as of December 11, 2007 between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 | | | 2.6.4.82 | |
| 61. | Boston Generating, LLC and Sempra Energy | | | | Address for transfers: | Credit Support Annex (paragraph 13- | |

16

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | Trading LLC | | | | Sempra Energy Trading LLC 58 Commerce Road, Stamford, CT 06902 | Elections and Variables) - – 2.6.4.82 | |
| 62. | Boston Generating, LLC, Sempra Energy Trading LLC, and The Royal Bank of Scotland | Novation Agreement | December 11, 2007 | The Royal Bank of Scotland plc, c/o RBS Global Banking & Markets, 135 Bishopsgate, London EC2M 3UR Attn: Head of Group Legal, Global Banking & Markets | | Novation Agreement- transfer by novation from Sempra Energy Trading LLC to The Royal Bank of Scotland | |
| 63. | Boston Generating, LLC and Sempra Energy Trading LLC | Guaranty | November 27, 2007 | Sempra Energy, 101 Ash Street, San Diego, CA 92101, Attn: Chief Financial Officer | | Guaranty- to induce Boston Generating LLC to enter into ISDA Master Agreement dated December 11, 2007 – 2.6.4.86 | |
| 64. | Sempra Energy Trading LLC  Boston Generating, LLC | Guarantee Amendment | December 18, 2008 | Not provided | | Guarantee Amendment  (removed from the datasite per the 2008 ISDA Master Agreement Schedule confidentiality provision) | |

17

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 65. | Sempra Energy Trading LLC<br><br>Boston Generating, LLC | Guarantee Amendment | January 2, 2009 | Not provided | | Guarantee Amendment<br><br>(removed from the datasite per the 2008 ISDA Master Agreement Schedule confidentiality provision) | |
| 66. | Boston Generating, LLC and Arrow Syndicate 1910 | Arrow Syndicate 1910 Outage Insurance Policy | January 1, 2009 (Policy A)<br><br>January 2, 2010 (Policy B) | Southwest Business Corporation, c/o Jim Hickman, 7300 College Blvd, Suite 300, Overland Park, KS 66210 [former address]<br><br>Southwest Business Corporation, 13420 Briar Street, Suite C, Leawood, KS 66209<br>Attn: Kurt Ness, Vice President- Origination [new address] [neither address is listed as a "notice" address] | | Arrow Syndicate 1910 Insurance Policy -– 2.6.4.48 | |
| 67. | Boston Generating, LLC and Credit Suisse Energy LLC | Confirmation Amendment | August 19, 2007 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 [does not indicate whether this is a "notice" address] | | Confirmation Amendment- Amendment to Transactions Executed on December 20, 2006 and January 29, 2007 | |

NY\1673968.5

EXHIBIT A TO SALE ORDER, PAGE 174

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| | | | | | | for Reference Hedge: NEMA Hedge A - 2.6.2.7 & 2.6.4.50 | |
| 68. | Credit Suisse Energy LLC  Boston Generating, LLC | Letter Agreement Consenting to Reduction of Party B LC Amount and Amending ISDA Master Agreement | March 27, 2008 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Letter Agreement- 2.6.4.47 | |
| 69. | Credit Suisse Energy LLC  Boston Generating, LLC | Amended and Restated Schedule to the 1992 ISDA Master Agreement dated as of December 20, 2006 between Credit Suisse Energy LLC and Boston Generating, LLC | December 20, 2006 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Amended and Restated Schedule to the 1992 ISDA Master Agreement- 2.6.4.44 | |
| 70. | Boston Generating, LLC and Credit Suisse Energy LLC | Confirmation Amendment | October 1, 2007 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 [does not indicate whether this is a "notice" address] | | Confirmation Amendment- Amendment to Transactions Executed on December 20, 2006 and January 29, 2007 for Reference Hedge: NEMA Hedge A - - 2.6.2.10 & 2.6.4.49 | |
| 71. | Boston Generating, LLC and ABB Service (also called the ABB Group- this company is headquartered | Assured Performance Agreement | December 28, 2009 (Proposal Date) | ABB Service, North America Customer Service Center, 29801 Euclid Avenue 3L7, Wickliffe, Ohio 44092 (this is the | | ABB Assured Performance Agreement – 2.6.4.18 | |

19

|  | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |  |
|---|---|---|---|---|---|---|---|
|  | in Switzerland) |  |  | address provided, although it is not listed as a "notice" address)<br><br>Proposal Acceptances are sent to:<br><br>Ms. Connie Campbell, Business Administrator, ABB Inc.<br>29801 Euclid Avenue, Wickliffe, OH 44092 |  |  |  |
| 72. | Boston Generating, LLC, Mystic I, LLC and AECOM, Inc. |  | January 12, 2010 (signed confirmation to enter into agreement) | AECOM, Inc., D/B/A AECOM Environment, 2 Technology Park Dr., Westford, MA 01886 |  | Letter accompanying a purchase order – 2.6.4.22 |  |
| 73. | Boston Generating, LLC and Boston Line & Service Co., Inc. |  | January 5, 2010 |  |  | Purchase Order – 2.6.4.18 - 2.6.4.23 |  |
| 74. | Boston Generating, LLC, Mystic Development, LLC and Emerson Process Management/ New England Controls Inc. |  | December 18, 2008 | Emerson Process Management/New England Controls, Inc., 9 Oxford Road, P.O. Box 446, Mansfield, MA 02048 |  | Letter Agreement – 2.6.4.24 |  |
| 75. | Boston Generating, LLC<br><br>Chalmers and Kubeck North | Master Services Agreement No. 2009-MSA-0007 | December 8, 2009 | Chalmers & Kubeck North 24-34 Elise Street Westfield, MA 01085 |  | Agreement for valve testing services 2.6.4.4 |  |

NY\1673968.5

| | Contract Counterparty | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary | |
|---|---|---|---|---|---|---|---|
| 76. | Boston Generating LLC<br><br>H.Q. Energy Services (U.S.) Inc. | Letter Agreement | June 9, 2009 | Carole Theoret<br>Hydro-Quebec<br>17th Floot, 75 Boulevard Rene-Levesque<br>West, Montreal, Quebec H2Z 1A4 | | Agreement for lead abatement services 2.6.4.21 | |
| 77. | Boston Generating, LLC<br><br>M.L. Ball Company | Master Purchase Agreement | May 21, 2010 | | | Agreement for water treatment services 2.6.4.16 | |
| 78. | Boston Generating, LLC<br><br>Andinite Andrews International | Security Services Proposal | March 1, 2010 | | | Agreement for Security Staff Services | |
| 79. | Mystic I, LLC<br><br>Andinite Andrews International | Purchase Order | March 23, 2010 | | | Purchase order for Security Staff | |
| 80. | Mystic Development, LLC<br><br>Innclco Innovation Cleaning Co., LLC | Purchase Order | January 11, 2010 | | | Purchase order for Janitorial Services – 2.6.4.23 | |
| 81. | Hugo Neu Steel Products, Inc. | Consent Agreement | February 9, 2001 | Hugo Neu Steel Products, Inc./ Proleride Transport | | Consent Agreement- 1.5.2.40 | |

21

NY\1673968.5

EXHIBIT A TO SALE ORDER, PAGE 177

| | | | | | | |
|---|---|---|---|---|---|---|
| | Proleride Transport Systems, Inc.<br><br>Distrigas of Massachusetts LLC<br><br>Sithe Mystic Development LLC<br><br>Sithe Mystic LLC | | | Systems, Inc., Rover Street, P.O. Box 0048, Everett, MA 02149<br><br>Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: VP Sales & Transportation | | |
| 82. | Exele | Exele Product SSA (Software Support Agreement) Renewal Policy September 2009 | September 2009 | [not provided] | | Software Support Agreement- 2.13.6.16.2 | |
| 83. | MatrikonOPC<br><br>Boston Generating, LLC | Support Renewal | February 5, 2010 | MatrikonOPC/Matrikon Inc., Suite #1800, 10405 Jasper Avenue, Edmonton, Alberta T5J 3N4 | | Support Renewal- 2.13.6.16.8 | |
| 84. | Open Systems International<br><br>Boston Generating, LLC | | July 20, 2009 | Open Systems International, 3600 Holly Lane- Suite 40, Minneapolis, MN 55447-1286 | | Purchase Order Number: BGS-2009-00123- 2.13.6.16.9 | |
| 85. | OSISoft, LLC<br><br>OSISoft, Inc.<br><br>Boston Generating, LLC | Proposal | November 9, 2009 | OSISoft, Inc., 777 Davis Street, San Leandro, CA 94577 USA | | Proposal- 2.13.6.16.10 | |
| 86. | Symantec<br><br>Boston Generating, LLC | | August 13, 2009 | [not provided] | | Symantec Agreement- 2.13.6.16.11 | |

NY\1673968.5

| | | | | | | |
|---|---|---|---|---|---|---|
| 87. | Symantec<br><br>Boston Generating, LLC | Support | April 9, 2010 | [not provided] | | Symantec Agreement-<br>2.13.6.16.12 | |
| 88. | Symantec<br><br>Boston Generating, LLC | Express | February 19, 2010 | [not provided] | | Symantec Agreement-<br>2.13.6.16.13 | |
| 89. | Utility Workers Union of America, A.F.L.-C.I.O. and Local No. 369, U.W.U.A., A.F.L.-C.I.O. | Agreement between BG Boston Services, LLC and Utility Workers Union of America A.F.L.-C.I.O. and Local No. 369, U.W.U.A., A.F.L.- C.I.O. Mystic Station 8 & 9 and Fore River Station | February 28, 2007 | [not provided] | | CBA -6.4.2.2 | |
| 90. | Utility Workers Union of America, A.F.L.-C.I.O. and Local No. 369, U.W.U.A., A.F.L.-C.I.O.<br><br>BG New England Power Services, Inc. | Agreement between BG New England Power Services, Inc. and Utility Workers Union of Americas, A.F.L.- C.I.O. and Local No. 369, U.W.U.A., A.F.L.- C.I.O. | September 30, 2005 | [not provided] | | CBA- 7.4.2.2 | |
| 91. | Boston Edison Company<br><br>Sithe Mystic Development LLC | | January 31, 2001 | NSTAR Services Company, 800 Boylston Street, P-1603, Boston, MA 02199 | | Letter Agreement-<br>4.6.2.2 (relating to Interconnection Agreement- 1.5.2.85) | |
| 92. | AGL Resources Inc.<br><br>Boston Generating, LLC | Guaranty Agreement | March 28, 2008 | AGL Resources Inc., Ten Peachtree Place, Atlanta, GA 30309, Attn: Chief Financial Officer | | Guaranty Agreement-<br>5.6.1.6.5 | |

23

| | | | | | | |
|---|---|---|---|---|---|---|
| 93. | Algonquin Gas Transmission, LLC<br><br>Fore River Development, LLC | Operational Balancing Agreement between Algonquin Gas Transmission, LLC and Fore River Development, LLC | September 1, 2004 | AGT, P.O. Box 1642, Houston, Texas 77251-1642, Attn: Capacity Scheduling | | Operational Balancing Agreement- 5.6.1.7 | |
| 94. | BG New England Power Services, Inc.<br><br>BG Boston Services, LLC | Certificate of Amendment Amending the BG New England Union Employees Pension Plan- Action by BG New England Power Services, Inc. | November 26, 2008 | | | Pension Plan Amendment -7.4.1.2.1 | |
| 95. | Exelon New England Power Services, Inc. | Exelon New England Union Employees Pension Plan | November 1, 2002 | | | Pension Plan-7.4.1.2.15.4 | |
| 96. | Exelon New England Power Services, Inc. | Exelon New England Union Employees Pension Plan | November 1, 2002 | | | Pension Plan-7.4.1.2.15.5 (continuation of 7.4.1.2.15.4) | |
| 97. | Sithe New England Power Services, Inc. | Sithe New England Power Services, Inc. Union Pension Plan | May 16, 1998 | | | Pension Plan-7.4.1.2.15.9 | |
| 98. | Merrill Communications LLC<br><br>EBG Holdings LLC | Merrill DataSite-Amendment No. 1 to Services Agreement | August 23, 2008 | Merrill Communications LLC, One Merrill Circle, St. Paul, MN 55108, Attn: General Counsel | | Service Agreement | |

24

| 99. | Howard Wolf<br>EBG Holdings LLC | | April 1, 2010 | Howard Wolf, 600 Congress Avenue, Suite 2400, Austin, Texas 78701 | | Letter Agreement-Independent Manager of EBG Holdings LLC | |
|---|---|---|---|---|---|---|---|
| 100 | Paul Hamilton | | November 23, 2008 | | | Severance Letter-7.4.1.5.4.1 | |
| 101 | Ray Ivers | | December 2, 2008 | | | Severance Letter-7.4.1.5.4.2 | |
| 102 | Donna Maguire | | December 2, 2008 | | | Severance Letter-7.4.1.5.4.3 | |
| 103 | Arthur May | | December 2, 2008 | | | Severance Letter-7.4.1.5.4.4 | |
| 104 | George Wilson | | December 2, 2008 | | | Severance Letter-7.4.1.5.4.5 | |
| 105 | Distrigas of Massachusetts LLC<br>Credit Suisse<br>Boston Generating, LLC | Amendment Irrevocable Standby Letter of Credit No. TS-07004584 | September 18, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: President & Vice President, Sales and Transportation<br><br>Credit Suisse, One Madison Avenue, 2nd Floor, New York, NY 10010, Trade Finance Department | | Letter of Credit-2.5.1.1.14.3.2 | |
| 106 | [Distrigas of Massachusetts LLC | Irrevocable Standby Letter of Credit No. TS-07004584 | April 17, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA | | Letter of Credit-2.5.1.1.14.3.4 | |

25

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Credit Suisse<br><br>Boston Generating, LLC] | | | 02109, Attn: President & Vice President, Sales and Transportation<br><br>Credit Suisse, One Madison Avenue, 2nd Floor, New York, NY 10010, Trade Finance Department | | | |
| 107 | [Sequent Energy Management, L.P.<br><br>Credit Suisse<br><br>Boston Generating, LLC] | Irrevocable Standby Letter of Credit No. TS-07004549 | | Sequent Energy Management, L.P., 1200 Smith Street, Suite 900, Houston, TX 77002<br><br>Credit Suisse, One Madison Avenue, 2nd Floor, New York, NY 10010, Trade Finance Department | | Letter of Credit- 2.5.1.1.14.7.1 | |
| 108 | Distrigas of Massachusetts LLC<br><br>Credit Suisse, Cayman Islands Branch<br><br>Mystic Development, LLC | Acknowledgment and Consent | April 23, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109<br><br>Credit Suisse, 11 Madison Avenue, New York, NY 10010, Attn: James P. Moran, Managing Director | | Acknowledgment and Consent- 4.6.1.1.4 | |
| 109 | Distrigas of Massachusetts LLC<br><br>Credit Suisse, Cayman Islands Branch<br><br>Mystic I, LLC | Acknowledgment and Consent | April 23, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109<br><br>Credit Suisse, 11 Madison Avenue, New York, NY 10010, Attn: James P. | | Acknowledgment and Consent- 4.6.1.1.5 | |

26

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | Moran, Managing Director | | |
| 110 | SUEZ Energy North America, Inc. Credit Suisse, Cayman Islands Branch Mystic Development, LLC | Acknowledgment and Consent | April 23, 2008 | SUEZ Energy North America, Inc. [address not provided] Credit Suisse, 11 Madison Avenue, New York, NY 10010, Attn: James P. Moran, Managing Director | | Acknowledgment and Consent- 4.6.1.1.10 | |
| 111 | Sequent Energy Management, L.P. Boston Generating, LLC | Transaction Confirmation for Natural Gas (Mystic 7 Facility) | [date not provided- contract expires March 31, 2011] | [not provided] | | BG-Sequent Gas Confirm- Mystic 7 (Signed Execution Copy)- 5.6.1.6.2 | |
| 112 | Sequent Energy Management, L.P. Boston Generating, LLC | Transaction Confirmation for Natural Gas (Fore River Facility) | [date not provided- contract expires March 31, 2011] | [not provided] | | BG-Sequent Gas Confirm- Fore River (Signed Execution Copy)- 5.6.1.6.3 | |
| 113 | Credit Suisse Energy LLC Boston Generating, LLC | Letter Agreement Consenting to Reduction of Party B LC Amount and Amending ISDA Master Agreement | March 27, 2008 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Letter Agreement- 2.6.4.47 | |
| 114 | Credit Suisse Energy LLC Boston Generating, LLC | Amended and Restated Schedule to the 1992 ISDA Master Agreement dated as of December 20, 2006 between Credit Suisse Energy LLC and Boston | December 20, 2006 | Credit Suisse Energy LLC, 11 Madison Avenue, New York, NY 10010 | | Amended and Restated Schedule to the 1992 ISDA Master Agreement- 2.6.4.44 | |

NY\1673968.5

EXHIBIT A TO SALE ORDER, PAGE 183

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Generating, LLC | | | | |
| 115 | Boston Generating, LLC | 2010 Incentive Program Roll Out | March 31, 2010 | [not provided] | | 2010 Incentive Program Roll Out - 7.4.3.4 | |
| 116 | SideBand Systems Incorporated<br><br>Boston Generating LLC | Maintenance and Service Agreement | Not dated (term is 8/1/10-7/31/11) | SideBand Systems Incorporated, 30 Rantoul Street, Beverly, MA 01915 (address provided) | | Maintenance and Service Agreement- 2.6.4.69 | |
| 117 | Feeley &Driscoll, P.C.<br><br>BG New England Power Services, Inc. | | May 19, 2010 (date of letter) | Company address (not listed as a notice address)<br><br>200 Portland Street, Boston, MA 02114-1709 and<br><br>154 Broad Street, Nashua, NH 03061-3158 | | Letter attaching an accounting services engagement letter (Employment Medical Savings Account Plan for Union Employees)- 2.6.4.59 | |
| 118 | Feeley &Driscoll, P.C.<br><br>BG New England Power Services, Inc. | | May 19, 2010 (date of letter) | Company address (not listed as a notice address)<br><br>200 Portland Street, Boston, MA 02114-1709 and<br><br>154 Broad Street, Nashua, NH 03061-3158 | | Letter attaching an accounting services engagement letter (Union Employees Pension Plan)- 2.6.4.58 | |
| 119 | Fidelity Management Trust Company<br><br>BG New England Power Services, Inc. | Fidelity Investments Retirement Plan Service Agreement | October 28, 2009 | [not provided] | | Fidelity Investments Retirement Plan Service Agreement (Union Retirement 401(K) Plan) dated October 28, 2009- 2.6.4.60 | |
| 120 | Fidelity Management Trust | Fidelity Investments Retirement Plan Service | October 26, | [not provided] | | Fidelity Investments Retirement Plan | |

28

| | | | | | | |
|---|---|---|---|---|---|---|
| | Company<br>BG Boston Services, LLC | Agreement | 2009 | | | Service Agreement (Union Retirement 401(K) Plan) dated October 26, 2009- 2.6.4.61 | |
| 121 | Mott MacDonald, LLC<br>Mystic Development, LLC | | May 13, 2010 | Mott MacDonald, LLC, 400 Blue Hill Drive- Suite 190, Westwood, MA 02090, Attn: Val Madden | | Purchase Order Agreement (Ventilation Upgrade Engineering for Mystic 8&9)- 2.6.4.67 | |
| 122 | Schindler Elevator Company<br>Fore River Development, LLC | Purchase Order | May 5, 2010 | Schindler Elevator Company, P.O. Box 93050, Chicago, IL 60673<br><br>Schindler Elevator Corporation, 23 Walpole Park South Drive, Walpole, MA 02081-2531 | | Purchase Order Agreement- 2.6.4.68 | |
| 123 | Atlantic Elevator Service<br>Fore River Development, LLC | Purchase Order | March 10, 2010 | Atlantic Elevator Service, Avon Industrial Park, 180 Bodwell Street, Avon, MA 02322 | | Purchase Order Agreement (maintenance agreements)- 2.6.4.57 | |
| 124 | J.F. White Contracting Company<br>Fore River Development, LLC | Services Agreement | August 4, 2009 | J.F. White Contracting Company, 10 Burr Street, Framingham, MA 01701-9020 | | Services Agreement- 2.6.4.62 | |
| 125 | J.F. White Contracting Company | Contract Amendment- Amendment No.1 | November 3, 2009 | J.F. White Contracting Company, 10 Burr Street, Framingham, MA 01701- | | Services Agreement Amendment- 2.6.4.63 | |

29

| | | | | | | |
|---|---|---|---|---|---|---|
| | Fore River Development, LLC | | | 9020 | | | |
| 126 | J.F. White Contracting Company<br><br>Fore River Development, LLC | Contract Amendment- Amendment No.2 | November 3, 2009 | J.F. White Contracting Company, 10 Burr Street, Framingham, MA 01701-9020 | | Services Agreement Amendment- 2.6.4.64 | |
| 127 | J.F. White Contracting Company<br><br>Fore River Development, LLC | Contract Amendment- Amendment No.3 | March 29, 2010 | J.F. White Contracting Company, 10 Burr Street, Framingham, MA 01701-9020 | | Services Agreement Amendment- 2.6.4.65 | |
| 128 | J.F. White Contracting Company<br><br>Fore River Development, LLC | Contract Amendment- Amendment No.4 | June 28, 2010 | J.F. White Contracting Company, 10 Burr Street, Framingham, MA 01701-9020 | | Services Agreement Amendment- 2.6.4.66 | |
| 129 | Fidelity Management Trust Company<br><br>BG New England Power Services, Inc. | Fidelity Investments Retirement Plan Service Agreement | May 4, 2009 | [not provided] | | Fidelity Investments Retirement Plan Service Agreement (BG New England Power Services, Inc 401(k) Plan) dated May 4, 2009 | |
| 130 | OSIsoft, LLC<br><br>Boston Generating, LLC | Proposal | January 24, 2010 | OSIsoft, LLC, 777 Davis Street, Suite 250, San Leandro, CA 94577, Attn: Order Processing | | Proposal | |

30

| 131 | IT ImageTech<br>Boston Generating, LLC | Network Agreement | | IT ImageTech, 70 Shawmut Road, Canton, MA 02021 | | Network Agreement | |
| 132 | Dictronics<br>Boston Generating, LLC | Call Recording Systems Customer Service and Support Agreement | June 18, 2010 | Dictronics, 110 Gould Street, P.O. Box 920403, Needham, MA 02492-0921 | | Call Recording Systems Customer Service and Support Agreement | |
| 133 | Invensys System, Inc.<br>Fore River Development, LLC | Service Agreement for Boston Generating Fore River Station | December 11, 2009 | Invensys System, Inc., 33 Commercial Street, Foxboro, MA 02035 | | Service Agreement | |
| 134 | Atlas Corps, Inc.<br>Fore River Development, LLC | Purchase Order Number: FOR-2010-00445 | June 29, 2010 | Atlas Corps, Inc., 775 Pleasant Street, Weymouth, MA 02189, Attn: Kim Hickox | | Purchase Order | |
| 135 | GE Management Services, Inc.<br>Boston Generating, LLC | CEMS Maintenance Service Proposal: Q33721126 | January 1, 2010 | GE Management Services, Inc., 2849 Sterling Drive, Hatfield, PA 19940 | | CEMS Maintenance Service Proposal<br><br>[Requires GE's written consent before posting] | |
| 136 | GE Management Services, Inc.<br>Boston Generating, LLC | DAHS Software Support Proposal: Q34291362 | January 1, 2010 | GE Management Services, Inc., 2849 Sterling Drive, Hatfield, PA 19940 | | DAHS Software Support Proposal<br><br>[Requires GE's written consent before posting] | |
| 137 | Mass Hauling & Disposal<br>Boston Generating, LLC | Disposal & Recycling Services | December 30, 2009 | Mass Hauling & Disposal, 200 Libbey Industrial Parkway, East Weymouth, | | Disposal & Recycling Services Proposal<br><br>[This proposal is the | |

31

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | MA 02189 | | underlying agreement] | |
| 138 | Atlas Copco | Preventative Maintenance Plan | January 18, 2010 | | | Preventative Maintenance Plan Service Agreement | |
| 139 | PMAX<br><br>Boston Generating, LLC | PMAX Annual Maintenance Support Subscription Service | [not provided] | | | PMAX Annual Maintenance Support Subscription Service | |
| 140 | Rockwell Automation, Inc.<br><br>Mystic Development, LLC | Fore River Development, LLC Master Purchase Agreement, No. 2010-0001-GC Lead Sheet | January 1, 2010 | Rockwell Automation, Inc., 100 Nickerson Road, Marlborough, MA 01752 | | MYD Master Purchase Agreement | |
| 141 | Shared Technologies Inc. | Master Purchase and Maintenance Agreement | June 27, 2004 | Shared Technologies Inc. 1405 South Beltline Road, Suite 100, Coppell, TX 75019 | | Master Purchase and Maintenance Agreement (governs the two maintenance orders and the partnership order that we received)<br><br>[confidentiality provision restricts posting] | |
| 142 | EMC Corporation<br><br>Boston Generating, LLC | EMC Corporation End-User License and Maintenance Agreement | | EMC Corporation, 2831 Mission College Boulevard, Santa Clara, CA 95052-8199 (taken from EMC Quote documents dated 7/7/09 and | | End-User License and Maintenance Agreement (governs all other related contracts) | |

32

| | | | | 5/5/10) | | | |
|---|---|---|---|---|---|---|---|
| 143 | Boston Generating, LLC | 2010 Incentive Program | March 26, 2010 | | | 2010 Incentive Program -2.6.4.70 | |
| 144 | Towers Perrin<br><br>Boston Generating New England Power Services | | August 24, 2005 (contains automatic renewal provision) | Towers Perrin, 200 West Madison Street, Suite 3100, Chicago, IL 60608 | | Engagement of Towers Perrin for Consulting Services | |
| 145 | Sequent Energy Management, L.P.<br><br>Credit Suisse, Cayman Islands Branch<br><br>Boston Generating, LLC | Consent and Agreement | April 22, 2008 | Credit Suisse, Cayman Islands Branch, 11 Madison Avenue, New York, NY 10010, Attn: Christopher Day<br><br>Sequent Energy Management, L.P., 1200 Smith, Suite 900, Houston, TX 77002, Attn: Director of Contracts Administration/ Legal Department | | Consent and Agreement- 5.6.1.6.6 | |
| 146 | AGL Resources Inc.<br><br>Boston Generating, LLC | Guaranty Agreement | March 28, 2008 | AGL Resources Inc., Ten Peachtree Place, Atlanta, GA 30309, Attn: Chief Financial Officer, send copy to same address, but Attn: VP and Treasurer | | Guaranty | |
| 147 | Credit Suisse Energy LLC<br><br>Boston Generating LLC | Credit Suisse USA Guaranty | April 4, 2005 | Credit Suisse, Cayman Islands Branch, 11 Madison Avenue, New York, NY 10010, Attn: Christopher Day | | Guaranty | |

| 148 | Andrew International<br><br>Boston Generating, LLC | Andrews International Proposal to provide security services to: Boston Generating Mystic and Fore River Plants | January 21, 2010 | Andrew International, 27959 Smyth Drive, Valencia, CA 91355 | | Proposal (accepted by issuing purchase orders) | |
| 149 | Andrews International<br><br>Fore River Development, LLC | Purchase Orders | January 29, 2010 | Andrews International, 210 Commercial Street, 5th Floor, Boston, MA 02109 | | Andrews International Purchase Order for Fore River Development (according to company, purchase order is evidence of the acceptance of the proposal) | |
| 150 | Robert Senier, Business Agent, Local 369, Utility Workers of America, AFL-CIO<br><br>BG New England Power Services, Inc. | | November 7, 2008 | Bob Senier, Business Agent, Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Letter re: Pension Plan- 7.4.2.3.1 | |
| 151 | Local 369, Utility Workers of America<br><br>BG Boston, LLC | Memorandum of Agreement | Signed October 22, 2009 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Memorandum of Agreement- 7.4.2.3.4 | |
| 152 | Local 369, Utility Workers of America<br><br>BG New England Power Services, Inc. | Memorandum of Agreement | Signed 8/15/2006 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Memorandum of Agreement- 7.4.2.3.5 | |

NY\1673968.5

| 153 | Local 369, Utility Workers of America <br><br> BG New England Power Services, Inc. | Agreement and Release | Signed February 16, 2007 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Agreement and Release- 7.4.2.3.7 | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 154 | Local 369, Utility Workers of America <br><br> BG New England Power Services, Inc. | Memorandum of Agreement | Not dated | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Memorandum of Agreement- 7.4.2.3.9 | |
| 155 | Local 369, Utility Workers of America <br><br> BG New England Power Services, Inc. | | April 22, 2008 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Letter re: Carol Pepper- 7.4.2.3.10 | |
| 156 | Robert Senier, Business Agent, Local 369, Utility Workers of America, AFL-CIO <br><br> BG New England Power Services, Inc. | | July 7, 2009 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Letter-7.4.2.3.12 | |
| 157 | Local 369, Utility Workers of America <br><br> Boston Generating New England | Memorandum of Agreement | Signed December 19, 2007 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Memorandum of Agreement- 7.4.2.3.13 | |
| 158 | Local 369, Utility Workers of America <br><br> BG New England Power Services, Inc. | Memorandum of Agreement | Signed April 10, 2008 | Local 369, Utility Workers of America, AFL-CIO, 120 Bay State Dr, Braintree, MA 02184 | | Memorandum of Agreement- 7.4.2.3.14 | |

35

| 159 | BG New England Post-Employment Medical Savings Account Plan For Union Employees and all assets and liabilities associated with employee accounts held in Trust by U.S. Bank National Association |
|-----|-----|
| 160 | BG New England Power Services, Inc. All Management Employee Long Term Disability Coverage with Prudential |
| 161 | BG New England Power Services, Inc. Union Group Mystic 7 Long Term Disability Coverage with Prudential |
| 162 | BG Boston Services Union Group Mystic 8/9 and Fore River Long Term Disability Coverage with Prudential |
| 163 | BG New England Union Employees Pension Plan |
| 164 | BG New England Union Employees Pension Plan Trust Agreement and all associated assets under management by U.S. Bank National Association |
| 165 | BG New England Union Short Term Disability Policy |
| 166 | Boston Generating Severance Benefit Plan |
| 167 | Boston Generating, LLC Incentive Program |
| 168 | Life Insurance Company of North America Business Travel Coverage |
| 169 | Comprehensive Welfare Benefit Plan |
| 170 | Delta Dental PPO Plus Premier Program for BG New England Management Employees |
| 171 | Delta Dental PPO Plus Premier Program for BG New England Union Employees |
| 172 | Educational Assistance Program |
| 173 | Employee Assistance Program |
| 174 | Group Vision Care Policy with Eastern Vision Service Plan, Inc. |
| 175 | Life Insurance Plan with Hartford Life Insurance Company |

36

EXHIBIT A TO SALE ORDER, PAGE 192

| 176 | Medical Options of Boston Generating, LLC for Management Employees HMO Blue New England & Blue Care Elect Preferred (PPO) |
| 177 | Medical Options of Boston Generating, LLC for Union Employees HMO Blue New England & Blue Care Elect Preferred (PPO) |
| 178 | BG New England Power Services and BG Boston Services ADP Flexible Spending Account Plan |
| 179 | Retention Letter from USPG to Arthur May dated as of December 2, 2008 |
| 180 | Retention Letter from USPG to Donna Maguire dated as of December 2, 2008 |
| 181 | Retention Letter from USPG to George Wilson dated as of December 2, 2008 |
| 182 | Retention Letter from USPG to Paul Hamilton dated as of November 23, 2008 |
| 183 | Retention Letter from USPG to Ray Ivers dated as of December 2, 2008 |
| 184 | Supplemental Health Plan for BG New England Power Services, Inc. Retired Employees, A Plan of the Utility Workers Union of America National Health and Welfare Fund |
| 185 | Voluntary Accidental Death & Dismemberment Plan with Hartford Life Insurance Company |

NY\1673968.5

EXHIBIT A TO SALE ORDER, PAGE 193

**Schedule 2.1(d)**

**Permits**[5]

| MYSTIC | | | | | |
|---|---|---|---|---|---|
| | Title/Subject/Number | Issuing Agency | Permit Date (effective) | Expiration Date | Comments and Notes |
| ENVIRONMENTAL | | | | | |
| 1 | Authorization to Discharge Permit Under the National Pollutant Discharge Elimination System, Permit MA0004740 | EPA | 10/17/2001 | 10/17/2006, renewed to 10/17/2011 | Letter application for renewal filed 3/20/2006. |
| 2 | NPDES General Permit for Stormwater Discharges, Permit MAR05CW63 | EPA | 1/22/2009 | 9/29/2013 | Email from EPA stating effectiveness is 30 days after receipt. |
| 3 | Waterways License Application, No. W99-9442, License 8454 | MDEP | 3/15/2000 | 3/15/2030 | |
| 4 | MWRA Discharge Permit, No. 13102507 | MWRA | 6/29/2009 | 8/15/2011 | |
| 5 | Final Air Quality Operating Permit, App. MBR-95-OPP-036 | MDEP | 12/16/2004 | 12/16/2009 | |
| 6 | Auxiliary Boiler Air Permit, App. MBR-07-COM-001 | MDEP | 4/25/2007 | 4/25/2012 | |
| 7 | Use Permits for Storage Tanks, OSFM #s: 01552, 01553, 01051, 01241, 01242, 02187, 01240, 01777, 01776, 01545, 01551, 01677 and 01676 | MEPS | N/A | 8/17/2010- 9/22/2010 | |
| 8 | Permit for Underground Storage Tanks | MEPS | 10/29/2009 | 10/29/2010 | |
| 9 | Source Registration, Facility AQ identifier 1190128 | MDEP | 2008 | N/A | |
| 10 | Permit for Storage of Fuel Oil | City of Everett | 1/25/2000 | N/A | |
| ENERGY | | | | | |
| 11 | * Boston Generating, LLC, Docket No. ER04-994-000 (July 30, 2004) (unreported) | FERC | 8/1/2004 | N/A | Market-based rate authorization. Applies to the Boston Generating, LLC entity |

---

[5] Unless designated with an asterisk (*), all permits are transferrable.

EXHIBIT A TO SALE ORDER, PAGE 194

| | Title/Subject/Number | Issuing Agency | Permit Date (effective) | Expiration Date | Comments and Notes |
|---|---|---|---|---|---|
| | MYSTIC | | | | |
| | | | | | only. |
| 12 | * *Sithe New England Holdings LLC*, 83 FERC ¶ 61,035 (1998); *Sithe Energies, Inc.*, Docket No. ER01-513-004 (June 12, 2003) (unreported) (name change from "Sithe Mystic LLC" to "Exelon Mystic LLC"); *Mystic I, LLC*, Docket Nos. ER04-657-000, *et al.* (June 4, 2004) (unreported) (name change from "Exelon Mystic, LLC" to "Mystic I, LLC") | FERC | 4/30/1998 | N/A | Market-based rate authorization. |
| 13 | * *Sithe Framingham LLC*, 83 FERC ¶ 61,106 (1998) | FERC | 4/30/1998 | N/A | Exempt wholesale generator status. |
| 14 | * *Sithe Fore River Dev. LLC*, Docket Nos. ER01-41-000, *et al.* (Nov. 29, 2000) (unreported); *Sithe Energies, Inc.*, Docket No. ER01-513-004 (June 12, 2003) (unreported) (name change from "Sithe Mystic Development LLC" to "Exelon Mystic Development LLC"); *Mystic I, LLC*, Docket Nos. ER04-657-000 *et al.* (June 4, 2004) (unreported) (name change from "Exelon Mystic Development, LLC" to "Mystic Development, LLC") | FERC | 2/12/2001 | N/A | Market-based rate authorization. |
| 15 | * *Sithe Mystic Development LLC*, 93 FERC ¶ 62,208 (2000) | FERC | 12/18/2000 | N/A | Exempt wholesale generator status. |
| 16 | Sithe Mystic Development LLC, 9 DOMSB 101 (1999) | MEFSB | 9/30/1999 | N/A | No pending matters at MEFSB. |
| | OTHER | | | | |
| 17 | Permanent Certificates of Occupancy, OP-2003-0028, OP-2003-0046 | City of Everett | 3/18/2004 | N/A | For Power Plant |
| 18 | Permanent Certificate of Occupancy, OP-2010-0008 | City of Everett | 3/22/2010 | N/A | For Storage Building |

| MYSTIC | | | | | |
|---|---|---|---|---|---|
| | Title/Subject/Number | Issuing Agency | Permit Date (effective) | Expiration Date | Comments and Notes |
| 19 | Certificate of Use and Occupancy | City of Everett | 3/22/2010 | N/A | |

18

| | FORE RIVER | | | | |
|---|---|---|---|---|---|
| | **Title/Subject/Number** | **Issuing Agency** | **Permit Date (effective)** | **Expiration Date** | **Comments and Notes** |
| | **ENVIRONMENTAL** | | | | |
| 1 | NPDES General Permit for Stormwater Discharges, Permit MAR05CV35 | EPA | 1/8/2009 | 9/29/2013 | |
| 2 | License to Operate a Power Plant, Waterways License under Chapter 91, No. 8449 | MDEP | 3/13/2000 | 3/13/2030 | |
| 3 | MWRA Discharge Permit, No. 39102547 | MWRA | 5/28/2009 | 4/15/2011 | |
| 4 | Final Approval of Air Permit, App. MBR-99-COM-018 | MDEP | 3/20/2006 | 3/20/2011 | |
| 5 | Prevention of Significant Deterioration Permit, No. 047-119-MA08 | EPA | 1/14/2007 | N/A | |
| 6 | License for storage of flammable and combustible materials | MDPS | 6/13/2000 | N/A | |
| 7 | Registration related to the Keeping, Storage, Manufacture or Sale of Flammables or Explosives | MDPS | 4/1/2006 | N/A | Stamped 5/12/2009; registration required each year before April 30th. |
| 8 | Permit for Above Ground Storage Tank | MEPS | 12/19/2005 | 12/31/2010 | |
| 9 | Source Registration, Facility AQ identifier 1190227 | MDEP | 2008 | N/A | |
| 10 | Use Permits for Storage Tanks, OSFM #s 01919 and 01775 | MEPS | N/A | 6/24/2010 | |
| 11 | Certificate of Hazardous Materials | Town of Weymouth | N/A | 11/30/2010 | |
| | **ENERGY** | | | | |
| 12 | * Sithe Fore River Dev. LLC, Docket Nos. ER01-41-000, et al. (Nov. 29, 2000) (unreported); Sithe Energies, Inc., Docket No. ER01-513-004 (June 12, 2003) (unreported) (name change from "Sithe Fore River Development LLC" to "Exelon Fore River Development LLC"); Fore River Dev., LLC, Docket Nos. ER04-659-000, et al. (May 26, 2004) (unreported) (name change from "Exelon Fore River Development, LLC" to "Fore River | FERC | 2/12/2001 | N/A | Market-based rate authorization.<br><br>Not transferable. |

19

| | **FORE RIVER** | | | | |
|---|---|---|---|---|---|
| | **Title/Subject/Number** | **Issuing Agency** | **Permit Date (effective)** | **Expiration Date** | **Comments and Notes** |
| | Development, LLC") | | | | |
| 13 | *Sithe Fore River Development LLC*, 93 FERC ¶ 62,207 (2000) | FERC | 12/18/2000 | N/A | Exempt wholesale generator status. |
| 14 | Sithe Edgar Development LLC, 10 DOMSB 1 (2000) | MEFSB | 2/11/00 | N/A | No pending matters at MEFSB. |
| | **OTHER** | | | | |
| 15 | Certificate of Occupancy | Town of Weymouth | 6/8/2005 | N/A | |
| 16 | Agreement with Town of Weymouth | Sithe Edgar Development L.L.C. & Town of Weymouth | 7/27/1999 | 20 years after day on which plant regularly begins producing electricity for commercial sale. | Sithe agrees to comply with noise, emissions, and aesthetic conditions imposed by the town and to pay the town certain lump-sum or annual funds for infrastructure and civic needs. |
| 17 | Certificate of Granting of Variance or Special Permits, Case 2452 | Town of Weymouth, Board of Appeals | 9/17/1999 | N/A | Includes letter from law firm setting out proof of grant of variance for power plant. |

| **ABBREVIATIONS** | | | | | |
|---|---|---|---|---|---|
| EPA | -- | U.S. Environmental Protection Agency | MEPS | -- | Massachusetts Executive Office of Public Safety |
| FERC | -- | Federal Energy Regulatory Commission | MWRA | -- | Massachusetts Water Resource Authority |
| MDEP | -- | Massachusetts Department of Environmental Protection | NPDES | -- | National Pollutant Discharge Elimination System |
| MDPS | -- | Massachusetts Department of Public Safety | MEFSB | -- | Massachusetts Energy Facilities Siting Board |

EXHIBIT A TO SALE ORDER, PAGE 198

# Schedule 2.1(e)

# Inventory

(as of June 30, 2010)

| MAS Account | MAS Description | BOS | FRD | MYD | MYS | NEP | BSV | Consolidated Bosten Gen |
|---|---|---|---|---|---|---|---|---|
| **Inventory within Net Working Capital [1]** | | | | | | | | |
| 15500-00-00 | Oil Inventory - #6 | - | - | - | 6,867,758 | - | - | 6,867,758 |
| 15509-00-00 | Oil Inventory - #6 LCM | - | - | - | (2,354,231) | - | - | (2,354,231) |
| 15501-00-00 | Oil Inventory - #2 Ign | - | - | - | - | - | - | - |
| 15502-00-00 | Oil Inventory - #2 Jet | - | - | - | 29,549 | - | - | 29,549 |
| 15503-00-00 | Oil Inventory - FRD ULSD | - | 28,236 | - | - | - | - | 28,236 |
| 15010-00-00 | Parts - Combustion Turbines | - | 331,637 | 1,993,483 | 430,466 | - | - | 2,755,586 |
| 15020-00-00 | Parts - Steam Turbine | - | 61,833 | 948,682 | 264,598 | - | - | 1,275,113 |
| 15030-00-00 | Parts - Comb Turbine Control | - | 68,728 | 15,361 | 4,182 | - | - | 88,270 |
| 15040-00-00 | Parts - Steam Turbine Control | - | - | 22,399 | 35,234 | - | - | 57,633 |
| 15050-00-00 | Parts - CTG Gen / Excitation | - | 31,747 | 159,526 | (1,313) | - | - | 189,960 |
| 15055-00-00 | Parts - STG Gen / Excitation | - | 559 | - | 92,831 | - | - | 93,390 |
| 15060-00-00 | Parts - Switchyard / Switchge | - | 156,026 | 196,694 | 52,500 | - | - | 405,220 |
| 15070-00-00 | Parts - Heat Recovery Steam | - | 377,729 | 402,980 | 557,708 | - | - | 1,338,417 |
| 15080-00-00 | Parts - Water Supp. / Treat. | - | 153,341 | 214,785 | 16,578 | - | - | 384,704 |
| 15090-00-00 | Parts - Steam Systems | - | 584,361 | 735,343 | 120,673 | - | - | 1,440,377 |
| 15100-00-00 | Parts - Feed / Conden Sys | - | 639,876 | 465,105 | 248,619 | - | - | 1,353,599 |
| 15110-00-00 | Parts - Cooling Water Sys | - | 55,952 | (2,574) | 206,633 | - | - | 260,012 |
| 15120-00-00 | Parts - Air Systems | - | 62,309 | 41,159 | 8,596 | - | - | 112,058 |
| 15130-00-00 | Parts - Emission Control | - | 74,165 | 473,064 | 281,496 | - | - | 828,724 |
| 15140-00-00 | Parts - Distributed Control S | - | 30,328 | 7,132 | 49,796 | - | - | 87,256 |
| 15150-00-00 | Parts - Fuel Systems | - | 46,881 | 15,129 | 68,135 | - | - | 130,146 |
| 15160-00-00 | Parts - Plant Utilities / HVA | - | 70,921 | 21,582 | - | - | - | 92,503 |
| 15170-00-00 | Parts - Water Gathering Sys | - | 30,268 | 27,136 | 49,404 | - | - | 106,808 |
| 15180-00-00 | Parts - Balance of Plant | - | (239,081) | 485,816 | 471,696 | - | - | 718,430 |
| 15200-00-00 | Parts - Boiler | - | - | 29,156 | 2,569 | - | - | 31,725 |
| 15230-00-00 | Parts - Waste Water Treatment | - | (592) | 4,819 | 9,845 | - | - | 14,073 |
| 15901-00-00 | MII and Supplies PA Adj [2] | - | 1,696,238 | 1,113,220 | (677,526) | - | - | 2,131,932 |
| 16110-00-00 | T&E - Mechanical Equipment | - | 28 | 92 | - | - | - | 121 |
| 16120-00-00 | T&E - Electrical Equipment | - | - | - | - | - | - | - |
| 16130-00-00 | T&E - Mechanical Tools | - | 298 | 22,255 | - | - | - | 22,553 |
| 16140-00-00 | T&E - Electrical Tools | - | 2,967 | - | - | - | - | 2,967 |
| 16150-00-00 | T&E - Laboratory Equipment | - | - | - | - | - | - | - |
| 16160-00-00 | T&E - Safety Equipment | - | (332) | - | 6,052 | - | - | 5,720 |
| 16170-00-00 | T&E - Plant Radios & Equip | - | - | 1,554 | - | - | - | 1,554 |
| 16180-00-00 | T&E - Warehouse Storage-Offic | - | - | - | - | - | - | - |
| 16190-00-00 | T&E - Operations Tools | - | 23 | (206) | - | - | - | (184) |
| 16193-00-00 | T&E - Man-Lift | - | - | - | - | - | - | - |
| 16300-00-00 | Stores Handling Billed Charge | - | - | - | - | - | - | - |
| 15900-00-00 | Reserve for obsolesence | - | - | - | - | - | - | - |
| *Subtotal* | *Inventory within Net Working Capital* | - | 4,264,446 | 7,393,692 | 6,841,842 | - | - | 18,499,980 |
| **Capital Spares excluded from Net Working Capital [3]** | | | | | | | | |
| 17521-00-00 | CAPEX - LTSA Spares MYD [4] | - | - | 3,135,154 | - | - | - | 3,135,154 |
| 17517-00-00 | CAPEX - L-O Blades ST96 MYD [5] | - | - | 4,230,243 | - | - | - | 4,230,243 |
| 17604-00-00 | CAPEX - TIL Retaining Rings | - | - | - | 709,318 | - | - | 709,318 |
| 17605-00-00 | CAPEX - Turbine Cntrl Upgrade | - | - | - | 1,911,486 | - | - | 1,911,486 |
| 17610-00-00 | CAPEX - L-O Turbine Blades | - | - | - | 2,500,962 | - | - | 2,500,962 |
| 17611-00-00 | CAPEX - Burner Mgmt System | - | - | - | 421,824 | - | - | 421,824 |
| 17009-00-00 | Capital Spares LTSA [6] | (11,902,943) | 10,231,526 | 13,574,360 | - | - | - | 11,902,943 |
| *Subtotal* | *Capital Spares excluded from Net Working Capital* | (11,902,943) | 10,231,526 | 20,939,757 | 5,543,591 | - | - | 24,811,930 |
| **Total** | **Inventory within Net Working Capital plus Capital Spares excluded from Net Working Capital** | (11,902,943) | 14,495,972 | 28,333,448 | 12,385,433 | - | - | 43,311,910 |

Notes

For avoidance of doubt (and as described by Seller on a 7/22/2010 net working capital diligence call), "15" and "16" MAS Account Series inventory items are included within Net Working Capital, while all "17" MAS Account Series are capital spare parts and are excluded from Net Working Capital and are instead classified as PP&E.

(1) Balance as of 6/30/2010 as provided by Seller
(2) This adjustment is related to the Purchase Accounting Valuation done June 2007 with the merger of USPG and BG
(3) Balance as of 12/31/2009 as provided by Seller (unless otherwise noted)
(4) Balance as of 6/30/2010 as provided by Seller
(5) Steam Turbine Blades installed in Q4-2009 on MY9, the old blades were refurbished in 2010 for approx $500k and are now in inventory
(6) The ($11.9MM) on BG is the 6/07 Purchase Accounting Valuation adjustment to capital spares done with the Merger; it represents the depreciation value of the spares at that time

EXHIBIT A TO SALE ORDER, PAGE 199

## Schedule 2.1(m)

### Air Emissions Credits and Allowances

(As of July 16, 2010)

| TYPE | AMOUNT[6] |
|------|-----------|
| SO2 Allowances (Acid Rain Program) | Fore River:<br>  7 (Vintage 2006)<br><br>Mystic:<br>  35,578 (Vintage 2006 - 09),<br>  16,065 (Vintage 2010), and<br>  26,065 per year for Vintages 2011 – 40 |
| NOx Allowances  (CAIR Ozone Season) | Fore River:<br>  84 (Vintage 2005),<br>  66 (Vintage 2006),<br>  552 (Vintage 2009),<br>  552 (Vintage 2010), and<br>  552 (Vintage 2011)<br><br>Mystic:<br>  209 (Vintage 2006),<br>  320 (Vintage 2007),<br>  1327 (Vintage 2009),<br>  827 (Vintage 2010), and<br>  1327 (Vintage 2011) |
| CO2 Allowances (RGGI) | Boston Generation Account:<br>  3,951,000 (Vintage 2009), and<br>  347,000 (Vintage 2012) |

---

[6] Allowances transferred will include all Allowances currently in Sellers' accounts, net of Allowances required for pre-Closing obligations.

EXHIBIT A TO SALE ORDER, PAGE 200

**Schedule 3.4**

**Adjusted Net Working Capital Principles and Methodologies**

[Provided under separate cover]

EXHIBIT A TO SALE ORDER, PAGE 201

## Schedule 3.4

**Adjusted Net Working Capital and Principles and Methodologies**

$ in thousands

**Current Assets**

| | | |
|---|---|---|
| Accounts receivable | $ | 52,118 |
| Inventory | | 18,500 |
| Prepaid expenses[1] | | 17,761 |
| Total current assets | | 88,379 |

**Current Liabilities**

| | | |
|---|---|---|
| Accounts payable and accrued expenses | | 28,407 |
| Fuel payable | | 32,272 |
| Other current liabilities | | 1,298 |
| | | 61,978 |

| | | |
|---|---|---|
| **Adjusted Net Working Capital** | $ | **26,401** |

### Notes

[1] Excludes LTSA CAPEX payments made prior to close
[2] Based upon June 30, 2010 balance sheet

### Principles and Methodologies

The pro-forma adjusted net working capital statement has been prepared in accordance with U.S. GAAP, applied on a consistent basis, pursuant to the accounting policies footnote in the Boston Generating, LLC and Subsidiaries 2009 audited financial statements.

The pro-forma adjusted net working capital statement assumes that there are no cure amounts payable to creditors and that there have been no draws on the issued and outstanding letters of credit.  It also assumes that amounts receivable, payable or accrued are current.

## Schedule 4.3

### Governmental Approvals

1.  Federal Energy Regulatory Commission approval pursuant to Section 203 of the Federal Power Act.

2.  Filings and approvals, including the expiration of applicable waiting periods, under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended.

3.  Any required consents from, or notifications to, the Federal Communications Commission.

### Necessary Consents

1.  Financial Accommodation/Debt Financing Agreements:  All contracts set forth on Schedule 2.1(c) which may require consent pursuant to Section 365(c)(2) of the Bankruptcy Code.

2.  IP Agreements:  All contracts set forth on Schedule 2.1(c) that relate to Intellectual Property and/or any IT Assets which may require consent pursuant to section 365(c)(1) of the Bankruptcy Code.

3.  Safe Harbor Agreements:  All contracts set forth on Schedule 2.1(c) that might be subject to Sections 556, 560 or 561 of the Bankruptcy Code which may require consent.

EXHIBIT A TO SALE ORDER, PAGE 203

**Schedule 4.8**

**Litigation**

| Case | Description | State Pending |
|------|-------------|---------------|
| Exelon Edgar, LLC et al. v. Massachusetts Water Resource Authority, Norfolk Superior Court, C.A. No. 02-01305 | Eminent domain taking action relating to MWRA taking of certain land parcels originally owned by Boston Edison Company. | Massachusetts |
| Kevin McNiff, et al. v. Sithe Energies, Inc., Exelon New Boston, LLC, Exelon New England Power Services, Inc. and John Does, Suffolk Superior Court, No. SUCV2005-04158 | Personal injury lawsuit filed by 9 Boston firefighters in connection with an October 2002 fire at the New Boston Station power generating facility, the ownership of which remains with Exelon.  BG New England Power Services, Inc. (formerly Exelon New England Power Services, Inc.) was added as a defendant in a First Amended Complaint served in August 2007. | Massachusetts |
| Scott Williams v. Keystone Engineering Corp. and Fore River Development, LLC | Personal injury lawsuit filed by laborer employed by Loranger, Inc., who allegedly fell and injured himself on or about July 18, 2005 at the Fore River Power Plant. | Massachusetts |
| Donald Flaherty, Jr. v Boston Generating, LLC | Personal injury action filed by employee of O'Conner Corporation who claims to have been injured at Mystic Station on April 9, 2007. | Massachusetts |
| Massachusetts Laborers' Benefit Funds v Cutter Atlantic Refractories | Summons and complaint received on July 6, 2010. | Massachusetts |
| Garvin Jean-Bon | By letter dated March 9, 2009, attorney for Mr. Jean-Bon made claim for bodily injury in connection with incident occurring on or about October 9, 2008. | Massachusetts |
| Cynthia Johnson v. Boston Generating, LLC | This matter was filed with the Commonwealth of Massachusetts Commission Against Discrimination (Docket No. 06BEM00957). | Massachusetts |
| Grievance #10-20-09-2587 Disciplinary Reprimand and Demotion to Lead CCO J.Fava | A bargaining unit employee was demoted for failing to follow safe work practices which led to an injury. The union is grieving the loss of pay. | |
| Grievance #6-26-06-7411 Fire Marshall Duties | This grievance concerns use of a contractor to perform work the Union claims as "Fire Marshall Duties."  An | |

| Case | Description | State Pending |
|------|-------------|---------------|
|  | arbitrator has been selected, but there has been no activity since June 2009. |  |

## Schedule 4.9(a)

## Labor and ERISA Matters

1.  Cynthia Johnson v. Boston Generating, LLC (Massachusetts): This matter was filed with the Commonwealth of Massachusetts Commission Against Discrimination (Docket No. 06BEM00957).

2.  Grievance #10-20-09-2587 Disciplinary Reprimand and Demotion to Lead CCO J.Fava: A bargaining unit employee was demoted for failing to follow safe work practices which led to an injury.  The union is grieving the loss of pay.

3.  Grievance # 6-26-06-7411 Fire Marshall Duties: This grievance concerns use of a contractor to perform work that the Union claims as "Fire Marshall Duties."  An arbitrator has been selected, but there has been no activity since June 2009.

4.  Scott Williams v. Keystone Engineering Corp. and Fore River Development, LLC:  Personal injury lawsuit filed by laborer employed by Loranger, Inc., who allegedly fell and injured himself on or about July 18, 2005 at the Fore River Power Plant.

5.  Donald Flaherty, Jr. v. Boston Generating, LLC:  Personal injury action filed by employee of O'Connor Corporation who claims to have been injured at Mystic Station on April 9, 2007.

6.  Garvin Jean-Bon:  By letter dated March 9, 2009, an attorney for Mr. Jean-Bon made a claim for bodily injury in connection with incident occurring on or about October 9, 2008.

EXHIBIT A TO SALE ORDER, PAGE 206

**Schedule 4.9(b)**

**Benefit Plans**

1. Adoption Assistance Program

2. BG Boston Services LLC Union Retirement 401(k) Plan and associated assets invested with Fidelity Investments.

3. BG New England Post-Employment Medical Savings Account Plan For Union Employees and all assets and liabilities associated with employee accounts held in Trust by U.S. Bank National Association

4. BG New England Power Services, Inc. 401(k) Plan (for Salaried Employees) and associated assets invested with Fidelity Investments.

5. BG New England Power Services, Inc. All Management Employee Long Term Disability Coverage with Prudential

6. BG New England Power Services, Inc. Union Group Mystic 7 Long Term Disability Coverage with Prudential

7. BG Boston Services Union Group Mystic 8/9 and Fore River Long Term Disability Coverage with Prudential

8. BG New England Power Services, Inc. Union Retirement 401(k) Plan and associated assets invested with Fidelity Investments.

9. BG New England Union Employees Pension Plan

10. BG New England Union Employees Pension Plan Trust Agreement and all associated assets under management by U.S. Bank National Association

11. BG New England Union Short Term Disability Policy

12. Boston Generating Severance Benefit Plan

13. Boston Generating, LLC Incentive Program

14. Life Insurance Company of North America Business Travel Coverage

15. Comprehensive Welfare Benefit Plan

16. Delta Dental PPO Plus Premier Program for BG New England Management Employees

17. Delta Dental PPO Plus Premier Program for BG New England Union Employees

18. Educational Assistance Program

19. Employee Assistance Program

20. Group Vision Care Policy with Eastern Vision Service Plan, Inc.

28

21. Life Insurance Plan with Hartford Life Insurance Company

22. Medical Options of Boston Generating, LLC for Management Employees HMO Blue New England & Blue Care Elect Preferred (PPO)

23. Medical Options of Boston Generating, LLC for Union Employees HMO Blue New England & Blue Care Elect Preferred (PPO)

24. BG New England Power Services and BG Boston Services ADP Flexible Spending Account Plan

25. Retention Letter from USPG to Arthur May dated as of December 2, 2008.

26. Retention Letter from USPG to Donna Maguire dated as of December 2, 2008.

27. Retention Letter from USPG to George Wilson dated as of December 2, 2008.

28. Retention Letter from USPG to Paul Hamilton dated as of November 23, 2008.

29. Retention Letter from USPG to Ray Ivers dated as of December 2, 2008.

30. Supplemental Health Plan for BG New England Power Services, Inc. Retired Employees, A Plan of the Utility Workers Union of America National Health and Welfare Fund.

31. Voluntary Accidental Death & Dismemberment Plan with Hartford Life Insurance Company.

EXHIBIT A TO SALE ORDER, PAGE 208

## Schedule 4.9(e)

## Title IV Plans

None.

## **Schedule 4.12**

## **Validity of Permits**

None.

**Schedule 5.3**

**Buyer Governmental Approvals**

1.  Federal Energy Regulatory Commission approval pursuant to Section 203 of the Federal Power Act.

2.  Filings and approvals, including the expiration of applicable waiting periods, under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended.

3.  Any required consents from, or notifications to, the Federal Communications Commission.

4.  Federal Energy Regulatory Commission order granting market-based rate authority pursuant to Section 205 of the Federal Power Act.

5.  Federal Energy Regulatory Commission notice of effectiveness of Exempt Wholesale Generator status under Part 366 of the Federal Energy Regulatory Commission's regulations, 18 C.F.R. Part 366 (2010)

EXHIBIT A TO SALE ORDER, PAGE 211

## Schedule 5.8

## ISO New England Ownership

None.

EXHIBIT A TO SALE ORDER, PAGE 212

**Schedule 6.18**

**Credit Support Requirements**

| Letter of Credit No. | Beneficiary | Stated Amount | Issuer | Date of Issuance | Expiry |
|---|---|---|---|---|---|
| TS-07003811 | Credit Suisse Energy LLC | $60,000,000 (stated amount was reduced) | Credit Suisse | 12/21/2006, amended 8/6/2008 | 2/1/2011 |
| TS-07004584 | Distrigas of Massachusetts LLC | $75,000,000 (stated amount was increased) | Credit Suisse | 4/17/2008, amended 9/18/2008 | 4/17/2011, renewed yearly |
| TS-07003661 | Distrigas of Massachusetts LLC | $1,500,000 | Credit Suisse | 8/3/2006 | 8/3/2010, renewed yearly |
| TS-07004549 | Sequent Energy Management, L.P. | $10,000,000 | Credit Suisse | 3/28/2008 | 3/28/2011, renewed yearly |
| TS-07004331 | Sempra Energy Trading LLC | $25,000,000 | Credit Suisse | 12/11/2007 | 3/1/2011 |

34

## Exhibit B

### Form of Joinder Agreement

Reference is hereby made to that certain Sale Support Agreement, dated _____, 2010 (as such agreement may be amended, modified or supplemented from time to time, the "**Sale Support Agreement**") by and among Boston Generating, LLC ("**BostonGen**"), Fore River Development, LLC ("**FRD**"), Mystic I, LLC ("**Mystic I**"), Mystic Development, LLC ("**Mystic**"), BG New England Power Services, Inc. ("**BGNEPS**"), BG Boston Services, LLC ("**BGBS**") and EBG Holdings LLC ("**Holdings**" and, together with BostonGen, FRD, Mystic I, Mystic, BGNEPS and BGBS, the "**BostonGen Entities**" or the "**Company**") and each of the first lien lenders party thereto (each, a "**Consenting First Lien Lender**", and collectively, the "**Consenting First Lien Lenders**"). Each of the BostonGen Entities and the Consenting First Lien Lenders are referred to herein individually as a "**Party**", and collectively as the "**Parties**". Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to such terms in the Sale Support Agreement.

As a condition precedent to becoming the beneficial holder or owner of [_____] dollars ($_____) of First Lien Loan Claims, the undersigned transferee (the "**Transferee**") hereby agrees to become bound by all of the terms, conditions and obligations of the undersigned transferor (the "**Transferor**") set forth in or contemplated by the Sale Support Agreement. The Transferee acknowledges and agrees that (i) it has reviewed, or has had the opportunity to review, with the assistance of professional and legal advisors of its choosing, the Sale Support Agreement and (ii) all representations and warranties set forth in section 9 of the Sale Support Agreement are true and correct in all material respects as of the date hereof with respect to such Transferee.

This Joinder Agreement shall take effect and shall become an integral part of the Sale Support Agreement immediately upon its execution and the Transferee shall be deemed to be bound by all of the terms, conditions and obligations of the Sale Support Agreement as of the date hereof.

IN WITNESS WHEREOF, this Joinder Agreement has been duly executed by each of the undersigned as of the date specified below.

Date: _____, 2010

Name of Transferee

Authorized Signatory of Transferee

(Type or Print Name and Title of Authorized Signatory)

Address of Sale Support Party:

Attn:_____
Tel:_____
Fax:_____
Email:_____

EXECUTION VERSION

**AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT AND CONSENT**

AMENDMENT NO. 1 dated as of November 9, 2010 (this "Amendment") to the Asset Purchase Agreement dated as of August 7, 2010 (the "Asset Purchase Agreement") by and among EBG Holdings LLC, a Delaware limited liability company ("Holdings"), Boston Generating, LLC, a Delaware limited liability company ("BGen"), Mystic I, LLC, a Delaware limited liability company ("Mystic I"), Fore River Development, LLC, a Delaware limited liability company ("FRD"), Mystic Development, LLC, a Delaware limited liability company ("Mystic Development"), BG Boston Services, LLC, a Delaware limited liability company ("BGBS"), and BG New England Power Services, Inc., a Delaware corporation ("BGNE" and together with Holdings, BGen, Mystic I, FRD, Mystic Development and BGBS, "Sellers" and each a "Seller"), Constellation Holdings, Inc., a Maryland corporation ("Buyer"), and Constellation Energy Group, Inc., a Maryland corporation ("Guarantor"). Sellers, Buyer and Guarantor are referred to herein individually as a "Party" and collectively as the "Parties." Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Asset Purchase Agreement.

**WITNESSETH:**

WHEREAS, the Parties have heretofore entered into the Asset Purchase Agreement, and

WHEREAS, the Parties now wish to amend the Asset Purchase Agreement as provided below.

NOW THEREFORE, in consideration of the premises and the agreements herein contained, intending to be legally bound hereby, the Parties hereby agree as follows:

1.  **Amendment to Asset Purchase Agreement**

    (a)    The definition of "Collective Bargaining Agreements" in Section 1.1 of the Asset Purchase Agreement is hereby amended to read in its entirety as follows:

    "Collective Bargaining Agreements" shall mean, collectively, (i) that certain agreement between BGBS, and the Utility Workers Union of America, AFL-CIO and Local No. 369, dated as of February 28, 2007, as in effect on the Agreement Date, and (ii) that certain agreement between BGNE, and the Utility Workers Union of America, AFL-CIO and Local No. 369, dated as of September 30, 2010, without further amendment or modification.

    (b)    Section 2.3 of the Asset Purchase Agreement is hereby amended by (i) removing the word "and" at the end of paragraph (h) thereof; (ii) inserting the following new paragraph (i) thereto: "all Liabilities related to the Proceeding listed as number 2 on Schedule 4.9(a); and (iii) renumbering existing paragraph (i) to be paragraph (j).

(c)    Section 6.1(e)(i) of the Asset Purchase Agreement is hereby amended to read in its entirety as follows:

> (i) enter into any new, or amend, terminate or renew any existing, employment, severance, consulting or salary continuation agreements with or for the benefit of any officers, directors or employees, in each case, other than in the Ordinary Course of Business;

(d)    Section 6.7(a)(i) of the Asset Purchase Agreement is hereby amended by replacing the words "(in each case within than ten (10) days following the date of this Agreement)" therein with "(in each case within twelve (12) days following the date of this Agreement)."

(e)    Section 8.1(b)(i) of the Asset Purchase Agreement is hereby amended to read in its entirety as follows:

> (i)    if the Closing shall not have occurred on or before the date that is one hundred twenty (120) days after the date hereof, unless the Closing shall not have occurred by such date solely because FERC has not authorized the sale of the Acquired Assets to Buyer pursuant to Section 203 of the Federal Power Act, in which case if the Closing shall not have occurred on or before January 14, 2011; provided, however, that the terminating Party is not in material and willful breach of any of its representations and warranties contained in this Agreement and has not failed in any material respect to perform any of its obligations hereunder;

(f)    Section 8.1(e)(ii) of the Asset Purchase Agreement is hereby amended by replacing the phrase "ninety (90) days" therein with the phrase "ninety-six (96) days."

(g)    Section 8.2(b)(ii) of the Asset Purchase Agreement is hereby amended to read in its entirety as follows:

> (ii)    Sellers shall pay to Buyer a cash amount equal to (A) $30,000,000 (the "Break-Up Fee") (1) within two (2) Business Days after any termination of this Agreement pursuant to Section 8.1(b)(iii) or (2) upon Sellers' consummation of an Alternative Transaction within 12 months following the termination of this Agreement pursuant to Section 8.1 (other than Section 8.1(b)(iii), Section 8.1(c) (solely to the extent that the breach or breaches of Sellers that formed the basis for such termination are each Willful Breaches or breaches that occurred prior to the date hereof) or Section 8.1(d)(i)); (B) one-half of the Break-Up Fee within two (2) Business Days after any termination of this Agreement pursuant to Section 8.1(c), solely to the extent that the breach or breaches of Sellers that formed the basis for such termination are each Willful Breaches or breaches that occurred prior to the date hereof; and (C) one-half of the Break-Up Fee, after any termination of this Agreement pursuant to Section 8.1(c), solely to the extent (x) that the portion of the Break-Up Fee contemplated by clause (B) of this Section 8.2(b)(ii) has been paid and (y) within 12 months after the date of such termination, Sellers consummate an Alternative Transaction.

2

(h)   Schedule 2.1(a)-2 (Leased Real Property) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with a new Schedule 2.1(a)-2 in the form attached hereto as Exhibit 1.

(i)   Schedule 2.1(c) (Assumed Contracts) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with a new Schedule 2.1(c) in the form attached hereto as Exhibit 2.

(j)   Schedule 4.9(b) (Benefit Plans) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with a new Schedule 4.9(b) in the form attached hereto as Exhibit 3.

(k)   Exhibit B (Bidding Procedures) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with a new Exhibit B in the form attached hereto as Exhibit 4.

(l)   Exhibit C (Bidding Procedures Order) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with a new Exhibit C in the form attached hereto as Exhibit 5.

(m)   Exhibit E (Sale Order) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with a new Exhibit E in the form attached hereto as Exhibit 6.

(n)   Exhibit G (Transition Services Agreement), in the form attached hereto as Exhibit 7, is hereby added as a new Exhibit G to the Asset Purchase Agreement.

## 2.   Acknowledgement and Consent

(a)   Notwithstanding the provisions of Section 6.1(e)(i) of the Asset Purchase Agreement, Buyer hereby acknowledges and consents to the execution by BGNE of that certain agreement between BGNE, the Utility Workers Union of America, AFL-CIO and Local No. 369, dated as of September 30, 2010.

(b)   Notwithstanding the provisions of Section 6.11(c) of the Asset Purchase Agreement, Buyer and Sellers acknowledge and consent to the entry by the Bankruptcy Court of the Bidding Procedures Order on October 12, 2010.

(c)   Notwithstanding the provisions of Section 8.1(e)(i) of the Asset Purchase Agreement, Buyer hereby waives its right to terminate the Asset Purchase Agreement in accordance with Section 8.1(e)(i).

## 3.   Miscellaneous

(a)   Effect.   Except as expressly amended hereby, the Asset Purchase Agreement, including the Schedules and Exhibits shall remain in full force and effect.

-3-

3

(b)    <u>Governing Law</u>.   This Amendment shall be construed and interpreted, and the rights of the Parties shall be determined, in accordance with the Laws of the State of New York, without giving effect to any provision thereof that would require the application of the substantive laws of any other jurisdiction, except to the extent that such Laws are superseded by the Bankruptcy Code.

(c)    <u>Counterparts; Facsimile and Electronic Signatures</u>.   This Amendment may be executed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.   Counterparts to this Amendment may be delivered via facsimile or electronic mail.   In proving this Amendment, it shall not be necessary to produce or account for more than one such counterpart signed by the Party against whom enforcement is sought.

[Remainder of Page Intentionally Left Blank]

4

EXHIBIT A TO SALE ORDER, PAGE 219

IN WITNESS WHEREOF, this Amendment has been duly executed and delivered by the duly authorized officers of Sellers and Buyer as of the date first above written

**BUYER:**

CONSTELLATION HOLDINGS, INC.

By: _____

Name:

Title:

**GUARANTOR:**

CONSTELLATION ENERGY GROUP, INC.

By: _____

Name:

Title:

**SELLERS:**

EBG HOLDINGS LLC

By: _____

Name:

Title:

BOSTON GENERATING, LLC

By: _____

Name:

Title:

MYSTIC I, LLC

By: _____

Name:

Title:

FORE RIVER DEVELOPMENT, LLC

By: _____

Name:

Title:

*APA Amendment No. 1 Signature Page*

MYSTIC DEVELOPMENT, LLC

By:
Name:
Title:

BG BOSTON SERVICES, LLC

By:
Name:
Title:

BG NEW ENGLAND POWER SERVICES, INC.

By:
Name:
Title:

*APA Amendment No. 1 Signature Page*

**Exhibit 1**

**Schedule 2.1(a)-2 (Leased Real Property)**

EXHIBIT A TO SALE ORDER, PAGE 222

<u>**Schedule 2.1(a)-2**</u>

<u>**Leased Real Property**</u>

None.

9

**Exhibit 2**

**Schedule 2.1(c) (Assumed Contracts)**

-8-

Schedule 2.1(c)[1]

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 1. | NSTAR Services Company (Boston Edison Company)<br><br>EBG Holdings LLC | Interconnection and Operation Agreement between Boston Edison Company and Sithe Energies, Inc. | December 10, 1997 | Boston Edison Company<br>Attn: Doug S. Horan, Esq., Senior Vice President and General Counsel<br>800 Boylston Street<br>Boston, MA 02199<br><br>Boston Edison Company<br>Attn: Lead Transmission Asset Management Liaison<br>c/o NSTAR Electric & Gas Company<br>One NSTAR Way, NE240<br>Westwood, MA 02090-9003 | | Interconnection and Operation Agreement- 1.5.1.13<br>This Agreement was assigned by Sithe Energies, Inc. to Exelon Generation Company who then assigned this Agreement to EBG Holdings LLC. |
| 2. | NSTAR Services Company (formerly Boston Edison Company)<br><br>Sithe Mystic, LLC<br><br>Sithe New Boston, LLC<br><br>Sithe Edgar, LLC<br><br>Sithe West Medway, LLC<br><br>Sithe Framington, LLC | Agreement Regarding Obligations under Interconnection and Operation Agreement | May 15, 1998 | Boston Edison Company<br>Attn: Douglas S. Horan, Esq., Senior<br>Vice President and General Counsel<br>800 Boylston Street<br>Boston, MA 02199<br><br>Boston Edison Company<br>Attn: Lead Transmission Asset Management Liaison | | This Agreement was assigned by Sithe Energies, Inc. to Exelon Generation Company who then assigned this Agreement to EBG Holdings LLC. |

[1] The inclusion of a contract, lease or other agreement on this Schedule does not constitute an admission that such contract, lease or other agreement is an executory contract or unexpired lease or that such contract or lease will be assumed by the Seller and assigned to the Buyer pursuant to Section 365 of the Bankruptcy Code. The Seller reserves all of its rights, claims and causes of action with respect to the contracts, leases and other agreements listed herein.

1

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 225

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Sithe Wyman, LLC<br><br>EBG Holdings LLC | | | c/o NSTAR Electric & Gas Company<br>One NSTAR Way, NE240<br>Westwood, MA 02090-9003 | | |
| 3. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | December 20, 2006 | Credit Suisse Energy LLC<br>Attn: President or General Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | Confirmation Letter Agreement (Financial Swap- Cash Settled- NEMA Hedge A Swap) -2.6.2.1 (see also 2.6.2.8) |
| 4. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | January 29, 2007 | Credit Suisse Energy LLC<br>Attn: President or General Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | Confirmation Letter Agreement (Financial Put Swaption- Cash Settled- NEMA A Put Swaption)- 2.6.2.2 (see also 2.6.2.9 and 2.6.4.46) |
| 5. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | December 20, 2006 | Credit Suisse Energy LLC<br>Attn: President or General Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz | | Confirmation Letter Agreement (Financial Swap- Cash Settled- NEMA Hedge B Swap) -2.6.2.3 |

11

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 226

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | |
| 6. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation | January 29, 2007 | Credit Suisse Energy LLC<br>Attn: President or General Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | Confirmation Letter Agreement (Financial Put Swaption- Cash Settled- NEMA B Put)-2.6.2.4 |
| 7. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | ISDA Master Agreement | December 20, 2006 | Credit Suisse Energy LLC<br>11 Madison Avenue<br>New York, NY 10010<br>Attn: Head of Credit Risk Management; Head of OTC Operations-Operations Department; Head of Documentation Group-Securities Division; Legal and Compliance Department<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | ISDA Master Agreement attaching the Schedule to the 1992 ISDA Master Agreement-2.6.2.5 |
| 8. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation Amendment | November 14, 2008 | Credit Suisse Energy LLC<br>Attn: President or General Counsel | | Confirmation Amendment attaching Confirmations-2.6.2.11 |

12

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 227

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | 11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | |
| 9. | Credit Suisse Energy LLC<br><br>Boston Generating, LLC | Confirmation Amendment | November 19, 2008 | Credit Suisse Energy LLC<br>Attn: President or General Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | Confirmation Amendment attaching confirmations-2.6.2.12 |
| 10. | City of Everett<br><br>Mystic I, LLC (formerly Sithe Mystic LLC) | Tax Increment Financing Agreement by and between City of Everett and Sithe Mystic LLC | December 10, 1999 | City of Everett<br>City Hall<br>484 Broadway<br>Everett, MA 02149<br>Attn: Assessor | | Tax Increment Financing Agreement-3.3.1 (see also 4.3.2)<br><br>-Site Amendment- 3.3.2<br><br>-Tax Increment Financing Plan-3.3.3 |
| 11. | City of Everett<br><br>Mystic I, LLC (formerly Sithe Mystic LLC) | Agreement for Payment in Lieu of Taxes | December 10, 1999 | City of Everett<br>Attn: Assessor<br>City Hall<br>484 Broadway<br>Everett, MA 02149 | | Sets forth annual payments to be made to the city-3.3.4 (see also 4.3.1)<br>-Letter confirming agreement (3.3.5)<br>-Tax Agreement Memo (3.3.7) |
| 12. | Boston Gas Company, d/b/a | KeySpan 365 Day Firm | November 30, | KeySpan Energy Delivery New | | Firm Transportation Services |

13

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 228

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | KeySpan Energy Delivery New England, d/b/a National Grid<br><br>Mystic I, LLC | Transportation Service Agreement | 2007 | England<br>52 Second Avenue<br>Waltham, MA 02451<br>Manager- Key Accounts<br><br>Boston Gas Company<br>d/b/a KeySpan Energy Delivery New England<br>Attn: President, General Counsel<br>300 Erie Boulevard West<br>Syracuse, NY 13202 | | Agreement Extension-3.6.1.3<br><br>-Letter Extending Agreement through 2010- 3.6.1.4 |
| 13. | Distrigas of Massachusetts LLC<br><br>Mystic Development, LLC | Amended and Restated  Firm Gas Sales and Purchase Agreement between Distrigas of Massachusetts LLC and Mystic Development, LLC dated as of December 3, 2007 | December 3, 2007 | Distrigas of Massachusetts LLC One Liberty Square, 10th Floor Boston, MA 02109 Attn: VP Sales & Transportation | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: Contract Administrator (Invoices) | Governs the purchase and sale of gas-4.6.1.1.1 and 4.6.1.1.2 |
| 14. | Distrigas of Massachusetts LLC<br><br>Mystic Development, LLC | Gas Facilities Easement Agreement | July 1, 2001 | Distrigas of Massachusetts LLC Attn: VP Sales & Transportation One Liberty Square, 10th Floor Boston, MA 02109 | | Grant of easements to facilitate the transfer of gas- 4.6.1.1.6 |
| 15. | Distrigas of Massachusetts LLC<br><br>Mystic I, LLC | Non-Firm Gas Sales and Purchase Agreement between Distrigas of Massachusetts LLC and Mystic I, LLC | April 11, 2008 | Distrigas of Massachusetts LLC, One Liberty Square, 10th Floor, Boston, MA 02109, Attn: VP Sales and Transportation | For Invoices:<br>Distrigas of Massachusetts LLC<br>One Liberty | Governs the purchase and sale of gas-4.6.1.1.8 |

14

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 229

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | | Square, 10th Floor Boston, MA 02109 Attn: Contract Administrator | |
| 16. | SUEZ Energy North America<br><br>Mystic Development, LLC | Guaranty by SUEZ Energy North America in favor of Mystic Development, LLC | April 23, 2008 | SUEZ Energy North America, Inc.<br>Attn: Credit Manager<br>1990 Post Oak Blvd., Suite 1900<br>Houston, TX 77056 | | Parent Guaranty of obligations of Distrigas under the Firm Gas Sales and Purchase agreement between Distrigas and Mystic Development, LLC<br>4.6.1.1.9 |
| 17. | Hugo Neu Steel Products, Inc.,<br><br>Proleride Transport Systems, Inc.<br><br>Distrigas of Massachusetts LLC<br><br>Mystic I, LLC (formerly Sithe Mystic LLC)<br><br>Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Letter Agreement | February 9, 2001 | Hugo Neu Steel Products, Inc./ Proleride Transport Systems, Inc.<br>Attn: President or General Counsel<br>Rover Street, P.O. Box 0048<br>Everett, MA 02149<br><br>Distrigas of Massachusetts LLC<br>Attn: President or General Counsel<br>One Liberty Square, 10th Floor<br>Boston, MA 02109 | | Agreement clarifying certain payment provisions- 4.6.1.2; 1.5.2.36 |
| 18. | Hugo Neu Steel Products, Inc.<br><br>Proleride Transport Systems, Inc. | Agreement | June 30, 1983 | Boston Edison Company<br>Attn: President or General Counsel<br>800 Boylston Street<br>Boston, MA 02199 | | Agreement re: Wharfing Rights- these<br>rights were later transferred by Hugo Neu<br>to Distrigas |

15

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 230

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | NSTAR Services Company (formerly Boston Edison Company)<br><br>Mystic I, LLC | | | Hugo Neu Steel Products, Inc./ Proleride Transport Systems, Inc.<br>Attn: President or General Counsel<br>Rover Street<br>P.O. Box 0048<br>Everett, MA 02149<br><br>Boston Edison Company<br>c/o NSTAR Electric & Gas Company<br>Attn: Lead Transmission Asset Management Liaison<br>One NSTAR Way, NE240<br>Westwood, MA 02090-9003 | | This Agreement was assigned by Sithe Mystic LLC to Mystic I, LLC |
| 19. | Hugo Neu Steel Products, Inc.<br><br>Proleride Transport Systems, Inc.<br><br>Distrigas of Massachusetts LLC<br><br>Mystic I, LLC (formerly Sithe Mystic LLC)<br><br>Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Consent Agreement | February 9, 2001 | Hugo Neu Steel Products, Inc./Proleride Transport Systems, Inc.<br>Rover Street<br>P.O. Box 0048<br>Everett, MA 02149, Attn: General Manger<br><br>Hugo Neu Corporation<br>79 Fifth Avenue<br>NY, NY 10003<br>Attn: Donald W. Harnaker, President<br><br>Distrigas of Massachusetts LLC<br>One Liberty Square, Boston, | | Consent to the assignment by Sithe Mystic LLC to Sithe Mystic Development LLC and clarifying certain rights and payments to be made-4.6.1.4 |

16

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 231

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | MA 02109, Attn: President<br><br>Distrigas of Massachusetts LLC<br>18 Rover Street<br>Everett, MA 02149 | | |
| 20. | Distrigas of Massachusetts LLC (the successor by conversion of Distrigas of Massachusetts Corporation)<br><br>Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Agreement | September 18, 2000 | Distrigas of Massachusetts LLC<br>One Liberty Square, 10th Floor<br>Boston, MA 02109<br>Attn: VP Sales & Transportation | | Partial waiver of gas supply contract condition.–1.5.2.38 |
| 21. | Distrigas of Massachusetts LLC<br><br>Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Assignment of Wharfing Rights Agreement | February 9, 2001 | Distrigas of Massachusetts LLC<br>One Liberty Square<br>Boston, MA 02109<br>Attn: President<br><br>Distrigas of Massachusetts LLC<br>18 Rover Street<br>Everett, MA 02149 | | Sithe Mystic Development LLC fulfilling its obligations under a certain gas contract by assigning certain parcel to Distrigas of Massachusetts LLC -4.6.1.5 |
| 22. | NSTAR Services Company (formerly Boston Edison Company)<br><br>Mystic Development LLC | Interconnection Agreement between Mystic Development LLC and Boston Edison Company | Effective March 6, 2001 | Boston Edison Company c/o NSTAR Electric & Gas Company<br>One NSTAR Way, NE240<br>Westwood, MA 02090-9003<br>Attn: Lead Transmission Asset Management Liaison | | Letter attaching non-executed Interconnection Agreement-4.6.2.1; 1.5.2.85 |
| 23. | Mitsubishi Heavy Industries America, Inc. | Long term service agreement dated as of November 6, 2000 between Sithe Mystic | November 6, 2000 | Mitsubishi Heavy Industries America, Inc.<br>610 Crescent Executive Court, | | Long Term Service Agreement - 4.6.3.1 (same document filed under 1.5.2.45, 1.5.2.44, 4.10.1.10 and |

17

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 232

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Development LLC and Mitsubishi Heavy Industries America, Inc. (and related purchase orders) | | Suite 220 Lake Mary, FL 32746 Attn: Yoshihiro Shiraiwa | | 4.10.1.25) |
| 24. | Mitsubishi Heavy Industries America, Inc. Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Amendment Agreement | January 31, 2001 | Mitsubishi Heavy Industries America, Inc. 610 Crescent Executive Court, Suite 220 Lake Mary, FL 32746 Attn: Yoshihiro Shiraiwa | | First Amendment to Long Term Service Agreement-4.6.3.2 |
| 25. | Mitsubishi Power Systems Americas, Inc. Mitsubishi Heavy Industries America, Inc. Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Second Amendment Agreement | May 27, 2009 | Mitsubishi Heavy Industries, Ltd. Attn: General Counsel 3-1, Minatomirai 3-Chome Nishi-Ku, Yokohama 220-8401 Japan | | Second Amendment to Long Term Service Agreement-4.6.3.3 |
| 26. | Mitsubishi Heavy Industries, Ltd. Mystic Development, LLC (formerly Sithe Mystic Development LLC) | Guarantee Agreement between Sithe Mystic Development LLC, as Buyer and Mitsubishi Heavy Industries, Ltd. as Guarantor | November 6, 2000 | Mitsubishi Heavy Industries, Ltd. 3-1, Minatomirai 3-Chome, Nishi-Ku, Yokohama 220-8401 Japan Attn: General Counsel | | Guarantor guarantees to Buyer the punctual and full performance and payment of each and every obligation of Mitsubishi Heavy Industries, Inc.-4.6.3.4, 1.5.2.45; 1.5.2.44 |
| 27. | Mystic Development, LLC Mitsubishi Power Systems, Inc. | | June 8, 2010 [Issue Date] | Mitsubishi Power Systems, Inc. 2287 Premier Row Orlando, FL 32809 Attn: Jeff Phelan | | Purchase Order MYN-2010-00553 (this document is part of the LTSA-effective November 28, 2009) |

18

9

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 28. | Mystic Development, LLC<br><br>Mitsubishi Power Systems, Inc. | | June 8, 2010 [Issue Date] | Mitsubishi Power Systems, Inc.<br>2287 Premier Row<br>Orlando, FL 32809<br>Attn: Jeff Phelan | | Purchase Order MYN-2010-00554 (issued in accordance with the Long Term Service Agreement dated May 25, 2010 between Mystic Development, LLC and Mitsubishi Power Systems, Inc.) |
| 29. | Mystic Development, LLC<br><br>Mitsubishi Power Systems Americas, Inc. | Long Term Service Agreement dated May 25, 2010 between Mystic Development, LLC and Mitsubishi Power Systems Americas, Inc. (and related purchase orders) | May 25, 2010 | Mitsubishi Power Systems Americas, Inc.<br>2287 Premier Row<br>Orlando, FL 32809<br>Attn: Mystic LTSA Program Manager, w/ a copy to General Counsel. | | Long Term Service Agreement |
| 30. | Distrigas of Massachusetts LLC<br><br>Suez LNG NA LLC<br><br>Mystic I, LLC<br><br>Mystic Development, LLC | Settlement Agreement and General Release | April 18, 2008 | Distrigas of Massachusetts LLC<br>Attn: President or General Counsel<br>One Liberty Square<br>Boston, MA 02109<br><br>SUEZ Energy North America, Inc.<br>Attn: President or General Counsel<br>1990 Post Oak Blvd., Suite 1900<br>Houston, TX 77056 | | Settlement Agreement relating to the Firm Gas Sales Purchase Agreement (fully executed- all parties signed and dated April 18, 2008)-4.7.1 |
| 31. | Town of Weymouth<br><br>Fore River Development, LLC by assignment (formerly Sithe Fore River Development, LLC) | Tax Increment Financing Agreement by and between Town of Weymouth and Sithe Edgar, LLC | November 22, 1999 | Town of Weymouth<br>75 Middle Street<br>Weymouth, MA 02189<br>Attn: James F. Clarke, Director of Planning and Community Development | | Tax Increment Financing Agreement -5.3.1<br><br>(assignment to Sithe Fore River Development – 1.5.2.89) |

19

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 234

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | | | This Agreement was assigned by Sithe Edgar, LLC to Sithe Fore River Development, LLC per an Assignment and Assumption Agreement dated January 31, 2001 |
| 32. | Sequent Energy Management, L.P.<br><br>Boston Generating, LLC | Fuel Management Agreement dated as of April 1, 2008 by and between Boston Generating, LLC as Owner, and Sequent Energy Management, L.P. as Fuel Manager | April 1, 2008 | Sequent Energy Management, L.P.<br>1200 Smith, Suite 900<br>Houston, TX 77002<br>Attn: Contract Administrator | Sequent Energy Management, L.P., 1200 Smith, Suite 900<br>Houston, TX 77002<br>Attn: Contract Administrator | Fuel Management Agreement-5.6.1.6.1 |
| 33. | Sequent Energy Management, L.P.<br><br>Boston Generating, LLC | Base Contract for Sale and Purchase of Natural Gas | March 1, 2008 | Sequent Energy Management, L.P.<br>1200 Smith, Suite 900 Houston, TX 77002<br>Attn: Contract Administrator | Sequent Energy Management, L.P., 1200 Smith, Suite 900<br>Houston, TX 77002<br>Attn: Gas Accounting | Contract for the sale and purchase of gas -5.6.1.6.4 |
| 34. | Sequent Energy Management, L.P.<br><br>Boston Generating, LLC | Transaction Confirmation for Natural Gas (Mystic 7) | [date not provided- contract expires March 31, 2011] | Sequent Energy Management, L.P.<br>1200 Smith, Suite 900<br>Houston, TX 77002<br>Attn: President or General Counsel | Sequent Energy Management, L.P., 1200 Smith, Suite 900<br>Houston, TX 77002<br>Attn: Gas Accounting | Transaction confirmation for natural gas 5.6.1.6.2 |
| 35. | Sequent Energy | Transaction Confirmation for | [date not provided- | Sequent Energy Management, L.P. | Sequent Energy Management, L.P., | Transaction confirmation for |

20

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 235

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Management, L.P.<br><br>Boston Generating, LLC | Natural Gas (Fore River) | contract expires March 31, 2011] | 1200 Smith, Suite 900 Houston, TX 77002 Attn: President or General Counsel | 1200 Smith, Suite 900 Houston, TX 77002 Attn: Gas Accounting | natural gas 5.6.1.6.3 |
| 36. | NSTAR Services Company (formerly Boston Edison Company)<br><br>Fore River Development, LLC (formerly Sithe Fore River Development LLC) | Interconnection Agreement between Sithe Fore River Development LLC and Boston Edison Company | October 23, 2000 | Boston Edison Company, c/o NSTAR Services Company 800 Boylston Street, P-1603 Boston, MA 02199 Attn: Lead Transmission Asset Management Liaison | | Interconnection Agreement-5.6.2.1; 1.5.2.48 |
| 37. | Mitsubishi Heavy Industries America, Inc.<br><br>Fore River Development, LLC (formerly Sithe Fore River Development LLC) | Long Term Service Agreement dated as of December 8, 2000 between Sithe Fore River Development LLC and Mitsubishi Heavy Industries America, Inc. (and related purchase orders) | December 8, 2000 | Mitsubishi Heavy Industries America, Inc. 610 Crescent Executive Court, Suite 220 Lake Mary, FL 32756 Attn: Yoshihiro Shiraiwa | | Long Term Service Agreement-5.6.3.4; 1.5.2.67 |
| 38. | Mitsubishi Heavy Industries America, Inc.<br><br>Fore River Development, LLC (formerly Sithe Fore River Development LLC) | Guarantee Agreement between Sithe Fore River Development LLC, as Buyer and Mitsubishi Heavy Industries Ltd., as Guarantor dated as of December 8, 2000 | December 8, 2000 | Mitsubishi Heavy Industries, Ltd. 31, Minatomirai 3 Chome, Nishu Ku, Yokohama, 220 8401 Japan Attn: General Counsel | | Relating to the supply of parts and services -5.6.3.5; 1.5.2.68 |
| 39. | Integrated IT Solutions, Inc.<br><br>Boston Generating, LLC | Service Provider Agreement | January 1, 2010 through December 31, | 159 Overland Road, 3rd Floor, Waltham, MA 02451 Attn: President or General | | IT service agreement-7.4.4.9 |

NY\1675556.8

DRAFT  048296-0001

21

EXHIBIT A TO SALE ORDER, PAGE 236

| · | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | 2010 | Counsel | | |
| 40. | Boston Generating LLC<br><br>Clean Harbors Environmental Services Inc. | Master Service Agreement No. 2009-MSA-0002 by and between Boston Generating LLC and Clean Harbors Environmental Services Inc. as Contractor dated as of August 25, 2009 | August 25, 2009 | Clean Harbors Environmental Services, Inc.<br>609 Pleasant Street<br>Weymouth, MA 02189 | | Master Service Agreement - 2.6.4.11 |
| 41. | O' Connor Corporation<br><br>Boston Generating, LLC | Master Services Agreement No.2010-MSA-0005 by and among Boston Generating, LLC and O'Connor Corporation as Contractor dated as of February 12, 2010 | February 12, 2010 | O'Connor Corporation<br>45 Industrial Drive<br>Canton, MA 02021<br>Attn: President or General Counsel | | Letter attaching the Master Service Agreement – 2.6.4.13 |
| 42. | Fore River Development, LLC<br><br>Dekomte de Temple, LLC | Master Services Agreement No. 2009-FR-LTSA-0001 by and between Fore River Development, LLC and Dekomte de Temple, LLC as Contractor dated as of July 1, 2009 | July 1, 2009 | Dekomte, LLC<br>1556 Golf Course Road<br>Newport, TN 37821<br>Attn: President or General Counsel | | Master Services Agreement – 2.6.4.7 |
| 43. | Boston Generating, LLC<br><br>New England Controls, Inc. | Services Agreement No. 2009-MSA-0004 by and between Boston Generating, LLC and New England Controls, Inc. as Contractor dated as of September 10, 2009 | September 10, 2009 | New England Controls, Inc.<br>9 Oxford Road<br>Mansfield, MA 02048<br>Attn: President or General Counsel | | Services Agreement – 2.6.4.12 |
| 44. | Boston Generating, LLC | Master Services Agreement No. 2009-MSA-0005 by and between | September 21, | American Electrical Testing Co., Inc. | | Master Services Agreement – |

22

.13

NY\1675556.8

DRAFT  048296-0001

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | American Electrical Testing Co., Inc. | Boston Generating, LLC and American Electrical Testing Co., Inc. as Contractor dated as of September 21, 2009 | 2009 | 480 Neponset Street, Building 3 P.O. Box 267 Canton, MA 02021 Attn: President or General Counsel | | 2.6.4.2 |
| 45. | Boston Generating, LLC Bearing Distributors, Incorporated (BDI) | Boston Generating, LLC Master Purchase Agreement No. 2009-MSA-0006 Lead Sheet | October 1, 2009 | Bearing Distributors, Incorporated (BDI) 8000 Hub Parkway Cleveland, Ohio 44125 Attn: President or General Counsel | | Master Purchase Agreement Lead Sheet attaching Letter re: description of goods and volume and the MPA and Purchase Order terms and conditions – 2.6.4.1 |
| 46. | Siemens Water Technologies Corp. Fore River Development, LLC | Siemens Mobile Di Service Agreement Proposal No. 291646 | March 23, 2010 | Siemens Water Technologies Corp. Attn: President or General Counsel 181 Thorn Hill Road Warrendale, PA 15086 | | Mobile Di Service Agreement - 2.6.4.17 |
| 47. | Boston Generating, LLC Carrier Corporation | Master Services Agreement No. 2010-MSA-0003 by and between Boston Generating, LLC and Carrier Corporation as Contractor dated as of February 10, 2010 | February 10, 2010 | Carrier Corporation 780 Dedham Street- Suite 100 Canton, MA 02021 Attn: President or General Counsel | | Master Services Agreement – 2.6.4.3 |
| 48. | Boston Generating, LLC Keystone Construction & Maintenance Services, Inc. | | | Keystone Construction & Management Services, Inc. 62 Forest Ridge Drive Rowley, MA 01969 | | Signature page to Agreement No. 2010-MSA-0006 – 2.6.4.10 |
| 49. | Fore River Development, LLC Rockwell Automation, Inc. | Fore River Development, LLC Master Purchase Agreement, No. 2010-0001-GC Lead Sheet | January 1, 2010 | Rockwell Automation, Inc. 100 Nickerson Road Marlborough, MA 01752 Attn: President or General | | Master Purchase Agreement - 2.6.4.8 |

23

NY\1675556.8

DRAFT 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 238

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | Counsel | | |
| 50. | Boston Generating, LLC<br><br>Sempra Energy Trading LLC | Confirmation | December 11, 2007 | Sempra Energy Trading LLC<br>Attn: President or General Counsel<br>58 Commerce Road<br>Stamford, CT 06902 | | Confirmation re: Financially-Settled Heat Rate Option — 2.6.4.80 |
| 51. | Boston Generating, LLC<br><br>Sempra Energy Trading LLC | ISDA Master Agreement | December 11, 2007 | Sempra Energy Trading LLC<br>Attn: President or General Counsel<br>58 Commerce Road<br>Stamford, CT 06902 | | ISDA Master Agreement — 2.6.4.83 |
| 52. | Boston Generating, LLC<br><br>Sempra Energy Trading LLC | Schedule to ISDA Master Agreement dated as of December 11, 2007 between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 | Sempra Energy Trading LLC<br>58 Commerce Road<br>Stamford, CT 06902<br>Attn: Jean –Paul St. Germain | | Schedule to ISDA Master Agreement |
| 53. | Boston Generating, LLC<br><br>Sempra Energy Trading LLC | ISDA Credit Support Annex to the Schedule to the ISDA Master Agreement dated as of December 11, 2007 between Sempra Energy Trading LLC and Boston Generating, LLC | December 11, 2007 | Sempra Energy Trading LLC<br>Attn: President or General Counsel<br>58 Commerce Road<br>Stamford, CT 06902 | | 2.6.4.82 |
| 54. | Boston Generating, LLC<br><br>Sempra Energy Trading LLC | | | Sempra Energy Trading LLC<br>Attn: President or General Counsel<br>58 Commerce Road<br>Stamford, CT 06902 | Address for transfers:<br><br>Sempra Energy Trading LLC<br>58 Commerce Road, Stamford, | Credit Support Annex (paragraph 13- Elections and Variables) - – 2.6.4.82 |

24

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 239

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | | CT 06902 | |
| 55. | Boston Generating, LLC<br><br>Sempra Energy Trading LLC<br><br>The Royal Bank of Scotland | Novation Agreement | December 11, 2007 | The Royal Bank of Scotland plc, c/o RBS Global Banking & Markets<br>135 Bishopsgate<br>London EC2M 3UR<br>Attn: Head of Group Legal, Global Banking & Markets | | |
| 56. | Boston Generating, LLC<br><br>Sempra Energy | Guaranty | November 27, 2007 | Sempra Energy<br>101 Ash Street<br>San Diego, CA 92101<br>Attn: Chief Financial Officer | | Guaranty- to induce Boston Generating LLC to enter into ISDA Master Agreement dated December 11, 2007 – 2.6.4.86 |
| 57. | Sempra Energy Trading LLC<br><br>Boston Generating, LLC | Guarantee Amendment | December 18, 2008 | Sempra Energy Trading LLC<br>Attn: President or General Counsel<br>58 Commerce Road<br>Stamford, CT 06902 | | Guarantee Amendment |
| 58. | Sempra Energy Trading LLC<br><br>Boston Generating, LLC | Guarantee Amendment | January 2, 2009 | Sempra Energy Trading LLC<br>Attn: President or General Counsel<br>58 Commerce Road<br>Stamford, CT 06902 | | Guarantee Amendment |
| 59. | Boston Generating, LLC<br><br>Credit Suisse Energy LLC | Confirmation Amendment | August 19, 2007 | Credit Suisse Energy LLC<br>Attn: President or General Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles | | Confirmation Amendment- Amendment to Transactions Executed on December 20, 2006 and January 29, 2007 for Reference Hedge: NEMA Hedge A -2.6.2.7 & 2.6.4.50 |

25

NY\1675556.8

DRAFT 048296-0001

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | 51 West 52nd Street New York, NY 10019 | | |
| 60. | Credit Suisse Energy LLC Boston Generating, LLC | Letter Agreement Consenting to Reduction of Party B LC Amount and Amending ISDA Master Agreement | March 27, 2008 | Credit Suisse Energy LLC Attn: President or General Counsel 11 Madison Avenue New York, NY 10010 | | Letter Agreement- 2.6.4.47 |
| 61. | Credit Suisse Energy LLC Boston Generating, LLC | Schedule to the 1992 ISDA Master Agreement | November 20, 2006 | Credit Suisse Energy LLC Attn: Head of Credit Risk Management; Head of OTC Operations-Operations Department; Head of Documentation Group- Securities Division; Legal and Compliance Department 11 Madison Avenue New York, NY 10010 <br><br> Wachtell Lipton Rosen & Katz Attn: Scott K. Charles 51 West 52nd Street New York, NY 10019 | | |
| 62. | Credit Suisse Energy LLC Boston Generating, LLC | Amended and Restated Schedule to the 1992 ISDA Master Agreement dated as of December 20, 2006 between Credit Suisse Energy LLC and Boston Generating, LLC | December 20, 2006 | Credit Suisse Energy LLC 11 Madison Avenue New York, NY 10010 Attn: President or General Counsel | | Amended and Restated Schedule to the 1992 ISDA Master Agreement- 2.6.4.44 |
| 63. | Boston Generating, LLC | Confirmation Amendment | October 1, 2007 | Credit Suisse Energy LLC Attn: President or General | | Confirmation Amendment- Amendment to Transactions |

26

17

DRAFT 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 241

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| . | Credit Suisse Energy LLC | | | Counsel<br>11 Madison Avenue<br>New York, NY 10010<br><br>Wachtell Lipton Rosen & Katz<br>Attn: Scott K. Charles<br>51 West 52nd Street<br>New York, NY 10019 | | Executed on December 20, 2006 and January 29, 2007 for Reference Hedge: NEMA Hedge A - — 2.6.2.10 & 2.6.4.49 |
| 64. | Boston Generating, LLC<br><br>ABB Service (also called the ABB Group- this company is headquartered in Switzerland) | Assured Performance Agreement | December 28, 2009 (Proposal Date) | ABB Service<br>North America Customer Service Center<br>29801 Euclid Avenue 3L7<br>Wickliffe, Ohio 44092<br>Attn: President or General Counsel<br><br>Proposal Acceptances are sent to:<br>Ms. Connie Campbell, Business Administrator, ABB Inc.<br>29801 Euclid Avenue<br>Wickliffe, OH 44092 | | ABB Assured Performance Agreement – 2.6.4.18 |
| 65. | Boston Generating, LLC<br><br>Mystic I, LLC<br><br>AECOM, Inc. | | January 12, 2010 (signed confirmation to enter into agreement) | AECOM, Inc., D/B/A AECOM Environment<br>2 Technology Park Dr.<br>Westford, MA 01886 | | Letter accompanying a purchase order – 2.6.4.22 |
| 66. | Boston Generating, LLC<br><br>Boston Line & Service Co., | | January 5, 2010 | Boston Line & Service Co., Inc.<br>Attn: President or General Counsel<br>#1 Black Falcon Avenue | | Purchase Order – 2.6.4.18 - 2.6.4.23 |

27

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 242

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Inc. | | | Boston, MA 02210 | | |
| 67. | Boston Generating, LLC<br><br>Mystic Development, LLC<br><br>Emerson Process Management/ New England Controls Inc. | | December 18, 2008 | Emerson Process Management/New England Controls, Inc.<br>9 Oxford Road<br>P.O. Box 446<br>Mansfield, MA 02048<br>Attn: President or General Counsel | | Letter Agreement – 2.6.4.24 |
| 68. | Boston Generating, LLC<br><br>Chalmers and Kubeck North | Master Services Agreement No. 2009-MSA-0007 | December 8, 2009 | Chalmers & Kubeck North<br>24-34 Elise Street<br>Westfield, MA 01085<br>Attn: President or General Counsel | | Agreement for valve testing services 2.6.4.4 |
| 69. | Boston Generating LLC (c/o US Power Generating Company)<br><br>H.Q. Energy Services (U.S.) Inc. | Letter Agreement<br><br>Letter of Understanding regarding the Terms of Composite Offer | June 9, 2009 | H.Q. Energy Services (U.S.) Inc.<br>Attn: President or General Counsel<br>75 Rene-Levesque Boulevard West, 18th Floor<br>Montreal (Quebec) H2Z 1A4 | | Agreement for lead abatement services 2.6.4.21 |
| 70. | Boston Generating, LLC<br><br>M.L. Ball Company | Master Purchase Agreement | March 22, 2010 [Proposal Date]/ May 21, 2010 [Date Signed by Boston Generating, LLC] | M.L. Ball Company<br>Northeast Region Office<br>Attn: President or General Counsel<br>12833 McCarthy Circle<br>Philadelphia, PA 19154 | | Agreement for water treatment services 2.6.4.16 |
| 71. | Mystic Development, LLC<br><br>Andinite Andrews International | Security Services Proposal<br><br>Mystic and Fore River Plants | January 21, 2010 | Andrews International<br>Attn: President or General Counsel<br>27959 Smyth Drive<br>Valencia, CA 91355 | | Agreement for Security Staff Services |

28

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 243

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 72. | Mystic I, LLC<br><br>Andinite Andrews International | Purchase Order | March 23, 2010 | Andrews International<br>Attn: President or General Counsel<br>210 Commercial Street, 5th Floor<br>Boston, MA 02109 | | Purchase order for Security Staff |
| 73. | Exele<br><br>Boston Generating, LLC | Exele Product SSA (Software Support Agreement) Renewal Policy September 2009 | September 1, 2009 | Exele<br>Attn: President or General Counsel<br>445 West Commercial Street<br>East Rochester, NY 14445 | | Software Support Agreement- 2.13.6.16.2 |
| 74. | MatrikonOPC<br><br>Boston Generating, LLC | Support Renewal | February 5, 2010 | MatrikonOPC/Matrikon Inc.<br>Suite #1800<br>10405 Jasper Avenue<br>Edmonton, Alberta  T5J 3N4<br>Attn: President or General Counsel | | Support Renewal- 2.13.6.16.8 |
| 75. | Open Systems International<br><br>Boston Generating, LLC | | July 20, 2009 | Open Systems International 3600 Holly Lane- Suite 40, Minneapolis, MN 55447-1286<br>Attn: President or General Counsel | | Purchase Order Number: BGS-2009-00123- 2.13.6.16.9 |
| 76. | OSISoft, LLC<br><br>Boston Generating, LLC | Proposal 4100011867 | November 9, 2009 | OSISoft, Inc.<br>777 Davis Street<br>San Leandro, CA 94577 USA<br>Attn: President or General Counsel | | Proposal- 2.13.6.16.10 |

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 244

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 77. | Symantec<br><br>Boston Generating, LLC | Support | April 9, 2010 | Symantec<br>Attn: President or General Counsel<br>350 Ellis Street<br>Mountain View, CA 94043 | | Symantec Agreement- 2.13.6.16.12 |
| 78. | Symantec<br><br>Boston Generating, LLC | Express | February 19, 2010 | Symantec<br>Attn: President or General Counsel<br>350 Ellis Street<br>Mountain View, CA 94043 | | Symantec Agreement- 2.13.6.16.13 |
| 79. | Utility Workers Union of America, A.F.L.-C.I.O. and Local No. 369, U.W.U.A., A.F.L.-C.I.O.<br><br>BG Boston Services, LLC | Agreement between BG Boston Services, LLC and Utility Workers Union of America A.F.L.-C.I.O. and Local No. 369, U.W.U.A., A.F.L.- C.I.O. Mystic Station 8 & 9 and Fore River Station (CBA) | February 28, 2007 | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | | CBA -6.4.2.2 |
| 80. | Utility Workers Union of America, A.F.L.-C.I.O. and Local No. 369, U.W.U.A., A.F.L.-C.I.O.<br><br>BG New England Power Services, Inc. | Agreement between BG New England Power Services, Inc. and Utility Workers Union of Americas, A.F.L.- C.I.O. and Local No. 369, U.W.U.A., A.F.L.- C.I.O. Mystic 7 (CBA) | September 30, 2010 | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | | CBA- 7.4.2.2 |
| 81. | NSTAR Services Company (formerly Boston Edison Company)<br><br>Mystic Development, LLC (formerly Sithe Mystic | | January 31, 2001 | Boston Edison Company<br>c/o NSTAR Services Company<br>Attn: President or General Counsel<br>800 Boylston Street, P-1603<br>Boston, MA 02199 | | Letter Agreement- 4.6.2.2 (relating to Interconnection Agreement- 1.5.2.85) |

30

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 245

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Development LLC) | | | Boston Edison Company c/o NSTAR Electric & Gas Company Attn: Lead Transmission Asset Management Liaison One NSTAR Way, NE240 Westwood, MA 02090-9003 | | |
| 82. | AGL Resources Inc. Boston Generating, LLC | Guaranty Agreement | March 28, 2008 | AGL Resources Inc. Ten Peachtree Place Atlanta, GA 30309 Attn: Chief Financial Officer | | Guaranty Agreement- 5.6.1.6.5 |
| 83. | Algonquin Gas Transmission, LLC Fore River Development, LLC | Operational Balancing Agreement between Algonquin Gas Transmission, LLC and Fore River Development, LLC | September 1, 2004 | AGT P.O. Box 1642 Houston, Texas 77251-1642 Attn: Capacity Scheduling | | Operational Balancing Agreement- 5.6.1.7 |
| 84. | BG New England Power Services, Inc. BG Boston Services, LLC U.S. Bank National Association | Certificate of Amendment Amending the BG New England Union Employees Pension Plan- Action by BG New England Power Services, Inc. | November 26, 2008 | U.S. Bank National Association Attn: Claire Young One Federal Street, 3rd Floor Boston, MA 02110 | | Pension Plan Amendment -7.4.1.2.1 |
| 85. | Howard Wolf EBG Holdings LLC | | April 1, 2010 | Howard Wolf 505 Fifth Avenue, 21st Floor New York, NY 10017 | | Letter Agreement- Independent Manager of EBG Holdings LLC |
| 86. | Paul Hamilton | | November 23, | Attn: Paul Hamilton 505 Fifth Avenue, 21st Floor | | Severance Letter- 7.4.1.5.4.1 |

31

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 246

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | 2008 | New York, NY 10017 | | |
| 87. | Ray Ivers | | December 2, 2008 | Attn: Ray Ivers 505 Fifth Avenue, 21st Floor New York, NY 10017 | | Severance Letter- 7.4.1.5.4.2 |
| 88. | Donna Maguire | | December 2, 2008 | Attn: Donna Maguire 505 Fifth Avenue, 21st Floor New York, NY 10017 | | Severance Letter- 7.4.1.5.4.3 |
| 89. | Arthur May | | December 2, 2008 | Attn: Arthur May 505 Fifth Avenue, 21st Floor New York, NY 10017 | | Severance Letter- 7.4.1.5.4.4 |
| 90. | George Wilson | | December 2, 2008 | Attn: George Wilson 505 Fifth Avenue, 21st Floor New York, NY 10017 | | Severance Letter- 7.4.1.5.4.5 |
| 91. | Sequent Energy Management, L.P.  Boston Generating, LLC | Transaction Confirmation for Natural Gas (Mystic 7 Facility) | [date not provided- contract expires March 31, 2011] | Sequent Energy Management, LP. Attn: President or General Counsel 1200 Smith Street, Suite 900 Houston, TX 77002 | | BG-Sequent Gas Confirm- Mystic 7 (Signed Execution Copy)- 5.6.1.6.2 |
| 92. | Sequent Energy Management, L.P.  Boston Generating, LLC | Transaction Confirmation for Natural Gas (Fore River Facility) | [date not provided- contract expires March 31, 2011] | Sequent Energy Management, LP. Attn: President or General Counsel 1200 Smith Street, Suite 900 Houston, TX 77002 | | BG-Sequent Gas Confirm- Fore River (Signed Execution Copy)- 5.6.1.6.3 |
| 93. | Credit Suisse Energy LLC  Boston Generating, LLC | Letter Agreement Consenting to Reduction of Party B LC Amount and Amending ISDA Master Agreement | March 27, 2008 | Credit Suisse Energy LLC 11 Madison Avenue New York, NY 10010 Attn: President or General Counsel | | Letter Agreement- 2.6.4.47 |

32

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 247

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 94. | Boston Generating, LLC<br><br>Employees of Boston Generating, LLC and its subsidiaries | 2010 Incentive Program Roll Out | March 31, 2010 | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184<br><br>Employees of<br>Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown MA 02129 | | 2010 Incentive Program Roll Out - 7.4.3.4 |
| 95. | SideBand Systems Incorporated<br><br>Boston Generating LLC | Maintenance and Service Agreement | Not dated (term is 8/1/10-7/31/11) | SideBand Systems Incorporated<br>30 Rantoul Street<br>Beverly, MA 01915 | | Maintenance and Service Agreement- 2.6.4.69 |
| 96. | Feeley & Driscoll, P.C.<br><br>BG New England Power Services, Inc. | | May 19, 2010 (date of letter) | Attn: President or General Counsel<br>200 Portland Street<br>Boston, MA 02114-1709<br><br>Attn: President or General Counsel<br>154 Broad Street<br>Nashua, NH 03061-3158 | | Letter attaching an accounting services engagement letter (Employment Medical Savings Account Plan for Union Employees)- 2.6.4.59 |
| 97. | Feeley & Driscoll, P.C.<br><br>BG New England Power | | May 19, 2010 (date of letter) | Attn: President or General Counsel<br>200 Portland Street | | Letter attaching an accounting services engagement letter (Union Employees Pension Plan)- 2.6.4.58 |

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 248

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Services, Inc. | | | Boston, MA 02114-1709<br><br>Attn: President or General Counsel<br>154 Broad Street<br>Nashua, NH 03061-3158 | | |
| 98. | Fidelity Management Trust Company<br><br>BG New England Power Services, Inc. | Fidelity Investments Retirement Plan Service Agreement | October 28, 2009 | Fidelity Management Trust Company, as Trustee<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | | Fidelity Investments Retirement Plan Service Agreement (Union Retirement 401(K) Plan) dated October 28, 2009- 2.6.4.60 |
| 99. | Fidelity Management Trust Company<br><br>BG Boston Services, LLC | Fidelity Investments Retirement Plan Service Agreement | October 26, 2009 | Fidelity Management Trust Company, as Trustee<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | | Fidelity Investments Retirement Plan Service Agreement (Union Retirement 401(K) Plan) dated October 26, 2009- 2.6.4.61 |
| 100. | Mott MacDonald, LLC<br><br>Mystic Development, LLC | | May 13, 2010 | Mott MacDonald, LLC<br>400 Blue Hill Drive- Suite 190<br>Westwood, MA 02090<br>Attn: Val Madden | | Purchase Order Agreement (Ventilation Upgrade Engineering for Mystic 8&9)- 2.6.4.67 |
| 101. | Schindler Elevator Company<br><br>Fore River Development, LLC | Purchase Order | May 5, 2010 | Schindler Elevator Company<br>P.O. Box 93050<br>Chicago, IL 60673<br>Attn: President or General Counsel<br><br>Schindler Elevator Corporation | | Purchase Order Agreement- 2.6.4.68 |

34

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 249

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | 23 Walpole Park South Drive Walpole, MA 02081-2531 Attn: President or General Counsel | | |
| 102. | Atlantic Elevator Service Fore River Development, LLC | Purchase Order | March 10, 2010 | Atlantic Elevator Service Avon Industrial Park 180 Bodwell Street Avon, MA 02322 Attn: President or General Counsel | | Purchase Order Agreement (maintenance agreements)- 2.6.4.57 |
| 103. | J.F. White Contracting Company Fore River Development, LLC | Services Agreement | August 4, 2009 | J.F. White Contracting Company 10 Burr Street Framingham, MA 01701-9020 Attn: President or General Counsel | | Services Agreement- 2.6.4.62 |
| 104. | J.F. White Contracting Company Fore River Development, LLC | Contract Amendment- Amendment No.1 | November 3, 2009 | J.F. White Contracting Company 10 Burr Street Framingham, MA 01701-9020 Attn: President or General Counsel | | Services Agreement Amendment- 2.6.4.63 |
| 105. | J.F. White Contracting Company Fore River Development, LLC | Contract Amendment- Amendment No.2 | November 3, 2009 | J.F. White Contracting Company 10 Burr Street Framingham, MA 01701-9020 Attn: President or General Counsel | | Services Agreement Amendment- 2.6.4.64 |
| 106. | J.F. White Contracting Company Fore River Development, LLC | Contract Amendment- Amendment No.3 | March 29, 2010 | J.F. White Contracting Company 10 Burr Street Framingham, MA 01701-9020 Attn: President or General Counsel | | Services Agreement Amendment- 2.6.4.65 |

35

NY\1675556.8

**DRAFT** 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 250

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 107. | J.F. White Contracting Company<br><br>Fore River Development, LLC | Contract Amendment-Amendment No.4 | June 28, 2010 | J.F. White Contracting Company<br>10 Burr Street<br>Framingham, MA 01701-9020<br>Attn: President or General Counsel | | Services Agreement Amendment-2.6.4.66 |
| 108. | Fidelity Management Trust Company<br><br>BG New England Power Services, Inc. | Fidelity Investments Retirement Plan Service Agreement | May 4, 2009 | Fidelity Management Trust Company, as Trustee<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | | Fidelity Investments Retirement Plan Service Agreement (BG New England Power Services, Inc 401(k) Plan) dated May 4, 2009 |
| 109. | OSIsoft, LLC<br><br>Boston Generating, LLC | Proposal | January 24, 2010 | OSIsoft, LLC<br>777 Davis Street, Suite 250 San Leandro, CA 94577 Attn: Order Processing | | Proposal |
| 110. | IT ImageTech<br><br>Boston Generating, LLC | Network Agreement | | IT ImageTech<br>70 Shawmut Road<br>Canton, MA 02021<br>Attn: President or General Counsel | | Network Agreement |
| 111. | Dictronics<br><br>Boston Generating, LLC | Call Recording Systems Customer Service and Support Agreement | June 18, 2010 | Dictronics<br>110 Gould Street, P.O. Box 920403<br>Needham, MA 02492-0921<br>Attn: President or General Counsel | | Call Recording Systems Customer Service and Support Agreement |
| 112. | Invensys System, Inc.<br><br>Fore River Development, LLC | Service Agreement for Boston Generating Fore River Station | December 11, 2009 | Invensys System, Inc.<br>33 Commercial Street<br>Foxboro, MA 02035<br>Attn: President or General Counsel | | Service Agreement |

36

NY\1675556.8

DRAFT 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 251

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 113. | GE Management Services, Inc.<br><br>Boston Generating, LLC | CEMS Maintenance Service Proposal: Q33721126 | January 20, 2010 | GE Management Services, Inc.<br>2849 Sterling Drive<br>Hatfield, PA 19940<br>Attn: President or General Counsel | | CEMS Maintenance Service Proposal |
| 114. | GE Management Services, Inc.<br><br>Boston Generating, LLC | DAHS Software Support Proposal: Q34291362 | January 13, 2010 | GE Management Services, Inc.<br>2849 Sterling Drive<br>Hatfield, PA 19940<br>Attn: President or General Counsel | | DAHS Software Support Proposal |
| 115. | Mass Hauling & Disposal<br><br>Boston Generating, LLC | Disposal & Recycling Services | December 30, 2009 | Mass Hauling & Disposal<br>200 Libbey Industrial Parkway<br>East Weymouth, MA 02189<br>Attn: President or General Counsel | | Disposal & Recycling Services Proposal<br><br>[This proposal is the underlying agreement] |
| 116. | Atlas Copco<br><br>Fore River Development, LLC | Preventative Maintenance Plan | January 18, 2010 | Atlas Copco<br>Attn: President or General Counsel<br>P.O. Box, 91730<br>Chicago, IL 60693 | | Preventative Maintenance Plan Service Agreement |
| 117. | Scientech/PMAX<br><br>Boston Generating, LLC | PMAX Annual Maintenance Support Subscription Service | January 6, 2010 | Scientech<br>Attn: President or General Counsel<br>200 S. Woodruff<br>Idaho Falls, ID 83401 | | PMAX Annual Maintenance Support Subscription Service |
| 118. | Rockwell Automation, Inc. | Fore River Development, LLC Master Purchase Agreement, No. | January 1, 2010 | Rockwell Automation, Inc.<br>100 Nickerson Road<br>Marlborough, MA 01752 | | MYD Master Purchase Agreement |

37

28

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 252

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Mystic Development, LLC | 2010-0001-GC Lead Sheet | | Attn: President or General Counsel | | |
| 119. | Shared Technologies Inc.<br><br>Boston Generating, LLC | Master Purchase and Maintenance Agreement | June 27, 2004 | Shared Technologies Inc.<br>1405 South Beltline Road, Suite 100<br>Coppell, TX 75019<br>Attn: President or General Counsel | | Master Purchase and Maintenance Agreement (governs the two maintenance orders and the partnership order that we received) |
| 120. | EMC Corporation<br><br>Boston Generating, LLC | EMC Corporation End-User License and Maintenance Agreement | | EMC Corporation<br>2831 Mission College Boulevard<br>Santa Clara, CA 95052-8199<br>Attn: President or General Counsel (taken from EMC Quote documents dated 7/7/09 and 5/5/10) | | End-User License and Maintenance Agreement (governs all other related contracts) |
| 121. | Boston Generating, LLC<br><br>Employees of Boston Generating, LLC and its subsidiaries | 2010 Incentive Program | March 26, 2010 | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184<br><br>Attn: Employees of Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown MA 02129 | | 2010 Incentive Program -2.6.4.70 |
| 122. | Towers Perrin<br><br>BG New England Power | | August 24, 2005 (contains automatic | Towers Perrin<br>200 West Madison Street<br>Suite 3100 | | Engagement of Towers Perrin for Consulting Services |

38

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 253

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Services, Inc. | | renewal provision) | Chicago, IL 60608 Attn: President or General Counsel | | |
| 123. | Credit Suisse (USA) <br><br> Boston Generating LLC | Credit Suisse USA Guaranty | April 4, 2005 | Credit Suisse, Cayman Islands Branch 11 Madison Avenue New York, NY 10010 Attn: Christopher Day | | Guaranty |
| 124. | Andinite Andrews International <br><br> Fore River Development, LLC | Purchase Orders | January 29, 2010 | Andrews International 210 Commercial Street, 5th Floor Boston, MA 02109 Attn: President or General Counsel | | Andrews International Purchase Order for Fore River Development (purchase order is evidence of the acceptance of the proposal) |
| 125. | Bob Senier, Business Agent, Local 369, Utility Workers of America, AFL-CIO <br><br> BG New England Power Services, Inc. | Letter Agreement | November 7, 2008 | Bob Senier, Business Agent Local 369, Utility Workers of America, AFL-CIO 120 Bay State Dr. Braintree, MA 02184 | | Letter re: Pension Plan- 7.4.2.3.1 |
| 126. | Local 369, Utility Workers Union of America <br><br> BG New England Power Services, Inc. | Memorandum of Agreement | Signed December 2, 2008 | Local 369, Utility Workers of America, AFL-CIO 120 Bay State Dr Braintree, MA 02184 Attn: President or General Counsel | | Memorandum of Agreement |
| 127. | Robert Senier, Business Agent, Utility Workers Union of America , Local 369 <br><br> BG New England Power | Letter Agreement | Dated June 24, 2009, Signed July 9, 2009 | Mr. Robert Senier Business Agent Utility Workers Union of America Local 369 120 Bay State Drive | | Letter Agreement |

39

NY\1675556.8

DRAFT  048296-0001

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Services, Inc. | | | Braintree, MA 02184 | | |
| 128. | Local 369, Utility Workers of America, AFL-CIO<br><br>BG Boston Services, LLC | Memorandum of Agreement | Signed October 22, 2009 | Local 369, Utility Workers of America, AFL-CIO<br>120 Bay State Dr<br>Braintree, MA 02184<br>Attn: President or General Counsel | | Memorandum of Agreement-7.4.2.3.4 |
| 129. | Local 369, Utility Workers of America, AFL-CIO<br><br>Utility Workers Union of America, AFL-CIO<br><br>BG New England Power Services, Inc. | Memorandum of Agreement | Signed August 15, 2006 | Local 369, Utility Workers of America, AFL-CIO<br>120 Bay State Dr<br>Braintree, MA 02184<br>Attn: President or General Counsel | | Memorandum of Agreement-7.4.2.3.5 |
| 130. | Local 369, Utility Workers of America<br><br>BG New England Power Services, Inc. | Agreement and Release | Signed February 16, 2007 | Local 369, Utility Workers of America, AFL-CIO<br>120 Bay State Dr<br>Braintree, MA 02184<br>Attn: President or General Counsel | | Agreement and Release re: Kevin Dane - 7.4.2.3.7 |
| 131. | Robert E. Senier, Local 369, UWUA<br><br>BG New England Power Services, Inc. | Memorandum of Agreement | Not dated | Local 369, Utility Workers of America, AFL-CIO<br>120 Bay State Dr<br>Braintree, MA 02184<br>Attn: President or General Counsel | | Memorandum of Agreement-7.4.2.3.9 |
| 132. | Local 369, Utility Workers of America, AFL-CIO<br><br>BG New England Power | Letter Agreement | Dated April 22, 2008, Signed April 30, 2008 | Local 369, Utility Workers of America, AFL-CIO<br>120 Bay State Dr<br>Braintree, MA 02184 | | Letter re: Carol Pepper- 7.4.2.3.10 |

40

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 255

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Services, Inc. | | | Attn: President or General Counsel | | |
| 133. | Robert Senier, Business Agent, Local 369, Utility Workers of America<br><br>BG New England Power Services, Inc. | Letter Agreement | July 7, 2009 | Local 369, Utility Workers of America, AFL-CIO 120 Bay State Dr Braintree MA 02184 Attn: President or General Counsel | | Letter-7.4.2.3.12 |
| 134. | Local 369, Utility Workers of America, AFL-CIO<br><br>BG New England Power Services, Inc. | Memorandum of Agreement | Signed December 19, 2007 | Local 369, Utility Workers of America, AFL-CIO 120 Bay State Dr Braintree, MA 02184 Attn: President or General Counsel | | Memorandum of Agreement re: Thomas Sackos - 7.4.2.3.13 |
| 135. | Local 369, Utility Workers Union of America<br><br>BG New England Power Services, Inc. | Memorandum of Agreement | Signed April 10, 2008 | Local 369, Utility Workers of America, AFL-CIO 120 Bay State Dr Braintree, MA 02184 Attn: President or General Counsel | | Memorandum of Agreement re: Stephen Spillane - 7.4.2.3.14 |
| 136. | Town of Weymouth, Massachusetts<br><br>Fore River Development, LLC (formerly Sithe Edgar Development LLC) | The Fore River Host Community Agreement | July 27, 1999 | The Town of Weymouth, Massachusetts Attn: Jim Clarke Director of Planning and Development 75 Middle Street Weymouth, MA 02189 | | Agreement relating to the construction and operation of a plant |
| 137. | Eastern Vision Service Plan, Inc.<br><br>Boston Generating, LLC | Group Vision Care Policy with Eastern Vision Service Plan, Inc. | N/A | Eastern Vision Service Plan, Inc. Attn: President or General Counsel 3333 Quality Drive | | Group Vision Care Policy with Eastern Vision Service Plan, Inc. |

41

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 256

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | Rancho Cordova, CA  95670<br><br>Local 369 Utility Workers of America, AFL-CIO<br>Attn:  President or General Counsel<br>120 Bay State Drive<br>Braintree, MA  02184 | | |
| 138. | Employees of Boston Generating, LLC and its subsidiaries<br><br>Boston Generating, LLC | | N/A | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn:  President or General Counsel<br>120 Bay State Drive<br>Braintree, MA  02184<br><br>Attn: Employees<br>Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown MA 02129 | | Adoption Assistance Program (salaried employees only) |
| 139. | Employees of Boston Generating, LLC and its subsidiaries<br><br>BG New England Power Services, Inc. | BG New England Union Short Term Disability Policy | N/A | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn:  President or General Counsel<br>120 Bay State Drive<br>Braintree, MA  02184<br><br>Attn: Employees<br>Boston Generating, LLC<br>The Schrafft Center | | BG New England Union Short Term Disability Policy (BG New England Power Services, Inc. union employees only) |

42

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 257

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | 529 Main Street, Suite 605 Charlestown MA 02129 | | |
| 140. | Employees of Boston Generating, LLC and its subsidiaries BG Boston Services, LLC | BG Boston Services LLC Union Short Term Disability Policy | N/A | Local 369 Utility Workers of America, AFL-CIO Attn: President or General Counsel 120 Bay State Drive Braintree, MA 02184 Attn: Employees Boston Generating, LLC The Schrafft Center 529 Main Street, Suite 605 Charlestown MA 02129 | | BG Boston Services LLC Union Short Term Disability Policy (BG Boston Services LLC union employees only) |
| 141. | Employees of Boston Generating, LLC and its subsidiaries BG New England Power Services, Inc. | BG New England Union Short Term Disability Policy | N/A | Local 369 Utility Workers of America, AFL-CIO Attn: President or General Counsel 120 Bay State Drive Braintree, MA 02184 Attn: Employees Boston Generating, LLC The Schrafft Center 529 Main Street, Suite 605 Charlestown MA 02129 | | BG New England Power Services, Inc. Short Term Disability Policy (salaried employees only) |
| 142. | Employees of Boston Generating, LLC and its subsidiaries | Educational Assistance Program | N/A | Local 369 Utility Workers of America, AFL-CIO | | Educational Assistance Program (salaried employees only) |

43

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 258

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | Boston Generating, LLC | | | Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184<br><br>Attn: Employees<br>Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown MA 02129 | | |
| 143. | Employees of Boston Generating, LLC and its subsidiaries<br><br>Boston Generating, LLC | Employee Assistance Program | N/A | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184<br><br>Attn: Employees<br>Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown MA 02129 | | Employee Assistance Program |
| 144. | BG Boston Services, LLC<br><br>BG New England Power Services, Inc.<br><br>Local 369 of Utility Workers Union of America, AFL-CIO | BG New England Post-Employment Medical Savings Account Plan For Union Employees | September 1, 2004<br><br>As amended and Restated Effective April 1, 2006 | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | | Medical Plan for retired employees of BG-NEPS |

44

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 259

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 145. | Boston Generating, LLC<br><br>Prudential Insurance Company of America | BG New England Power Services, Inc. All Management Employee Long Term Disability Coverage | November 1, 2005 | The Prudential Insurance Company of America<br>Attn: President or General Counsel<br>751 Broad Street<br>Newark, NJ 07102 | | |
| 146. | Boston Generating, LLC<br><br>Prudential Insurance Company of America | BG New England Power Services, Inc. Union Group Mystic 7 Long Term Disability Coverage | November 1, 2005 | The Prudential Insurance Company of America<br>Attn: President or General Counsel<br>751 Broad Street<br>Newark, NJ 07102 | | |
| 147. | Boston Generating, LLC<br><br>Prudential Insurance Company of America | BG Boston Services LLC Union Group Mystic 8/9 and Fore River Long Term Disability Coverage | November 1, 2005 | The Prudential Insurance Company of America<br>Attn: President or General Counsel<br>751 Broad Street<br>Newark, NJ 07102 | | |
| 148. | Fidelity Management Trust Company as Trustee<br><br>BG Boston Services, LLC | Volume Submitter, Defined Contribution Plan (Profit Sharing/ 401(K) Plan) | July 15, 2009 | Fidelity Management Trust Company, as Trustee<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | | BG Boston Services LLC Union Retirement 401(k) Plan |
| 149. | Fidelity Management Trust Company as Trustee<br><br>BG New England Services, Inc. | Volume Submitter Defined Contribution Plan (Profit Sharing/401(k) Plan) | December 4, 2009 | Fidelity Management Trust Company, as Trustee<br>Attn: President or General Counsel<br>82 Devonshire Street<br>Boston, MA 02109 | | BG New England Power Services, Inc. Union Retirement 401(k) Plan |

45

NY\1675556.8

**DRAFT** 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 260

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 150. | Fidelity Management Trust Company as Trustee<br><br>BG New England Services, Inc. | Volume Submitter Defined Contribution Plan (Profit Sharing/401(k) Plan) | June 30, 2009 | Fidelity Management Trust Company, as Trustee Attn: President or General Counsel 82 Devonshire Street Boston, MA 02109 | | BG New England Power Services, Inc. Union Retirement 401(k) Plan (401k Plan for employees who have worked for 3 months) |
| 151. | U.S. Bank National Association<br><br>BG Boston Services, LLC<br><br>BG New England Power Services, Inc. | BG New England Union Employees Pension Plan A and Plan B | Effective August 19, 2005<br><br>Amended November 26, 2008 | U.S. Bank National Association Attn: Claire Young One Federal Street, 3rd Floor Boston, MA 02110 | | Pension plan for certain eligible union employees of BG-NEPS and BG Boston Services LLC |
| 152. | BG New England Power Services, Inc.<br><br>U.S. Bank National Association | BG New England Union Employees Pension Plan Trust Agreement | August 19, 2005 | U.S. Bank National Association Attn: Claire Young One Federal Street, 3rd Floor Boston, MA 02110 | | BG New England Power Services, Inc. and BG Boston Services LLC union employees only |
| 153. | Life Insurance Company of North America (ABL 960924)<br><br>BG Boston Services, LLC | Amendment to Blanket Accident Policy | September 1, 2004- August 31, 2005 (and renewals) | Life Insurance Company of North America Attn: President or General Counsel 1601 Chestnut Street Philadelphia, PA 19192 | | |
| 154. | Life Insurance Company of North America (ABL 960923)<br><br>BG New England Power Services, Inc. | Blanket Accident Policy | September 1, 2004- August 31, 2005 (and renewals) | Life Insurance Company of North America Attn: President or General Counsel 1601 Chestnut Street Philadelphia, PA 19192 | | |

46

NY\1675556.8

DRAFT 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 261

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 155. | Local 369 of Utility Workers Union of America, AFL-CIO<br><br>BG Boston Services, Inc.<br><br>BG New England Power Services, Inc. | BG New England Comprehensive Welfare Benefit Plan | September 1, 2004 | Local 369<br>Utility Workers of America, AFL-CIO<br>Attn: President or General Counsel<br>120 Bay State Drive<br>Braintree, MA 02184 | | |
| 156. | Delta Dental<br><br>BG New England Power Services, Inc. | Subscriber's Certificate Delta Dental PPO- Insurance | January 1, 2008 | Delta Dental of Massachusetts<br>Attn: Customer Service<br>465 Medford Street<br>Boston, MA 02129<br><br>Delta Dental of Massachusetts<br>Attn: Grievances<br>465 Medford Street<br>Boston, MA 02129 | | |
| 157. | Hartford Life Insurance Company<br><br>BG New England Power Services, Inc. | Certificate of Insurance | January 1, 2008 | The Hartford Group Benefits Division<br>Attn: President or General Counsel<br>Customer Service<br>P.O. Box 2999<br>Hartford, CT 06104<br><br>Hartford Life Insurance Company<br>Group Sales Department<br>Attn: President or General Counsel<br>2 Park Avenue, 7th Floor<br>New York, NY 10016 | | Policy Number GL-677314 -Life Insurance Plan for BG NEPS |

47

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 262

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| 158. | Blue Cross and Blue Shield of Massachusetts, Inc. Boston Generating, LLC | Premium Account Agreement- Health Care Benefits - Union | January 1, 2008 | Blue Cross and Blue Shield of Massachusetts, Inc. Attn: President or General Counsel 401 Park Drive Boston, MA 02215-3326 | | |
| 159. | Blue Cross Blue Shield of Massachusetts HMO Blue, Inc. Boston Generating, LLC | Premium Account Agreement- Health Care Benefits - Management | January 1, 2008 | Blue Cross and Blue Shield of Massachusetts, Inc. Attn: President or General Counsel 401 Park Drive Boston, MA 02215-3326 | | |
| 160. | Employees of Boston Generating, LLC and its subsidiaries BG New England Power Services, Inc. | New England Power Flexible Spending Account Plan- Section 125 Flexible Spending Plan | January 1, 2009 | Local 369 Utility Workers of America, AFL-CIO Attn: President or General Counsel 120 Bay State Drive Braintree, MA 02184  Attn: Employees Boston Generating, LLC The Schrafft Center 529 Main Street, Suite 605 Charlestown MA 02129 | | |
| 161. | Employees of Boston Generating, LLC and its subsidiaries Boston Generating, LLC | Boston Generating Severance Benefit Plan | September, 2005 | Local 369 Utility Workers of America, AFL-CIO Attn: President or General Counsel 120 Bay State Drive | | |

48

NY\1675556.8

**DRAFT** 048296-0001

EXHIBIT A TO SALE ORDER, PAGE 263

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Payment Address | Brief Summary |
|---|---|---|---|---|---|---|
| | | | | Braintree, MA  02184<br><br>Attn: Employees<br>Boston Generating, LLC<br>The Schrafft Center<br>529 Main Street, Suite 605<br>Charlestown MA 02129 | | |

NY\1675556.8

DRAFT  048296-0001

EXHIBIT A TO SALE ORDER, PAGE 264

**Exhibit 3**

**Schedule 4.9(b) (Benefit Plans)**

-9-

50

EXHIBIT A TO SALE ORDER, PAGE 265

## Schedule 4.9(b) (as amended)

## Benefit Plans

1. Adoption Assistance Program (salaried employees only)

2. BG Boston Services LLC Union Retirement 401(k) Plan and associated assets invested with Fidelity Investments.

3. BG New England Post-Employment Medical Savings Account Plan For Union Employees and all assets and liabilities associated with employee accounts held in Trust by U.S. Bank National Association (BG New England Power Services, Inc. and BG Boston Services LLC employees only)

4. BG New England Power Services, Inc. 401(k) Plan (for Salaried Employees) and associated assets invested with Fidelity Investments

5. BG New England Power Services, Inc. All Management Employee Long Term Disability Coverage with Prudential

6. BG New England Power Services, Inc. Union Group Mystic 7 Long Term Disability Coverage with Prudential

7. BG Boston Services LLC Union Group Mystic 8/9 and Fore River Long Term Disability Coverage with Prudential

8. BG New England Power Services, Inc. Union Retirement 401(k) Plan and associated assets invested with Fidelity Investments

9. BG New England Union Employees Pension Plan (BG New England Power Services, Inc. and BG Boston Services LLC union employees only)

10. BG New England Union Employees Pension Plan Trust Agreement and all associated assets under management by U.S. Bank National Association (BG New England Power Services, Inc. and BG Boston Services LLC union employees only)

11. BG New England Union Short Term Disability Policy (BG New England Power Services, Inc. union employees only)

12. BG Boston Services LLC Union Short Term Disability Policy (BG Boston Services LLC union employees only)

13. BG New England Power Services, Inc. Short Term Disability Policy (salaried employees only)

14. Boston Generating Severance Benefit Plan (salaried employees only)

15. Boston Generating, LLC Incentive Program (salaried employees and union employees of BG Boston Services LLC only)

16. Life Insurance Company of North America Business Travel Coverage

17. Comprehensive Welfare Benefit Plan ("wrap" plan document for all welfare benefit plans)

EXHIBIT A TO SALE ORDER, PAGE 266

18. Delta Dental PPO Plus Premier Program (Comprehensive and Basic Plans), Management Employees

19. Delta Dental PPO Plus Premier Program (Comprehensive and Basic Plans), Union Employees (BG New England Power Services, Inc. and BG Boston Services LLC employees only)

20. Educational Assistance Program (salaried employees only)

21. Employee Assistance Program

22. Group Vision Care Policy with Eastern Vision Service Plan, Inc.

23. Life Insurance Plan with Hartford Life Insurance Company

24. Blue Cross Blue Shield PPO (Blue Care Elect) and Blue Cross Blue Shield HMO (HMO Blue New England) for Management Employees

25. Blue Cross Blue Shield PPO (Blue Care Elect) and Blue Cross Blue Shield HMO (HMO Blue New England) for Union Employees

26. BG New England Power Services and BG Boston Services ADP Flexible Spending Account Plan

27. Retention Letter from USPG to Arthur May dated as of December 2, 2008.

28. Retention Letter from USPG to Donna Maguire dated as of December 2, 2008.

29. Retention Letter from USPG to George Wilson dated as of December 2, 2008.

30. Retention Letter from USPG to Paul Hamilton dated as of November 23, 2008.

31. Retention Letter from USPG to Ray Ivers dated as of December 2, 2008.

32. Supplemental Health Plan for BG New England Power Services, Inc. Retired Employees, A Plan of the Utility Workers Union of America National Health and Welfare Fund (BG New England Power Services, Inc. union employees only)

33. Voluntary Accidental Death & Dismemberment Plan with Hartford Life Insurance Company

<u>**Exhibit 4**</u>

<u>**Exhibit B (Bidding Procedures)**</u>

-10-

D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Proposed Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Boston Generating, LLC, et al.,[1] | Case No. 10-14419 (SCC) |
| Debtors. | Jointly Administered |

**BIDDING PROCEDURES FOR THE SUBMISSION, RECEIPT AND ANALYSIS OF**
**BIDS IN CONNECTION WITH THE SALE OF DEBTORS' ASSETS**

These Bidding Procedures have been approved by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") in connection with the above-captioned jointly administered cases of Boston Generating, LLC and certain of its affiliates (collectively, the "**Debtors**" or the "**Company**"), dated as of [_____], 2010 [Docket No. ___] (the "**Bidding Procedures Order**").

These Bidding Procedures set forth the process by which the Debtors are authorized to conduct the sale (the "**Sale**") by auction (the "**Auction**") of the assets of the Debtors (defined as the "**Acquired Assets**" in the Asset Purchase Agreement dated as of August 7, 2010 (the "**Stalking Horse APA**"), by and among the Debtors and Constellation Holdings, Inc. (the "**Stalking Horse Bidder**") pursuant to the terms and conditions substantially in the form of the Stalking Horse APA. Please take notice that all capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Stalking Horse APA.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

---

Copies of the Bidding Procedures Order, Stalking Horse APA or other documents related thereto are available upon request to The Garden City Group, Inc. by calling 866-454-3498, emailing EBGrestructuring@gcginc.com or visiting www.bgrestructuring.com.

---

**A.    Assets to be Sold.**

These Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in the Auction, thereby competing to make the highest or otherwise best offer for all or certain of the Acquired Assets and the Assumed Liabilities, as identified in further detail and defined in the Stalking Horse APA.

**B.    Stalking Horse Bidder**

On August 7, 2010, the Debtors, the Stalking Horse Bidder and Constellation Energy Group, Inc. entered into the Stalking Horse APA for the sale of substantially all of the Acquired Assets pursuant to which: (i) the Stalking Horse Bidder agreed to pay One Billion and One Hundred Million Dollars ($1,100,000,000.00) in cash, prior to adjustment of such amount in accordance with the terms of the Stalking Horse APA (the "**Cash Purchase Price**"), and to assume the Assumed Liabilities (together with the Cash Purchase Price, the "**Stalking Horse Bid**") for the Acquired Assets, subject to the outcome of the Auction and Court approval; and (ii) the Debtors agreed in the event that the Court approves the purchase of any of the Acquired Assets by any Person other than the Stalking Horse Bidder to (a) pay the Stalking Horse Bidder a break-up fee in the amount of Thirty Million Dollars ($30,000,000) (the "**Break-Up Fee**") and (b) reimburse the Stalking Horse Bidder's reasonable out-of-pocket expenses up to an aggregate amount not to exceed Five Million ($5,000,000) (the "**Reimbursable Expenses**" and together with the Break-Up Fee, the "**Break-Up & Expense Reimbursement Amount**").

**C.    Participation Requirements.**

To participate in the bidding process or otherwise be considered for any purpose hereunder, a Person (other than the Stalking Horse Bidder) interested in purchasing the Acquired Assets, or a subset of the Acquired Assets, (a "**Potential Bidder**") must, on or before **November 1, 2010**,[2] deliver (unless previously delivered) to each of (i) Boston Generating, LLC, 505 Fifth Avenue, 21st Floor, New York, NY 10017, Attn: Mark Sudbey, Chief Executive Officer (msudbey@uspowergen.com), Jeff Hunter, Chief Financial Officer and Executive Vice President (jhunter@uspowergen.com) or such other person designated by the Debtors; (ii) Latham & Watkins LLP, 885 Third Avenue, New York NY 10022-4834, Attn: D. J. Baker, Esq. (dj.baker@lw.com) and Robert J. Rosenberg, Esq. (robert.rosenberg@lw.com), counsel to the Debtors and (iii) Jager Smith P.C., 485 Madison Avenue, 20th Floor, New York, NY 10022, Attn: Bruce F. Smith, Esq. (bsmith@jagersmith.com) the following documents (the "**Preliminary Bid Documents**"). Counsel to the Debtors will share the Preliminary Bid Documents with the Consulting Parties (as defined below) if such Consulting Parties confirm in

---

[2]    November 1, 2010 is the outside deadline for Potential Bidders to deliver Preliminary Bid Documents. To the extent that Preliminary Bid Documents are received prior to that date, they will be considered as quickly as is reasonably possible.

2

EXHIBIT A TO SALE ORDER, PAGE 270

writing to the Debtors that they will not be participating in the Auction process as a bidder (via a credit bid or otherwise).

a.    an executed confidentiality agreement (the "**Confidentiality Agreement**") reasonably acceptable to the Company;

b.    a non-binding indication of interest with respect to the purchase of all or certain of the Acquired Assets and the assumption of all or certain of the Assumed Liabilities; and

c.    preliminary proof by the Potential Bidder of its financial capacity to close a proposed transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets, the party that will bear liability for a breach), the adequacy of which the Debtors and their advisors will determine.

Within two (2) calendar days after a Potential Bidder delivers the Preliminary Bid Documents, the Debtors, in consultation with the official committee of unsecured creditors (the "**Creditors' Committee**"), shall determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents so that the Potential Bidder may conduct a due diligence review with respect to the Debtors. Only those Potential Bidders that have submitted acceptable Preliminary Bid Documents (each, an "**Acceptable Bidder**") may submit bids to purchase the Acquired Assets and assume the Assumed Liabilities. The Stalking Horse Bidder shall at all times be deemed an Acceptable Bidder.

**D.      Obtaining Due Diligence Access.**

After receipt of an executed Confidentiality Agreement and notification of Acceptable Bidder status, the Debtors shall provide each Acceptable Bidder reasonable due diligence information, as requested, as soon as reasonably practicable after such request, which information shall be commensurate with that information given to the Stalking Horse Bidder. To the extent the Debtors give any information to any Acceptable Bidder that they had not previously provided to the Stalking Horse Bidder, the Debtors shall promptly provide such information to the Stalking Horse Bidder. The due diligence period will end on the Bid Deadline (as defined herein).

In connection with the provision of due diligence information to Acceptable Bidders, the Debtors shall not furnish any confidential information relating to the Debtors, the Acquired Assets, or the Sale to any person except an Acceptable Bidder or such Acceptable Bidder's duly-authorized representatives to the extent provided in the applicable Confidentiality Agreement.

The Debtors along with their advisors shall coordinate all reasonable requests for additional information and due diligence access from Acceptable Bidders; *provided, however,* the Debtors may decline to provide such information to Acceptable Bidders who, in the Debtors' reasonable business judgment, have not established that such Acceptable Bidders intend in good

3

faith to or have the capacity to consummate the purchase of all or certain of the Acquired Assets. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

The Debtors designate J.P. Morgan Securities Inc. ("**JPM**") to coordinate all reasonable requests for additional information and due diligence access. The contact information for JPM is:

| David Feierstein | Kevin Shin |
|---|---|
| Tel: (212) 622-2086<br>Fax: (917) 463-0245<br>Cell: (516) 851-4924<br>E-mail: david.s.feierstein@jpmorgan.com | Tel: (212) 622-3432<br>Fax: (917) 546-2351<br>Cell: (917) 751-4332<br>E-mail: kevin.h.shin@jpmorgan.com |

**E.    Bid Requirements.**

To participate in the Auction, an Acceptable Bidder (other than the Stalking Horse Bidder) must deliver no later than the Bid Deadline (defined below) to the Debtors, their advisors, the Stalking Horse Bidder and the advisors to the Consulting Parties (defined below) at the addresses set forth in Paragraph F below an irrevocable offer that must:

a.    be in writing;

b.    at a minimum, exceed the aggregate sum of the following: (i) the Cash Purchase Price; (ii) the Assumed Liabilities; (iii) the Break-Up & Expense Reimbursement Amount (in the amount of $35,000,000); (iv) any amount required to be reimbursed to the Stalking Horse Bidder pursuant to Section 6.19 of the Stalking Horse APA; and (v) the minimum bid increment of Ten Million Dollars ($10,000,000) (such aggregate sum, the "**Minimum Bid Increment**") (all of which must be in cash and the assumption of administrative expense liabilities);

c.    constitute a good faith, bona fide offer to purchase all or certain of the Acquired Assets and to assume all or certain of the Assumed Liabilities;

d.    be accompanied by a clean and a duly executed copy of the Stalking Horse APA and the documents set forth as schedules and exhibits thereto, along with copies that are marked to reflect the amendments and modifications from the Stalking Horse APA executed with the Stalking Horse Bidder, which may not be materially more burdensome to the Debtors or inconsistent with these Bidding Procedures, including with respect to scope of the Acquired Assets and Assumed Liabilities;

e.    identify with particularity each and every condition to closing;

f.    identify with particularity the executory contracts and unexpired leases for which assumption and assignment is required;

4

g.  not be conditioned on any contingency, including, among others, on obtaining any of the following: (i) financing, (ii) shareholder, board of directors or other approval, (iii) regulatory contingencies of any kind (other than a condition that (A) any applicable waiting period under HSR (defined below) shall have expired or been terminated and (B) required authorization of (I) the Federal Energy Regulatory Commission ("**FERC**")[3] pursuant to Section 203 of the Federal Power Act for disposition of the Acquired Assets, (II) the Federal Communications Commission ("**FCC**") for the transfer of control of the radio authorizations to the Potential Bidder, and (III) if applicable, any other governmental entity whose approval is identified by the Potential Bidder as required for the transaction as set forth in such Potential Bidder's bid, shall, in the case of each of (I), (II) and (III), have been obtained) and/or (iv) the outcome or completion of a due diligence review by the Potential Bidder. Any required governmental approvals identified by the Potential Bidder in addition to the FERC and FCC approvals described herein may impact the evaluation of a Qualified Bid (defined below);

h.  remain irrevocable until 48 hours after the conclusion of the Sale Hearing (as defined below) or such longer period of time as set forth below if the Potential Bidder is selected as the Back-Up Bidder (defined below).

i.  provide for a covenant (i) to close within the later of (A) fourteen (14) days after the entry of the Sale Order, (B) the expiration or termination of the applicable HSR (defined below) waiting period, (C) authorization of FERC pursuant to Section 203 of the Federal Power Act for disposition of the Acquired Assets, (D) authorization by any other governmental entity whose approval is identified by the Potential Bidder as required for the transaction as set forth in such Potential Bidder's bid, and (E) the receipt of approval of the FCC for the transfer of control of the radio authorizations to the Potential Bidder; and (ii) that the Potential Bidder will (A) make all necessary filings under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended ("**HSR**"), and pay the fees associated with such filings within two (2) calendar days following the entry of the Sale Order; and (B) make all necessary filings to FERC pursuant to Section 203 of the Federal Power Act for disposition of the Acquired Assets, the FCC for the transfer of control of the radio

---

[3]  Notwithstanding the fact that the Debtors and the Stalking Horse Bidder have jointly filed an application with FERC pursuant to Section 203 of the Federal Power Act seeking authorization for disposition of the Acquired Assets to the Stalking Horse Bidder, the Debtors will assist and cooperate with the preparation and filing of an application by a Potential Bidder seeking similar authorization pursuant to Section 203 of the Federal Power Act to the extent reasonably possible and to the extent any Potential Bidder is pursuing such application with an honest and legitimate business purpose and whose actions in the Debtors' reasonable business judgment are not designed to impede or interfere with the sale process contemplated by these Bidding Procedures and provided that the Potential Bidder agrees not to file protests of, or comments opposing the joint application of the Debtors and the Stalking Horse Bidder or an application filed by another Potential Bidder.

5

authorizations to the Potential Bidder, and any other governmental entity whose approval is identified by the Potential Bidder as required for the transaction as set forth in such Potential Bidder's bid, and pay any fees associated with such filings, in each case within two (2) calendar days following the entry of the Sale Order;

j.    provide the Debtors, on or before the Bid Deadline, with sufficient and adequate information to demonstrate, to the satisfaction of the Company, that such Potential Bidder has the financial wherewithal and ability to consummate the acquisition of the Acquired Assets and the assumption of the Assumed Liabilities;

k.    fully disclose the identity of each entity that will be bidding for or purchasing all or certain of the Acquired Assets and assuming all or certain of the Assumed Liabilities or otherwise participating in connection with such bid, and the complete terms of any such participation, along with sufficient evidence that the Acceptable Bidder is legally empowered, by power of attorney or otherwise, to complete the transactions on the terms contemplated by the parties;

l.    be accompanied, on or before the Bid Deadline, by a cash deposit equal to Fifty Million Dollars ($50,000,000), by wire transfer of immediately available funds to an account or accounts designated by the Debtors (the "**Good Faith Deposit**");

m.    state that the offering party or parties consents to the jurisdiction of the Court; and

n.    not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, termination or similar type of fee or payment and shall include an acknowledgement and representation of the Potential Bidder that it has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Acquired Assets in making its bid, and that it did not rely upon any written or oral statements, representations, warranties, or guarantees, express, implied, statutory or otherwise, regarding the Acquired Assets, the financial performance of the Acquired Assets or the physical condition of the Acquired Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or the Stalking Horse APA.

Nothing herein shall preclude a bidder from submitting a competing bid in the form of a plan of reorganization and it being understood that such bid may be determined by the Debtors not to be a Qualified Bid.

6

Bids that the Debtors and their advisors determine fulfill all of the preceding requirements shall be deemed to be "**Qualified Bids**," and those parties submitting Qualified Bids shall be deemed to be "**Qualified Bidders**." As soon as practicable after the Bid Deadline, the Debtors shall determine which Acceptable Bidders are Qualified Bidders after consultation with their advisors and the advisors to the agent for the first lien lenders (the "**First Lien Lenders**") and the agent for the second lien lenders (the "**Second Lien Lenders**," together with the First Lien Lenders, the "**Lenders**" and each a "**Lender**") and the Creditors' Committee (together with the Lenders, the "**Consulting Parties**"), and the Debtors will notify the Acceptable Bidders and the Stalking Horse Bidder whether bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to bid at the Auction. Any bid that is not deemed a "Qualified Bid" shall not be considered by the Debtors. The Stalking Horse Bidder shall be deemed to be a Qualified Bidder. The Stalking Horse APA submitted by the Stalking Horse Bidder and any additional bids timely submitted by the Stalking Horse Bidder (to the extent such bids are generally consistent with the terms of the Stalking Horse APA) shall be deemed Qualified Bids, qualifying the Stalking Horse Bidder to participate in the Auction.

F.    **Bid Deadline.**

**Binding written bids must be received by each of the Debtors, the Stalking Horse Bidder, their respective advisors, and the legal advisors to each of the Consulting Parties at the addresses set forth below, in each case so as to be actually received no later than 12:00 p.m. (prevailing Eastern Time) on Saturday November 13, 2010 (the "Bid Deadline").**

| Debtors | Counsel to Debtors |
|---|---|
| Boston Generating, LLC<br>505 Fifth Avenue, 21st Floor, New York, NY 10017,<br>Attn: Mark Sudbey, CEO and Jeff Hunter, CFO and Executive Vice President or such other person as the Debtors designate prior to the Bid Deadline<br>Email: msudbey@uspowergen.com;<br>        jhunter@uspowergen.com | Latham & Watkins LLP<br>885 Third Avenue<br>New York NY 10022-4834<br>Attn: D. J. Baker, Esq. and Robert J. Rosenberg, Esq.<br>Email: dj.baker@lw.com<br>        robert.rosenberg@lw.com |
| **Counsel to the Agent for the First Lien Lenders** | **Counsel to the Stalking Horse Bidder** |
| Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York NY 10019<br>Attn: Scott K. Charles, Esq. and Michael S. Benn, Esq.<br>Email: SKCharles@wlkr.com<br>        MSBenn@wlrk.com | Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193<br>Attn: David Neier, Esq.<br>Email: dneier@winston.com |
| **Counsel to the Agent for the Second Lien Lenders** | **Counsel to the Creditors' Committee** |
| Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036-6797<br>Attn: Allan S. Brilliant, Esq. and Craig P. Druehl, Esq.<br>Email: allan.brilliant@dechert.com<br>        craig.druehl@dechert.com | Jager Smith P.C.<br>485 Madison Avenue, 20th Floor<br>New York, NY 10022<br>Attn: Bruce F. Smith, Esq. and Steven C. Reingold, Esq.<br>Email: bsmith@jagersmith.com<br>        sreingold@jagersmith.com |

### G.   Credit Bidding

The First Lien Lenders and Second Lien Lenders may make a credit bid for all of the collateral securing their claims to the full extent permitted by Section 363(k) of the Bankruptcy Code; *provided, however,* that the conditions set forth in this Paragraph G must be satisfied before the credit bid of a First Lien Lender or a Second Lien Lender is deemed to be a Qualified Bid. To be a Qualified Bid, a credit bid must also comply with each of the requirements set forth in Paragraph E above other than E(b). In addition, to be a Qualified Bid, a credit bid must, on or prior to the Bid Deadline, (i) include a cash amount as part of the purchase price for all or certain of the Acquired Assets upon which such First Lien Lenders and Second Lien Lenders do not have a first priority security interest, (ii) provide for payment in cash at closing and/or the assumption of the administrative and priority expense claims of the Debtors that own the Acquired Assets, and (iii) include a cash amount as part of the purchase price sufficient to pay the Break-Up & Expense Reimbursement Amount (e.g., $35,000,000) plus any amount required to be reimbursed to the Stalking Horse Bidder pursuant to Section 6.19 of the Stalking Horse APA.

### H.   Evaluation of Qualified Bids.

Prior to the Auction, the Debtors shall evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtors' judgment, the highest or otherwise best bid (the "**Starting Bid**"). As soon as practicable prior to the date of the Auction, the Debtors shall notify the Stalking Horse Bidder as to which Qualified Bid is the Starting Bid. The Debtors shall thereafter distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

### I.   No Qualified Bids.

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur, the Stalking Horse APA will be deemed the Successful Bid (as defined herein) and, subject to the Debtors' termination rights under the Stalking Horse APA, the Debtors will immediately pursue entry of an order by the Court approving the Stalking Horse APA and authorizing the sale of the Acquired Assets and the transfer of the Assumed Liabilities to the Stalking Horse Bidder.

### J.   Auction.

If one or more Qualified Bids are received by the Bid Deadline, then the Debtors shall conduct the Auction. The Auction shall commence at 10:00 a.m. on **November 15, 2010** at the offices of Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022-4834, or such later time or other place as the Debtors shall timely notify the Stalking Horse Bidder and all other Qualified Bidders following consultation with the advisors to the Consulting Parties.

The Auction will be conducted in accordance with the following procedures (the "**Auction Procedures**"):

> a.   only Qualified Bidders and their legal and financial advisors, including the Stalking Horse Bidder, shall be entitled to bid at the Auction;

8

b.    the Qualified Bidders, including the Stalking Horse Bidder, shall appear in person or through duly-authorized representatives at the Auction;

c.    only such authorized representatives of each of the Qualified Bidders, the Stalking Horse Bidder, the Debtors, their respective advisors, and the advisors to the Consulting Parties shall be permitted to attend the Auction;

d.    bidding at the Auction shall begin at the Starting Bid;

e.    subsequent bids at the Auction, including any bids by the Stalking Horse Bidder, shall be made in minimum increments of Ten Million Dollars ($10,000,000);

f.    the Stalking Horse Bidder shall receive a credit equal to the sum of the Break-Up & Expense Reimbursement Amount (e.g., $35,000,000) in each round of bidding at the Auction and any amount required to be reimbursed to the Stalking Horse Bidder pursuant to Section 6.19 of the Stalking Horse APA;

g.    each Qualified Bidder will be informed of the terms of the previous bids;

h.    the bidding will be transcribed to ensure an accurate recording of the bidding at the Auction;

i.    each Qualified Bidder will be required to confirm on the record of the Auction that it has not engaged in any collusion with respect to the bidding or the Sale;

j.    absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, the Court will not consider bids made after the Auction is closed; and

k.    the Auction shall be governed by such other Auction Procedures as may be announced by the Debtors, after consultation with their advisors as well as the advisors to the Consulting Parties, from time to time on the record at the Auction; *provided*, that any such other Auction Procedures shall not be inconsistent with any order of the Court.

**K.**    **Acceptance of the Successful Bid.**

Upon the conclusion of the Auction (if such Auction is conducted), the Debtors, in the exercise of their reasonable, good-faith business judgment, and after consulting with their advisors and the advisors to the Consulting Parties, shall identify the highest or otherwise best bid (the "Successful Bid"). The Qualified Bidder having submitted the Successful Bid will be deemed the "Successful Bidder." The Successful Bidder and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which such Successful Bid was made.

9

The Debtors will present the results of the Auction to the Court at the Sale Hearing (as defined below), at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (a) the Auction was conducted, and the Successful Bidder was selected, in accordance with these Bidding Procedures, (b) the Auction was fair in substance and procedure, (c) the Successful Bid was a Qualified Bid (as defined in these Bidding Procedures), and (d) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for all or certain of the Acquired Assets and all or certain of the Assumed Liabilities and is in the best interests of the Debtors.

If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid only when (a) such bid is declared the Successful Bid at the Auction and (b) definitive documentation has been executed in respect thereof. Such acceptance is conditioned upon approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

**L.    Sale Hearing.**

A hearing to consider approval of the Sale of all or certain of the Acquired Assets and the transfer of all or certain of the Assumed Liabilities to the Successful Bidder (or to approve the Stalking Horse APA if no Auction is held) (the "**Sale Hearing**") is presently scheduled to take place on **November 17, 2010** at 10:00 a.m. prevailing Eastern Time, or as soon thereafter as counsel may be heard, before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Bankruptcy Court for the Southern District of New York, at: One Bowling Green, Courtroom 610, New York, NY 10004.

**The Sale Hearing may be continued to a later date by the Debtors by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.**

At the Sale Hearing, the Debtors shall present the Successful Bid to the Court for approval.

**M.    Designation of Back-Up Bidder.**

Following the approval of the Sale of all or certain of the Acquired Assets to any Successful Bidder at the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale within the later of (1) fourteen (14) days after the entry of the Sale Order, (2) the expiration or termination of the applicable HSR waiting period, (3) the receipt of approval of FERC pursuant to Section 203 of the Federal Power Act, (4) the receipt of approval of the FCC for the transfer of control of the radio authorizations, (5) the receipt of approval by any other governmental entity whose approval is identified by the Potential Bidder as required for the transaction as set forth in such Potential Bidder's bid, and (6) December 6, 2010, the Debtors shall be authorized, but not required, to deem the next highest or otherwise best Qualified Bid (the "**Back-Up Bid**" and the party submitting the Back-Up Bid, the "**Back-Up Bidder**"), as disclosed at the Sale Hearing, the Successful Bid, and the Debtors in consultation with the Consulting Parties shall be authorized, but not required, to consummate the Sale with the Back-Up Bidder submitting such bid without further order of the Court. The Back-Up-Bid shall

10

remain open until the first business day following the consummation of a Sale of the Acquired Assets to the Successful Bidder.

**N.      Break-Up & Expense Reimbursement Amount.**

The Debtors shall be obligated to pay to the Stalking Horse Bidder, by wire transfer in immediately available funds to an account designated by the Stalking Horse Bidder, all amounts due to the Stalking Horse Bidder, including the Break-Up Fee and Reimbursable Expenses, in each instance in accordance with the applicable provisions of the Stalking Horse APA.

**O.      Return of Good Faith Deposit.**

The Good Faith Deposit of the Successful Bidder shall, upon consummation of the purchase of all or certain of the Acquired Assets and transfer of all or certain of the Assumed Liabilities, be credited to the purchase price paid for all or certain of the Acquired Assets and all or certain of the Assumed Liabilities. If the Successful Bidder fails to consummate the purchase of all or certain of the Acquired Assets and the assumption of all or certain of the Assumed Liabilities due to a breach by the Successful Bidder, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Debtors.

The Good Faith Deposit of any unsuccessful Qualified Bidders (except for the Stalking Horse Bidder and the Back-Up Bidder) will be returned within fifteen (15) days after the entry of the Sale Order by the Bankruptcy Court or upon the permanent withdrawal of the proposed Sale of all or certain of the Acquired Assets and all or certain of the Assumed Liabilities. The Good Faith Deposit of the Stalking Horse Bidder shall be returned in accordance with the terms of the Stalking Horse APA. The Good Faith Deposit of the Back-Up Bidder shall be returned upon the earlier of (i) the first day after consummation of the Sale of all or certain of the Acquired Assets and all or certain of the Assumed Liabilities by the Successful Bidder or (ii) the permanent withdrawal of the proposed Sale of all or certain of the Acquired Assets and all or certain of the Assumed Liabilities.

**P.      Reservation of Rights.**

The Debtors reserve their rights, following consultation with their advisors and the advisors to the Consulting Parties and with the consent of the Stalking Horse Bidder (whose consent shall not be unreasonably withheld), to modify these Bidding Procedures in any manner that will best promote the goals of the bidding process and to impose, at or prior to the Auction, additional customary terms and conditions on the Sale of all or certain of the Acquired Assets and the transfer of all or certain of the Assumed Liabilities, including, without limitation, modifying the requirements for a Qualified Bid, extending the deadlines set forth in these Bidding Procedures, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, canceling the Auction, and rejecting any or all Qualified Bids (excluding, for the avoidance of doubt, the Stalking Horse Bidder's offer pursuant to the Stalking Horse APA) if, in the Debtors' business judgment, following consultation with their advisors, the Debtors determine that such Qualified Bid is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or any related rules or the terms set forth herein, or (c) contrary to the best interests of the Debtors; _provided,_ that if the Debtors cancel the

11

Auction, or reject all Qualified Bids other than Stalking Horse Bidder's, the Debtors shall promptly pursue entry of an order by the Court authorizing consummation of the Sale of all of the Acquired Assets and the transfer of all of the Assumed Liabilities to the Stalking Horse Bidder; and *provided further,* that the Debtors shall not extend the deadlines set forth in these Bidding Procedures beyond seven days, adjourn the Auction at the Auction and/or adjourn the Sale Hearing beyond seven days without the prior consent of the Stalking Horse Bidder which consent will not be unreasonably withheld.  In the event that a Consulting Party or other insider or affiliate of the Debtors participates in this auction process as a Potential Bidder or a Qualified Bidder, as applicable, such party will be treated like and given no greater or better rights than any other Potential Bidder or Qualified Bidder, as applicable.

The Debtors shall provide to the Stalking Horse the information and documents specified in the Stalking Horse APA relating to the Auction and other bids within the time period and on the terms and conditions set forth in the Stalking Horse APA.

12

EXHIBIT A TO SALE ORDER, PAGE 280