**Hearing Date: January 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: January 14, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Boston Generating, LLC, et al.,[1] | Case No. 10-14419 (SCC) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on December 22, 2010, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Motion of the Debtors for Entry of an Order Authorizing the Debtors to Assume and/or Assign Certain Executory Contracts to Constellation Holdings, Inc. or Its Affiliate Nunc Pro Tunc to the Closing Date of the Sale* (the "**Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

PLEASE TAKE FURTHER NOTICE that the Motion has been electronically filed with the Bankruptcy Court and may be examined and inspected by interested parties by (i) accessing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

NY\1718049.4

the Bankruptcy Court's website at www.nysb.uscourts.gov/ or (ii) accessing the website maintained by the Debtors in connection with their chapter 11 cases at www.bgrestructuring.com. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

PLEASE TAKE FURTHER NOTICE that all parties receiving this Notice should locate their names and contracts listed on Schedule 1 attached to the Motion.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion has been scheduled for **January 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, One Bowling Green, Room 610, New York, New York, 10004 (the "**Hearing**"), which Hearing may be adjourned from time to time without further notice other than an announcement at the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing and shall conform to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 46], the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court and served on (i) the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Debtors, (iv) counsel for the Official Committee of Unsecured Creditors, (v) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, (vi) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, (vii) the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility, (viii) the Internal Revenue Service, (ix) the Federal Energy Regulatory Commission, (x) the Environmental Protection Agency, (xi) those

persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 (xii) Constellation Holdings, Inc., and (xiii) all non-Debtor counterparties to the Executory Contracts in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on January 14, 2011** (the "**Objection Deadline**").

If no objections are timely filed and served with respect to the Motion, the relief requested in the Motion shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without further notice or opportunity to be heard.  In furtherance thereof, if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order, substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further opportunity to be heard.  Objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated December 22, 2010　　　　　　　Respectfully Submitted,
New York, New York

　　　　　　　　　　　　　　　　　　/s/ D.J. Baker
　　　　　　　　　　　　　　　　　　D. J. Baker
　　　　　　　　　　　　　　　　　　Robert J. Rosenberg
　　　　　　　　　　　　　　　　　　Caroline A. Reckler (appearing *pro hac vice*)
　　　　　　　　　　　　　　　　　　Kimberly A. Posin (appearing *pro hac vice*)
　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　885 Third Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10022-4834
　　　　　　　　　　　　　　　　　　Telephone:  (212) 906-1200
　　　　　　　　　　　　　　　　　　Facsimile:  (212) 751-4864

　　　　　　　　　　　　　　　　　　Counsel to the Debtors and Debtors-in-Possession

**Hearing Date: January 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: January 14, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler (appearing *pro hac vice*)
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Boston Generating, LLC, <br> et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 10-14419 (SCC) <br><br> Jointly Administered |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO ASSUME AND/OR ASSIGN CERTAIN
EXECUTORY CONTRACTS TO CONSTELLATION HOLDINGS, INC.
OR ITS AFFILIATE *NUNC PRO TUNC* TO THE CLOSING DATE OF THE SALE**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for entry of an order (the "**Order**"), in substantially the form attached hereto as Exhibit A, authorizing the Debtors to assume certain executory contracts (as identified on Schedule 1 attached hereto, the "**Executory Contracts**")[2] and/or assign, as applicable, the Executory Contracts to Constellation Holdings, Inc., the buyer (the "**Buyer**") of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2] The inclusion of a contract on Schedule 1 hereto is not an admission that such contract is an Executory Contract as that term is used in Section 365 of the Bankruptcy Code.

NY\1718049.4

substantially all of the Debtors' assets pursuant to the sale approved by the Bankruptcy Court (as defined below) (the "**Sale**"),[3] or an affiliate of Buyer *nunc pro tunc* to the closing of the Sale (the "**Closing Date**").  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases (as defined below).

2.  The statutory bases for the relief requested herein are Section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Relief Requested

3.  By this Motion, the Debtors seek entry of an order pursuant to Section 365 of the Bankruptcy Code authorizing the Debtors to assume certain Executory Contracts and to assign all of the Executory Contracts to Buyer or an affiliate of the Buyer, consistent with the procedures outlined in the Sale Order (as defined below) *nunc pro tunc* to the Closing Date.  The assumption and/or assignment of the Executory Contracts is an appropriate exercise of the Debtors' business judgment.

---

[3]   Certain of the Executory Contracts were entered into by the Debtors after the Petition Date and, therefore, the Debtors are only seeking authority to assign those Executory Contracts to the Buyer or an affiliate of Buyer.

2

**Background**

4.  On August 18, 2010 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been procedurally consolidated and are being jointly administered.

5.  A description of the Debtors' business and the reasons for commencing these Chapter 11 Cases are set forth in the *Declaration of Jeff Hunter, Manager, Executive Vice President and Chief Financial Officer of EBG Holdings LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] filed on August 18, 2010 (the "**First Day Declaration**").

6.  On September 10, 2010, the Office of the United States Trustee (the "**United States Trustee**") appointed an official committee of unsecured creditors [Docket No. 118] (the "**Creditors' Committee**").

7.  To date, the Debtors' primary focus in these Chapter 11 Cases has been to achieve the sale of their assets (the "**Sale Process**"). Simultaneously, the Debtors have continued to explore other restructuring alternatives. The Debtors and their professionals have focused on, among other things: (a) obtaining "first day" and "second day" relief that has enabled the Debtors to continue operating their business in the ordinary course; (b) preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs; and (c) obtaining entry of the *Order Authorizing (A) The Sale of Substantially all of the Assets of the Debtors Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances; (B) The Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement; (C) the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases; (D)*

3

*Approving the Transition Services Agreement; and (E) Granting Related Relief* [Docket No. 494] (the "**Sale Order**").

8. On October 12, 2010, the Debtors filed the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases; (II) Cure Amount with Respect to Executory Contracts and Unexpired Leases to be Potentially Assumed and Assigned* [Docket No. 274] (the "**Initial Cure Notice**"), and on each of October 28, 2010, November 5, 2010, November 9, 2010, and November 16, 2010, the Debtors filed a notice of revisions to Exhibit 1 to the Initial Cure Notice [Docket Nos. 364, 379, 402, 468] (the "**Revised Cure Notices**" and together with the Initial Cure Notice, the "**Cure Notices**").

9. Pursuant to the Sale Order, the Buyer is authorized to designate (the "**Buyer Designation Rights**") additional executory contracts for assumption by the Debtors and assignment to Buyer. Furthermore, Buyer is required to make any payments that would otherwise be required to be made by the Debtors that arise from obligations incurred by the Debtors as a result of the Buyer's decision to exercise the Buyer Designation Rights. The Buyer is also required to provide adequate assurance of future performance to counterparties to the Executory Contracts which are to be assumed and assigned to Buyer or its affiliate. Subsequent to entry of the Sale Order, Buyer selected the Executory Contracts for assumption and/or assignment.

## Basis for Relief

**I.    Assumption of the Executory Contracts Reflects the Debtors' Sound Business Judgment**

10. Section 365 of the Bankruptcy Code provides, in a relevant part, that a debtor in possession:

> (a) subject to the court's approval, may assume . . . any executory contract or unexpired lease of the debtor.

4

> (b)(1)  If there has been a default in an executory contract of unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
>> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . .;
>>
>> (B) compensates or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C) provides adequate assurance of future performance under such contract or lease. . .
>
> (f)(2)  The Trustee may assign an executory contract or unexpired lease of the debtor only if-
>
>> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>>
>> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

See 11 U.S.C. §§ 365(a), (b)(1), (f)(2).  Thus, the Debtors are authorized to assume the Executory Contracts and/or assign them to Buyer or its affiliate provided that any defaults in the Executory Contracts are cured and Buyer or its affiliate provides adequate assurance of future payment.

11.    Courts defer to a debtor's business judgment in assuming an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the assumption under Section 365(a) of the Bankruptcy Code. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (purpose behind allowing assumption under section 365(a), is to permit the debtor, subject to the

5

approval of the court, to use valuable property of the estate); COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 524 F.3d 373, 383 (2d Cir. 2008) (business judgment test "rather obviously presupposes that the estate will assume a contract only where doing so will be to its economic advantage").

12.    In the Second Circuit, a motion to assume an executory contract is considered a summary proceeding, whereby courts efficiently review a "debtor's decision to adhere to a particular contract in the course of the swift administration of the bankruptcy estate." See Orion Pictures, 4 F.3d at 1099.  In conducting such review, bankruptcy courts should "examine a contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." Id. (the court "sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed").  In other words, the Court must place itself in the position of the Debtors and determine "whether assuming the contract would be a good business decision or a bad one." Penn Traffic, 524 F.3d at 383; see also, Orion Pictures, 4 F.3d 1099.  If a debtor's business judgment has been exercised reasonably, the court should approve the assumption of an executory contact. See In re Ionosphere Clubs, Inc., 100 B.R. 670, 680 (Bankr. S.D.N.Y 1989).

13.    By the terms of the Sale Order, Buyer has the right to designate additional contracts for assumption and assignment by the Debtors to Buyer or its affiliate.  Since this Court has already held that the sale of substantially all of the Debtors' assets to Buyer was an appropriate exercise of the Debtors' business judgment, then it follows that the assumption of those Executory Contracts that Buyer desires the Debtors to assume is a reasonable exercise of the Debtors' business judgment as provided for in the Sale Order.  Thus, this Court should approve the assumption of the additional Executory Contracts as a reasonable exercise of the

6

Debtors' business judgment and the realization of the authority given to the Debtors and the Buyer through the Buyer Designation Rights.

## II. Defaults Under the Assumed Executory Contracts Will Be Cured and Buyer or its Affiliate Will Provide Adequate Assurance of Future Payment

14. Upon finding that a debtor has exercised its business judgment in determining that assuming an executory contract is in the best interest if its estate, courts must then evaluate whether the assumption meets the requirements of Section 365(b) of the Bankruptcy Code. The amount the Debtors' records reflect is owing for all arrearages due prior to the closing of the Sale (the "**Cure Amount**") in respect of the Executory Contracts is set forth on Schedule 1 attached hereto. Buyer or an affiliate of Buyer will pay any outstanding Cure Amounts upon entry of an Order granting the Motion. Furthermore, the Debtors' records reflect, as of the date hereof, that all postpetition amounts owing under the Executory Contracts have been paid and will continue to be paid and that there are no other defaults under the Executory Contracts.

15. The Debtors submit that the requirement of Section 365(f)(2) of the Bankruptcy Code – adequate assurance of future performance by the assignee of such contract– is also satisfied given the facts and circumstances present here. The phrase 'adequate assurance of future performance,' adopted from Section 2-609(1) of the Uniform Commercial Code, is to be given a "practical, pragmatic construction" based upon the facts and circumstances of each case. Matter of U.L. Radio Corp., 19 B.R. 537, 542 (Bankr. S.D.N.Y. 1982).

16. Although no single solution will satisfy every instance, the required assurance falls short of an absolute guarantee of performance. See In re Embers 86th St., 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995) ("In assessing adequate assurance of future performance under §365(b) (1) (C), the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met") (emphasis added, internal citations omitted). Among other

7

things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. See In re Bygaph, Inc., 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance present where a prospective assignee has resources to perform and has expressed a willingness to devote sufficient funding to its business to do so). In addition, the Bankruptcy Court specifically determined that the Buyer demonstrated adequate assurance of future performance in the Sale Order. *See* Sale Order ¶¶ 23-25.

17. The assumption and/or assignment of the Executory Contracts to Buyer or its affiliate *nunc pro tunc* to the Closing Date is appropriate under these circumstances. During the course of the Debtors' sale process, Buyer demonstrated its financial ability to maintain and perform under the Executory Contracts. Furthermore, Buyer has demonstrated its intention to perform under these Executory Contracts by its own designation of these Executory Contracts for assumption and assignment by the Debtors.

**Motion Practice**

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

**Waiver of Stay Imposed Under Rule 6006(d)**

19. Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtors hereby request that any order

8

approving the assignment of the Executory Contracts to Buyer or its affiliate be effective immediately, and that this Court provide a waiver of the 14 day stay under Rule 6006(d).

## Notice

20.     The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee, (b) counsel for the Creditors' Committee, (c) counsel to the administrative agent for the lenders under the Debtors' prepetition first lien credit facility, (d) counsel to the administrative agent for the lenders under the Debtors' prepetition second lien credit facility, (e) the administrative agent for the lenders under the Debtors' prepetition unsecured mezzanine credit facility, (f) the Internal Revenue Service, (g) the Federal Energy Regulatory Commission, (h) the Environmental Protection Agency, (i) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002, (j) Buyer, and (k) all non-Debtor counterparties to the Executory Contracts. In light of the nature of the relief requested, the Debtors submit that no further notice is required or needed under the circumstances.

21.     A copy of the Motion is available on the Court's website: http://www.nysb.uscourts.gov/. Additional copies of the Motion are available on the website of the Debtors' claims and noticing agent, The Garden City Group, Inc., at www.bgrestructuring.com or can be requested by calling 1-866-454-3498.

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to assume and/or assign, as applicable, the Executory Contracts listed on Schedule 1 *nunc pro tunc* to the Closing Date and grant such other and further relief as this Court believes is just and proper.

Dated: December 22, 2010  
      New York, New York

Respectfully Submitted,

/s/ D. J. Baker  
D. J. Baker  
Robert J. Rosenberg  
Caroline A. Reckler (appearing *pro hac vice*)  
Kimberly A. Posin (appearing *pro hac vice*)  
LATHAM & WATKINS LLP  
885 Third Avenue  
New York, New York 10022-4834  
Telephone: (212) 906-1200  
Facsimile: (212) 751-4864

Counsel to the Debtors and Debtors-in-Possession

# SCHEDULE 1

## Executory Contracts

| | Contract Counterparties | Name of Contract | Contract Date | Notice Address | Brief Summary | Cure Amount |
|---|---|---|---|---|---|---|
| 1. | Graver Technologies, LLC<br><br>Boston Generating, LLC | Master Purchase Agreement No. 2010-MSA-0004 | Effective date 2/11/2010 | Mr. Wayne Norwood<br>Pencader Industrial Park<br>200 Lake Drive<br>Glasgow, DE 18702 | Master Purchase Agreement | $0 |
| 2. | Construction Products & Services<br><br>Boston Generating, LLC | Master Services Agreement No. 2010-MSA-0007 | Dated 2/22/2010 | Construction Products & Services<br>Attn: President or General Counsel<br>250 Industrial Driver<br>Halifax, MA 02338 | Master Services Agreement | $7,284.39 |
| 3. | Aon Risk Services Northeast, Inc.<br><br>Boston Generating LLC | Compensation Agreement* | December 1, 2010 | William K. Carson, EVP<br>Aon Risk Services, Inc. of Connecticut | Energy<br>1600 Summer Street, 6th Floor<br>Stamford, CT 06905 | Risk Management Support Services Agreement | $0 |
| 4. | Aon Risk Services Northeast, Inc.<br><br>Boston Generating LLC | Compensation Agreement* | September 1, 2010 | William K. Carson, EVP<br>Aon Risk Services, Inc. of Connecticut | Energy<br>1600 Summer Street, 6th Floor<br>Stamford, CT 06905 | Risk Management Support Services Agreement | $0 |

NY\1718049.4

| | **Contract Counterparties** | **Name of Contract** | **Contract Date** | **Notice Address** | **Brief Summary** | **Cure Amount** |
|---|---|---|---|---|---|---|
| 5. | Chubb Group of Insurance Companies<br><br>Boston Generating, LLC | Energy Industries Insurance Coverage for Boston Generating, LLC* | 9/01/2010 to 9/01/2011 | Chubb Group of Insurance Companies<br>Attn: President or General Counsel<br>Claim Service Center<br>600 Independence Parkway, P.O. Box 4700<br>Chesapeake, Va. 23327-4700 | 2010 Policy<br><br>Energies Industries Insurance Coverage (Liability Insurance for Energy Industries)<br><br>Policy Number 3711-18-72 DTO | $0 |
| 6. | Chubb Group of Insurance Companies<br><br>Boston Generating, LLC | Chubb Commercial Excess and Umbrella Insurance* | 9/01/2010 to 9/01/2011 | Chubb Group of Insurance Companies,<br>Attn: President or General Counsel<br>Claim Service Center<br>600 Independence Parkway, P.O. Box 4700,<br>Chesapeake, Va. 23327-4700 | 2010 Policy<br><br>Commercial Excess and Umbrella Insurance<br><br>Policy Number 7983-35-86 | $0 |
| 7. | Great American Insurance Group<br><br>Boston Generating, LLC | Commercial Excess Liability Declaration Page/ Excess Liability Coverage Form* | 9/01/2010 to 9/01/2011 | Great American Insurance Group<br>Administrative Offices<br>Attn: President or General Counsel<br>580 Walnut Street<br>Cincinnati, OH 45202 | 2010 Policy<br><br>Commercial Excess Liability Insurance<br><br>Policy No: EXC 2194310<br><br>Renewal of EXC 2194276 | $0 |
| 8. | Westchester Fire Insurance Company<br><br>Boston Generating, LLC | Excess Insurance Policy Declarations/ Excess Insurance Policy* | 9/01/2010 to 9/01/2011 | ACE Westchester Claims-<br>Attn: President or General Counsel<br>P.O. Box 25152<br>Lehigh Valley, PA 18002-5152 (Claims or Loss Notices) | 2010 Policy<br><br>Excess Insurance Policy Declarations | $0 |
| 9. | RSUI Indemnity Company | Commercial Excess Liability Policy* | 9/01/2010 to 9/01/2011 | RSUI Indemnity Company<br>Attn: Claims Dept.<br>945 E. Paces Ferry Rd. | 2010 Policy<br><br>Commercial Excess | $0 |

NY\1718049.4

|     | **Contract Counterparties** | **Name of Contract** | **Contract Date** | **Notice Address** | **Brief Summary** | **Cure Amount** |
| --- | --- | --- | --- | --- | --- | --- |
|     | Boston Generating, LLC |     |     | St. 1800<br>Atlanta, GA 30326-1160 | Liability Insurance<br>Policy No. NHA053918<br>Renewal of NHA050090 |     |
| 10. | ACE American Insurance Company<br>Boston Generating, LLC | Underground Storage Tank Liability Policy* | 9/01/2010 to 9/01/2011 | ACE American Insurance Company<br>Attn: President or General Counsel<br>436 Walnut Street<br>P.O. Box 1000<br>Philadelphia, PA 19106 | 2010 Policy<br>Underground Storage Tank Insurance Policy<br>Policy Number G21833277006 | $0 |
| 11. | Factory Mutual Insurance Company<br>Boston Generating, LLC | Mutual Corporation Non-Assessable Policy* | November 30, 2010 | Factory Mutual Insurance Company<br>Attn: President or General Counsel<br>P.O. Box 7500<br>Johnston, Rhode Island 02919 | 2010 Policy<br>Covers all risks of physical loss or damage to property/ Business Interruption Insurance | $0 |

\*  Represents an Executory Contract that the Debtors entered into postpetition, and therefore the Debtors are only seeking to assign these Executory Contracts to the Buyer or its affiliate.