**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br><u>et al.</u>,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered<br><br>**Related Docket No. 867** |

**ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF**
**LIQUIDATION OF BOSTON GENERATING, LLC, ET AL., AS MODIFIED**

A HEARING HAVING BEEN HELD BEFORE THE COURT on August 30, 2011 (the

"**Confirmation Hearing**"), to consider confirmation of the *Second Amended Joint Plan of*

*Liquidation of Boston Generating, LLC, et al.*, dated July 20, 2011 [Docket No. 867] (as

modified, the "**Plan**"),[2] proposed by Boston Generating, LLC and its affiliates in the above-

captioned jointly administered cases (the "**Debtors**");

IT APPEARING TO THE COURT that the *Disclosure Statement for Second Amended*

*Joint Plan of Liquidation of Boston Generating, LLC, et al.*, dated July 20, 2011 [Docket No.

868] (the "**Disclosure Statement**") has been previously approved by the Court, pursuant to the

*Order (a) Approving the Disclosure Statement, (b) Establishing the Voting Record Date, Voting*

*Deadline and Other Dates, (c) Approving Procedures for Soliciting, Receiving and Tabulating*

*Votes on the Plan and for Filing Objections to the Plan and (d) Approving the Manner and*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

[2]  Capitalized terms used herein without definition have the meanings provided for in the Plan. In addition, any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

*Forms of Notice and Other Related Documents*, dated July 20, 2011 [Docket No. 865] (the "**Disclosure Statement Order**");

IT FURTHER APPEARING TO THE COURT that solicitation and noticing procedures with respect to the Plan have been approved by the Court pursuant to the Disclosure Statement Order, and that such procedures have been followed as set forth in the *Declaration of Jeffrey S. Stein of The Garden City Group, Inc. Certifying the Methodology for the Tabulation of Votes on and Results of Voting with Respect to the Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al.,* dated August 24, 2011 [Docket No. 898 (the "**Voting Agent Declaration**");

IT FURTHER APPEARING TO THE COURT that on August 19, 2011, the Debtors filed with the Court a draft form of the Liquidating Trust Agreement pursuant to Section 1.02.86 of the Plan [Docket No. 891], followed on August 26, 2011, by a substantially final form of Liquidating Trust Agreement [Docket No. 903] (the "**Liquidating Trust Agreement**" and, together with any other documents necessary to implement the Plan, the "**Plan Documents**");

IT FURTHER APPEARING TO THE COURT that additional filing requirements contained in the Plan have been satisfied by the filing of (a) the *Notice of Designation of Liquidating Trustee Pursuant to Section 7.02.1 of Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al.*, dated August 19, 2011 [Docket No. 887] (the "**Liquidating Trustee Designation**") and (b) the *Notice of Designation of Members of Trust Advisory Board Pursuant to Section 1.02.136 of Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al.,* dated August 19, 2011 [Docket No. 888], followed on August 26, 2011, by the *Supplemental Notice of Designation of Members of Trust Advisory Board Pursuant to*

*Section 1.02.136 of Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al.,* [Docket No. 902] (the "**Advisory Board Member Designation**");

IT FURTHER APPEARING TO THE COURT that the deadline for filing objections to the Plan has passed and that no objections were filed;

IT FURTHER APPEARING TO THE COURT that the deadline for casting ballots to accept or reject the Plan has passed and that the results of voting have been certified by The Garden City Group, Inc., acting as voting agent for the balloting permitted for Class 2 First Lien Facility Secured Claims, Class 3 Other Secured Claims, Class 4A Convenience Claims and Class 4B General Unsecured Claims, pursuant to the Disclosure Statement Order and as set forth in the Voting Agent Declaration;

IT FURTHER APPEARING TO THE COURT that the Debtors have proposed certain modifications to the Plan as set forth in the *First Modification to Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al.*, dated August 26, 2011 [Docket No. 904] (the "**Modifications**");

IT FURTHER APPEARING TO THE COURT that the Debtors have filed (a) the *Declaration of David W. Sheffey in Support of Confirmation of Debtors' Joint Plan of Liquidation*, dated August 26, 2011 [Docket No. 906] (the "**Sheffey Declaration**") and (b) the *Declaration of Kevin Cofsky in Support of Confirmation of Debtors' Joint Plan of Liquidation* dated August 26, 2011 [Docket No. 905] (the "**Cofsky Declaration**").

IT FURTHER APPEARING TO THE COURT that the Debtors have presented testimony, evidence and argument of counsel in support of confirmation of the Plan, and that additional testimony, evidence or argument of counsel has been presented by other parties in interest;

NOW, THEREFORE, based upon the Court's review of (a) the Disclosure Statement, (b) the Plan, (c) the Liquidating Trust Agreement, (d) the Liquidating Trustee Designation, (e) the Advisory Board Member Designation, (f) the Sheffey Declaration, (g) the Cofsky Declaration, (h) the Voting Agent Declaration, and (i) all of the evidence proffered or adduced at, filings in connection with, and arguments of counsel made at, the Confirmation Hearing; and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Confirmation Hearing,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      <u>Findings of Fact and Conclusions of Law</u>.   The findings of fact and the conclusions of law stated in this Confirmation Order and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.   To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

B.      Intentionally Omitted.

C.      <u>Jurisdiction; Venue; Core Proceeding</u>.   This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which this Court has exclusive jurisdiction.

D.      <u>Transmittal and Mailing of Solicitation Materials and Notices</u>.   The solicitation materials and notices prescribed by the Disclosure Statement Order were served in compliance with the Disclosure Statement Order, and such service was adequate and sufficient. Supplemental notice of the Confirmation Hearing was provided by publication as required by the

Disclosure Statement Order. Adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

E. <u>Adequacy of Voting Procedures</u>. All procedures used to distribute the solicitation materials to the appropriate Creditors entitled to vote on the Plan and to tabulate the Ballots returned by Creditors were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of the approved Disclosure Statement, and otherwise in compliance with Bankruptcy Code Sections 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

F. <u>Good Faith Solicitation -- 11 U.S.C. § 1125(e)</u>. Based on the record before the Court in the Chapter 11 Cases, the Debtors, the Creditors' Committee, the First Lien Facility Agent, the Mezzanine Agent and the Second Lien Facility Agent, and any of their respective directors, officers, employees, members, participants, agents, representatives, partners, affiliates, counsel, other advisors, successors or assigns, have acted in good faith within the meaning of Bankruptcy Code Sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in Bankruptcy Code Section 1125, and are entitled to the protections afforded by Bankruptcy Code Section 1125(e).

G. <u>Impaired Class that has Voted to Accept or Reject the Plan</u>. Classes 2, 4A and 4B are impaired and, as evidenced by the Voting Agent Declaration, which certified both the method and results of the voting, have voted to accept the Plan pursuant to the requirements of Bankruptcy Code Sections 1125 and 1126. Thus, at least one impaired Class of Claims has voted to accept the Plan. Although Class 3 is impaired, no holders of Other Secured Claims were identified as eligible to vote in such Class and therefore no votes were solicited with respect to Class 3.

H. <u>Classes Deemed to have Accepted or Rejected the Plan</u>. Class 1 is not impaired under the Plan and is deemed to have accepted the Plan pursuant to Bankruptcy Code Section 1126(f). Classes 5, 6 and 7 will receive no distribution under the Plan and are deemed to have rejected the Plan pursuant to Bankruptcy Code Section 1126(g).

I. <u>Compromise and Settlement / Substantive Consolidation.</u> Pursuant to Bankruptcy Rule 9019, in consideration for the benefits provided under the Plan, the provisions of the Plan, including, without limitation, the compromise and settlement of issues as described in Section 7.01 of the Plan (the "**<u>Compromise and Settlement</u>**"), including the implementation of such Compromise and Settlement through substantive consolidation, with the treatment for General Unsecured Claims as proposed in Section 5.05 of the Plan and with agreed Allowed amounts of certain Claims, were negotiated in good faith and are fair and equitable, in the best interest of the Estates and within the bounds of reasonableness. As to substantive consolidation, there is extensive evidence of a substantial identity, extensive interrelationship, interdependence and entanglement between and among the Debtors in virtually all operational, functional, and financial aspects, and therefore it is unlikely that Creditors would have relied upon the separate identity of any Debtor in conducting business. Furthermore, recovery, if any, to holders of

Allowed General Unsecured Claims who do not elect to or are not eligible to participate in the Convenience Claims Fund will come entirely from the Net Causes of Action Proceeds, which are difficult to allocate among the Debtors, and for the foregoing reasons, substantive consolidation will expedite the conclusion of the Chapter 11 Cases. Based on, among other things, the Disclosure Statement, the Sheffey Declaration and the record of the Confirmation Hearing, no class of Creditors is disadvantaged by the substantive consolidation of the Debtors that is embodied in the Compromise and Settlement.

J.      Releases, Exculpations and Injunctions. Each of (i) the releases under the Plan by the Debtors (the "**Debtor Release**") and by the holders of Claims who receive a distribution under and are entitled to vote for or against the Plan (the "**Creditor Release**") with respect to Credit Suisse AG, Cayman Islands Branch, the First Lien Facility Lenders, the Hedge Bank, the First Lien Facility Representative, Wilmington Trust FSB, the Second Lien Facility Lenders, and with respect to the foregoing, such person's respective present members, officers, directors, shareholders, employees, representatives, advisors, attorneys, financial advisors, accountants, investment bankers, consultants, agents, principals, Affiliates, subsidiaries and successors and assigns, (ii) the exculpation and limitation of liability provisions of the Plan (the "**Exculpation**") with respect to the Purchaser, the Debtors, the Debtors' Affiliates, the Special Committee, the Creditors' Committee, the Liquidating Trustee, the Liquidating Trust, the Trust Advisory Board and its members, the First Lien Facility Agent, the First Lien Facility Lenders, the Hedge Bank, the First Lien Facility Representative, the Second Lien Facility Agent, the Second Lien Facility Lenders, and with respect to the foregoing, such Person's respective post-petition members, officers, directors, shareholders, employees, representatives, advisors, attorneys, financial advisors, investment bankers, agents or Affiliates or any of such Person's successors and assigns

and (iii) the injunction provisions with respect to the Debtor Release, the Creditor Release and the Exculpation: (1) are within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (2) are essential means of implementing the Plan pursuant to Bankruptcy Code Section 1123(a)(5); (3) are integral elements of the transactions incorporated into the Plan; (4) confer material benefits on, and are in the best interests of, the Debtors, their Estates and their Creditors; (5) are important to the overall objectives of the Plan to finally resolve all claims among or against the key parties in interest in the Chapter 11 Cases with respect to the Debtors; and (6) are consistent with Bankruptcy Code Sections 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code. The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the Debtor Release, the Creditor Release, the Exculpation, and the injunction provisions contained in the Plan.

K.      Plan Compliance with Bankruptcy Code -- 11 U.S.C. § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(1).

(1)      *Proper Classification—11 U.S.C. §§ 1122, 1123(a)(1).* Aside from Administrative Expense Claims, Priority Tax Claims, Statutory Fees and Professional Claims, which need not be classified, the Plan designates seven Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

(2)      *Specified Unimpaired Classes—11 U.S.C. § 1123(a)(2).* Articles 4 and 5 of the Plan specify that Class 1 is unimpaired under the Plan, thereby satisfying Bankruptcy Code Sections 1123(a)(2).

(3)      *Specified Treatment of Impaired Classes—11 U.S.C. § 1123(a)(3).* Articles 4 and 5 of the Plan designate Classes 2, 3, 4A, 4B, 5, 6 and 7 as impaired and specify the treatment of Claims and Interests in those Classes, thereby satisfying Bankruptcy Code Section 1123(a)(3).

(4)     *No Discrimination—11 U.S.C. § 1123(a)(4)*.  The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying Bankruptcy Code Sections 1123(a)(4), subject to the compromise with respect to General Secured Claims against EBG and General Unsecured Claims against the other Debtors, as discussed below.

(5)     *Implementation of Plan—11 U.S.C. § 1123(a)(5)*.  Article 7 of the Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code Sections 1123(a)(5).

(6)     *Non-Voting Equity Securities—11 U.S.C. § 1123(a)(6)*.  Because the Plan contemplates (i) the transfer of all of the Debtors' Assets to the Liquidating Trust, (ii) the dissolution of the Debtors' corporate existences as soon as practicable after the Effective Date and (iii) the issuance of no new securities, the Plan does not expressly provide for the inclusion in the charters of the Debtors of a provision prohibiting the issuance of nonvoting equity securities.  Moreover, because the Plan does not provide for the issuance of any securities, the issuance of nonvoting securities is impossible.  Therefore, the Plan satisfies the requirement of Bankruptcy Code Section 1123(a)(6).

(7)     *Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)*.  The Debtors will have no directors and officers as of and after the Effective Date.  A Liquidating Trustee will be appointed to serve under the Liquidating Trust Agreement, under the oversight of a Trust Advisory Board.  The initial Liquidating Trustee and the members of the Trust Advisory Board, who have been jointly identified by the Second Lien Facility Agent and the Creditors' Committee, and any successor to the initial Liquidating Trustee and the members of the Trust Advisory Board selected under the terms of the Liquidating Trust Agreement, will be appointed in a manner consistent with the interests of holders of Claims and Interests and with public policy.  Accordingly, the requirements of Bankruptcy Code Section 1123(a)(7) are satisfied.

(8)     *Additional Plan Provisions—11 U.S.C. § 1123(b)*.  The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.  The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

(9)     *Plan Compliance with Fed. R. Bankr. P. 3016*.  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).  Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

(10)    *Compliance with Fed. R. Bankr. P. 3017*.  The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) and the Disclosure Statement Order.  The solicitation materials prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Plan in accordance with Bankruptcy Rule 3017(d).

(11)    *Compliance with Fed. R. Bankr. P. 3018.*  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Plan was transmitted to all Creditors entitled to vote on the Plan, sufficient time was prescribed for such Creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code Sections 1125 and 1126, thereby satisfying the requirements of Bankruptcy Rule 3018.

L.    <u>Debtors' Compliance with Bankruptcy Code—11 U.S.C. § 1129(a)(2).</u>  The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2).  Specifically:

(1)    The Debtors are proper debtors under Bankruptcy Code Section 109.

(2)    The Debtors have complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Court.

(3)    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, including, but not limited to, the provisions of Bankruptcy Code Sections 1125 and 1126 in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating votes to accept or reject the Plan.

M.    <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3).</u>  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3).  The Debtors' good faith is evident from the Sheffey Declaration and the record of these Chapter 11 Cases, including the record of the hearing to approve the Disclosure Statement and the record of the Confirmation Hearing.  Based upon the evidence proffered at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of liquidating the Debtors' assets and distributing any proceeds among the Creditors.  Moreover, the sufficiency of disclosure, the support of the Debtors' primary constituencies, and the overwhelming acceptance of the Plan by holders of Claims that voted on it, all provide independent evidence of the Debtors' good faith in proposing the Plan in compliance with Bankruptcy Code Section 1129(a)(3).  Further, the Plan's classification and treatment of Claims and Interests, its compromise and settlement provisions,

and its release, exculpation, and injunction provisions have been negotiated in good faith and at arms' length and are consistent with Bankruptcy Code Sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129 and 1142.

N.    Payments for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4).    Except as otherwise provided in the Plan or certain prior orders of the Court, any payments made or to be made for services or for costs and expenses incurred in connection with the Chapter 11 Cases are subject to the Court's approval.    Fees to be paid to the Debtors' retained professionals are subject to the Court's approval, through the fee application process.    Funds to be contributed to support the Liquidating Trust are specified in the Plan and include the LT Expense Account in the amount of $150,000 and the Contingency Counsel Expense Account in the initial amount of $200,000 and the potential aggregate amount of $400,000.    Other funding for the Liquidating Trust is dependent on the Liquidating Trustee borrowing money or raising additional capital and on recoveries from the pursuit of Causes of Action.    The Liquidating Trustee is entitled to payment of reasonable fees and expenses and a contingency fee as set forth in the Plan and the Liquidating Trust Agreement; members of the Trust Advisory Board are entitled to reimbursement of reasonable out-of pocket expenses as set forth in the Liquidating Trust Agreement; and Contingency Counsel, in addition to reimbursement of out-of-pocket disbursements and expenses from the Contingency Counsel Expense Account and Causes of Action Proceeds, is entitled to Contingency Fee Counsel Fees in specified percentages of any litigation recovery as set forth in the Plan and the Liquidating Trust Agreement.

O.    Directors, Officers and Insiders—11 U.S.C. § 1129(a)(5).    Under the Plan, the Debtors will dissolve and their directors and officers are deemed to resign as of the Effective Date of the Plan.    Section 7.02 of the Plan provides that, on the Effective Date, the Debtors shall

execute the Liquidating Trust Agreement, establishing the Liquidating Trust. To the extent the Liquidating Trust is a successor to the Debtor, Bankruptcy Code Section 1129(a)(5) is satisfied here, as pursuant to filings made on August 19, 2011, Craig R. Jalbert has been identified as the Liquidating Trustee and Bennett G. Young, Mark Palmer and Robert Fraley have been identified as the members of the Trust Advisory Board. The Plan therefore complies with Bankruptcy Code Section 1129(a)(5).

P.     <u>No Rate Changes—11 U.S.C. § 1129(a)(6).</u> This Section is inapplicable because, although there is a governmental regulatory commission that has jurisdiction over the rates that the Debtors charged prior to the consummation of the 363 Sale, the Debtors are no longer operating any assets or properties subject to such rates and there are, thus, no rate changes provided for in the Plan.

Q.     <u>Best Interests of Creditors—11 U.S.C. § 1129(a)(7).</u> The Plan satisfies Bankruptcy Code Section 1129(a)(7). The Cofsky Declaration, the liquidation analysis attached as Exhibit B to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing: (1) are persuasive and credible, (2) have not been controverted by other evidence, and (3) establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

R.     <u>Deemed Acceptance or Rejection by Certain Classes—11 U.S.C. § 1129(a)(8).</u>

(1)     Class 1 is unimpaired and is conclusively presumed to have accepted the Plan under Bankruptcy Code Section 1126(f). As to this Class, Bankruptcy Code Section 1129(a)(8) has been satisfied.

(2)     Classes 2, 3, 4A and 4B are impaired by the Plan. At least two-thirds in amount and more than one-half in number of the Claims held by Creditors in Classes 2, 4A and 4B have voted to accept the Plan, as established by the Voting Agent Declaration, in accordance

with Bankruptcy Code Section 1126(c). As to these Classes, Bankruptcy Code Section 1129(a)(8) has been satisfied. As to Class 3, no holders of Other Secured Claims were identified as eligible to vote in such Class and therefore no votes were solicited with respect to Class 3.

(3)     Classes 5, 6 and 7 are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to Bankruptcy Code Section 1126(g). Although Bankruptcy Code Section 1129(a)(8) has not been satisfied with respect to Classes 5, 6 and 7, the Plan is confirmable because the Plan satisfies Bankruptcy Code Section 1129(b) with respect to those Classes of Claims and Interests, as set forth below.

S.     <u>Treatment of Administrative, Priority and Tax Claims—11 U.S.C. § 1129(a)(9).</u> Through the provisions of the Plan governing Administrative Expense Claims, Priority Tax Claims and Other Priority Claims, the Plan provides for the payment in full on the Effective Date (or as soon as reasonably practicable thereafter) of all Claims entitled to priority under Bankruptcy Code Section 507(a). Accordingly, Bankruptcy Code Section 1129(a)(9) is satisfied.

T.     <u>Acceptance by Impaired Class—11 U.S.C. § 1129(a)(10).</u> Class 2 First Lien Facility Secured Claim, Class 4A Convenience Claims and Class 4B General Unsecured Claims, each of which is Impaired, have voted to accept the Plan within the meaning of Bankruptcy Code Section 1126, without the need to include any acceptance of any insider. Therefore, Bankruptcy Code Section 1129(a)(10) is satisfied.

U.     <u>Feasibility—11 U.S.C. § 1129(a)(11).</u> Because the Plan is a plan of liquidation, Bankruptcy Code Section 1129(a)(11) is inapplicable to the Plan.

V.     <u>Payment of Fees—11 U.S.C. § 1129(a)(12).</u> The payment of fees payable pursuant to 28 U.S.C. § 1930 will be the responsibility of: (1) the First Lien Facility Representative for the calendar quarter in which occurs the Effective Date and for the first full calendar quarter thereafter and (2) the Liquidating Trustee for all subsequent calendar quarters thereafter through the entry of a final decree closing the Debtors' cases. Thus, Bankruptcy Code Section 1129(a)(12) is satisfied.

W. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13).</u> No retiree benefits existed in the Chapter 11 Cases apart from retiree benefits contained within the Debtors' various collective bargaining agreements, which collective bargaining agreements were assumed by Constellation pursuant to the 363 Sale. As such, the Debtors are no longer obligated to pay such benefits and Bankruptcy Code Section 1129(a)(13) is inapplicable.

X. <u>Domestic Support Obligations, Individuals and Certain Transfers—11 U.S.C. § 1129(a)(14)-(16).</u> The Debtors are not required to pay any domestic support obligations and, therefore, Bankruptcy Code Section 1129(a)(14) is satisfied. The Debtors are not individuals and, accordingly, Bankruptcy Code Section 1129(a)(15) is inapplicable in these Chapter 11 Cases. The Debtors are moneyed, business or commercial corporations or trusts, as the case may be and, accordingly, Bankruptcy Code Section 1129(a)(16) is inapplicable in these Chapter 11 Cases.

Y. <u>Fair and Equitable; No Unfair Discrimination—11 U.S.C. § 1129(b).</u> Pursuant to Bankruptcy Code Section 1129(b), as to any impaired class of unsecured claims or equity interests that rejects a plan, such plan must be "fair and equitable" with respect to each such class. Class 5 Intercompany Claims, Class 6 Old Equity and Class 7 Old Equity Rights will not receive any property under the Plan. No Classes junior to Classes 5, 6, and 7 are receiving any recovery and, thus, the "fair and equitable" test has been satisfied. Furthermore, the Plan does not discriminate unfairly against any Class that voted to reject the Plan or any Class that is deemed to reject the Plan.

Z.     Only One Plan—11 U.S.C. § 1129(c).   Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of Bankruptcy Code Section 1129(c) have been satisfied.

AA.     Principal Purpose—11 U.S.C. § 1129(d).   The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the requirements of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.   The Plan therefore satisfies the requirements of Bankruptcy Code Section 1129(d).

BB.     No Objection to Deemed Rejection of Contracts and Leases.   No party to an executory contract or unexpired lease to be rejected by the Debtors pursuant to the Plan has objected to such rejection.

CC.     Plan Modifications.   The Modifications do not materially or adversely affect or change the treatment of any holder of a Claim or Interest.   Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications do not require additional disclosure under Bankruptcy Code Section 1125 or resolicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.   Disclosure of the Modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of these Chapter 11 Cases.

DD.     Burden of Proof.   The Debtors, as proponents of the Plan, have met their burden of proving the elements of Bankruptcy Code Sections 1129(a) and 1129(b) by a preponderance of the evidence.

EE.     Satisfaction of Confirmation Requirements.     Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Section 1129.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:**

1.     Approval of Modifications.  The Modifications are approved.  In accordance with Bankruptcy Code Section 1127 and Bankruptcy Rule 3019, all holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Modifications.  No Holder of a Claim shall be permitted to change its vote as a consequence of the Modifications.   The Plan as modified by the Modifications shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

2.     Confirmation of Plan.  All requirements for confirmation of the Plan have been satisfied.  The Plan is approved and confirmed under Bankruptcy Code Section 1129.

3.     Incorporation of Terms and Provisions of Plan.  The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan be confirmed in its entirety.

4.     Binding Effect.  Effective on the Effective Date or any other date if so provided in the Plan, and except as expressly provided otherwise in this Confirmation Order, the Plan and its provisions shall be binding to the fullest extent of the law upon the Debtors, any party in interest,

any entity acquiring or receiving property or a distribution under the Plan and any holder of a Claim against or Interest in the Debtors, including all governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan. The Plan Documents constitute the legal, valid, binding, enforceable and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Documents and all other Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

5.     Plan Implementation Authorization.  The Debtors and their respective directors, officers, members, agents and attorneys, are authorized and empowered from and after the date hereof to negotiate, execute, issue, deliver, implement, file or record any contract, instrument, release, or other agreement or document, including, without limitation, the Plan Documents, as the same may be modified, amended and supplemented (including such modifications to the Liquidating Trust Agreement that are substantially consistent with the terms and provisions of such form and necessary to satisfy the conditions to the effectiveness of the Plan), and to take any action necessary or appropriate to implement, effectuate, consummate or further evidence the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Court.  To the extent applicable, any or all such documents shall be accepted upon presentment by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

6. <u>Dissolution of Debtors.</u>  In accordance with the terms of the Plan, as soon as practicable after the Effective Date, each of the Debtors shall be dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith.  All directors, managers and officers of the Debtors shall be deemed to have resigned as of the Effective Date and shall have no obligations with respect to the Debtors from and after the Effective Date.  The dissolution of the Debtors shall not have any effect, in any manner, on the Causes of Action that the Liquidating Trustee may assert in accordance with the Plan and the Liquidating Trust Agreement.

7. <u>The Liquidating Trust.</u>  The Liquidating Trust shall be established on the Effective Date and shall be maintained thereafter in accordance with the terms of the Plan and the Liquidating Trust Agreement.   The designation of Craig R. Jalbert as the initial Liquidating Trustee and of Bennett G. Young, Mark Palmer and Robert Fraley as initial members of the Trust Advisory Board is approved.  Pending the occurrence of the Effective Date, the Debtors are authorized to take all actions as may be necessary to facilitate the establishment of the Liquidating Trust.

8. <u>Cancellation of Existing Securities and Agreements.</u>  Pursuant to Section 7.10 of the Plan, except as provided in the Plan or in this Confirmation Order, on the Effective Date any document, agreement, or instrument evidencing any Claim or Interest against or in the Debtors (including, but not limited to, the First Lien Credit Agreement (other than Sections 7.05 and 9.04 thereof), the Second Lien Credit Agreement, the Intercreditor Agreement and the Mezzanine Credit Agreement) and any Lien against the Debtors' Assets, shall be deemed extinguished, cancelled and of no further force or effect.  Such cancellation shall have no effect on the treatment of any Claim under the Plan, including any holder's rights to Net Causes of Action

Proceeds, nor shall any such cancellation affect the Liquidating Trustee's ability to assert any of the Causes of Action.

9. <u>Approval of Compromise and Settlement / Substantive Consolidation</u>. The terms of the Compromise and Settlement, including substantive consolidation, are approved. Accordingly, as of the Effective Date, (a) the separate Chapter 11 cases of the Debtors shall be consolidated into the case of BostonGen as a single consolidated case; (b) all property of the Estate of each Debtor shall be deemed to be property of the consolidated Estates; (c) all Claims against each Estate shall be deemed to be Claims against the consolidated Estates, any Proof of Claim filed against one or more of the Debtors shall be deemed to be a single claim filed against the consolidated Estates, and all duplicate Proofs of Claim for the same Claim filed against more than one Debtor shall be deemed expunged; (d) General Unsecured Claims shall be treated as set forth in Section 5.05 of the Plan, with separate allocations for Claims against EBG and Claims against all Debtors other than EBG, and with agreed Allowed amounts for the First Lien Facility Deficiency Claim, the Second Lien Facility Deficiency Claim and the Mezzanine Credit Agreement Claim, each of which participates as a General Unsecured Claim; (e) no distributions under the Plan shall be made on account of Intercompany Claims; (f) all Claims based upon prepetition unsecured guarantees by one Debtor in favor of any other of the Debtors (other than guarantees existing under assumed executory contracts or unexpired leases) or any other basis of co-Debtor liability shall be eliminated, and no separate distributions under the Plan shall be made on account of Claims based upon such guarantees or other basis of co-Debtor liability; and (g) no distributions under the Plan shall be made on account of any Old Equity or Old Equity Rights. The substantive consolidation to be implemented through the Compromise and Settlement shall not result in the merger or otherwise affect the separate legal existence of each Debtor, other than

with respect to distribution rights under the Plan.  Furthermore, substantive consolidation shall not affect any of the Causes of Action being transferred to the Liquidating Trust or the Liquidating Trustee's ability to recover, for the benefit of the Liquidating Trust, on such Causes of Action.

10.     Approval of Plan Releases, Exculpation, Injunction.     The Debtor Release provided in Section 12.05 of the Plan, the Creditors Release provided in Section 12.06 of the Plan, the Exculpation provided for in Section 12.07 of the Plan (except as limited herein below) and the injunctions provided for in Section 12.08 of the Plan are approved in favor of the Debtor Releasees, the Creditor Releasees and the Exculpated Parties.  As set forth more fully in the Plan, as of the Effective Date and subject to the occurrence of the Effective Date:

a.     each of the Debtors hereby (i) remises, acquits, waives, releases and forever discharges each of, in any and all capacities, the Debtor Releasees and (ii) covenants and agrees never to institute or cause to be instituted any suit or other form of action or proceeding of any kind or nature whatsoever against any of the Debtor Releasees, in each case, based upon any and all current and future claims, rights, suits, demands, indebtedness, agreements, promises, causes of action, obligations, damages, judgments, remedies or liabilities of any nature whatsoever against the Debtor Releasees including, without limitation, the Recap Litigation (but subject to and except for the proviso at the end of this paragraph), the USPG Litigation and any Avoidance Action (other than rights to enforce obligations of the Debtor Releasees under this Confirmation Order, the Plan and all contracts, instruments, releases, agreements and other documents delivered in connection therewith), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that the Debtors or the Estates ever had, claimed to have, has, or may have or claim to have against the Debtor Releasees, or any of them, by reason of any matter, cause, thing, act or omission of the Debtor Releasees, or any of them, in each case related to the Debtors or the Estates; provided, however, that nothing in Section 12.05 of the Plan is intended to be, nor shall anything in Section 12.05 of the Plan be deemed to be or construed as, a release or waiver of any Cause of Action, claim, counterclaim, or defense that does or may exist against any Debtor Releasee on account of any redemptions, payments, transfers, purchases of warrants, or dividends made by or on behalf of any of the Debtors to or for the benefit of such Debtor Releasee solely in its capacity as an equity unit holder of, warrant holder of, or holder of an equity interest in EBG in connection with the Recap Transaction;

b.     to the fullest extent permitted under applicable law, in consideration for the obligations under the Plan and the Cash, securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, and the benefits provided by, in any and all capacities, the Creditor Releasees in the Plan and in the Chapter 11 Cases, each

present and former holder of a Claim who receives a distribution under, and is entitled to vote for or against, the Plan will be deemed to remise, acquit, waive, release and forever discharge all claims, rights, suits, demands, indebtedness, agreements, promises, causes of action, obligations, damages, judgments, remedies or liabilities of any nature whatsoever against the Creditor Releasees including, without limitation, the Recap Litigation (but subject to and except for the proviso at the end of this paragraph), the USPG Litigation and any Avoidance Action (other than rights to enforce obligations of the Creditor Releases under this Confirmation Order, the Plan and all contracts, instruments, releases, agreements and other documents delivered in connection therewith), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any matter, cause, thing, act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors; provided, however, that for the avoidance of doubt, nothing in Section 12.06 of the Plan is intended to be, nor shall anything in Section 12.06 of the Plan be deemed to be or construed as, a release or waiver of any Cause of Action, claim, counterclaim, or defense that does or may exist against any Creditor Releasee on account of any redemptions, payments, transfers, purchases of warrants, or dividends made by or on behalf of any of the Debtors to or for the benefit of such Creditor Releasee solely in its capacity as an equity unit holder of, warrant holder of, or holder of an equity interest in EBG in connection with the Recap Transaction;

c.      except as otherwise specifically provided in the Plan, none of the Exculpated Parties shall have or incur liability to one another or against any holder of a Claim or an Interest, or any other party in interest, or any of their respective officers, directors, shareholders, members and/or enrollees, employees, representatives, advisors, attorneys, financial advisors, investment bankers, agents, related professionals or Affiliates, or any of their successors or assigns, for any act or omission occurring or failing to occur after the Petition Date in connection with, relating to, or arising out of, the Debtors' Chapter 11 Cases, the negotiation and execution of the Plan, the Disclosure Statement, the Liquidating Trust Agreement, the Asset Purchase Agreement, the 363 Sale, the Sale Process, the solicitation of votes for and the pursuit of confirmation of the Plan, the consummation of the Plan, the management of the Liquidating Trust, the liquidation of Liquidating Trust Assets, or the administration of the Plan, the Asset Purchase Agreement, the 363 Sale, the Sale Process, and/or the property to be distributed under the Plan, including all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto, except fraud, willful misconduct or gross negligence as determined by a Final Order; provided, however, that notwithstanding any provision of the Plan or this Confirmation Order to the contrary, in no event shall such exculpation apply to any act or omission occurring or failing to occur after the Effective Date. Any of the Exculpated Parties in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities (if any) under the Plan; and

d.      except as otherwise specifically provided in the Plan or this Confirmation Order, all Entities that have held, currently hold, or may hold, against any Debtor Releasee, Creditor Releasee or Exculpated Party, a claim, obligation, suit, judgment, demand, damages, debt, right, cause of action, or liability that is released or exculpated pursuant to Sections 12.05, 12.06 and 12.07 of the Plan are permanently enjoined from taking any of the following actions on account of such claim, obligation, suit, judgment, damages, demand, debt, right, cause of action, or liability: (i) commencing or continuing, in any manner or in any place, any suit or

other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; or (iv) asserting a setoff, right of subrogation, or recoupment against any debt, liability, or obligation due to any Debtor Releasee, Creditor Releasee or Exculpated Party.

11.     <u>Prosecution of Causes of Action by the Liquidating Trust.</u>  The Liquidating Trustee, as the legal representative of the Liquidating Trust, shall be authorized without further order to pursue and liquidate all Causes of Action identified in the Plan and in Exhibit 2 thereto. The Liquidating Trustee, subject to Section 8.02 of the Plan, shall have the exclusive right and standing in any court of competent jurisdiction to enforce (a) any and all Causes of Action against any Entity, (b) any and all rights, claims, Causes of Action and defenses of the Debtors (including but not limited to the rights and powers of a trustee and debtor-in-possession), and/or (c) any and all rights, claims, Causes of Action and defenses of holders of General Unsecured Claims in Class 4B (who have not made the Non-Contribution Election) arising from, relating to or in connection with the Recap Litigation, in each case that arose before or after the Petition Date against any Entity whatsoever, including but not limited to all Avoidance Actions and remedies granted pursuant to the Bankruptcy Code, but excluding, for the avoidance of doubt, Released Claims.

12.     <u>Governmental Approvals Not Required.</u>  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan, the Plan Documents and any other documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, the Plan Documents and any other documents, instruments or agreements, and any amendments or modifications thereto.

13.     <u>Exemption from Certain Taxes.</u>  Pursuant to Bankruptcy Code Section 1146(a), the issuance, transfer or exchange of any Security or of any beneficial interest under the Liquidating Trust or the making or delivery of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax, use tax, sales tax or similar tax.  The sale of substantially all of the Debtors' assets to Constellation Holdings, Inc. and its designee, Constellation Mystic Power, LLC, pursuant to the APA shall be deemed to be in furtherance of the Plan.  In addition, any sale of any Asset of the Debtors or the Liquidating Trust occurring after or upon the Effective Date shall be deemed to be in furtherance of the Plan.

14.     <u>Applicable Non-Bankruptcy Law.</u>  Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

15.     <u>Approval of Deemed Rejection of Remaining Contracts and Leases.</u>  Unless otherwise provided in an order of or in proceedings before the Court specifically dealing with an executory contract or unexpired lease that is a Remaining Contract subject to rejection pursuant to Section 6.03 of the Plan, the rejection of such contract or lease is hereby approved as of the Effective Date as proposed in the Plan.  If the rejection pursuant to Plan Section 6.03 results in a Claim for damages, then such Claim shall receive no distribution under the Plan or otherwise on account of such Claim unless filed within 30 days after the mailing of notice of the entry of this Confirmation Order.

16.     <u>Withdrawal of Creditors' Committee Relief.</u>  Upon entry of this Confirmation Order, the motions and applications of the Creditors' Committee described in Section 8.04 of the

Plan shall be deemed withdrawn with prejudice, subject to the proviso set forth in Section 8.04 of the Plan.

17.     <u>Reservation of Rights of the U.S. Government.</u>     Notwithstanding anything contained in the Plan to the contrary, as to the United States, its agencies, departments, or agents (collectively, the "**<u>U.S. Government</u>**"), nothing in the Plan or this Confirmation Order shall discharge, release, or otherwise preclude: (a) any liability of the Debtors that may arise on or after the Effective Date to the U.S. Government; (b) any liability to the U.S. Government that is not a "claim" within the meaning of Bankruptcy Code Section 101(5); (c) any valid right of setoff or recoupment of the U.S. Government against any of the Debtors; or (d) any liability of the Debtors under environmental law to the U.S. Government as the owner or operator of property that such entity owns or operates after the Effective Date.  Moreover, nothing in the Plan shall release or exculpate any non-debtor, including any Debtor Releasee, Creditor Releasee or Exculpated Party, from any liability to the U.S. Government, including but not limited to any liabilities arising under the Internal Revenue Code, the environmental laws, or the criminal laws against the Debtor Releasees, Creditor Releasees or Exculpated Parties, nor shall anything in the Plan enjoin the U.S. Government from bringing any claim, suit, action or other proceeding against the Debtor Releasees, Creditor Releasees or Exculpated Parties for any liability whatsoever.

18.     <u>Governing Law.</u>  Unless a rule of law or procedure is supplied by (a) federal law (including the Bankruptcy Code and Bankruptcy Rules) or (b) an express choice of law provision in any agreement, contract, instrument or document provided for, or executed in connection with, the Plan, the rights and obligations arising under the Plan and any agreements, contracts, documents and instruments executed in connection with the Plan shall be governed by, and

construed and enforced in accordance with, the laws of the State of New York without giving effect to the principles of conflict of laws thereof.

19.     <u>Effect of Conflict Between Plan and Confirmation Order.</u>  If there is any direct conflict between the terms of the Plan or the Plan Documents and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

20.     <u>Reversal.</u>  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Plan prior to the Debtors' receipt of written notice of entry of any such order. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

21.     <u>Retention of Jurisdiction.</u>  Pursuant to Bankruptcy Code Sections 105(a) and 1142, and notwithstanding entry of this Confirmation Order and occurrence of the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Debtors' Chapter 11 Cases and the Plan to the fullest extent permitted by law and as limited by <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (U.S. 2011), except as set forth in Section 8.01 of the Plan.

22.     <u>Continuation of the Automatic Stay.</u>  Unless otherwise provided in a separate order from the Court, all injunctions or stays arising under or entered during the Debtors' Chapter 11 Cases in accordance with Bankruptcy Code Sections 105 or 362, or otherwise, and in

existence on the Confirmation Date, shall remain in full force and effect and apply to all Beneficiaries and creditors holding claims against the Debtors, their Estates, the Debtors' Assets, the Liquidating Trust Assets, the Liquidating Trustee, the Liquidating Trust, and the Trust Advisory Board and its members until the entry of the final decree closing the Main Case or, if different, the date indicated in such applicable order.

23.     <u>Payment of Statutory Fees.</u>  The payment of Statutory Fees pursuant to 28 U.S.C. § 1930(a)(6) shall be the responsibility of: (a) the First Lien Facility Representative for the calendar quarter in which occurs the Effective Date and for the first full calendar quarter thereafter and (b) the Liquidating Trustee for all subsequent calendar quarters thereafter through the entry of a final decree closing the Debtors' cases.

24.     <u>Final Order; Authorization to Consummate Plan.</u>  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan.

25.     <u>Substantial Consummation.</u>  The substantial consummation of the Plan, within the meaning of Bankruptcy Code Section 1127, is deemed to occur on the first date, on or after the Effective Date, on which distributions are made in accordance with the terms of the Plan to holders of any Allowed Claims.

26.     <u>Notice of Entry of Confirmation Order.</u>  No later than five business days following the date of entry of this Confirmation Order, the Debtors shall serve notice of the entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all

holders of Claims and Interests, the U.S. Trustee, and the parties named on the Master Service List maintained in these cases, by causing notice substantially in the form attached hereto as Exhibit A to be delivered to such parties by first-class mail, postage prepaid.

27.     Notice of Effective Date.  Within five business days following the occurrence of the Effective Date, the Debtors shall file notice of the Effective Date with the Court and serve a copy of such notice on the parties named on the Master Service List maintained in these cases.

28.     Closing of Cases.  Pursuant to Section 7.08 of the Plan, on the Effective Date, the separate cases of the Debtors, except for BostonGen, shall be closed for all purposes, without further action by the Debtors or order of the Bankruptcy Court.  The Clerk of the Court is hereby directed to close such separate cases.  The jointly-administered case of BostonGen, identified as Case No. 10-14419 (SCC), shall remain open and subject to the provisions of Section 7.08. Furthermore, the closing of any of the Chapter 11 Cases shall not affect any of the Causes of Action being transferred to the Liquidating Trust or the Liquidating Trustee's ability to recover, for the benefit of the Liquidating Trust, on such Causes of Action.

29.     Recharacterization.  On the Effective Date, all interest, fees and professional fees and expenses, in each case, described in and paid pursuant to Paragraph 4(d) of the Cash Collateral Order shall be deemed automatically to have been recharacterized and reapplied as payments of principal on account of the First Lien Facility Secured Claims.

30.     Filing of Cumulative Plan. On or before the Effective Date, the Debtors shall file of record a final cumulative version of the Plan that reflects the Modifications and any other amendments and technical adjustments.

Dated:  August 31, 2011                           /s/ Shelley C. Chapman_____
        New York, New York                      UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

## Notice of Entry of Confirmation Order

D. J. Baker
Robert J. Rosenberg
Caroline A. Reckler
Kimberly A. Posin (appearing *pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Boston Generating, LLC,<br><u>et al</u>.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 10-14419 (SCC)<br><br>Jointly Administered |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING SECOND AMENDED JOINT**
**PLAN OF LIQUIDATION OF BOSTON GENERATING, LLC, ET AL., AS MODIFIED**
**AND (B) BAR DATES FOR FILING PROFESSIONAL CLAIMS, ADMINISTRATIVE**
**EXPENSE CLAIMS, TAX CLAIMS, AND REJECTION DAMAGES CLAIMS**

**TO: ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE THAT:**

  1.  On _____, 2011, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered its Order Confirming Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al., as Modified (the "**Confirmation Order**"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al., dated July 20, 2011, as modified by the modifications dated August 26, 2011 (together, the "**Plan**").

  2.  Copies of the Confirmation Order and the Plan may be obtained by accessing http://www.bgrestructuring.com.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Boston Generating, LLC (0631); EBG Holdings LLC (3635); Fore River Development, LLC (7933); Mystic I, LLC (0640); Mystic Development, LLC (7940); BG New England Power Services, Inc. (0476); and BG Boston Services, LLC (6921).

3.     The Plan will become effective in accordance with its terms on the date on which all conditions to the effective date of the Plan as set forth in Section 11.02 of the Plan have been satisfied or waived as provided in Section 11.02 of the Plan (the "**Effective Date**").  The Debtors shall file a notice of the occurrence of the Effective Date with the Bankruptcy Court, mail a copy thereof to all parties on the Master Service List maintained in these cases, and post a copy at http://www.bgrestructuring.com.

4.     In accordance with Section 2.03 of the Plan, all final requests for payment of Professional Claims pursuant to Bankruptcy Code Sections 327, 328, 330, 331, 503(b), or 1103 must be filed with the Bankruptcy Court no later than forty-five (45) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court.  Holders of Professional Claims who fail to timely file and serve a final request for payment shall be forever barred from seeking payment of any such Professional Claims from the Estates or the Debtors.  Objections to such requests for payment must be filed with the Bankruptcy Court and served on the requesting Professional or other entity seeking payment, no later than twenty-one (21) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable request for payment was filed.

5.     In accordance with Section 2.05.1 of the Plan, with respect to Administrative Expense Claims arising after June 27, 2011 (other than (a) Administrative Expense Claims for which the Bankruptcy Court established a previous Bar Date, including Administrative Expense Claims arising during the period commencing on the Petition Date and continuing through and including June 27, 2011, which were subject to a Bar Date of July 27, 2011, (b) Professional Claims addressed in Section 2.03 of the Plan, and (c) Tax Claims addressed in Section 2.05.2 of the Plan), any and all requests for payment or proofs of Administrative Expense Claims must be filed with the Bankruptcy Court no later than thirty-five (35) days following the Effective Date, unless otherwise ordered by the Bankruptcy Court.  Objections to any Administrative Expense Claim must be filed with the Bankruptcy Court and served on the claimant no later than sixty (60) days after the date on which the applicable request for payment or proof of such Claim was filed.  **Holders of Administrative Expense Claims that are required to file a request for payment or proof of such Claims and that do not file such requests or proofs on or before the deadline shall be forever barred from asserting such Claims against the any of the Debtors, their Estates, or the Liquidating Trust.**

6.     In accordance with Section 2.05.2 of the Plan, all requests for payment of Claims pursuant to Bankruptcy Code Section 503 by a Governmental Unit for Taxes for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date, and for which no bar date has otherwise been established (the "**Tax Claims**"), must be filed with the Bankruptcy Court on or before the later of:  (a) thirty (30) days following the Effective Date;  or (b) to the extent applicable, sixty (60) days following the filing of a tax return for such Taxes (if such Taxes are assessed based on a tax return) for such tax year or period with the applicable Governmental Unit.  Objections to any Tax Claims must be filed within thirty (30) days after the later of the Administrative Expense Claims Bar Date or the date of filing of the Tax Claim, which objection dates may be extended by application to the Bankruptcy Court.  **Any holder of a Tax Claim that is required to file a request for payment of such Tax Claim and other amounts due related to such Taxes and which does not file such a Claim by the applicable deadline shall**

**be forever barred from asserting any such Claim against any of the Debtors or any non-Debtor member of the Debtors' consolidated tax group, the Debtors' Estates, the Liquidating Trust or any other Entity, or their respective property, whether any such Claim is deemed to arise prior to, on, or subsequent to the Effective Date, and shall receive no distribution under the Plan or otherwise on account of such Claim.**

7.  In accordance with Section 6.03 of the Plan, if the rejection by a Debtor of a contract or lease pursuant to any provision of the Plan results in a Claim for damages, then such Claim shall receive no distribution under the Plan or otherwise on account of such Claim unless a Proof of Claim is filed with the Bankruptcy Court within thirty (30) days after the mailing of this notice. If a contract or lease is rejected by separate order of the Bankruptcy Court, the deadline for filing a Proof of Claim for any Claim resulting therefrom shall be set forth in such separate order.

Dated: _____, 2011

/s/ *D. J. Baker*  
D. J. Baker  
Robert J. Rosenberg  
Caroline A. Reckler  
Kimberly A. Posin (appearing *pro hac vice*)  
LATHAM & WATKINS LLP  
885 Third Avenue  
New York, New York 10022-4834  
Telephone: (212) 906-1200  
Facsimile: (212) 751-4864

Counsel to the Debtors and Debtors-in-Possession