**Objection Deadline: November 19th, at 4:00 p.m.**
**Hearing Date: November 20th, at 10:00 a.m.**

| | |
|---|---|
| Stuart M. Grant | Bruce F. Smith |
| James J. Sabella | Nicholas J. Rosenberg |
| Matthew P. Morris | Jonathan M. Horne |
| GRANT & EISENHOFER P.A. | JAGER SMITH P.C. |
| 485 Lexington Avenue, 29th Floor | 730 Third Avenue, 25th Floor |
| New York, New York 10017 | New York, New York 10017 |
| Telephone: (646) 722-8500 | Telephone: (212) 683-3520 |
| Email: sgrant@gelaw.com | Email: bsmith@jagersmith.com |
| jsabella@gelaw.com | nrosenberg@jagersmith.com |
| mmorris@gelaw.com | jhorne@ jagersmith.com |

Counsel to Craig R. Jalbert, the Liquidating Trustee of the BosGen Liquidating Trust

Counsel to Craig R. Jalbert, the Liquidating Trustee of the BosGen Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| BOSTON GENERATING, LLC *et al.*,[1] | Case No. 10-14419 (SCC) |
| Debtors. | |
| CRAIG R. JALBERT, the Liquidating Trustee of the BosGen Liquidating Trust, | |
| Plaintiff, | Adv. Pro. No. 12-01879 (SCC) |
| -against- | |
| K ROAD POWER MANAGEMENT, LLC, K ROAD BG LLC, K ROAD BG HOLDINGS LLC, K ROAD BG MANAGEMENT, LLC, K ROAD HOLDINGS LLC, K ROAD POWER BG LLC, K ROAD BG MM LLC, WBD K ROAD POWER BG | |

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are Boston Generating, LLC (0631), EBG Holdings LLC (3635), Fore River Development, LLC (7933), Mystic I, LLC (3640), Mystic Development, LLC (7940), BG New England Power Services, Inc. (0476), and BG Boston Services, LLC (6921). In accordance with the *Final Cumulative Joint Plan of Liquidation of Boston Generating, LLC et al.* [ECF No. 934] (the "**Plan**"), the Debtors have been dissolved and each of their cases has been closed, except for the jointly administered case bearing Case No. 10-14419 (SCC) (the "**Main Case**"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

| | |
|---|---|
| LLC, WILLIAM, KRIEGEL, BARRY SULLIVAN, DAVID TOHIR, NICHOLAS DONAHUE, MARK FRIEDLAND, ANTHONY CORSO, DANIEL O'SHEA, SCOTT SILVERSTEIN, PAUL EHRENZELLER, THE INDIVIDUALS OR ENTITIES LISTED IN EXHIBIT A, and DOES 1-100, such names being fictitious and unknown to Plaintiff, representing individuals or entities who or that may be legal or beneficial owners of membership units and warrants that were repurchased or redeemed in connection with the Leveraged Recap Transaction underlying this action, or who or that benefited from the transfers underlying this action, or who engaged in the acts and conduct described in the Complaint, INDIVIDUALLY AND AS CLASS REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED INDIVIDUALS OR ENTITIES,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION OF PLAINTIFF CRAIG R. JALBERT, LIQUIDATING TRUSTEE OF THE BOSGEN LIQUIDATING TRUST, TO COMPEL THE TUDOR ENTITIES TO PRODUCE SUBPOENAED DOCUMENTS FORTHWITH**

Plaintiff Craig R. Jalbert, Liquidating Trustee (the "**Liquidating Trustee**") of the BosGen Liquidating Trust (the "**Liquidating Trust**"), hereby moves for entry of an order allowing the Liquidating Trustee to conduct limited discovery in advance of the start of discovery, and compelling the production of documents previously subpoenaed by the Liquidating Trustee pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and in accordance with the Court's July 19, 2012 *Revised Order Authorizing Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [ECF No. 1032] in the Main Case (the "**Rule 2004 Order**"), which documents were never produced by The Raptor Global Portfolio, Ltd., The Raptor Global Portfolio Liquidating Trust, Tudor Proprietary Trading, LLC, The Tudor BVI Global Portfolio L.P. f/k/a The Tudor BVI

397450_1.DOC           2

Global Portfolio Ltd. (together the "**Tudor Funds**") and Tudor Investment Corporation ("**Tudor Investment**")(the Tudor Funds and Tudor Investment are referred to together as the "**Tudor Entities**").

This adversary proceeding seeks to recover nearly $1 billion that was paid out to the Debtors' former equity holders as part of a 2006 leveraged recapitalization (the "**Leveraged Recap Transaction**").  The Liquidating Trustee has determined that certain of the Tudor Funds are hedge funds that received substantial proceeds of the Leveraged Recap Transaction.  Tudor Investment is the manager of the Tudor Funds.  It is paramount that the Liquidating Trustee obtain the identities of any subsequent and/or mediate transferees of Debtor proceeds transferred to the Tudor Funds, so that the appropriate recipients of Debtor proceeds and any subsequent transferees can be properly served and joined in this proceeding.[2]

Prior to filing the Complaint in this adversary proceeding (the "**Complaint**"), the Liquidating Trustee obtained the Rule 2004 Order and subpoenaed the Tudor Entities under Bankruptcy Rule 2004 (the "**Subpoenas**") for documents and information related to the Leveraged Recap Transaction including, among other things, the identities of subsequent and mediate transferees of Leveraged Recap Transaction Proceeds.[3]  The Subpoenas were issued on July 20, 2012, and made returnable on August 6, 2012.  Initially, counsel for the Tudor Entities produced some documents to the Liquidating Trustee, but those documents were incomplete and did not provide the information requested by the Subpoenas – namely, information identifying the subsequent and/or mediate transferees of Debtor proceeds transferred to the Tudor Funds.

---

[2] These unidentified transferees are named in the Complaint as Does 1-100 individually (the "**Doe Transferee Defendants**") and as unnamed members of a class of individuals and entities represented by the named defendants (the "**Class Transferee Defendants**").

[3] Each of the Subpoenas is identical, but for the name of the entity to which it was directed. A representative copy of the Subpoenas is attached as Exhibit A hereto.

Thereafter the Liquidating Trustee informed the Tudor Entities' counsel that the Complaint had been filed under seal, and requested that the Tudor Entities agree by stipulation to provide the identities of the mediate and subsequent transferees that are the subject of the Subpoenas. The Tudor Entities refuse to respond to the Subpoenas by providing documents identifying the subsequent and mediate transferees.

It is imperative that the Liquidating Trustee promptly identify the Doe Transferee Defendants and the Class Transferee Defendants so that, among other things, those parties can be properly named in and provided notice of this action. Time is of the essence in this regard as the 120 day deadline to serve the Summons and Complaint is currently December 15, 2012. The Liquidating Trustee therefore seeks an order compelling this limited discovery pursuant to the Subpoenas, even in advance of the parties' Rule 26(f) conference (which has not yet been scheduled), for the limited purpose of identifying subsequent and mediate transferees of Leverage Recap Transaction proceeds originally received by the Tudor Funds.

In support of this Motion, the Liquidating Trustee states as follows:

### *Jurisdiction, Venue and Basis for Relief Requested*

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the predicates for the relief requested herein are 11 U.S.C. § 105(a) and Bankruptcy Rules 9016 and 7026.

2. Pursuant to the Plan, the Court retained jurisdiction to consider this Motion.

### *Background and Procedural History*

3. On August 18, 2010, Boston Generating, LLC, EBG Holdings LLC, Fore River Development, LLC, Mystic I, LLC, Mystic Development, LLC, BG New England Power

Services, Inc., and BG Boston Services, LLC (the "**Debtors**"), each filed a *Voluntary Petition* for relief under Chapter 11 of Title 11 of the United States Code. On August 31, 2011 this Court entered an order confirming the Plan. On September 14, 2011 the Liquidating Trustee and each of the Debtors executed the *Liquidating Trust Agreement* (the "**LT Agreement**"), which became effective on September 15, 2011.

4.      Pursuant to the Plan and the LT Agreement, Craig R. Jalbert was appointed as the Liquidating Trustee, and succeeded to all of the Debtors' rights, title and interests in the Liquidating Trust Assets, including but not limited to "the rights, Claims, Causes of Action and defenses arising from, relating to or in connection with the [Leveraged] Recap Transaction of all of the holders of Allowed Claims in Class 4B who [did] not make the Non-Contribution Election" when voting in favor of the Plan. Pursuant to the LT Agreement, the Liquidating Trustee's duties and responsibilities include the investigation and enforcement of Causes of Action relating to the Leveraged Recap Transaction, and the taking of "all appropriate action with respect to the Trust Estate, including without limitation, the investigation, analysis, filing, pursuit and prosecution of Causes of Action."

5.      In addition, pursuant to the Plan, all creditors in Class 4B assigned various of their individual causes of action to the Liquidating Trust to be prosecuted by the Liquidating Trustee, with any proceeds thereof or recoveries therefrom to be distributed to creditors generally pursuant to the Plan. In this regard, the Plan provides that "[i]n consideration of the rights under the Plan and the prosecution of the Causes of Action by the Liquidating Trustee, on the Effective Date, each of the holders of General Unsecured Claims in Class 4B against the Debtors shall be deemed to transfer and assign all rights, Claims, causes of action and defenses arising from, relating to, or in connection with the [Leveraged] Recap Transaction to the Liquidating Trust,

except those holders who make the Non-Contribution Election." No creditor made the Non-Contribution Election. The claims and causes of action of such creditors constitute property of the Estate under Section 541(a)(7) of the Bankruptcy Code and are Liquidating Trust Assets pursuant to the Plan, Confirmation Order and LT Agreement. The Liquidating Trustee is asserting the rights of creditors that were assigned to him pursuant to the Plan, and is prosecuting this adversary proceeding for the benefit of such creditors pursuant to the Plan and the LT Agreement.

6. The Liquidating Trustee brings the Complaint to recover, among other things, approximately $996,000,000 in payments and transfers to initial transferees of the Leveraged Recap Transaction and subsequent transfers to the Doe Transferee Defendants and the Class Transferee Defendants, pursuant to applicable state law and/or the Bankruptcy Code.

7. The Liquidating Trustee alleges, among other things, that, contrary to misleading and fundamentally unreasonable representations made concerning the Debtors' financial projections, at the time the Debtors guaranteed the obligations undertaken in the Leveraged Recap Transaction, the Debtors' cash flow was in fact wholly insufficient to pay debt and a bankruptcy caused by the Leveraged Recap Transaction was inevitable. *See* Complaint. The Liquidating Trustee therefore alleges that the payments and transfers received by, among others, the Tudor Funds, the Doe Transferee Defendants and the Class Transferee Defendants from the Leveraged Recap Transaction are avoidable and recoverable pursuant to applicable state law and/or federal law. *Id.*

8. Pursuant to the Rule 2004 Order, the Liquidating Trustee served subpoenas upon the Tudor Entities[4] on July 20, 2012, seeking, among other things, the production of documents necessary to identify recipients of payments or transfers received directly or indirectly pursuant to the Leveraged Recap Transaction. The subpoenas demanded the production of documents by the Tudor Entities on August 6, 2012.

9. Prior to filing the Complaint, the Liquidating Trustee, through his counsel, communicated with counsel for the Tudor Entities and endeavored in good faith to obtain documents responsive to the Subpoenas. Nevertheless, as of August 17, 2012, the Tudor Entities had not produced the requested information.

10. On August 17, 2012, faced with an impending deadline to assert his claims, the Liquidating Trustee filed the Complaint. Because the Tudor Entities failed to comply with the Subpoenas, the Liquidating Trustee has been unable to identify the Doe Transferee Defendants and the Class Transferee Defendants who received subsequent transfers from the Tudor Funds.

11. Thereafter, counsel for the Liquidating Trustee informed the Tudor Entities' counsel that the Complaint had been filed under seal, that some of the Tudor Entities were named defendants in the Complaint, and requested that the Tudor Entities agree by stipulation to produce the documents and information requested by the Subpoenas. In response the Tudor Entities requested a copy of the Complaint.

12. The Liquidating Trustee provided a copy of the partially redacted Complaint to the Tudor Entities' counsel on October 26, 2012 and requested that the Tudor Entities provide the information requested in the Subpoenas. *See* Exhibit B.

---

[4] The Liquidating Trustee has evidence indicating that each of the Tudor Entities either directly received proceeds from the Leverage Recap transaction or were affiliated with recipients of Leveraged Recap Transaction at the time of the transaction, and the Liquidating Trustee therefore believes that each of the Tudor Entities has personal knowledge and/or documentary evidence of the identities of mediate and subsequent transferees of Leverage Recap Transaction proceeds. Certain of the Tudor Entities are named defendants in this adversary proceeding.

13. On November 9, 2012, counsel for the Liquidating Trustee again communicated with counsel for the Tudor Entities and advised that if the documents were not produced, that the Liquidating Trustee would seek relief from the Court. *See* Exhibit C.

14. On November 12, 2012, counsel for the Tudor Entities responded, refusing to comply with the Liquidating Trustee's request for documents sought by the Subpoenas. *Id.*

### *Relief Requested and Bases Therefor*

<u>There are ample reasons to compel the limited discovery requested herein, and the Tudor Entities will not be prejudiced by producing the requested information.</u>

15. Pursuant to Civil Rule 26(d)(1), the Liquidating Trustee "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except….*by stipulation, or by court order*." Prior to bringing this Motion the Liquidating Trustee attempted to obtain the requested discovery from the Tudor Entities through a mutually agreed stipulation. Because those efforts were unsuccessful the Liquidating Trustee now seeks an order compelling limited discovery by the Tudor Entities as described herein and as commanded by the Subpoenas.

16. The documents and information the Liquidating Trustee seeks herein are essential to his ability to name and join the Doe Transferee Defendants and to identify the Class Transferee Defendants, in this action. The ability to name and join the Doe Transferee Defendants and to identify the Class Transferee Defendants is important to the protection of their rights in this action and is vital to the Liquidating Trustee's ability to recover the payments and transfers at issue. Any further delay in identifying the Doe Transferee Defendants and the Class Transferee Defendants may prejudice creditors, and poses a substantial risk of further transfers and/or dissipation of hundreds of millions of dollars the Liquidating Trustee seeks to recover on

behalf of the estate. Furthermore, the 120 day deadline to serve defendants with a copy of the Summons and Complaint is currently December 15, 2012.

17. Additionally, granting the Liquidating Trustee's limited request will not prejudice the Tudor Entities or any other party to this action, and the compelling interests favoring the Liquidating Trustee's request far outweigh any competing interest to the contrary. The same information the Liquidating Trustee now seeks was requested over three months ago. To the extent the Tudor Entities have not already undertaken efforts to compile the requested information, a request limited to the identities of subsequent transferees will not cause undue hardship, and to the extent the Tudor Entities have already compiled the information in anticipation of complying with the Subpoenas, there is no burden at all. Finally, information regarding the identities of subsequent transferees is solely within the Tudor Entities' control and the Liquidating Trustee and the Debtors' creditors should not be prejudiced by the Tudor Entities' refusal to respond to the Subpoenas by their return date, before the Liquidating Trustee filed the Complaint.

*Motion Practice*

18. Because the statutory provisions and authorities relied upon in support of this Motion are set forth herein, the Liquidating Trustee submits that this Motion satisfies the requirement of Local Bankruptcy Rule 9013-1(a).

*Local Rule 7007-1 Certification*

19. Undersigned counsel for the Liquidating Trustee certifies that he has conferred with counsel for the Tudor Entities in a good faith effort to resolve by agreement the issues raised by this motion without the intervention of the Court and has been unable to reach an agreement.

*Conclusion*

For the reasons set forth herein, and for any other reasons the Liquidating Trustee may state on the record at any hearing to be held in respect of this Motion, the Liquidating Trustee requests that the Court enter an order, substantially in the form submitted herewith: (i) ordering the Tudor Entities to identify all subsequent and mediate transferees of Leveraged Recap Transaction Proceeds within seven days; and (ii) granting to the Liquidating Trustee such other and further relief as the Court deems just and proper.

Dated:  November 12, 2012

**JAGER SMITH P.C.**

By: /s/ *Jonathan M. Horne*
Bruce F. Smith
Nicholas J. Rosenberg
Jonathan M. Horne
730 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 683-3520
Email:  bsmith@jagersmith.com
          sreingold@jagersmith.com
          jhorne@ jagersmith.com

**GRANT & EISENHOFER P.A.**
Stuart M. Grant
James J. Sabella
Matthew P. Morris
485 Lexington Avenue, 29th Floor
New York, New York 10017
Telephone:  (646) 722-8500
Email:  sgrant@gelaw.com
          jsabella@gelaw.com
          mmorris@gelaw.com

Counsel to Craig R. Jalbert, the Liquidating Trustee of the BosGen Liquidating Trust